# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| MOTOROLA SOLUTIONS, INC., and MOTOROLA SOLUTIONS MALAYSIA SDN. BHD. | ) ) ) ) ) | |
| Plaintiffs | ) ) | Civil Action No.: 1:17-cv-01973 |
| v. | ) ) | Honorable Samuel Der-Yeghiayan |
| HYTERA COMMUNICATIONS CORPORATION LTD., HYTERA AMERICA, INC., AND HYTERA COMMUNICATIONS AMERICA (WEST), INC. | ) ) ) ) ) ) | |
| Defendants | ) ) | |

## <u>AGREED CONFIDENTIALITY ORDER</u>

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order;

accordingly, it is ORDERED:

1.     **Scope**.  All materials produced or adduced in the course of discovery, including

initial disclosures, responses to discovery requests, deposition testimony and exhibits, and

information derived directly therefrom (hereinafter collectively "documents"), shall be subject to

this Order concerning Confidential Information as defined below.  This Order is subject to the

Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and

calculation of time periods.

2.     **Confidential Information**.  As used in this Order, "Confidential Information"

means information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER"

by the producing party that falls within one or more of the following categories:  (a) information

prohibited from disclosure by an applicable statute; (b) information concerning a person's or entity's business operations, processes, or technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's or entity's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a court; (c) information that contains trade secrets; (d) research, technical, commercial or financial information that the party has maintained as confidential; (e) medical information concerning any individual; (f) personal identity information; (g) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (h) personnel or employment records of a person who is not a party to the case.

3.     Information or documents that are available to the public may not be designated as Confidential Information.

4.     **Designation**.

a.     A party may designate information in a document or thing as Confidential Information by clearly and prominently marking it on its face as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" in a manner that will not interfere with the legibility of the document. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. A producing party may make documents or things containing Confidential Information available for inspection and copying without marking them as confidential without forfeiting a claim of confidentiality.  Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain

substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

      b.     The designation of a document as Confidential Information is a certification by an attorney that the document contains Confidential Information as defined in this order.[1]

5.    **Depositions.**  A party may designate as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," on the record, before the close of the deposition, hearing, or other proceeding, or within twenty-one (21) business days after receipt of a transcript of such testimony, the specific portions of the testimony as to which protection is sought and specify the level of protection being asserted. All testimony shall be treated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" in its entirety until the expiration of twenty-one (21) business days after receipt of the transcript by counsel. After the expiration of that period, the transcript shall be treated only as actually designated. Each party shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Confidential Information so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER"

6.    **Protection of Confidential Information.**

---

[1]    An attorney who reviews the documents and designates them as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois. Any attorney designating documents CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

a.      **General Protections**.  Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

b.      **Use and Disclosure of Confidential Information**.   The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(10). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

1)  **Outside Counsel**.  Outside counsel for the parties and employees of counsel who have responsibility for the action;

2)   **The Court and its personnel**;

3)  **Court Reporters and Recorders**.   Court reporters and recorders engaged for depositions;

4)  **Contractors**.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

5)  **Consultants and Experts.**  Consultants, investigators, or experts, and their staff, employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, and

provided that each such person is not a current officer, director, or employee of a party or of a competitor of a party, nor anticipated at the time of retention to become an officer, director, or employee of a party or of a competitor of a party. The party obtaining the Acknowledgement must serve it on all other parties at least ten days before the first disclosure of Confidential Information to an expert, investigator, or consultant (or member of their staff). The party proposing to make the disclosure must serve the producing party with a written identification of the expert, investigator, or consultant and a copy of his or her curriculum vitae. If the producing party has good cause to object to the disclosure (which does not include challenging the qualifications of the expert, investigator, or consultant), it must serve the party proposing to make the disclosure with a written objection within ten (10) days after service of the identification. Unless the parties resolve the dispute within ten (10) days after service of the objection, the producing party must move the Court promptly for a ruling, and the Confidential Information may not be disclosed to the expert, investigator, or consultant without the Court's approval;

6) **Corporate Representatives at Depositions**. During their depositions, corporate representatives of a designating party in this action, but only if disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information,

except witnesses may, in the presence of counsel, review a copy of all exhibits marked at their depositions in connection with review of the transcripts.

7) **Author or recipient**. During their depositions, the author or recipient of the document (not including a person who received the document in the course of litigation). Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts;

8) **Trial Consultants and Mock Jurors**. Trial consulting personnel or mock jurors, having first completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

9) **Mediators and Arbitrators**. Any mediator or arbitrator who is assigned or selected to hear this action, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Confidentiality Order; and

10) **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

c. **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.

Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for three years after termination of the case.

d. **Use of Information by Producing Party**. Nothing in this Confidentiality Order shall restrict any party to this lawsuit or its attorneys from disclosing or using, in any manner and for any purpose, its own Confidential Information.

7. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document or thing as Confidential Information does not, standing alone, waive the right to so designate the document or thing as long as the party inadvertently failing to designate timely serves on any recipient of such document or thing a replacement that is properly designated or affixes a notice of confidentiality as required by this Order. If a party designates a document or thing as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document or thing is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information, unless it is readily apparent that said inadvertently undesignated material is, in fact, Confidential Information.

8. **Filing of Confidential Information**. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

9.      **No Greater Protection of Specific Documents**.  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

10.      **Third Parties.**  Third parties producing documents or providing testimony in the course of this action may also designate material or documents as Confidential Information, subject to the same protections and constraints as the parties to the action.  A copy of this Order shall be served along with any subpoena served in connection with this action.  However, a third party's use of this Order does not entitle that third party access to any material or documents produced by any party in this case.

11.      **Challenges by a Party to Designation as Confidential Information**. The designation of any material or document as Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

a.      **Meet and Confer**.  A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party.  In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation.  The designating party must respond to the challenge within five (5) business days.

b.      **Judicial Intervention**.  A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets

forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

12. **Action by the Court**. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

13. **Use of Confidential Documents or Information at Trial**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

14. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation**.

a. If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than five (5) court days after

receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

b.      The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

c.      The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court or forum from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court or forum of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court or forum.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

15.     **Challenges by Members of the Public to Sealing Orders**.   A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**16.     Obligations on Conclusion of Litigation.**

a.     **Order Continues in Force**.   Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b.     **Obligations at Conclusion of Litigation**.   Within sixty-three (63) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 4(a), shall be returned to the producing party unless:  (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;[2] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

c.     **Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal.   Any retained

---

[2]     The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

   d. **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System**. Filings under seal shall be deleted from the ECF system only upon order of the Court.

  17. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

  18. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

  19. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

  20. **Prosecution Bar**: Absent written consent from the producing party, any individual who receives technical materials designated as Confidential Information shall not be involved in the prosecution of patents or patent applications relating to digital two-way radio technology, before any foreign or domestic agency, including the United States Patent and Trademark Office. For purposes of this paragraph, "prosecution" includes directly or indirectly:

preparing and/or prosecuting, or otherwise aiding or providing advice to the preparation or prosecution, of any new or pending patent application (or portion thereof). To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party in an *inter partes* review, a covered business method review, a post grant review, a reissue protest, or an *ex parte* reexamination. This Prosecution Bar shall begin when access to Confidential Information is first received by the affected individual and shall end two (2) years after final termination of this action. The restrictions set forth herein shall be personal to any attorney who reviews technical materials designated as Confidential Information of another party and shall not be imputed to any other persons or attorneys at the attorney's law firm or company. For the avoidance of doubt, the following documents and materials shall not be considered or classified as technical materials of another party that will trigger the Prosecution Bar: (i) publicly available publications, including patents and published patent applications; (ii) materials regarding third party systems or products that were publicly known, on sale, or in public use; (iii) information that is otherwise publicly available; and (iv) documents and information related solely to damages or reasonably royalty rates.

21. **Source Code**. To the extent production of Source Code becomes necessary in this case, a producing party may designate Source Code as "CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION" if it comprises or includes confidential, proprietary, or trade secret Source Code.

   a. "Source Code" shall mean source code, object code *(i.e.,* computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, interpreter, or other translator), microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as

any and all programmer notes, annotations, and other comments of any type related thereto and accompanying the code. For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

b.     Protected Material designated as "CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION" shall be subject to all of the protections afforded to "Confidential Information," including the Prosecution Bar set forth in Paragraph 20, and may be disclosed only to the individuals to whom "Confidential Information" may be disclosed, as set forth in Paragraph 6(b).

c.     Any Source Code produced in discovery shall be made available for inspection, upon at least three (3) business days' notice by the receiving party, in a format allowing it to be reasonably reviewed and searched, during normal business hours, which for purposes of this paragraph shall be 9:00 AM through 6:00 PM local time at the reviewing location, or at other mutually agreeable times, at a mutually agreed upon location. Upon reasonable notice from the receiving party, which shall not be less than five (5) business days in advance, the producing party shall make reasonable efforts to accommodate the receiving party's request for access to the computer outside of normal business hours, which shall not begin earlier than 8:00 a.m. and shall not end later than 8:00 p.m. local time at the reviewing location. The Source Code shall be made available for inspection on two (2) standalone, secured computers in a secured room without internet access or network access to other computers, and without connection to any printer or storage device other than the internal hard disk drive of the computer,) and

the receiving party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device. The parties are to cooperate in good faith such that maintaining the Source Code at the offices of the supplier's outside litigation counsel shall not unreasonably hinder the receiving party's ability to efficiently conduct the prosecution or defense in this investigation. It is expected that access to the Source Code shall be provided at the site of any hearing or trial. The producing party or its outside counsel may visually monitor the activities of the receiving party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code. There will be no video supervision by any supplier. The receiving party may take notes on a laptop or other personal electronic device and such notes are treated as Confidential Information under this Order. Further, the receiving party must keep a paper log indicating the names of any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided.

d. The receiving party must identify in writing to the producing party at least two (2) business days in advance the names of any person that will review the Source Code for the first time, and at least twenty-four (24) hours prior to review the names of any person that was already identified at least once, and all persons entering the locked room containing the Source Code must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the locked room.

e.      The standalone computer(s) shall, at the receiving party's request, include reasonable analysis tools appropriate for the type of Source Code.  The receiving party shall be responsible for providing the tools or licenses to the tools that it wishes to use to the producing party or its outside counsel so that the producing party or its outside counsel may install such tools on the standalone computer(s).

f.      The receiving party may request one (1) hard copy print out of limited, reasonable portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the Source Code.  All paper copies of Source Code excerpts shall be produced by the producing party within three (3) business days of the request (unless additional time is needed due to the volume requested).  The producing party shall provide all such Source Code in paper form including production numbers and the label "CONFIDENTIAL SOURCE CODE-ATTORNEY'S EYES ONLY INFORMATION."  The producing party may challenge the amount of Source Code requested in hard copy form pursuant to the procedure and timeframes set forth in Paragraph 11 whereby the producing party is the challenging party and the receiving party is the designating party for purposes of the procedure.

g.      The receiving party shall maintain all paper copies of any printed portions of the Source Code in a secured, locked area.  The receiving party shall not create any electronic or other images of paper copies of Source Code and shall not convert any of the information contained in the paper copies into any electronic format except for the creation of CD-ROMs or DVDs in accordance with paragraph (h) below.  The receiving party shall only make no more than five (5) additional paper copies for use at a deposition

16

or hearing.  One hard copy of the source code may be marked as an exhibit for the deposition, and then maintained by counsel for the party presenting the exhibit during the deposition in a secured locked area. All other copies shall be destroyed immediately after the deposition is concluded. Any paper copies used during a deposition not be given to or left with a court reporter or any other unauthorized individual.  Upon request of a receiving party within two (2) business days of the deposition, a producing party shall make a standalone computer with a full copy of any Source Code produced by the producing party available for use at a deposition.

h.      The receiving party is permitted to possess up to six (6) CD-ROMs o r DVDs that contain an electronic copy of all or any portion of the hard copy print-outs of Source Code provided by the supplier.  The receiving party may provide these CD-ROMs or DVDs to qualified consultants or qualified experts, who may use such CD-ROMs or DVDs solely for active review of the Source Code.  The receiving party is also permitted to make temporary copies necessarily made in the production of these CD-ROMs or DVDs, provided any such copies are immediately deleted once the temporary copies are no longer required for the production of the CD-ROMs or DVDs.  The CD-ROMS and DVDs shall not be copied, in whole or in part, under any other circumstances.  A receiving party may destroy one or more of the six (6) previously created CD-ROMs or DVDs and create one or more new CD-ROMs or DVDs provided that the total number in possession of the receiving party does not exceed six (6).  All CD-ROMs or DVDs shall be destroyed within 5 days after the completion of the investigation, or the supplying party's exit from the investigation, whichever occurs first.  The receiving party shall keep and maintain a log of all

custodians for all of the CD-ROMs or DVDs as well as the destruction of all such CD-ROMs or DVDs. The viewing of any such CD-ROMs or DVDs shall be done when all network communication functions of the viewer's device are disabled.

i. The receiving party may challenge the designation of Source Code as "CONFIDENTIAL SOURCE CODE - ATTORNEY'S EYES ONLY INFORMATION" pursuant to the procedure and timeframes set forth in Paragraph 11 of this Order.

j. Outside litigation counsel for the receiving party with custody of CONFIDENTIAL SOURCE CODE ATTORNEY'S EYES ONLY INFORMATION shall maintain a source code log containing the following information: (1) the identity of each person granted access to the CONFIDENTIAL SOURCE CODE ATTORNEY'S EYES ONLY INFORMATION; and (2) the first date on which such access was granted. Outside litigation counsel for the receiving party will produce, upon request, each such source code log to the supplier.

k. Within twenty (20) calendar days after final termination of this litigation, the receiving party must serve upon the producing party a certification of the destruction of all copies of the producing party's Source Code.


*So Ordered.*


Dated: _____     _____
                                    Samuel Der-Yeghiayan
                                    United States District Judge

**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**

*/s/ Brandon H. Brown*

Adam Alper (admitted *pro hac vice*)
adam.alper@kirkland.com
Brandon H. Brown (IL Bar No. 266347 CA)
brandon.brown@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael De Vries (*admitted pro hac vice*)
michael.devries@kirkland.com
Ali-Reza Boloori (*admitted pro hac vice*)
ali-reza.boloori@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680 8500

David Rokach (IL SBN: 6279703)
david.rokach@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Katharine M. Burke (*admitted pro hac vice*)
katharine.burke@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

*Attorneys for Plaintiffs*
*Motorola Solutions, Inc. and Motorola*
*Solutions Malaysia SDN. BHD.*

DATE:  September 18, 2017

**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**

*/s/ Erik R. Puknys*

Erik R. Puknys (admitted *pro hac vice*)
erik.puknys@finnegan.com
Jacob Schroeder (admitted *pro hac vice*)
jacob.schroeder@finnegan.com
Nicholas D. Petrella (admitted *pro hac vice*)
nicholas.petrella@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
3300 Hillview Avenue
Palo Alto, CA 94304
Telephone: (650) 849-6600
Facsimile: (650) 849-6666

E. Robert Yoches (admitted *pro hac vice*)
bob.yoches@finnegan.com
901 New York Avenue, N.W.
Washington, D.C. 20001
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP

John T. Schriver
jtschriver@duanemorris.com
DUANE MORRIS LLP
190 S. LaSalle Street, Suite 3700
Chicago, IL 60603
Telephone: (312) 499-6700
Facsimile: (312) 499-6701

*Attorneys for Defendants*
*Hytera Communications Corporation Ltd.,*
*Hytera America, Inc., and Hytera*
*Communications America (West), Inc.*

DATE:  September 18, 2017

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MOTOROLA SOLUTIONS, INC., and MOTOROLA SOLUTIONS MALAYSIA SDN. BHD. | ) ) ) ) |
| Plaintiffs | ) ) |
| v. | ) ) ) |
| HYTERA COMMUNICATIONS CORPORATION LTD., HYTERA AMERICA, INC., AND HYTERA COMMUNICATIONS AMERICA (WEST), INC. | ) ) ) ) ) ) ) |
| Defendants | ) |

Civil Action No.: 1:17-cv-01973

Honorable Samuel Der-Yeghiayan

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information, and Source Code in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information or Source Code to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____     _____
                              Signature