UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.2.1
Eastern Division

Motorola Solutions, Inc., et al.
            Plaintiff,
v.                 Case No.: 1:17−cv−01973
                 Honorable Samuel
                 Der−Yeghiayan
Hytera Communications Corporation Ltd.,
et al.
            Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, December 19, 2017:

  MINUTE entry before the Honorable Jeffrey Cole:Status hearing held and continued to 3/1/2018 at 08:30 AM. In light of the parties' polar positions and divergent assessments of electronic discovery (and potentially other issues) and the significance the parties understandably attribute to these issues, it seems to me that perhaps the most efficient course might be for the court to enlist a neutral expert to advise the court on the ESI disputes that could threaten the orderly discovery progress in the case. The court is certainly mindful of disputed nature of the issues and their importance in this case and the understandable unwillingness of the defendant to have the plaintiff be allowed to effectively search its computers. Indeed there is a question as to whether such a course is allowed under the Rules. In any event, these are issues that should be but academic in this case. The parties are to continue to meet in an attempt to resolve the issues raised today, However, should they not be able to agree on the resolution of certain of the issues broached today, the same animating principle that permits the appointment of experts to evaluate proffered scientific evidence under Rule 706, Federal Rules of Evidence, see General Elec. Co. v. Joiner, 522 U.S. 136, 149–150 (1997); DeKoven v. Plaza Associates, 599 F.3d 578, 582–583 (7th Cir. 2010)(Posner, J.); In re High Fructose Corn Syrup Antitrust Litigation, 295 F.3d 651, 665 (7th Cir. 2002)(Posner, J), may permit a judge to appoint a neutral expert to assist in the resolution of discovery disputes that involve technical or complex areas of discovery. And many courts have done so where ESI disputes or other potentially arcane issues are involved. See e.g., Procaps S.A. v. Patheon Inc., 2015 WL 1880346, 6 (S.D.Fla. 2015); VSI Holdings, Inc. v. SPX Corp., 2004 WL 6047330, 2 (E.D.Mich. 2004); United Factory Furniture Corp. v. Alterwitz, 2012 WL 1155741, 5 (D.Nev.2012); Wells Fargo Bank, N.A. v. LaSalle Bank Nat. Ass'n, 2009 WL 2243854, 2 (S.D.Ohio 2009)("Amendments to the Federal Rules of Civil Procedure in 2006 to acknowledge and accommodate the digital revolution were five years in the drafting and recognized in part the potential for ESI to overwhelm the litigation system. The Rules Advisory Committee sought to avoid that result by providing for early consultation among counsel to prevent ESI problems. More recently, The Sedona Conference has issued its Cooperation Proclamation to attempt to move litigators in the direction of cooperating by suggesting methods for doing so:... '[Paragraph] 6.

Considering court−appointed experts... to resolve discovery disputes.'"); Scotts Co. LLC v. Liberty Mut. Ins. Co., 2007 WL 1723509, 2 (S.D.Ohio 2007); Peerless Wall and Window Coverings, Inc. v. Synchronics, Inc., 1999 WL 307963, 1 (W.D.Pa.1999); Arkwright Mut. Ins. Co. v. National Union Fire Ins. Co. of Pittsburgh, Pa., 1995 WL 224634, 1 (S.D.N.Y. 1995). Compare J. Doyle & A.S. Joslyn, The Role of Counsel in Litigation Involving Technically Complex Trade Secrets, 6 Boston College Industrial and Commercial L.Rev. 743, 747 (1965)("[T]he parties may find it advantageous to agree to the use of court−appointed impartial experts in controlling the areas of discovery."). In the absence of agreement on certain of the the outstanding issues, the parties should be prepared to select, if possible, a person to be appointed by the court to help resolve certain issues. should that become necessary. Nothing in this Order should be taken as an indication of the court's views on the merits of the presently competing positions. But the fact remains that gamesmanship by both sides in a case is a common litigation tactic,West v. West 694 F.3d 904, 907 (7th Cir. 2012), and judges are fully empowered to deal with whatever issues and disputes may arise.."Protracted discovery, [is] the bane of modern litigation. Rossetto v. Pabst Brewing Co., Inc., 217 F.3d 539, 542 (7th Cir. 2000). "Pre−trial discovery under modern federal practice "has become a monster on the loose.... Pre−trial proceedings have become more costly and important than trials themselves. A.H. Robins Co. v. Piccinin, 788 F.2d 994, 1013 (4th Cir. 1986). I am sure the the parties will not allow this case to devolve into needless and otiose conflicts.Mailed notice(jms, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.