# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MOTOROLA SOLUTIONS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 1973 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| HYTERA COMMUNICATIONS CORP, et al, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The defendants' have filed a motion to compel production of documents and witnesses, set for hearing on Thursday, January 11, 2018. The current discovery dispute between the parties focuses on the plaintiff's assertion of the attorney-client privilege over hundreds of documents and refusal to produce those documents in discovery, as well as witnesses refusing to answer deposition questions on the same grounds. Initial review of the plaintiff's privilege log in advance of Thursday's scheduled hearing reveals that the log is woefully inadequate. Rather than go through with the scheduled hearing under such circumstances, there will be a one-week postponement to allow the plaintiff a final chance to submit a log that is compliant with Rule 26(b), Federal Rules of Civil Procedure, and long established case law relating to privilege logs. Failure to do so will result in waiver of any claimed privilege.

Rule 26(b)(5) requires that a party who withholds otherwise discoverable information must "describe the nature of the documents, communications, or things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." As discovery disputes often wind up in court – especially disputes over

privilege – judges must be able to use privilege logs to assess claims of privilege. After all, they and not the inevitably partisan litigants decide claims of privilege. Courts have required that a privilege log identify "for *each* separate document the following information: the date, the author and all recipients, along with their capacities, the subject matter of the document, the purpose for its production and a specific explanation of why the document is privileged." *RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 218 (N.D. Ill. 2013)(collecting cases). Here, the plaintiff's privilege log describes scores of documents as "reflecting legal advice or opinions from in-house counsel" – a description most courts reject as impermissibly vague. *See, e.g., RBS Citizens,* 291 F.R.D. at 218; *Nucap Indus. Inc. v. Robert Bosch LLC*, 2017 WL 3624084, at *1 (N.D. Ill. 2017); *Surgery Ctr. at 900 N. Michigan Ave., LLC v. Am. Physicians Assurance Corp., Inc.*, 317 F.R.D. 620, 633 (N.D. Ill. 2016); *In re: Fluidmaster, Inc.*, 2016 WL 6599947, at *6 (N.D. Ill. 2016); *Cornejo v. Mercy Hosp. & Med. Ctr.*, 2014 WL 4817806, at *2 (N.D. Ill. 2014). Moreover, for many if not most documents, the log identifies neither the author nor the recipient of the documents. That is unacceptable. It should also be pointed out that, unlike the parties who are intimately involved with this drama on a daily basis, the court is not and a playbill would be not only appreciated, but necessary. Without it, who are people like Kevin He, David Wiatrowski, Thomas Bohn, Greg Feeney, Dipendra Chowdhary, etc.? They could be in-house counsel or they could be non-lawyers. They could be anyone. One further concern about the plaintiff's conclusory claims of privilege that is apparent even from an initial review is the massive distribution of some documents. Document No. 6 went to over 200 recipients. Documents like Nos. 624 through 627 went to more than four dozen recipients. Of course, none of these recipients are identified. Was confidentiality over whatever was revealed actually maintain with so wide a distribution to recipients who, based on the inadequate log,

had no need for the information? It would certainly seem not. And finally, a number of documents are listed as "withdrawn from log." If no privilege is asserted for these documents, they should not be listed at all. The privilege log is unwieldy enough as it is without surplusage.

Inadequate privilege logs are a significant and all-too-frequent problem in federal litigation. *See e.g.*, *United States ex rel. McGee v. IBM Corp.*, 2017 WL 1232616, at *2 (N.D. Ill. 2017); *Slaven v. Great Am. Ins. Co.*, 2014 WL 4470723, at *2 (N.D. Ill. 2014)("Baxter failed to identify or justify a claim of privilege in many instances and identified each document in such summary fashion that hundreds of hours have been required to evaluate Baxter's claims."). Under Rule 34 of the Federal Rules of Civil Procedure a party generally has 30 days to respond to a document request, including the production of a privilege log. Compliance with Rule 26(b)(5)(A) is not optional, *Cormack v. United States*, 118 Fed. Cl. 39, 42–43 (2014), and noncompliance can, in the discretion of the court, have serious consequences, including a finding that the claim of privilege has been waived or forfeited. *See Equal Employment Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017); *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.,* 408 F.3d 1142, 1149 (9th Cir. 2005); *Kannaday v. Ball*, 292 F.R.D. 640, 647 (D. Kan. 2013). A court must make a "case-by-case determination" of whether privilege should be waived; that is, a holistic reasonableness analysis, intended to forestall needless waste of judicial time and resources, as well as tactical manipulation of the rules and the discovery process is required. *Holifield v. United States*, 909 F.2d 201, 204 (7th Cir. 1990); *In re Subpoena to Produce Documents of Clapp, Moroney, Bellagamba, Vucinich, Beeman & Scheley*, 2014 WL 3784112, at *3 (N.D. Cal. 2014).

While the plaintiff's privilege log in this case is obviously inadequate, waiver will not be found at this point. However, if the plaintiff does not cure the deficiencies described herein by the

rescheduled hearing date of January 18, 2018, a finding of waiver would not be inappropriate.

Improper assertions of privilege needlessly sap the necessarily limited time of judges, forcing parties with substantial disputes to wait in a longer queue and condemning them to receive less judicial attention when their cases finally are heard. This is a significant problem on which the Seventh Circuit in other contexts has spoken. *See Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1077 (7th Cir. 1987); *Channell v. Citicorp Nat. Services, Inc.*, 89 F.3d 379, 386 (7th Cir. 1996). These concerns apply equally in a privilege context, where courts have consistently expressed the same underlying frustration. As the court in *Puckett v. Ocwen Loan Servicing, LLC*, 2016 WL 6828609, at *7 (S.D.W.Va. 2016), "gamesmanship must be discouraged so as to avoid the waste of valuable and limited judicial resources. Frankly, there is nothing even remotely close about these matters that are privileged as asserted by Defendant." *See* also *In re Grand Jury Subpoena (Mr. S.)*, 662 F.3d 65, 71 (1st Cir. 2011).

**ENTERED:** _____
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 1/10/18

4