**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MOTOROLA SOLUTIONS, INC., and )
MOTOROLA SOLUTIONS MALAYSIA )
SDN. BHD., )
                                            )
            Plaintiffs, )         Civil Action No.: 1:17-cv-01973
                                            )
          v. )         Honorable Charles R. Norgle Sr.
                                            )
HYTERA COMMUNICATIONS )         Magistrate Judge Jeffrey Cole
CORPORATION LTD., )
HYTERA AMERICA, INC., AND )         **REDACTED VERSION**
HYTERA COMMUNICATIONS )
AMERICA (WEST), INC., )
                                              )
            Defendants. )
                                              )

<u>**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL FORENSIC
INSPECTION OF HYTERA COMPUTERS, INSPECTION OF SOURCE CODE, AND
PRODUCTION OF ADDITIONAL CUSTODIAL DOCUMENTS RELATING TO
STATUTE OF LIMITATIONS DEFENSE**</u>

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................................1

II.    BACKGROUND ....................................................................................................2

III.   LEGAL STANDARDS .........................................................................................4

IV.   ARGUMENT ........................................................................................................5

       A.    Hytera Should Be Compelled to Make Available for Forensic Inspection the Computers of the Hytera Employees and Other Key Hytera File Systems ......................................................................................................5

       B.    Hytera Should Be Compelled to Make Available for Inspection All Prior Versions of Its Source Code ...................................................................11

              1.    Source Code Inspection Is Highly Relevant to Hytera's Statute of Limitation Defense.................................................................11

              2.    Motorola's Request to Examine Hytera's Source Code Is Not Untimely ..........................................................................12

       C.    Hytera Should Be Compelled to Produce Additional Custodial Documents ......14

              1.    A Limited Set of Additional Custodial Document Productions Is Justified.............................................................................14

              2.    Motorola's Request for Documents from Additional Custodians Is Not Untimely ....................................................................15

V.    CONCLUSION....................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ameriwood Indus., Inc. v. Liberman*
No. 4:06CV524–DJS, 2006 WL 3825291 (E.D. Mo. Dec. 27, 2006) .................................. 5, 9, 10

*Brocade Commc'ns Sys. Inc. v. A10 Networks, Inc.*
No. 10-CV-03428, 2012 WL 70428 (N.D. Cal. Jan. 9, 2012).................................................. 6, 9

*Capitol Records, Inc. v. Alaujan*
Nos. 03CV11661, 07CV11446, 2009 WL 1292977 (D. Mass. May 6, 2009) ............................ 6

*Downs v. Va. Health Sys.*
No. 5:13cv00083, 2014 U.S. Dist. Lexis 74415 (W.D. Va. June 2, 2014)................................... 5

*Frees, Inc. v. McMillian*
No. 05–1979, 2007 WL 184889 (W.D. La. Jan. 22, 2007)........................................................... 9

*Harry Miller Corp. v. Mancuso Chems Ltd.*
469 F. Supp. 2d 303 (E.D. Pa. 2007) .................................................................................... 10, 12

*Hespe v. City of Chicago*
No. 13C-7998, 2016 WL 7240754 (N.D. Ill. Dec. 15, 2016) ...................................................... 5

*In re Copper Antitrust Litig.*
436 F.3d 782 (7th Cir. 2006) ............................................................................................... 10, 12

*Kodish v. Oakbrook Terrace Fire Prot. Dist.*
235 F.R.D. 447 (N.D. Ill. 2006)................................................................................................... 4

*Lapsley v. Fries*
No. 1:11-CV-99, 2012 WL 2721909 (N.D. Ind. July 9, 2012)...................................................... 5

*M-I LLC v. Stelly*
No. H-09-1552, 2011 WL 12896025 (S.D. Tex. Nov. 21, 2011) ........................................... 9, 10

*Osada v. Experian Info. Sols., Inc.*
290 F.R.D. 485 (N.D. Ill. 2012)................................................................................................... 4

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*
507 U.S. 380 (1993)...................................................................................................................... 5

*Realpage, Inc. v. Enter. Risk Control, LLC*
No. 4:16-CV-00737, 2017 WL 1180420 (E.D. Tex. Mar. 30, 2017) ......................................... 10

*Sigorta v. Ameritech Indus., Inc.*
No. 2:15-cv-01665, 2017 WL 3172995 (E.D. Cal. July 25, 2017)............................................. 13

*Trading Techs. Int'l, Inc. v. GL Consultants, Inc.*
No. 05 C 4120, 2013 WL 4010582 (N.D. Ill. Aug. 5, 2013).................................................... 12

*United Factory Furniture Corp. v. Alterwitz*
No. 2:12-cv-00059, 2012 WL 1155741 (D. Nev. Apr. 6, 2012) .................................................. 10

**Statutes**

Fed. R. Civ. P. 16(b)(4)......................................................................................................... 5

Fed. R. Civ. P. 26(b)(1)......................................................................................................... 4

Fed. R. Civ. P. 37 .................................................................................................................. 4

## I.    INTRODUCTION

Motorola moves to compel Hytera to (1) make available for forensic inspection by a third-party examiner the computers (or mirror images of those computers) of key Hytera witnesses, as well as Hytera's network folders containing Motorola documents; (2) make available for inspection all versions of its source code for the Hytera digital mobile radio ("DMR") products that Motorola alleges were developed using Motorola's confidential trade secrets; and (3) run search terms on the custodial files of additional Hytera personnel who are likely to possess materials that are highly relevant to Hytera's statute of limitations defense.  These three, limited items will produce information highly relevant to Hytera's statute of limitations defense, and can be completed in a timely manner in connection with Motorola's opposition to Hytera's motion for summary judgment on that defense, which is not due until April 6, 2018.

*First*, forensic inspection of Hytera's hard drives and relevant servers is necessary because Hytera has chosen not to explain what happened to the thousands of confidential Motorola documents its employees took when they left Motorola to join Hytera.  To date, Hytera has not denied that these former Motorola employees took these documents—to the contrary, Hytera has produced at least some of those documents from its employees' computers and corporate servers.  Despite these facts, Hytera has not explained what happened to the bulk of those materials, *e.g.,* how they were transmitted from the former Motorola employees to others at Hytera; who at Hytera possessed them and when; whether they were deleted or destroyed, and when.  Hytera's deponents and interrogatory responses have either refused to answer these questions (on Fifth Amendment grounds or based on a claim that a witness's lawyer has not responded yet), or simply denied without explanation the clear evidence that Hytera possessed these materials.  Because Hytera has refused to provide transparency with respect to these highly relevant issues, forensic inspection of Hytera's computers and servers is necessary and appropriate to fully assess Hytera's possession, disposition, and concealment of Motorola's confidential information.  Hytera's destruction or other disposition of this evidence would further reveal Hytera's concealment of its theft—a fact that is highly relevant to Hytera's statute of limitations defense.

1

**Second**, there is no question that inspection of Hytera's source code is highly relevant to disposition of Hytera's statute of limitations defense. Hytera recently produced substantial evidence that it used confidential Motorola source code to build its products, **but then took substantial steps to conceal that theft**. For example, ██████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████ It is well-established that such attempts to conceal Hytera's theft are highly relevant to Hytera's statute of limitations defense, as they confirm Motorola's inability to discover the theft during the limitations period. Reviewing Hytera's code will provide additional technical support establishing this concealment. Hytera does not deny the indisputable relevance of this code, but instead contends that it is untimely. But Hytera only recently produced documents confirming this concealment, and its witnesses—including its corporate designees on these subjects, who were deposed *after* the date Hytera claims Motorola should no longer be permitted discovery after— were even more recently unable to answer questions about them. At bottom, there is more than enough time for this review: Motorola's opposition brief is not due until April 6, 2018, and discovery concerning the statute of limitations issue remains ongoing. Dkts. 164, 169.

**Third**, Hytera's late document productions and even more recent depositions revealed additional Hytera engineers who were involved in the theft and concealment of Motorola's confidential information. The materials possessed by these engineers—which Hytera refuses to search—are especially relevant to Hytera's statute of limitations defense given Hytera's refusal to perform a reasonable investigation into the facts of its theft and concealment of that theft, as well as the inability of Hytera's witnesses to explain the documents demonstrating those facts.

## II.    BACKGROUND

On September 26, 2017, Judge Der-Yeghiayan ordered Hytera to produce documents responsive to Motorola's document requests on issues related to the statute of limitations. Dkt. 73. Hytera took over two months to produce these documents, eventually producing over 600,000 documents to Motorola between December 1, 2017 and January 19, 2018. On December 20, 2017,

the Court held a discovery status conference in which the parties discussed their views regarding electronic discovery and other issues. Dkt. 107. At that hearing, this Court suggested that the parties consider enlisting "a neutral expert to advise the court on the ESI disputes." *Id.* at 1.

On January 19, 2018, Motorola brought a motion to compel Hytera to provide a complete response to Interrogatory No. 9, which requires Hytera to explain the facts and circumstances concerning its possession and use of Motorola confidential information. Dkt. 121. Before the motion hearing, on January 15, 2018, Hytera supplemented its interrogatory response to admit that certain Motorola documents had been found on the laptops of current Hytera employees Y.T. Kok and Sam Chia, but Hytera failed to provide any further information, instead stating that "Hytera has requested more information about these documents" from Messrs. Kok and Chia, but that their individual "counsel ***has not yet responded to Hytera's request***." Ex. 17 (Jan. 15, 2018 Response to Rog. 9) at 9. At the January 18, 2018 motion hearing before this Court, the Court found this supplemental response to be a "***non answer***." Dkt. 172 at 11:11–17. As a result, Hytera agreed to further supplement its response with the result of interviews of certain Hytera employees; Motorola also agreed to serve Hytera with an additional interrogatory to address the parties' dispute regarding the scope of Interrogatory No. 9. Dkt. 139. Hytera's outside counsel in this action would not commit to itself performing those interviews or being involved with them.

On January 26, 2018, Motorola served Hytera with two new interrogatories, the responses for which were due on February 26, 2018. On January 26, 2018, Hytera served a fourth supplemental response to Interrogatory No. 9 to report the results of its interviews. However, the employees that Hytera interviewed were unfamiliar with the majority of the Motorola documents that Hytera has thus far found in its possession. Ex. 2 (1/26/18 Response to Rog. 9) at 10–13. And when Hytera responded to Motorola's new interrogatories, ███████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████ Ex. 19 (2/26/18 Hytera Resp.) at 7–8.

After Hytera had finally finished producing the documents requested by Motorola in its

motion to compel, Motorola took the depositions of various Hytera employees during the week of January 29, 2018. Hytera did not offer two of its Rule 30(b)(6) witnesses on the statute of limitations issues, however—Hytera employees Jue Liang and Xiaohua Zheng—until February 6 and February 8, 2018, respectively. The parties submitted a joint stipulation to permit the taking of these depositions after February 2, 2018, which was granted by the Court. Dkt. 153.

On February 13, 2018, the Court held a hearing regarding a motion brought by Hytera. After the hearing, the Court's minute order stated that should the Court's consideration of the motion "entail the need for a continuance of any matters pending before Judge Norgle, counsel for the parties should not hesitate to bring the matter to his attention for entry of a rescheduling order." Dkt. 164. On February 23, 2018, the Court entered an order permitting Hytera to seek additional discovery it believes is relevant to the statute of limitations (Dkt. 171) and Hytera served on Motorola discovery requests for documents and depositions it is seeking from a third party. Subsequently, on February 26, 2018, Hytera proposed to Motorola a joint stipulation that would delay the summary judgement briefing schedule by four weeks.

## III. LEGAL STANDARDS

Fed. R. Civ. P. 26(b)(1) provides that a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The court construes relevancy broadly to encompass "any matter that bears on or that reasonably could lead to other matter[s] that could bear on, any issues that is or may be in the case." *Osada v. Experian Info. Sols., Inc.,* 290 F.R.D. 485, 494 (N.D. Ill. 2012) (citation omitted). A party may seek an order to compel discovery. Fed. R. Civ. P. 37. The burden "rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Prot. Dist.,* 235 F.R.D. 447, 449–50 (N.D. Ill. 2006) (citation omitted).

Forensic inspections are "directly within the scope of ESI discovery contemplated by the inspection, copying, testing and sampling provisions of Rule 34(a)(1)(A)." *Downs v. Va. Health*

*Sys.*, No. 5:13cv00083, 2014 U.S. Dist. Lexis 74415, at *6 (W.D. Va. June 2, 2014); *see also Hespe v. City of Chicago*, No. 13C-7998, 2016 WL 7240754, at *4 (N.D. Ill. Dec. 15, 2016).

The Court has broad discretion to extend discovery. *Lapsley v. Fries*, No. 1:11-CV-99, 2012 WL 2721909, at *2 (N.D. Ind. July 9, 2012). Under Federal Rule of Civil Procedure 16(b), a schedule may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). For requests such as Motorola's, the determination is "an equitable one, taking account of all relevant circumstances," such as "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

## IV. ARGUMENT

### A. Hytera Should Be Compelled to Make Available for Forensic Inspection the Computers of the Hytera Employees and Other Key Hytera File Systems

The Court should compel Hytera to make available for forensic inspection by a third-party examiner[1] the computers of key Hytera witnesses who have been involved in the use of Motorola's confidential information[2] and any relevant Hytera servers, such as Hytera's ███ server on which Hytera has stored Motorola documents. The Court has already recognized the potential need for such forensic inspection in its December 20, 2017 order. Dkt. 107. At the time, the parties had differing positions over Hytera's willingness to provide fulsome discovery concerning its theft, use, and concealment of Motorola's confidential material. The Court recognized that dispute, and the potential need for a neutral forensic expert to assist the Court in assessing ESI disputes. *Id.* The Court advised that "the parties should be prepared to select, if possible, a person

---

[1] Consistent with the opinions cited herein, Motorola proposes that the Court appoint a third-party of Motorola's choosing to conduct the requested forensic examination. *See Ameriwood Indus., Inc. v. Liberman*, No. 4:06CV524-DJS, 2006 WL 3825291, at *5 (E.D. Mo. Dec. 27, 2006).

[2] Motorola requests that it be permitted to begin with forensic inspection of the computers of the following Hytera employees: G.S. Kok, Y.T. Kok, Samuel Chia, Jue Liang, Roger Zhang, Phaik Ee Ooi, and Yu Kok Hoong.

to be appointed by the court to help resolve certain issues should that become necessary." *Id*. at 2. Such an appointment is now necessary because, despite having multiple opportunities in interrogatory responses and depositions, Hytera has not provided an adequate explanation for its possession or disposition of the confidential materials its engineers ███████ were taken from Motorola. A forensic expert will assist in understanding what happened to the thousands of documents Hytera misappropriated, and how that misappropriation was subsequently concealed by Hytera—issues that are directly relevant to Motorola's response to Hytera's statute of limitations defense to Motorola's trade secrets misappropriation claims.

According to cases analyzing similar circumstances, forensic inspection of computer media is appropriate where a defendant is refusing (or unable) to provide the requested information through written or testimonial discovery. *See, e.g., Brocade Commc'ns Sys. Inc. v. A10 Networks, Inc.*, No. 10-CV-03428, 2012 WL 70428, at *2 (N.D. Cal. Jan. 9, 2012) (forensic imaging relevant to trade secret case, including because "[i]t is unlikely that Brocade would be able to obtain th[e] relevant information from other sources given A10's 30(b)(6) witness's apparent inability and/or unwillingness to provide th[e] information."); *Capitol Records, Inc. v. Alaujan*, Nos. 03CV11661, 07CV11446, 2009 WL 1292977, at *1 (D. Mass. May 6, 2009) (finding that defendant's "inability to remember relevant details" warranted forensic inspection). That is certainly the case here. With respect to its interrogatory responses, Hytera has admitted that certain documents identified by Motorola as confidential trade secrets were found on the laptops of Messrs. Kok, Kok, and Chia, but has not explained how they came into their possession, whether any were deleted, who at Hytera they were distributed to, or how they were used at Hytera. Ex. 2 (1/26/18 Response Rog. 9) at 9; Ex. 19 (2/26/18 Hytera Resp.) at 7–8. Hytera's responses state that ██████████ ████████████████████████████████████████████████████████████████ ██████████████████████████ *Id*. Hytera's supplemental response pursuant to the Court's order still did not explain what happened to most of the documents found in its possession. Ex. 2 at 10–13. For example, although Hytera's response states that one of its 30(b)(6) deponents (Xiaohua Zheng) on topics concerning Hytera's possession and use of the documents

"is not familiar with any of the documents identified above, and is not aware of them being received, considered, or used by anyone at Hytera," *id.* at 10, Ms. Zheng testified that she was ██████████████████████████████████████ Ex. 4 (Zheng Tr.) at 86:15-87:24, 90:23-91:4.

Likewise, neither of Hytera's two 30(b)(6) designees on Hytera's possession, use, and concealment of the Motorola confidential documents shed light on those subjects. For example, Hytera documents reveal that in █████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ███████████████████████████████████████ Ex. 5 (HYT1973-00061160) at 161. Samuel Chia, in turn, ████████████████ ████████████ ████████████████████████████████████████████████ ██████████ Ex. 6 (HYT1973-02180813) at row 38 ██████████████████████ ███████████████████████████████████████████). At deposition, Hytera's 30(b)(6) designee Mr. Liang admitted that he ██████████████████████████████████████ (Ex. 7 (Liang Tr.) at 49:8–15), ████████████████████████████████████████ ██████████████████████████ (*id.* at 48:15–49:7). Another Hytera's 30(b)(6) witness, Ms. Zheng, was also not able to shed any light on this scheme or what happened to Motorola's source code. Indeed, Ms. Zheng was specifically designated to testify about Hytera's source code, but when confronted with the source code ████████████████████████████████████ ████████████████████████████████████████████████ █████████████████████████████ *E.g.* Ex. 4 (Zheng Tr.) at 91:11–95:12, 139:8–12; 145:14–18.[3]

As another example, evidence received in discovery reveals that █████████████████ ████████████████████████████ *See, e.g,* Ex. 8 (HYT1053-00109175) at 9179 (████████ █████████████████████████████); Ex. 6 (HYT1973-02180813) ████████████████████

---

[3]   Though the deposition transcript of Ms. Zheng does not contain source code, out of an abundance of caution, the transcript pages in which source code was discussed have not been submitted herewith.



█████████████ ).  But despite this clear evidence, Hytera's corporate designee was unable to provide any information regarding what is contained in those network folders.  *See, e.g.,* Ex. 4 (Zheng Tr.) at 36:19–39:9; 96:4–102:14.  Indeed, in preparation for her deposition, Ms. Zheng testified that she ████████████████████████████████████████████ ; *e.g.,* Motorola's source code files, ████████████████████████████████████████████ ████████████████████████████████████████████ . *See id.* at 61:6–12; 66:6–9.  Instead, Ms. Zheng claims she ████████ ████████████████████████████████████████████ ████████████████████████████████████████████

*See, e.g.*, *id.* at 56:7–57:16; 61:18–62:8; 66:10–67:24, 116:18–117:21.

The testimony of the former Motorola employees who now currently work at Hytera likewise failed to shed light on these issues as well.  When Motorola confronted the three primary former Motorola employees who took the materials before joining Hytera, they uniformly refused to answer questions on these subjects out of fear of self-incrimination.  For instance, when confronted with source code in Hytera's products that was plainly copied from confidential source code for Motorola's products, they ████████████████████████ ████████████████████ Ex. 9 (Y.T. Kok Tr.) at 248:13–25.  When asked whether they ████████████████████████████████████ ████████████████████ *See, e.g.*, Ex. 10 (G.S. Kok Tr.) at 83:1–23; Ex.9 (Y.T. Kok Tr.) at 249:15–19; Ex. 11 (Chia Tr.) at 222:9–15.  These witnesses also ████████ ████████████████████████████████████████████ ████████████████████████ Ex. 10 (G.S. Kok Tr.) at 78:3–9; Ex. 9 (Y.T. Kok Tr.) at 252:15–253:4; Ex. 11 (Chia Dep Tr.) at 156:13–20.

And in the other instances where Motorola confronted Hytera employees with clear and direct evidence of their individual use of confidential Motorola materials, rather than explain how they came upon those materials and what happened to them, they denied having possessed them

or any knowledge of where they came from. For example, at deposition, Mr. Liang was confronted

with  Ex. 12 (HYT1973-00327843) at 845 ). Mr. Liang clearly had possession of the document, as *Id.*; *Compare with* Ex. 13 (HYT1973-766368) at 766373 ); Ex. 7 (Liang Tr. ) at 106:16–107:1 ( ). Despite this, at deposition, Mr. Liang . *Id.* at 98:25-100:18. Nor would Mr. Liang provide any information as to where he obtained the document or any other materials. *Id.* at 98:17-109:9. Hytera's interrogatory response sheds no light on this document either. Ex. 2 (1/26/18 Response to Rog 9) at 9. And this is not just about the custodians' laptops; Mr. Liang confirmed that . Ex. 7 (Liang Tr.) at 108:23-109:9.

Furthermore, courts have found that forensic inspections are "justified in cases involving both trade secrets and electronic evidence, and granted permission to obtain mirror images of the computer equipment which may contain electronic data related to the alleged violation." *Ameriwood,* 2006 WL 3825291, at *4 (finding "allegations that a defendant downloaded trade secrets onto a computer provide a sufficient nexus between the plaintiff's claims and the need to obtain a mirror image of the computer's hard drive"); *see also Brocade*, 2012 WL 70428, at *1 (compelling forensic inspection of hard drives in a trade secrets case); *M-I LLC v. Stelly*, No. H-09-1552, 2011 WL 12896025, at *2 (S.D. Tex. Nov. 21, 2011). And where former employees are alleged to have given stolen confidential documents to a new employer, forensic inspections of the former employees' computers are appropriate "because such computers are, if [the plaintiff's] allegations are true, among the most likely places [the defendant] would have downloaded or stored the data." *Frees, Inc. v. McMillian*, No. 05–1979, 2007 WL 184889, at *2 (W.D. La. Jan. 22, 2007). Further, the Court's order at Docket 107 recognized *United Factory Furniture Corp.*

*v. Alterwitz*, which found it appropriate to appoint an expert to create mirror-images of computers where a plaintiff's trade secret business information was at stake. No. 2:12-cv-00059, 2012 WL 1155741, at *4-5 (D. Nev. Apr. 6, 2012) (mirror images would provide evidence that "could not be obtained through simple document production, as information describing the history, tracking, or management of an electronic file is usually not apparent via a hard copy or a screen image").

Here, forensic inspection of the Hytera laptops and servers would provide substantial information relevant to Hytera's concealment of its theft, including (1) how the Motorola materials were sent and received among the Hytera employees; (2) whether they were deleted and by who; and (3) who had possession of them and during what time frames. Such attempts to conceal Hytera's theft are highly relevant to Hytera's statute of limitations defense, as they confirm Motorola's inability to discover the theft during the limitations period. *See In re Copper Antitrust Litig.*, 436 F.3d 782, 792 (7th Cir. 2006); *Harry Miller Corp. v. Mancuso Chems Ltd.*, 469 F. Supp. 2d 303, 316 (E.D. Pa. 2007). Even if the documents no longer exist on a given hard drive or server, forensic inspection will (critically here, where Hytera's statute of limitations defense directly implicates concealment of its misconduct) reveal the reason ***why***—*e.g.,* because the drive was "wiped" at a particular time or there is forensic evidence suggesting that specific documents were deleted. Indeed, a forensic examination is appropriate to discover and recover any files that were deleted by Hytera employees, possibly in efforts to conceal Hytera's misappropriation. *See, e.g.*, *M-I LLC v. Stelly*, No. H-09-1552, 2011 WL 12896025, at *2 ("Plaintiff is entitled to production of the registry files or other deleted files that provide information on whether Defendant Stelly transferred M-I documents to WES computers from his USB devices."); *Realpage, Inc. v. Enter. Risk Control, LLC*, No. 4:16-CV-00737, 2017 WL 1180420, at *2 (E.D. Tex. Mar. 30, 2017) (forensic inspections are appropriate when "a search of the opponent's [electronic storage device] could recover deleted relevant materials"); *Ameriwood*, 2006 WL 3825291, at *3 ("deleted computer files are discoverable."). Such an examination is particularly important here, as Hytera witnesses ███████████████████████████████████████████

███████████████████████████████████████████████████████████████ Ex. 10 (G.S. Kok

Tr.) at 83:2–8; Ex. 9 (Y.T. Kok Tr.) at 249:15–19; Ex. 11 (Chia Tr.) at 221:12–17.

Finally, there is no question that the electronic repositories Motorola seeks to inspect are central to this case because there is substantial evidence that G.S. Kok, Y.T. Kok, and Sam Chia ██████████████████████████████████████████████████████████████ ████████████████████████████████████ *See* Exs. 14–16 (Moto-1973-00001966; Moto-1973-00001967; Moto-1973-00001968).  Hytera freely admits that at least some of the documents Motorola has identified as having been stolen by G.S. Kok, Y.T. Kok and Samuel Chia have been found and produced by Hytera on the laptops of those individuals.  Ex. 17 (1/26/18 Response to Rog 9) at 9; Ex. 19 (2/26/18 Hytera Resp.) at 7-8.  Recognizing the relevance of these computers, Hytera's counsel already collected the mirror images of at least some of these computers, but refuses to provide them for inspection.  And Hytera documents indicate that ████████████ ████████████████████████████████████████████████████████████ ████████████████████████████ Ex. 6 (HYT1973-02180813) at row 92 ████████████████████████████████████ ); Ex. 8 (HYT 1053-00109175) at 179 ████████████████████████████████████████ ).  Thus, like in *Frees*, the electronic repositories Motorola seeks to inspect are among the most likely places that Hytera employees would have stored the stolen documents and inspection is justified on this basis alone.

## B. Hytera Should Be Compelled to Make Available for Inspection All Prior Versions of Its Source Code

### 1. Source Code Inspection Is Highly Relevant to Hytera's Statute of Limitation Defense

Hytera does not dispute that its source code is highly relevant to the statute of limitations, particularly in light of recently produced documents, which explicitly reveal Hytera's intent to use Motorola source code and conceal that use from Motorola.  As discussed above, ████████████ ████████████████████████ *See* Ex. 9 (Y.T. Kok Tr.) at 242–247 (████████████ ████████████████████████████████████████████████████████████ ██████ ).  Moreover, Hytera internal emails reveal that Hytera ██████████████████████ ████████████████████████████████████████████████████████████ Ex.

5 (HYT1973-00061160) at 161.  A Hytera task list likewise confirms that  Ex. 6 (HYT1973-02180813) at row 38.  Samuel Chia concluded _Id._

In these circumstances, review of all versions of Hytera's code is necessary and appropriate to reveal precisely how and when Hytera concealed its use of Motorola source code.  This District recognizes that plaintiffs are entitled to review all versions of source code "in order to assess for itself the significance of any changes to the product."  _See Trading Techs. Int'l, Inc. v. GL Consultants, Inc._, No. 05 C 4120, 2013 WL 4010582, at *1 (N.D. Ill.  Aug. 5, 2013).  Here, to assess Hytera's concealment of its use of Motorola's code, Motorola will have technical experts compare current and prior versions of Hytera's code with Motorola code to assess how and when Hytera rewrote Motorola source code in order to conceal its theft from Motorola.  Such efforts to conceal bear directly on the running of the statute of limitations and tolling thereof.  _See, e.g., In re Copper Antitrust Litig._, 436 F.3d at 792; _Harry Miller Corp._, 469 F. Supp. 2d at 316.

### 2.    Motorola's Request to Examine Hytera's Source Code Is Not Untimely

Hytera does not dispute the relevance of its code to resolution of its statute of limitations defense or Motorola's need to review it, but instead contends such a review is untimely.  Not so.  The materials confirming Hytera's efforts to conceal its misappropriation were only produced recently, in December and January.  And Hytera did not make available for deposition its two primary 30(b)(6) witnesses on the statute of limitations issues until February 6 and 8, 2018—after the date Hytera contends was the last day for Motorola to obtain discovery, despite the fact that Hytera is now continuing with discovery for at least several more weeks. Dkts. 156, 169.  Motorola in good faith believed Hytera would fulfill its obligation to investigate the Motorola's 30(b)(6) topics prior to the depositions, and answer questions about the circumstances evidenced by the documents Hytera produced.  But when Motorola attempted to obtain testimony concerning these

issues during the corporate-designee depositions of Mr. Liang and Ms. Zheng on February 6 and 8, respectively, both witnesses claimed to have little to no information. For example, Mr. Liang answered  (HYT1973-00061160), Ms. Zheng—who was specifically designated to testify about software code—stated that she

*See* Ex. 7 (Liang Tr.) at 71:15–81:6; Ex. 4 (Zheng Tr.) at 96:4–102:14. Mr. Liang and Ms. Zheng also answered (HYT1973-02180813). Ex. 7 (Liang Tr.) at 83:10–94:7; Ex. 4 (Zheng Tr.) at 111:5–124:24. Moreover, Ms. Zheng, Hytera's 30(b)(6) witness on software topics, was Ex. 4 (Zheng Tr.) at 91:11–95:22; 134:3–145:18.

As a result of Hytera's recent productions concerning its use of Motorola source code, its recent depositions, and its recalcitrance in providing information about that subject, Motorola's inspection of all versions of Hytera's source code is not untimely and should be permitted. *See Sigorta v. Ameritech Indus., Inc.*, No. 2:15-cv-01665, 2017 WL 3172995, at *5 (E.D. Cal. July 25, 2017) (extending time to conduct discovery on airplane engines that were central to case). Moreover, there is plenty of time for this inspection: Motorola's opposition to Hytera's summary judgement motion is not due until April 6, 2018, and Hytera recently proposed to move that date by four weeks, to May 4, 2018. Hytera has also sought—and is taking—additional statute of limitations discovery in the coming weeks, including document requests and depositions. Dkt. 171. And there is no risk of prejudice to Hytera: Hytera had the opportunity to provide sufficient information about these documents and their efforts to conceal, but elected not to do so.

Thus, based on the relevance of the recently discovered Hytera plan to conceal its theft, Hytera's failure to provide meaningful discovery on that theft, and the lack of impact to the Court's schedule, Hytera should be compelled to make the requested source code available for inspection.

C.    **Hytera Should Be Compelled to Produce Additional Custodial Documents**

1.    **A Limited Set of Additional Custodial Document Productions Is Justified**

The court should compel Hytera to search and produce documents from Roger Zhang, Ren Tao, Yu Yang, Yu Kok Hoong, Pan Zheng, Eason Chu (Zhu Guo Fu),Yang Fan, and Tracy Lee (Li Hong Yin).   Producing documents from these additional custodians is necessary to allow Motorola to respond to Hytera's statute of limitations defense because, like the other items above, these materials are likely to be highly relevant to the concealment issues that are central to that defense.   Specifically, based on recent document productions and depositions, these custodians held important positions in the initial development of Hytera's DMR products at issue, and will likely be knowledgeable about the use and concealment of Motorola confidential information.   For example,



Ex. 5 (HYT1973-00061160) at 61161.   This is especially concerning, as Mr. Hoong testified

Ex. 18 (Hoong Tr.) at 70:6–9.  Similarly,

*See, e.g.*, Ex. 1 (HYT1053-00613250)

); Ex. 5 (HYT1973-00061160)

); Ex. 3 (HYT1053-00323386) (

; Ex. 12 (HYT1973-00327843) (

Finally, at Jue Liang's recent deposition,

*See* Ex. 7 (Liang Tr.) at 25:25–26:8.  These emails show that these custodians had access to Motorola confidential documents at Hytera, and are therefore likely to have information relevant to Hytera's concealment of those documents.

**2. Motorola's Request for Documents from Additional Custodians Is Not Untimely**

Like Motorola's request for source code, Motorola's request for documents from additional custodians is not untimely. As discussed above, Motorola only recently received Hytera's production of documents towards the end of discovery, between December 1, 2017 and January 19, 2018. Further, on January 9, 2018, Motorola was forced to bring a motion to compel Hytera to provide an adequate response to Interrogatory No. 9 regarding the fact and circumstances of its misappropriation, but Hytera's January 26, 2018 supplement did not provide any meaningful information. And when Motorola asked Hytera's 30(b)(6) witnesses—who Hytera did not make available until February— ████████████████████████████████████ ████████████████████████████ *See, e.g.*, Ex. 4 (Zheng Tr.) at 96:4– 102:14 ████████████████████████████████ ████████████████ ); Ex. 7 (Liang Tr.) at 71:15–81:6 ████████████████████████ HYT1973-00061160); *id.* at 95:16–100:3 ██████████████████ HYT1973-00327843, ██████████████████████████████ *id.* at 124:7–130:21 ████████████████████████ HYT1053-00613250). Thus, Hytera had a full and fair opportunity to provide the requested information, but did not. And as discussed above, there is no appreciable risk of this additional discovery causing delays to the Court's schedule. Motorola's opposition to Hytera's motion for summary judgement is not due until April 6, 2018, with Hytera recently proposing to delay that date by four weeks so that it can continue taking discovery that it contends is relevant to the statute of limitations, before it submits a supplemental brief. No reasonable interpretation of the Court's schedule could condone Hytera resisting discovery that is plainly relevant to the statute of limitations, while simultaneously obtaining additional discovery and seeking to push off the parties' summary judgment deadlines. Therefore, this Court should compel Hytera to produce documents from these additional custodians.

**V. CONCLUSION**

For the reasons set forth above, Motorola respectfully requests that its motion be granted.

DATED: March 1, 2018                    Respectfully submitted,

                                        */s/ Justin Singh*
                                        Adam Alper (*admitted pro hac vice*)
                                        adam.alper@kirkland.com
                                        Brandon H. Brown (IL Bar No. 266347 CA)
                                        brandon.brown@kirkland.com
                                        KIRKLAND & ELLIS LLP
                                        555 California Street
                                        San Francisco, CA 94104
                                        Telephone: (415) 439-1400
                                        Facsimile: (415) 439-1500

                                        Michael W. De Vries (*admitted pro hac vice*)
                                        michael.devries@kirkland.com
                                        Justin Singh (*admitted pro hac vice*)
                                        justin.singh@kirkland.com
                                        Christopher Lawless (*admitted pro hac vice*)
                                        christopher.lawless@kirkland.com
                                        Ali-Reza Boloori (*admitted pro hac vice*)
                                        ali-reza.boloori@kirkland.com
                                        KIRKLAND & ELLIS LLP
                                        333 South Hope Street
                                        Los Angeles, California 90071
                                        Telephone: (213) 680-8400
                                        Facsimile: (213) 680-8500

                                        David Rokach (IL SBN: 6279703)
                                        david.rokach@kirkland.com
                                        KIRKLAND & ELLIS LLP
                                        300 North LaSalle
                                        Chicago, IL 60654
                                        Telephone: (312) 862-2000
                                        Facsimile: (312) 862-2200

                                        *Attorneys for Plaintiffs*
                                        *Motorola Solutions, Inc. and Motorola*
                                        *Solutions Malaysia SDN. BHD.*

## Certification Under Local Rule 37.2

Motorola's counsel hereby certifies that it has satisfied the requirements pursuant to Local Rule 37.2 to meet and confer with counsel for Hytera in good faith before filing this motion to compel and has determined that the matter upon which a ruling is sought is actually in dispute.

The parties met and conferred telephonically regarding the aspect of this motion concerning forensic inspection on January 22, 2018 at 1:30 p.m. CT, but reached an impasse. Justin Singh participated on behalf of Motorola and Erik Puknys participated on behalf of Hytera. During this telephone call, Motorola followed up on its request for a forensic inspection of Hytera data repositories, after previously providing Hytera with some case law that Motorola believes supports its request. Hytera once again refused to provide a forensic inspection, leaving the parties at an impasse regarding that aspect of this motion. The parties met and conferred telephonically regarding the aspects of this motion concerning the inspection of prior versions of source code and documents from additional custodians on February 21, 2018, at 5:00 p.m. CT, but reached an impasse. Justin Singh and Brandon Brown participated on behalf of Motorola, and Jacob Schroeder participated on behalf of Hytera. Motorola explained that inspection of all prior versions of Hytera source code back to 2008 and documents from the additional custodians are necessary in light of Hytera's recent document production and Hytera's inability to provide fulsome information through its discovery responses and testimony of its corporate witnesses. With respect to the prior versions of source code, counsel for Hytera did not dispute the relevance of the requested source code and could not represent that it had ever made available for inspection all of Hytera's source code going back to 2008. Hytera refused to provide the requested discovery, leaving the parties at an impasse.

**<u>CERTIFICATE OF SERVICE</u>**

I, Justin Singh, an attorney, hereby certify that on March 1, 2018, I caused a true and correct copy of the foregoing document to be served via the Court's ECF system upon all counsel of record.

DATED:  March 1, 2018

*/s/ Justin Singh*
Justin Singh