# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MOTOROLA SOLUTIONS, INC., | ) |
| Plaintiff, | ) No. 17 C 1973 |
| v. | ) Magistrate Judge Jeffrey Cole |
| HYTERA COMMUNICATIONS CORP, et al, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Judge Norgle has referred to me what Motorola has rather fancifully (and erroneously) titled its "Motion to Confirm *Joint* Discovery Plan." (Emphasis supplied). [Dkt. ##269, 274]. The word "fancifully" is used advisedly, because there is no *joint* discovery plan, which is perhaps not surprising given the history of the case.[1] The document Motorola impliedly asserts exists and which it says should be confirmed [Dkt. # 252], is actually two completely different discovery plans, one from Motorola and one from Hytera; and, arguably, the one from Hytera isn't a discovery plan at all. Before going any further, here's how we got to this point.

---

[1] There are literally thousands of cases lamenting the needlessly contentious nature of modern discovery. Indeed Judge Posner has incisively observed that "protracted discovery is the bane of modern civil litigation." *Rossetto v. Pabst Brewing Co., Inc.*, 217 F.3d 539, 542 (7th Cir. 2000). While modern discovery is, by its very nature, intrusive and invasive, *Bond v. Utreras*, 585 F.3d 1061, 1067 (7th Cir. 2009); *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998); it sadly has become " 'a monster on the loose.... Pre-trial proceedings have become more costly and important than trials themselves.' " *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1013 (4th Cir. 1986). *See also Back v. Trans Union LLC*, 2008 WL 2444682, at *3 (N.D. Ind. 2008)( *"Federal court cases are often very, very contentious for a very, very long time, especially with respect to discovery matters."*).

But all are agreed that discovery ought not to proceed as it has evolved. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, (1980); *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U. A.*, 657 F.2d 890, 903-904 (7th Cir. 1981).

On May 21, 2018, Judge Norgle ordered the parties to submit to him a "proposed *agreed* discovery schedule or plan . . . on or before 6/27/2018." [Dkt. #233](Emphasis supplied). He added that, "[i]f the parties cannot agree, each party shall submit its own plan." [Dkt. #233]. On June 27, 2018, to quote the parties, "[p]ursuant to the Court's May 21, 2018 Order (Dkt. 233), Plaintiffs Motorola Solutions, Inc., and Motorola Solutions Malaysia Sdn. Bhd. ("Motorola"), and Defendants Hytera Communications Corporation Ltd., Hytera America, Inc., and Hytera Communications America (West), Inc. ("Hytera") respectfully submit[ted] the . . . *Joint* Discovery Plan." [Dkt. #243, at 1](Emphasis supplied). As already explained, contrary to Judge Norgle's instructions, there was no "joint" discovery plan; nor were there *two separate* filings from the parties as he suggested if there was disagreement.

Hytera's version of the parties' "joint" discovery plan went like this:

| Event | Date |
|---|---|
| Open of Fact Discovery | July 2, 2018 |
| Close of Fact Discovery | February 28, 2019 |
| Exchange of Opening Expert Reports | April 15, 2019 |
| Rebuttal Expert Reports | May 15, 2019 |
| Reply Expert Reports | June 14, 2019 |
| Close of Expert Discovery | June 28, 2019 |

[Dkt. #243, at 9]. Meanwhile, Hytera wanted this:

| Event | Date |
|---|---|
| Plaintiff's Identification of its Trade Secrets with Particularity | 30 days following the Court's order disposing of Defendants' summary judgment motion. |
| Open of Fact Discovery | Concurrent with Plaintiff's Identification of its Trade Secrets with Particularity[5] |

2

| Close of Fact Discovery | 4 Months following Plaintiff's identification of its Trade Secrets |
|---|---|
| Exchange of Opening Expert Reports | 45 days following the close of fact discovery |
| Rebuttal Expert Reports | 45 days following the exchange of Opening Expert Reports |
| Reply Expert Reports | 30 days following the exchange of Rebuttal Expert Reports |

[Dkt. # 243, at 11]. Notably, Hytera indicated to Judge Norgle that because it didn't think Motorola had adequately identified its trade secret, "the date of proper identification may have to wait to be defined until resolution of a motion to compel." [Dkt. #243, at 11, n.5]. So, for Hytera, there's no discovery until its summary judgment motion is disposed of and even then, no discovery until it filed a motion for a definite statement of Motorola's trade secrets, and then that will have to be briefed, and then ruled on. That's not a discovery plan, that's an ill-disguised stay of discovery, which many courts do not favor generally, *see, e.g., Bank of Am., N.A. v. Terraces at Rose Lake Homeowners Ass'n*, 2017 WL 7037740, at *1 (D. Nev. 2017); *Comprehensive Care Corp. v. Katzman*, 2011 WL 13177706, at *1 (M.D. Fla. 2011), let alone under the circumstances presented here.

So, while Judge Norgle's next Order may be short, it's intent is not difficult to interpret. On July 10, 2018, the Judge said that the "Court approves of the Joint Discovery Plan [243] and to proposed trial date of November 1, 2019." [Dkt. #252]. That necessarily means discovery is to proceed, regardless of pending motions or inchoate motions. How, without discovery, can one prepare for the trial on November 1st? Of course, Judge Norgle had the discretion to do what he did. The only definite plan filed was Motorola's; accordingly, as of July 10th, that's the plan that's in place.

Nothing significant has happened to change that since then. Motorola filed a motion before Judge Norgle on July 15th to clarify his Order. [Dkt. #253]. Then it filed a motion to amend its Complaint by adding copyright claims. [Dkt. #255]. On August 2nd, Judge Norgle granted Motorola's Motion and, in the same Order, denied Hytera's Motion for Summary Judgment, which was based entirely on the statute of limitations [Dkt. #183], "as functus officio with leave to refile." [Dkt. #264].

On August 8th, Motorola filed another motion about the parties' "Joint Discovery Plan," informing Judge Norgle that, despite his Order of July 10th, Hytera would not participate in discovery and deemed it closed, or stayed, until further action by the court. [Dkt. #269, at 1]. Motorola's Motion asked the Judge to confirm that, given his Order, discovery was open and should proceed according to the schedule Motorola set out in the June 27th filing and the judge approved in his July 10th Order. Judge Norgle then referred the Motion to me on August 9th. [Dkt. #273]. In view of the proceeding history and some additional reasons that follow, Motorola's Motion is granted.

As already indicated by the foregoing narrative, Judge Norgle's July 10th Order remains in effect. It has not been vacated. The adding of copyright claims does not effect a stay of discovery; if anything, it broadens the subject matter of the Complaint and thus of discovery.

Hytera's two main objections are its claimed intention to refile its Summary Judgment Motion on Motorola's trade secret claims being barred by the statute of limitations, and the identification, or lack thereof of Motorola's trade secrets.[2] So, at bottom, Hytera wants, not a stay

---

[2] Whether that will happen, no one can say with certainty. It is impossible to forecast the events still "in the womb of time." *Dennis v. United States*, 341 U.S. 494, 551(1951)(Frankfurter, J., concurring). More importantly, statements of intent by counsel have limited value. *See O'Bannon v. Nat'l Collegiate Athletic Ass'n*, 802 F.3d 1049, 1068 (9th Cir. 2015)("The NCAA also asserts before us that it has no intent to license its intellectual property for use in video games in the future, but we place no

of all discovery, seemingly, but a stay of discovery relating to the trade secret claims. [Dkt. #271, at 1].[3] While a stay of discovery during the pendency of a motion for summary judgment can be an expedient and cost-saving measure, *see Henson v. Dep't of Health & Human Servs.*, 892 F.3d 868, 875 (7th Cir. 2018), it depends on the case. *Bilal v. Wolf*, 2007 WL 1687253 (N.D.Ill. 2007).

Hytera's statute of limitations Summary Judgment Motion has been pending, in one form or another, since May 31, 2017. [Dkt. #32]. It's been reformed or denied, albeit without prejudice, twice by two different district court judges. [Dkt. #58, 264]. Briefing on the most recent version covered five months. [Dkt. #73, 251]. Even assuming Hytera would refile its motion on September 6th, as its Motion for an Extension of Time might suggest [Dkt. #267], given briefing and time for consideration of the motion, not to mention what will surely be inevitable derailments of the schedule along the way if history is any guide, discovery on the trade secrets claims would likely not commence until next year. In a case filed in March 2017, discovery starting in January 2019 is no longer, as Hytera champions it, in the "best interests of judicial economy" or "proceed[ing] in the most efficient manner." [Dkt. #271, at 1-2]. Precisely the opposite is true.

As for Hytera's concerns about Motorola's description of its trade secrets, I cannot delve deeply into that because Hytera indicates it is an issue that was and will be tied up in its Summary Judgment Motion. [Dkt. #271, at 2]. If, as Hytera claims, Motorola is claiming publicly available

---

weight on that assertion. Statements in... briefs are not evidence.").

[3] Hytera also asks that the court enforce Judge Norgle's standing order which, given the filing of an amended complaint, Hytera contends dictates that discovery be stayed until October and that, only then would the parties submit – or attempt to submit – yet another discovery plan. [Dkt. #271, at 2]. But, the standing order referenced in Hytera's motion pertains to "Initial Status Conferences" and with regard to Motorola's trade secret claims – which is the topic Hytera wants a stay of discovery on – the ship has long since sailed on an initial status conference.

materials as trade secrets [Dkt. #243, at 10], that's certainly would seem to be a two-edged sword. *See, e.g.*, *Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 505 (7th Cir. 2011)("Because the plaintiffs fail to show that the expressions of the Model have a status of secrecy, their trade secrets misappropriation claim cannot survive summary judgment on the merits."); *nClosures Inc. v. Block & Co.*, 770 F.3d 598, 602 (7th Cir. 2014)(issue is whether plaintiff can show it took reasonable steps to keep its proprietary information confidential); *Tax Track Sys. Corp. v. New Inv'r World, Inc.*, 478 F.3d 783, 787 (7th Cir. 2007)("Tax Track need not show its information rises to the level of a trade secret, but it must nevertheless establish that it engaged in reasonable steps to keep the information confidential"). And broad or nebulous descriptions of trade secrets often lead to disastrous results for plaintiffs. *See, e.g., IDX Sys. Corp. v. Epic Sys. Corp.*, 285 F.3d 581, 584 (7th Cir. 2002)(affirming summary judgment for defendant on plaintiff's trade secret claim where plaintiff's "tender of the complete documentation for the software leaves mysterious exactly which pieces of information are the trade secrets."); *AMP Inc. v. Fleischhacker*, 823 F.2d 1199, 1203 (7th Cir. 1987)("Other courts have warned plaintiffs of the risks they run by failing to identify specific trade secrets and instead producing long lists of general areas of information which contain unidentified trade secrets."); *PrimeSource Bldg. Prod., Inc. v. Huttig Bldg. Prod., Inc.*, 2017 WL 7795125, at *27 (N.D. Ill. 2017)(". . . the court has concluded that it has very little chance of succeeding on the merits of its trade secrets claims, given its failure to identify with particularity any misappropriated trade secrets and the weak evidence of actual or threatened misappropriation."). But, the merits of Motorola's claims are a matter for another time and for Judge Norgle, and are certainly no reason the stay discovery – especially given Judge Norgle's July 10th Order.

For the foregoing reasons, the plaintiff's "Motion to Confirm the Joint Discovery Plan" [Dkt. #269] is granted, and discovery shall proceed according to the schedule set forth at page 9 of the Joint Discovery Plan [Dkt. #243] as ordered by Judge Norgle on July 10, 2018.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

**DATE:** 8/13/18