# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MOTOROLA SOLUTIONS, INC., and MOTOROLA SOLUTIONS MALAYSIA SDN. BHD., <br><br> Plaintiffs, <br><br> v. <br><br> HYTERA COMMUNICATIONS CORPORATION LTD., HYTERA AMERICA, INC., AND HYTERA COMMUNICATIONS AMERICA (WEST), INC., <br><br> Defendants. | Civil Case No. 1:17-cv-01973 <br><br> Honorable Charles R. Norgle Sr. <br><br> Magistrate Judge Jeffrey Cole |

## JOINT STATUS REPORT

Pursuant to the Court's August 2, 2018 Order (Dkt. 263), Plaintiffs Motorola Solutions, Inc., and Motorola Solutions Malaysia Sdn. Bhd. ("Motorola") and Defendants Hytera Communications Corporation Ltd., Hytera America, Inc., and Hytera Communications America (West), Inc. ("Hytera") respectfully submit the following Joint Status Report:

### I.  NATURE AND SCOPE OF THE CASE

Motorola alleges that Hytera has (i) misappropriated Motorola's trade secrets related to digital two-way radio technologies and (ii) infringed Motorola's copyrights related to its Digital Mobile Radio ("DMR") computer program in Motorola's "MotoTrbo" product lines ("DMR Program"). In its Amended Complaint (Dkt. 265, "Amended Complaint"), which the Court permitted to be filed in response to Motorola's motion to amend on August 2, 2018 (Dkt. 264), Motorola asserts the following claims against Hytera:

> (i) **Count I**: Trade secret misappropriation under the Defend Trade Secrets Act (18 U.S.C. §§ 1836(b), 1839 *et seq.*);
>
> (ii) **Count II**: Trade secret misappropriation under Illinois Trade Secret Act (765 ILCS 1065 *et seq.*); and
>
> (iii) **Count III**: Copyright infringement under 17 U.S.C. §§ 106, 501 *et seq.*

On September 6, 2018, Hytera filed is Answer (Dkt. 296, "Answer") to Motorola's Amended Complaint, denying Counts I and II asserted by Motorola and asserting the following affirmative defenses against Counts I and II:

> (i) **First Affirmative Defense**: Statute of limitations;
>
> (ii) **Second Affirmative Defense**: No trade secret;
>
> (iii) **Third Affirmative Defense**: Estoppel, abandonment, and waiver; and
>
> (iv) **Fourth Affirmative Defense**: Laches.

On September 6, 2018, Hytera also filed its Motion to Dismiss Count III of the Amended Complaint under Fed. R. Civ. P. 12(b)(6) or in the alternative, for a more definite statement under Fed. R. Civ. P. 12(e). Dkts. 293, 295 ("Motion to Dismiss"). Hytera's Motion to Dismiss asserts that Motorola's Amended Complaint does not adequately plead a copyright infringement claim because it does not identify what portions of Motorola's DMR Program were allegedly copied or that the allegedly copied portions are entitled to copyright protection. Motorola's opposition to Hytera's Motion to Dismiss is due on or before October 4, 2018, and Hytera's reply is due on or before October 25, 2018. Dkt. 300.

On August 17, 2018, Hytera renewed its motion for partial summary judgment on counts I and II of Motorola's Amended Complaint based on its statute of limitations defense. Dkt. 279. On September 5, 2018, Motorola filed its Motion to Accept the Previously Submitted Summary Judgment Briefing or, in the Alternative, to Defer Consideration of Summary Judgment until the Close of Fact Discovery. Dkt. 287. Specifically, Motorola requested that the Court accept as re-

filed Motorola's opposition (Dkts. 216-219), Hytera's reply brief (Dkts. 235-236), and Motorola's surreply (Dkts. 245-247).  *Id.* at 2.  Hytera did not oppose Motorola's request to accept the previously submitted briefing.  Dkt. 291 at 1.  On September 6, 2018, the Court granted Motorola's Unopposed Motion to Accept the Previously Submitted Summary Judgment Briefing or, in the Alternative, to Defer Consideration of Summary Judgment until the Close of Fact Discovery.  Dkt. 292.

**Hytera's Statement Concerning Substitution of Counsel:**

Hytera has chosen to make a substitution of counsel in this case and has filed a motion requesting such relief.  Dkt. 306.  Hytera is currently represented as lead counsel by the law firm Finnegan, Henderson, Farabow, Garrett & Dunner, LLP ("Finnegan").  Duane Morris LLP has been assisting Finnegan.  On July 20, 2018, attorneys from Calfee, Halter & Griswold LLP ("Calfee") entered appearances on behalf of Hytera.  Hytera has requested that Boyd Cloern, Michael Allan, Daniel Stringfield, and Jessica Rothschild of the law firm Steptoe & Johnson LLP ("Steptoe") serve as lead counsel moving forward on this case and replace Finnegan and Duane Morris.   Calfee will continue to represent Hytera in this matter.

As explained more fully in the pending motion, the substitution request will not cause any undue delay in discovery in this case.  We will refrain from re-briefing that motion here, other than to say that Hytera disputes Motorola's characterization of the state of discovery and any perceived delays or prejudice caused by Hytera's requested substitution.  Hytera has provided every assurance to Motorola that no delay will be caused by this substitution given that full discovery recently opened and that trial is more than one year away.

**Motorola's Statement Concerning Substitution of Counsel:**

Recently, Hytera added a new law firm, Steptoe, to the other firms representing Hytera—six in all over the course of this case, with four currently representing Hytera. Earlier today, Hytera moved the Court to substitute Steptoe for Finnegan as lead counsel. While Motorola does not wish to interfere with Hytera's counsel selection, Motorola has experienced significant delays in discovery since discovery was reopened. These delays have been compounded by Steptoe and Hytera's previously-added law firm, Calfee, delaying their responses to Motorola's discovery requests based on Steptoe's need to get up to speed on the case issues. As such, Motorola is concerned that this substitution will cause further delays in the face of a discovery cutoff that is approaching in February 2019. As such, Motorola has sought assurances from Hytera that this proposed substitution will not cause delays in Hytera's provision of specific discovery items, including review of Hytera's source code (which is critical evidence to all of Motorola's claims in this case), and the provision of a Rule 30(b)(6) witness on source code issues. As discussed below in Motorola's subsection concerning discovery, Hytera has not provided such assurances.

## II. DISCOVERY

### A. Discovery Conducted To Date

In accordance with Judge Der-Yeghiayan's September 7, 2017 order, discovery in this matter was initially limited to issues regarding Hytera's statute of limitations defense. Dkt. 58. On June 27, 2018, the parties submitted a joint discovery plan with the parties' respective proposals regarding moving forward with discovery on the remaining issues in this case, including those affecting liability and remedies. Dkt. 243. On July 10, 2018, the Court approved the joint discovery plan and set a trial date of November 1, 2019. Dkt. 252. On August 13, 2018, Judge Cole issued an Order confirming that discovery in this case is now open for all issues. Dkt. 277 at 3-4, 7. The case schedule approved by the Court is as follows:

| Event | Date |
|---|---|
| Opening of Fact Discovery | July 2, 2018 |
| Close of Fact Discovery | February 28, 2019 |
| Exchange of Opening Expert Reports | April 15, 2019 |
| Rebuttal Expert Reports | May 15, 2019 |
| Reply Expert Reports | June 14, 2019 |
| Close of Expert Discovery | June 28, 2019 |
| Trial | November 1, 2019 |

With discovery open to all issues, the parties have exchanged additional document requests and interrogatories, including those pertaining to Motorola's copyright infringement claim.

B.   **Additional Discovery Needed**

1. **Motorola's Statement**

Additional discovery is needed for the remaining issues in this case, including the factual issues relating to liability and remedies, such as Hytera's development of digital two-way radio technology, Hytera's employees' use and/or access to Motorola's trade secrets (including Hytera's copying of Motorola's DMR source code), Hytera's infringement of Motorola's copyrights, and if Hytera is found liable on Motorola's claims, appropriate remedies. Specifically, Motorola is seeking discovery of the following:

- Complete copies of Hytera DMR source code, including prior versions;
- The disposition of Motorola documents and source code in Hytera's possession;
- Technical information regarding Hytera's DMR radios, including all the ways in which Hytera is using Motorola's trade secrets and copyrighted materials;
- Hytera's efforts to conceal that it had stolen Motorola's confidential trade secrets and copyrighted materials;
- Hytera's DMR finances, including revenues and profits; and
- Hytera's defenses in this matter, including any affirmative defenses to trade secret misappropriation and/or copyright infringement.

Motorola awaits responses to its discovery requests and is evaluating what has been provided thus far. Motorola has yet to receive a complete copy of any version of Hytera's source code for its DMR products, despite Hytera's contention that it had already done so, and is working with Hytera to remedy this gap in discovery. For example, Hytera has not yet made available for inspection the source code for many critical core library files that were missing from Hytera's partial code production to date, as well as specific prior versions (*e.g.* version 1.0) of its DMR source code, which are central to Motorola's trade secret misappropriation and copyright infringement claims. These requests have been pending ***for months***. Specifically, after the Court confirmed that discovery was re-opened in July 2018, Motorola requested that Hytera make specific missing aspects of its source code available for inspection. To date, Hytera has still not provided the complete set of its own source code, even though two separate "new" law firms—Calfee and Steptoe—have been brought on board to handle that specific issue, and both have been accorded many weeks during the meet and confer process to get up to speed. Additionally, because Hytera asserts that certain of the missing source code files requested by Motorola cannot be located, Motorola has also requested that Hytera make available for deposition a Rule 30(b)(6) witness to testify on behalf of Hytera about what happened to that allegedly missing code, including efforts to locate any missing source code files that could not be located in Hytera's custody. To date, Hytera has not agreed to provide that deposition, similarly claiming, as with its source code production, that it needs more time for its new lawyers to understand the facts. Motorola has made numerous offers to resolve these issues which seek confirmation from Hytera that it will provide the requested discovery. Thus far, Hytera has not agreed.[1]

---

[1] Additionally, to facilitate discovery relating to the copying and misappropriation of Motorola's source code, Motorola proposed to Hytera that the parties agree on modifying the Protective Order to allow

Motorola has also requested that Hytera search for and produce documents from additional custodians utilizing search terms agreed upon by the parties. Documents from these additional custodians pertain to a number of highly relevant subjects, including Hytera's use of Motorola's confidential information, Hytera's software development efforts and copying of Motorola's software, as well as Hytera's efforts to re-write or modify Motorola source code to avoid detection by Motorola.

With respect to the discovery issues Hytera raises below, Motorola disagrees with Hytera's characterization of several issues.[2] First, Motorola has more than sufficiently identified the trade secrets that it contends Hytera misappropriated, particularly at this stage of this matter. Contrary to Hytera's suggestions, in a recent supplemental disclosure on precisely this issue at Hytera's request, Motorola provided a specific list of the trade secrets that were stolen by Hytera, including detailed descriptions of each of the specific technologies and trade secrets Hytera misappropriated and exemplary document citations to Motorola's and Hytera's productions that exemplify the trade secrets at issue. In addition, Motorola provided a detailed list of the actual documents and source code that Motorola has determined were stolen by Hytera, which at this point exceeds 10,000 different files. Indeed, Motorola's January 24, 2018 and June 28, 2018 interrogatory responses clearly and sufficiently identify Motorola's trade secrets, including by providing a specific identification with associated Bates numbers, of Motorola's confidential and

---

both parties' source code to be loaded onto secure computers at a neutral, third-party site. This modification is needed so that certain computerized tools can be employed to facilitate further comparisons of each side's respective source code. *See Computer Assocs. Int'l v. Quest Software, Inc.*, 333 F. Supp. 2d 688, 694 (N.D. Ill. 2004). During a meet and confer regarding this issue, Motorola understood that Hytera was amenable to such a modification, but now states that it is merely considering this request.

[2] Motorola responds to the issues raised by Hytera below, which were not provided to Motorola until today at 3:44pm CT.

proprietary documents including technical specifications, internal white papers, configuration guides, presentations, correspondence, spreadsheets, revision lists, and schematics, that contain the Motorola's trade secrets that were stolen by Hytera employees. Motorola then provided additional detail, at Hytera's request, on September 14, 2018, in which Motorola identified the 169 specific trade secrets contained in the materials stolen and used by Hytera, providing granular details in narrative form regarding the nature of each trade secret Motorola is asserting, and including specific Bates number citations to provide further support of the nature of Motorola's claims. This is far more than than sufficient to satisfy Motorola's disclosure obligations, particularly where Hytera knows full well (and better than Motorola) what material it stole from Motorola. *See, e.g., Mission Measurement Corp. v. Blackbaud, Inc.*, 216 F. Supp. 3d 915, 921 (N.D. Ill. 2016) (Plaintiff identified as its trade secrets, *inter alia*, "software design specifications," "impact reports and analytics," "business models," and "drawings, sketches, designs, screen mock-ups, measurement concepts and calculations, business plans, and product development plans," and the court held that "[b]ased on these detailed allegations, Plaintiff has sufficiently identif[ied] the trade secrets at issue. . . ."). Hytera had not raised a single specific additional issue to Motorola since receiving the September 14 supplement. At this point, it appears that Hytera intends to continue raising complaints about Motorola's trade secret identification no matter what efforts Motorola takes to address Hytera's purported concerns.

Although Hytera also takes issue with the number of trade secrets identified by Motorola, the number of trade secrets is comparable to those disclosed in many other cases, and the number here is modest considering that Hytera employees stole literally tens of thousands of documents and at least tens of thousands of lines of source code from Motorola. *See, e.g., Lynx Sys. Devs. Inc. v. Zebra Enterprise Sol'ns Corp.*, 1:15-cv-12297-GAO, Dkt. 163, at 1 (D. Mass. Aug. 10,

2017) (determining "whether the plaintiffs' asserted trade secrets have been articulated with reasonable particularity so as to permit discovery to proceed" and allowing 164 trade secrets to proceed to discovery); *SmithKline Beecham Pharms. Co. v. Merck & Co.*, 766 A.2d 442, 447 (Del. 2000) (37-page trade secret identification allowed; no error for plaintiff to later narrow trade secret claim "following discovery"); *TianRui Grp. Co. v. Int'l Trade Comm'n*, 661 F.3d 1322, 1325, 1328 n.1 (Fed. Cir. 2011) (128 trade secrets found misappropriated). Hytera's wholesale theft of Motorola's trade secrets—including both source code and documents—necessitates an identification of a number of trade secrets sufficient to capture the depth and breadth of Hytera's misappropriation, and the scope of Hytera's egregious conduct should not be rewarded by requiring Motorola to narrow its allegations at this stage.

Second, Hytera's statement that "Motorola has also refused to produce evidence related to its Compass system which Hytera understands contains records of access to Motorola's voluminous trade secrets" is incorrect. To the contrary, Motorola has already produced voluminous records showing that three former Motorola employees, now working for Hytera, surreptitiously downloaded thousands of confidential documents for the purposes of taking them to Hytera. Additionally, on September 11, 2018, in response to Hytera's requests, Motorola agreed to produce additional Compass system records, including those related to permission levels for specific employees, records of which employees have accessed the documents Motorola alleges Hytera stole, and when those employees last accessed the documents. Since then, Hytera has not raised a single objection on this subject. Nevertheless, Motorola will work with Hytera to address any outstanding requests.

Finally, with respect to Motorola's source code, Hytera's statement is plainly untrue. While perhaps Hytera's *new* counsel has not yet reviewed any of Motorola's source code,

9

Hytera's previous counsel has had access to it for months, both in this litigation and in connection with the pending International Trade Commission investigation between the parties. Additionally, in response to Hytera's recent request for additional source code access, Motorola has already indicated to Hytera that the Motorola source code Hytera only recently requested will be available for inspection starting Thursday, October 4, 2018. In terms of providing Hytera with discovery relating to Motorola's copying allegations, Motorola provided an extensive and detailed interrogatory response which identifies, on a side-by-side, line-by-line basis, the code in Motorola's software that was copied, and where to find the copies in Hytera's software—which for the most part are found verbatim or with only inconsequential changes there. There is no doubt that Hytera is aware of precisely what code was copied, despite its ongoing denials of those facts.

### 2. Hytera's Statement

Substantial discovery remains to be produced by Motorola related to its infringement claims and its alleged damages. To begin, Motorola has failed to adequately identify those claimed trade secrets it claims were misappropriated. On May 31, 2017, in its first interrogatory, Hytera asked Motorola to identify the secrets at issue in the case. Initially, Motorola simply referred Hytera back to the vague allegations of the Complaint. On October 11, 2017, Motorola then provided 20 vague categories and an attachment listing thousands of files that it claimed constitute its alleged trade secrets. On January 24, 2018, the number of claimed trade secrets asserted by Motorola ballooned to approximately 20,000. In its latest supplement, on September 14, 2018, Motorola retained the 20,000 documents it contends reference its alleged secrets and added 169 categories, not individually defined trade secrets, to its growing list of alleged secrets.

Motorola will almost certainly not pursue such a voluminous trade secret claim at trial. Indeed, Motorola advised the Court in the Joint Initial Status Report (Dkt. 37), that the trial of

this case would last 10 days – an impossible task based on the current claims.  Although Hytera has repeatedly asked Motorola to identify its trade secrets with reasonable particularity, Motorola has failed to do so.  Motorola should not be permitted to distract Hytera by forcing it to spend untold hours deciphering such a high volume of ill-defined secrets, and then focus its claims at the end of discovery or before trial.  Motorola should do so now.  Hytera expects this issue to be the focus of ongoing discussion with Motorola, and motion practice if not resolved.

Apart from the trade secret issue, the discovery supplied by Motorola has been limited to documents and information related to Hytera's statute of limitations defense.  Despite its many claims of Hytera deficiencies, the discovery record to date will show that Hytera has produced substantially more documents and information relevant to the case unrelated to the statute of limitations defense than has Motorola.  Hytera expects that Motorola will fulfill its obligations and supplement its document production and written discovery responses with respect to non statute of limitations requests that have been pending, in some instances, since May 2017.

Motorola has also refused to produce evidence related to its Compass system which Hytera understands contains records of access to Motorola's voluminous trade secrets, and will reveal among other things, whether the alleged trade secrets were accessed, when, and by whom.  These Compass system records will also reveal Motorola's internal protection designations on the alleged trade secrets.  These are key facts directed to the central issues in this case, including whether the alleged secrets are in fact "secret", whether they were taken, and who at Motorola knew about this, and when.  Motorola has refused to grant Hytera access to its Compass system despite multiple requests.

Finally, Motorola's repeated protestation about the sufficiency of Hytera's source code production rings hollow in light of the fact that a) Hytera produced version 7.6 of its code to

Motorola months ago, and more recently produced version 8.6; and b) Motorola has yet to produce or make available its source code to Hytera in this case. Based on discussions between counsel last week, Hytera expects that Motorola will make its source code available to Hytera by the end of this week. Moreover, Motorola has yet to provide discovery by which Hytera can assess the allegations of copyright infringement that Motorola added to its complaint. As Hytera explained in its motion to dismiss Count III of the Amended Complaint, Motorola failed to identify the portions of source code in Motorola's programs that were allegedly copied. Indeed, Motorola has not yet produced the code material it contends is subject to copyright protection.[3]

As discovery is ongoing, Hytera reserves all rights to raise additional discovery issues and make further requests.

## III. SETTLEMENT OPPORTUNITIES

The parties have engaged in mediation, but have thus far been unable to resolve their disputes. The parties do not request a settlement conference at this time.

Dated: October 3, 2018

Respectfully submitted,

*/s/ Todd Tucker*
Erik R. Puknys (*pro hac vice*)
erik.puknys@finnegan.com
Jacob A. Schroeder (*pro hac vice*)
jacob.schroeder@finnegan.com
Nicholas D. Petrella (*pro hac vice*)
nicholas.petrella@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
3300 Hillview Avenue

*/s/ Justin Singh*
Adam Alper (*admitted pro hac vice*)
adam.alper@kirkland.com
Brandon H. Brown (IL Bar No. 266347 CA)
brandon.brown@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

---

[3] Motorola apparently believes the joint status report is a proxy for motion practice, adding four pages of new material at 9PM CT. Rather than indulge Motorola's bombast, it is suffice to say Hytera disagrees with Motorola's positions. Should court want oral argument, briefing, or any other information on pending discovery issues, Hytera stands ready to provide it.

Palo Alto, CA 94304  
Telephone: (650) 849-6600  
Facsimile: (650) 849-6666  

E. Robert Yoches (*pro hac vice*)  
bob.yoches@finnegan.com  
Christopher T. Blackford (*pro hac vice*)  
christopher.blackford@finnegan.com  
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP  
901 New York Avenue, NW  
Washington, DC 20001  
Telephone: (202) 408-4000  
Facsimile: (202) 408-4400  

John T. Schriver (SBN 2507692)  
JTSchriver@duanemorris.com  
William C. Staes  
WCStaes@duanemorris.com  
DUANE MORRIS, LLP  
190 South LaSalle Street, Suite 3700  
Chicago, Illinois 60603  
Telephone: (312) 499-6700  
Facsimile: (312) 499-6701  

*Of Counsel:*

Boyd Cloern (*pro hac vice* pending)  
bcloern@steptoe.com  
Michael Allan (*pro* hac vice pending)  
mallan@steptoe.com  
STEPTOE & JOHNSON LLP  
1330 Connecticut Avenue NW  
Washington, DC 20036  
Telephone: (202) 429-300  
Facsimile: (202) 429-3902  

Daniel Stringfield  
dstringfield@steptoe.com  
STEPTOE & JOHNSON LLP  
115 South LaSalle Street, Suite 3100  
Chicago, IL 60603  
Telephone: (312) 577-1300  
Facsimile: (312) 577-1370  

Mark McDougall (*pro hac vice*)

Michael De Vries (*admitted pro hac vice*)  
michael.devries@kirkland.com  
Justin Singh (*admitted pro hac vice*)  
justin.singh@kirkland.com  
Christopher Lawless (*admitted pro hac vice*)  
christopher.lawless@kirkland.com  
Ali-Reza Boloori (*admitted pro hac vice*)  
ali-reza.boloori@kirkland.com  
KIRKLAND & ELLIS LLP  
333 South Hope Street  
Los Angeles, CA 90071  
Telephone: (213) 680-8400  
Facsimile: (213) 680 8500  

David Rokach (IL SBN: 6279703)  
david.rokach@kirkland.com  
KIRKLAND & ELLIS LLP  
300 North LaSalle Chicago, IL 60654  
Telephone: (312) 862-2000  
Facsimile: (312) 862-2200  

*Attorneys for Plaintiffs Motorola Solutions, Inc. and Motorola Solutions Malaysia SDN. BHD.*

mmcdougall@calfee.com
Joshua Ryland (*pro hac vice*)
jryland@calfee.com
Todd Tucker (*pro hac vice*)
ttucker@calfee.com
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
Telephone:  (216) 622-8200
Facsimile:  (216) 241-0816

*Attorneys for Defendants Hytera
Communications Corp., Hytera America, Inc.,
and Hytera Communications (West), Inc.*

## CERTIFICATE OF SERVICE

      I, Justin Singh, an attorney, hereby certify that on this date, October 3, 2018, I caused a true and correct copy of the foregoing document to be served via the Court's ECF system upon all counsel of record.


 DATED: October 3, 2018                                      */s/ Justin Singh*
                                                                              Justin Singh