# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MOTOROLA SOLUTIONS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 1973 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| HYTERA COMMUNICATIONS CORP, et al, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Motorola has filed another series of motions relating to the ongoing and contentious discovery in this case. This Order refers to three motions to seal exhibits and briefs. The motions are granted as to the filing of exhibits under seal, but denied as to the filing of briefs under seal. The three motions are:

#444– "Motion to File Under Seal Plaintiff's Opposition to Hytera's Motion to Compel": Paragraphs two and three indicate that the brief will be redacted because it refers to contents of confidential exhibits. [Dkt. #444]. However, the public version of the Brief in Support of Motorola's Opposition to Hytera's Motion to Compel is not redacted at all. [Dkt. #442].

#450– "Motion to File Under Seal": This motion indicates it refers to Motorola's Motion to Compel Rule 30(b)(6) Depositions and says that the supporting Brief is redacted in paragraph 2, but the public version of the Brief in Support of Their Motion to Compel Rule 30(b)(6) Depositions in not redacted. [Dkt. # 448].

#454– "Motion to File Under Seal Motorola's Opposition to Hytera's Motion to Compel Full and Complete Trade Secret Identification": This motion that the supporting brief is redacted where it refers to confidential information. This is the only brief of the three addressed in Motorola's motions to seal that is actually redacted and it is redacted extensively. [Dkt. #453].

Despite my earlier warning, [Dkt. #433], Motorola claims that significant portions of these briefs merit redaction because they "refer[] to the contents of [confidential exhibits], and otherwise contain material that is considered by the parties as 'CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER' under the confidentiality order issued in this case." Motorola repeats this same mantra in all three motions to seal. [Dkt. #444, 450, 454]. Even a cursory comparison of the redacted and sealed versions of the briefs undermines Motorola's claim that everything captioned confidential information is, in fact, confidential. In fact, most of it is not.

Because the parties have already been warned, [Dkt. #433] about the "strong norm that judicial proceedings are open to public view," *Matter of Husain*, 866 F.3d 832, 835 (7th Cir. 2017), the court will not parse the briefs redaction by redaction. A few examples will serve to demonstrate that Motorola has filed its motions to seal indiscriminately and without a proper basis.

First, there are Motorola's motions to seal Plaintiff's Opposition to Hytera's Motion to Compel [Dkt. # 444] and Motion to Motorola's Motion to Compel Rule 30(b)(6) Depositions. While the motion repeats the all-to-familiar mantra regarding the brief referring to confidential materials, the briefs [Dkt. #442, #448] contain no redactions. So, it's not clear what Motorola intended there, but the motions as to these briefs is denied.

Next, there is the motion to seal Motorola's Opposition to Hytera's Motion to Compel Full and Complete Trade Secret Identification. Again, the brief supposedly reveals confidential information. But, the first redaction in Docket # 452 is "to flood the market with products it developed with stolen source code and thousands of confidential Motorola technical documents." [Dkt. #452, at 1]. There is no revelation of anything confidential, and worse, there isn't a reference to any confidential documents, contrary to Motorola's claims. To further illustrate the often groundless and excessive nature of a number of items Motorola insists be filed under seal,

Motorola's complaint, not filed under seal, makes the same accusation.

Motorola goes on from there with the following redactions: "code and technical documents that were copied directly from Motorola"; "lines of source code that Hytera copied into its products"; "containing the very same Motorola source code and other trade secret technologies that were stolen." Again, we know the case is about Motorola accusing Hytera of stealing its trade secrets. What could Motorola legitimately mean about these portions of its brief containing confidential materials? But so many of the materials that are marked as confidential do not qualify for confidential treatment.

This litigation is no different than any other: it should be conducted in public to the maximum extent consistent with respecting trade secrets and other facts that should be held in confidence. *Hicklin Engineering L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006); *Modine Mfg. Co. v. Borg-Warner, Inc.*, 2013 WL 5651381 at *14 (E.D.Wis. 2013). Closed proceedings breed suspicion of prejudice and arbitrariness, which in turn spawns disrespect for law. *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 595 (1980). *See, e.g., Baxter Int'l, Inc.,* 297 F.3d at 544. "The determination of good cause [to seal materials] cannot be elided by allowing the parties to seal whatever they want, . . . ." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

A party hoping to file materials in secret must justify the claim of secrecy and "analyze the applicable legal criteria or contend that any document . . . may . . . legitimately may be kept from public inspection despite its importance to the resolution of the litigation." *Baxter Int'l,* 297 F.3d at 546. Simply asserting, as Motorola does with frequency, that something should be filed under seal is not enough. Even the agreement of the parties will not justify the entry of a protective order that ought not otherwise be entered. *Jepson, Inc. v. Makita Elec. Works Ltd*, 30 F.3d 854, 858 (7th Cir.

1994); *County Materials Corp*, 502 F.3d at 740. Whatever may have been done in the past cannot and will not justify under seal filings of things that by no stretch of the legal imagination qualify as under seal treatment.

Things don't improve much from there. One supposes an attorney taking a belt and suspenders approach might feint-heartedly redact "design and implementation of the option board alert tones in its digital two-way DMR radio systems" or "particular pages in 6 of Motorola's documents where the feature is described with particularity" or "Motorola's design and implementation of the list handler utility and citing Motorola's 'How to Use List Handler' presentation," thinking that even a peripheral reference to the subject matter of a confidential snippet of information cannot be available for public view. But that's along the lines of thinking that mentioning someone had a conversation with an attorney, as opposed to the substance of that conversation, is privileged. Of course it's not. *Motorola Sols., Inc. v. Hytera Commc'ns Corp*., 2018 WL 1804350, at *4 (N.D. Ill. 2018); 8 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2017 (1970); *Beraha v. Baxter Healthcare Corp*., 1994 WL 494654, at *3 (N.D. Ill. 1994). Again, the question remains, how are any of these snippets, and others like them in page after page of the brief, actually confidential? The same goes for redactions like "messaging feature," "Radio Operating System (ROS) User's Manual", "buffers", "used for carrying messages", "Message Cuing", and on and on. Motorola certainly makes no case that any of them are. How, for example, can the word "events" be confidential? Or the words "technical documents, marketing plans, intellectual property strategies and computer code?" Or the word "three?" Yet, according to Motorola, and without any explanation, all of these are confidential and properly require under seal treatment.

Aside from that, there are some actual quotes from Motorola's trade secrets, which may remain redacted at pages 7, 8, and perhaps elsewhere.  But, in the main, the brief must be refiled without redactions other than actual confidential trade secret information.  It's not up to the court to sift through these materials to determine what is actually a trade secret or confidential, *see, e.g., Sterk v. Redbox Automated Retail*, LLC, 770 F.3d 618, 627 (7th Cir.2014) (noting that district courts are not required to sift record for evidence helpful to a party's arguments); *Spitz v. Proven Winners N. Am., LLC*, 759 F.3d 724, 731 (7th Cir. 2014) ("[a] brief must make all arguments accessible to the judges, rather than ask them to play archaeologist with the record."). If Motorola really thinks, in good faith, that any of the other types of redactions exemplified herein are truly confidential, they must file a brief explaining why, on a page by page basis. Simply put, indiscriminate designations of confidentiality are not permissible.

Accordingly, Motorola's motions to seal [Dkt. #444, #450, #454] are granted in part and denied in part. Those motions or parts of motions that seek to file briefs under seal are denied. Motorola may refile it brief in support of its Opposition to Hytera's Motion to Compel Full and Complete Trade Secret Identification with redactions properly limited to trade secret information.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 3/19/19