**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Motorola Solutions, Inc., et al.,      )
                                        )

        Plaintiffs,           )

                                          )     Civil Action No. 1:17-cv-1973

        v.                    )

                                          )

Hytera Communications Corporation Ltd., et al.,   )     Hon. Charles R. Norgle

                                          )

        Defendants.       )

## ORDER

Defendants' Motion to Dismiss [293] is denied.

## STATEMENT

      Plaintiffs Motorola Solutions, Inc. and Motorola Solutions Malaysia SDN. BHD. (collectively, "Motorola") bring this action against Defendants Hytera Communications Corporation Ltd., Hytera America, Inc., and Hytera Communications America (West), Inc. (collectively, "Hytera"). Motorola's Amended Complaint sets forth three claims against Hytera: trade secret misappropriation under the Defend Trade Secrets Act ("DTSA") 18 U.S.C. §§ 1836(b), 1839 *et seq.* (Count I); trade secret misappropriation under the Illinois Trade Secret Act ("ITSA"), 765 ILCS 1065 *et seq.* (Count II); and copyright infringement under 17 U.S.C. §§ 106, 501 *et seq.* (Count III). Before the Court is Hytera's Motion to Dismiss Count III of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). For the following reasons, the motion is denied in its entirety.

      Motorola is an industry leader in the development of two-way digital radio products, including its line of MotoTRBO products based on the Digital Mobile Radio ("DMR") standard.[1] Motorola's MotoTRBO products utilize Motorola's copyrighted DMR computer program ("DMR Program"). Motorola's DMR Program includes "creative expression," such as "proprietary source code, command expressions, organization and command hierarchies, comments, definitions, and corresponding user interfaces." Am. Compl. ¶ 48. "Motorola's DMR Program, including its unique source code and structure, has required many years of creative development efforts by Motorola." Id. ¶ 49. The DMR Program was registered with the U.S. Copyright Office. Motorola attached Certificates of Registration, Nos. TXu 1-578-438 and TXu 1-578-439, to its Amended Complaint. Id., Ex. A.

      Motorola alleges that "Hytera copied the code from the DMR Program into its competing products, where that copied code remains today." Id. ¶ 48. Motorola specifically asserts that Hytera copied its DMR Program code into Hytera's "subscriber and repeater products." Id. ¶ 67. Hytera

---

[1] The following facts are taken from Motorola's Amended Complaint ("Am. Compl.") and are accepted as true for purposes of the instant motion.

allegedly "copied large swaths of Motorola's DMR Program verbatim or with only modest changes that leave Hytera's code substantially similar to Motorola's." Id. According to Motorola, Hytera's copying was "brazen," including "identical or substantially similar wording, formatting, and capitalization of the same elements" as the DMR Program. Id. Motorola further asserts that several former Motorola employees who left for Hytera in 2008 "were actively familiar with Motorola's proprietary information regarding the MotoTRBO features while at Motorola, and had access to Motorola's copyrighted material." Id. ¶ 68.

"Although a party need not plead 'detailed factual allegations' to survive a [Rule 12(b)(6)] motion to dismiss, mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Berger v. Nat'l Collegiate Athletic Ass'n, 843 F.3d 285, 290 (7th Cir. 2016) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Instead, [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). Complaints that fail to state a plausible basis for relief must be dismissed. Moore v. Mahone, 652 F.3d 722, 725 (7th Cir. 2011).

Hytera's motion to dismiss argues that the Amended Complaint fails to sufficiently allege: (1) the portions of Motorola's DMR Program that Hytera Allegedly copied; and (2) that the portion of the DMR Program allegedly copied by Hytera is entitled to copyright protection. In the alternative, Hytera argues that the Amended Complaint fails to provide sufficient information for Hytera to answer and therefore Motorola should be required to provide a more definite statement. The Court will address each argument in turn.

To state a claim for copyright infringement, Motorola must allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). "What is required for copyright protection is 'some minimal degree of creativity,' or; 'the existence of…intellectual production, of thought, and conception.'" JCW Investments, Inc. v. Novelty, Inc., 482 F.3d 910, 914 (7th Cir. 2007) (quoting Feist, 499 U.S. at 346-47). "The owner of a copyright may obtain a certificate of copyright, which is 'prima facie evidence' of its validity." Id. at 914-15 (citing 17 U.S.C. § 410(c)). Copying may be shown by direct evidence or "may be inferred where the defendant had access to the copyrighted work and the accused work is substantially similar to the copyrighted work." Susan Wakeen Doll Co., Inc. v. Ashton Drake Galleries, 272 F.3d 441, 450 (7th Cir. 2001) (quoting Atari, Inc. v. N. Am. Philips Consumer Elecs. Corp., 672 F.2d 607, 614 (7th Cir. 1982)).

As to Hytera's first argument, it contends that despite Motorola's broad allegations of copying—such as that "Hytera's current DMR products…contain the source code and other material copied from Motorola's DMR Program," Am. Compl. ¶ 97—Motorola fails to identify which *specific* Hytera products contain code copied from the DMR Program, or any *specific* code that Hytera copied from the DMR Program. According to Hytera, the lack of these details is fatal to Motorola's copyright infringement claim. The Court disagrees.

Hytera's argument simply ignores a number of detailed allegations pertaining to Hytera's alleged copying of the DMR Program. For instance, the Amended Complaint alleges that: Hytera copied its DMR Program code into Hytera's "subscriber and repeater products," Am. Compl. ¶ 67; Hytera "copied large swaths of Motorola's DMR Program verbatim or with only modest changes that leave Hytera's code substantially similar to Motorola's," Id.; Hytera's code contains "identical or substantially similar wording, formatting, and capitalization of the same elements" as the DMR Program, Id.; and several former Motorola employees who left for Hytera in 2008 "were actively familiar with Motorola's proprietary information regarding the MotoTRBO features while at

Motorola, and had access to Motorola's copyrighted material." Id. ¶ 68. These allegations are sufficient to plausibly suggest that Hytera had access to Motorola's DMR Program and that the code in Hytera's subscriber and repeater products is substantially similar to Motorola's DMR Program. The plausibility standard "is not akin to a probability requirement." Iqbal, 556 U.S. at 678. Thus, Motorola need not prove its case at this juncture by specifically alleging the exact lines of code that Hytera copied from the DMR Program, or the exact products in which Hytera implemented the copied code. Rather, such factual details may be uncovered through discovery and addressed at summary judgment or trial. See Bennett v. Schmidt, 153 F.3d 516, 519 (7th Cir. 1998) ("Litigants are entitled to discovery before being put to their proof, and treating the allegations of the complaint as a statement of the party's *proof* leads to windy complaints and defeats the function of Rule 8.").

Next, Hytera argues that Motorola has failed to sufficiently allege that the portions of the DMR Program purportedly copied by Hytera are entitled to copyright protection. Hytera acknowledges that Motorola attached two certificates of copyright registration for the DMR Program to its Amended Complaint; but Hytera asserts that both certificates exclude portions of the DMR Program from registration, and therefore Motorola cannot allege that the entirety of its DMR Program is protected by copyright. Hytera further argues that it has "no way of knowing" what source code was actually excluded by Motorola from each registration.

Hytera is correct that both certificates of copyright registration attached to the Amended Complaint state: "Material excluded from this claim: computer program." Am. Compl., Ex. A. The remainder of Hytera's argument, however, is unavailing for several reasons.

First, Motorola need not prove at this juncture that the entirety of the DMR Program is entitled to copyright protection; rather, it must only plausibly allege that Hytera has copied portions of the DMR Program that are entitled to copyright protection. Motorola has met this burden by attaching certificates of registration for the DMR Program and alleging that Hytera "copied large swaths of Motorola's DMR Program." Am. Compl. ¶ 67. Hytera's attempt to dissect the scope of the copyright registration is a fact-based inquiry that need not be resolved at the pleading stage. See Gen. Motors LLC v. Dorman Products, Inc., 15-12917, 2016 WL 5661578, at *5 (E.D. Mich. Sept. 30, 2016) ([M]atters bearing on the copyrightability of Plaintiffs' software need not be addressed at the pleading stage, where 'the originality and non-functionality of [Plaintiffs'] work[s]…are presumptively established by the copyright registration[s]' for these works." (quoting Lexmark International, Inc. v. Static Control Components, Inc., 387 F.3d 522, 534 (6th Cir. 2004)).

Second, as Motorola points out, Hytera's argument ignores numerous allegations in the Amended Complaint regarding why the DMR Program is entitled to copyright protection, apart from the certificates of registration. Specifically, Motorola alleges that:

> The DMR Program is an *original, creative work and copyrightable subject matter under the laws of the United States.* Motorola's DMR Program, including its *unique source code and structure*, has required many years of creative development efforts by Motorola. For example, when developing software for DMR radios, a software developer may implement any of a wide range of *options for structuring the organization and appearance of the user interface, the names, structures, and purposes of libraries, commands, and prompts, and the algorithms facilitating the program's functionality*. Motorola's DMR Program represents the culmination of numerous *creative choices made by Motorola and Motorola's original expression*

*of a particular way to create such a program*, and has required Motorola to invest tens of thousands of employee-hours to develop its unique DMR Program. In sum, *the uniquely expressed structure, architecture, modules, algorithms, data structures, control instructions, and source code contained in the DMR Program are the product of Motorola's engineering discretion and substantial skills, resources, and creative energies.*

Am. Compl. ¶ 49 (emphasis added). These allegations plausibly suggest that Hytera copied portions of Motorola's DMR Program that are sufficiently original to be entitled to copyright protection. See JCW Investments, 482 F.3d at 914 ("What is required for copyright protection is 'some minimal degree of creativity,' or; 'the existence of…intellectual production, of thought, and conception.'" (quoting Feist, 499 U.S. at 346-47)). Again, at the pleading stage, Motorola is not required to dissect the DMR Program line-by-line and prove that each segment of source code is sufficiently original to be entitled to copyright protection; such details should be fleshed out through discovery and, if Hytera so chooses, may be addressed at summary judgment or trial. See Bennett, 153 F.3d at 519.

For the foregoing reasons, Motorola's Amended Complaint plausibly alleges that it owns a valid copyright in the DMR Program and that Hytera copied protected elements of the DMR Program. See Feist, 499 U.S. at 361. Moreover, Motorola's allegations sufficiently provide Hytera with "fair notice of what the…claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. Accordingly, Hytera's motion to dismiss, or in the alternative for a more definite statement, is denied in its entirety.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: June 21, 2019

4