IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MOTOROLA SOLUTIONS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 1973 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| HYTERA COMMUNICATIONS CORP, | ) | |
| et al, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**INTRODUCTION**

Recently, counsel for the parties called me regarding Motorola's instruction to one of its employees, a Mr. Wiatrowski, not to answer certain deposition questions posed by Hytera's counsel on the grounds that the inquiry was prohibited by the attorney-client privilege. Essentially, the questions sought to ascertain the date on which the deponent first spoke to Motorola's lawyer regarding his suspicions that intellectual property may or had been wrongfully taken from Motorola and transferred to Hytera. I asked that they simultaneously file briefs on the issue of no more than five pages. They have done so. [Dkt. ## 561, 569]. What Justice Frankfurter said in an unrelated context, "this is a horse soon curried," *Olberding v. Illinois Cent. R. Co.,* 346 U.S. 338, 340 (1953), applies equally here.[1]

---

[1] Hytera initially sought to have its brief filed under seal. That Motion was denied. [Dkt. # 567].

The present controversy is the latest in a long series of discovery disputes. *See, e.g.*, Dkt. ##67-69, 84, 85, 87, 88, 94, 98, 99, 101, 110-115, 119, 121-126, 130, 132, 133, 140-143, 153, 157-159, 161, 169, 173-176, 181, 186-188, 329, 343, 369, 383, 388, 403, 419, 426, 447, 454, 464, 479, 491, 499, 504, 541, 530, 551.

**ARGUMENT**

**A.**

At the outset of his examination, Mr. Wiatrowski, an employee of Motorola, was asked when he "first communicated with Motorola's legal department with respect to potential intellectual property issues for allegations or suspicions about Hytera, just the date, not the substance of the communications." [Dkt. #569, Ex. 1, Tr. at 193:2-6]. The questioning had obvious relevance as the statute of limitations has been a significant issue in this case from the beginning. [*See, e.g.,* Dkt. #58 and #163, First Affirmative Defense]. Through multiple rounds of summary judgment motions, it still is not fully resolved. [Dkt. #435]. Motorola's counsel objected to the questioning, asserting the privilege and instructing Mr. Wiatrowski not to answer:

> "When were those first discussions with counsel with respect to any suspicions regarding Hytera and Motorola's intellectual property?" Dep. at 194:24-195:2.
>
> "When were your first communications with counsel with respect to any suspicions of intellectual property wrong of any nature by Hytera?" *Id*. at 197:14-198:5.
>
> "[W]hen were your first communications with counsel regarding suspicions of intellectual property being taken or anything suspected of Hytera?" *Id*. at 199:17-20.
>
> "When was your first interaction with legal regarding suspicions of intellectual property malfeasance?" *Id*. at 200:18-20.
>
> "[W]hen was your first conversation with legal about Hytera?" *Id*. at 202:22-23.

Motorola's counsel claimed that any answer by the witness — even answering "yes or no ... [would] reveal whether there was a communication and... would reveal the topic of the communication." *Id*. at 202:1-11. *See also id.* at 193:7-11. Hytera's further attempts were met with the same objections and instructions to the witness not to answer. Somewhat later, this occurred:

> Q When was your first interaction with legal regarding suspicions of intellectual property malfeasance?
> MR. BOLOORI: Objection; form, scope -- again, the question asks for the topic of conversation with legal or the subject matter of the conversation with legal.... [I]t's phrased as asking for dates, the question builds in a topic. So – so I'm instructing the witness not to answer....

*Id*. at 200:18-201:6.

As Hytera emphasized at the deposition, the questions did not ask for the substance of any communications between Mr. Wiatrowski and Motorola's counsel. Dep. at 193:5-6. Even Motorola concedes "that the fact of a representation or the dates upon which legal services were rendered are not covered by the attorney-client privilege." [Dkt. #561, at 3], citing *Sapia v. Bd. of Educ.*, 351 F. Supp. 3d 1125, 1132 (N.D. Ill. 2019). But, Motorola insists that if Mr. Wiatrowski answered the questions to which objections were made he would necessarily disclose the content of the privileged discussions. [Dkt. # 561, at 4]. Unfortunately, Motorola doesn't explain how, and it is anything but apparent how the questions posed would do so. And, as we have repeatedly said before in commenting of the *ipse dixits* offered by both sides, "unfortunately... saying so doesn't make it so...." *United States v. 5443 Suffield Terrace, Skokie, Ill.,* 607 F.3d 504, 510 (7th Cir.2010). *See also Madlock v. WEC Energy Group, Inc.*, 885 F.3d 465, 473 (7th Cir. 2018). It is appropriate to recall the Seventh Circuit's admonition in *United States v. O'Malley*, 786 F.2d 786 (7th Cir. 1986):

> . . . "in so far as questioning of the client is concerned '[t]he privilege attaches not to the information but to the communication of the information.' " In other words, a client does not waive his attorney-client privilege "merely by disclosing a *subject which he had discussed with his attorney*." In order to waive the privilege, the client must disclose the communication with the attorney itself.

*Id*. at 794 (emphasis supplied).

Courts have consistently held that the facts surrounding attorney-client communications, including the fact that they occurred, their dates, topics and subject matter are discoverable and not

3

privileged. *See, e.g., Westhemeco Ltd v. New Hampshire Ins. Co.*, 82 F.R.D. 702, 707 (S.D.N.Y. 1979). These holdings are based on the principle that the attorney-client privilege "only protects disclosure of communications; it does not protect disclosure of the underlying facts...." *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981). *See also Carmody v. Bd. of Trustees of Univ. of Illinois*, 893 F.3d 397, 405 (7th Cir. 2018). Thus, not everything that passes between a lawyer and a client or involves a lawyer and a client is protected. *See* the discussion in *Motorola Solutions, Inc. v. Hytera Communications Corp.*, 367 F.Supp.3d 813, 816 (N.D.Ill. 2019); *Lee v. Chicago Youth Centers*, 304 F.R.D. 242, 251 (N.D. Ill. 2014); *Espejo v. Santander Consumer USA, Inc.*, 2014 WL 6704382, at *2 (N.D. Ill. 2014).

Nonetheless, Hytera's attempts to reframe the inquiries to Mr. Wiatrowski proved unavailing, and Motorola persisted with its objections, thereby preventing Hytera from obtaining undeniably relevant information that bore upon the question of whether Motorola's suit was filed after the statute of limitations had run. *See* note 2, *infra*

**B.**

The attorney-client privilege has been the subject of exhaustive analysis in the federal courts. In Seventh Circuit Opinions, alone, the topic has been mentioned and discussed over 2,800 times. In the Northern District of Illinois it has been mentioned or analyzed over 1700 times, and in excess of 10,000 opinions in federal courts across the country have at least mentioned the topic. Not surprisingly, it has been the subject of discussion in this case. *See Motorola v. Hytera Communications Corp.*,326 F.R.D. 176 (N.D. Ill.2018). Thus, a general analysis and discussion of the scope of the privilege need not be repeated here. It bears repeating, however, that because the privilege operates "in derogation of the search for truth," it is narrowly construed, and it applies only

where necessary to achieve its purpose. *Fisher v. United States*, 425 U.S. 391, 403 (1976); *United States v. BDO Seidman, LLP*, 492 F.3d 806, 815 (7th Cir.2007); *Shaffer v. AMA*, 662 F.3d 439 (7th Cir. 2011). Where this purpose ends, so too does the protection of the privilege. *Wachtel v. Health Net, Inc.*, 482 F.3d 225, 231 (3rd Cir.2007). *See also Pierce County, Washington v. Guillen,* 537 U.S. 129, 144-45 (2003); *Fisher v. United States,* 425 U.S. 391, 403 (1976); *Radiant Burners, Inc. v. American Gas Ass'n,* 320 F.2d 314, 323 (7th Cir. 1963).

If accepted, the position for which the defendants contend would, under the circumstances presented here, impermissibly work a substantial expansion of the attorney/client privilege, which only protects "disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." *Upjohn Co. v. United States,* 449 U.S. 383, 395 (1981). *See also PaineWebber Group, Inc. v. Zinsmeyer Trusts Partnership*, 187 F.3d 988, 994 (8th Cir.1999). Phrased differently, " '[t]he client cannot be compelled to answer the question, "What did you say or write to the attorney?" but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney.' " *Upjohn,* 449 U.S. at 396. Thus, as discussed above, documents do not acquire protection under the attorney-client privilege merely because they were transferred from client to attorney. *See Fisher,* 425 U.S. at 403–04; *Grant v. United States*, 227 U.S. 74, 79–80 (1913).

In addition to the basic purpose that animates the attorney-client privilege, a number of cases bear directly on the issue at hand and require that the questions that were posed at the deposition be answered. The attorney-client privilege is not waived "'merely by disclosing a subject which [the client] had discussed with his attorney.' ... In order to waive the privilege, the client must disclose the communication with the attorney." *United States v. O'Malley*, 786 F.2d 786, 794 (7th Cir. 1986).

5

*See also, Colton v. United States*, 306 F.2d 633, 634 (2d Cir. 1962), *cert. denied*, 371 U.S. 951 (1963); *Chicago Board Options Exchange, Inc. v. International Securities Exchange, LLC*, 2008 WL3285751 at*3 (N.D. Ill. 2008). There is a significant difference between indicating the fact or topic of a confidential communication with an attorney and revealing its content. The latter effects a waiver of the privilege, the former does not. *See Capital GFI, Inc. V. Franklin Corp.*, 265 F.3d 1268, 1273 (Fed. Cir. 2001);*Chicago Board Options Exchange, Inc.*, *J. P. Foley & Co. v. Vanderbilt*, 65 F.R.D. 523, 526 (S.D.N.Y. 1974).

The former is the situation presented here. Hytera's counsel was careful not to cross the line and ask for discussions between counsel and the client. The questions sought the time of a meeting about a specific topic. Nothing more. Motorola has placed substantial reliance on *Anderson v. Montgomery Ward & Co.*, 1987 WL 5682 (N.D.Ill. 1987). There, in a 32 year old, terse three-paragraph Opinion, the court held that the particular questions that the plaintiff wanted to ask the attorneys would violate the attorney-client privilege. The court rejected the plaintiff's claim that the questions only asked about the subject matter of communications. [Dkt. #561 at 4]. Indeed, even a cursory reading of the challenged questions reveal that the answers to the questions would have in effect revealed the substance of communications that were, themselves, undeniably protected by the privilege. *See* 1987 WL 5682. But the court went further. It conceded that while *J.P. Foley & Co., Inc. v. Vanderbilt*, 65 F.R.D. 523, 526 (S.D.N.Y. 1974) supported the principle that the attorney-client privilege "does not bar inquiry into the specific *subject matter* of privileged communications," (emphasis supplied), it claimed it was the *only case* holding that the privilege does not bar inquiry to learn the "specific subject matter " of the protected communication. But, the proper question was whether *Vanderbilt* was correct, not whether it was supported by *cited* authority. In the final

6

analysis, *Vanderbilt.,* not *Anderson* was and is in harmony with those cases that have held that questions identifying the subject or topic of an otherwise protected communication – if relevant – are permissible.[2]

The overwhelming weight of authority holds that the narrow revelation of the topic or subject of a lawyer's discussion with his client – be it an individual or a corporate representative – is not privileged. The specific communications, however, are. *See, e.g.,* the cases in Hytera's Supplemental Paper at 3-4. [Dkt. #469 at 3]. *Diversified Industries, Inc. v. Meredith,* 572 F.2d 596, 603 (8th Cir.1978) (document that stated the purpose for which a law firm had been engaged was not privileged); *In re Syngenta Ag Mir 162 Corn Litig.*, 2017 WL 386835, at *4 (D. Kan. 2017); *New Jersey v. Sprint Corp.*, 258 F.R.D. 421, 426–28 (D.Kan. 2009); *Meade v. General Motors LLC*, 250 F.Supp.3d 1387, 1391 (N.D.Ga. 2017); *United States v. $167,070.00 in U.S. Currency*, 2015 WL 5057028, at *5 (D. Nev. 2015); *Baez-Eliza v. Instituto Psicoterapeutico de Puerto Rico*, 275 F.R.D. 65, 70–71 (D.P.R. 2011); *In re Dayco Corp. Derivative Sec. Litig.*, 102 F.R.D. 633, 636 (S.D. Ohio 1984); *Ferguson v. TD Bank, N.A.*, 268 F.R.D. 153, 157 (D. Conn. 2010); *Lillard v. Univ. of Louisville*, 2014 WL 12725816, at *27 (W.D. Ky. 2014); *Meade v. Gen. Motors, LLC*, 250 F. Supp. 3d 1387, 1391 (N.D. Ga. 2017); *Denman v. Youngstown State Univ.*, No. 4:05CV1910, 2007 WL 2781351, at *3 (N.D. Ohio 2007).

---

[2] Of course, the threshold inquiry is always relevancy. If the evidence is not relevant it is not discoverable. *See* Rule 26(b)(1), Federal Rules of Civil Procedure. For example, the court held that the "date and time" of meetings with counsel was not protected by the attorney-client privilege and thus was discoverable. The court denied the request for discovery, not because of the attorney-client privilege but because the evidence sought was, in that case, simply not relevant. *Arkalon Grazing Ass'n v. Chesapeake Operating, Inc.*, 2010 WL 5172997, at *2 (D. Kan. 2010).

Some years ago, *Murata Mfg. Co., Ltd. v. Belfuse*, 2007 WL 781252 at *3 (N.D.Ill. 2007) concluded that "merely adverting to the nature of a communication.... cannot be held to amount to a revelation of the protected information that waives the attorney-client privilege." *Murata* stressed the "significant difference between indicating the fact or topic of a confidential [communication] with an attorney and revealing its content. The latter effects a waiver of the attorney-client privilege, while the former does not. "*Id.* at *3. *Murata* was recently relied on in the comparable case of *Lucas v. Gold Standard Banking, Inc.*, 2017 WL 1436863 at *3 (N.D.Ill. 2017).

In sum, if the questions are relevant, a person may be asked if he spoke with his attorney regarding a particular topic and when he did so. He may not, however, be asked for or about the *content* of the communication. The objections recently raised by Motorola at the deposition of Mr. Wiatrowski were improper, and the questions to which objections were raised should have been answered. Motorola impermissibly sought to expand the attorney-client privilege to deny Hytera information that is relevant to a core Hytera defense that has been in the case from the beginning.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 7/2/19

9