```
           IN THE UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

MOTOROLA SOLUTIONS, INC., et al.,   )
                                    )
         Plaintiffs,                )
                                    )
         vs.                        )  No. 17 C 1973
                                    )
HYTERA COMMUNICATIONS CORPORATION   )
LTD., et al.,                       )  Chicago, Illinois
                                    )  June 21, 2019
         Defendants.                )  9:28 A.M.

           TRANSCRIPT OF PROCEEDINGS - Motions
       BEFORE THE HONORABLE CHARLES R. NORGLE, SR.

APPEARANCES:

For the Plaintiffs:      KIRKLAND & ELLIS LLP
                         555 California Street
                         27th Floor
                         San Francisco, California  94101
                         BY:  MR. ADAM R. ALPER

For the Defendants:      STEPTOE & JOHNSON, LLP
                         115 South LaSalle Street
                         Suite 3100
                         Chicago, Illinois  60603
                         BY:  MR. DANIEL STEVEN STRINGFIELD

                         STEPTOE & JOHNSON LLP
                         1330 Connecticut Ave.,N.W.
                         Washington, DC 20036
                         BY:  MR. MICHAEL J. ALLAN


                PAMELA S. WARREN, CSR, RPR
                    Official Court Reporter
                  219 South Dearborn Street
                        Room 2342
                  Chicago, Illinois   60604
                       (312) 408-5100
```

1      (Proceedings had in open court.)
2      THE CLERK: 17 C 1973, Motorola Solutions versus
3 Hytera, motion, objections to magistrate's order; and motion to
4 amend schedule and for status conference.
5      MR. ALPER: Good morning, your Honor. Adam Alper for
6 Motorola Solutions.
7      THE COURT: Good morning, counsel.
8      MR. STRINGFIELD: Good morning, your Honor. Daniel
9 Stringfield on behalf of the Hytera defendants.
10      And with me is my colleague Michael Allan.
11      THE COURT: Good morning, counsel.
12      MR. ALLAN: Good morning, your Honor.
13      THE COURT: You may proceed on the motion.
14      MR. STRINGFIELD: Which motion, your Honor? So there
15 is --
16      THE COURT: Well, it is up to you. You filed several.
17 Why was the matter before the district court in the first
18 instance? Because the matter was referred to the magistrate
19 judge.
20      MR. STRINGFIELD: Well, your Honor, the motion that
21 Hytera has filed relates to the scheduling of the case, which
22 we understand that only your Honor can handle.
23      THE COURT: What's the basis for that assumption?
24      MR. STRINGFIELD: I'll turn that over to my colleague,
25 Mr. Allan.

1        THE COURT:  If we send the case to the magistrate
2   judge, you would think the magistrate judge should control the
3   scheduling.
4        MR. STRINGFIELD:  Your Honor --
5        THE COURT:  I guess that's up for debate.
6        All right.  You may proceed.
7        MR. ALLAN:  Your Honor, our understanding is that
8   Judge Cole has expected your Honor to deal with any adjustments
9   to the actual case schedule.  If you would prefer, we would
10  raise it with Judge Cole.  We're certainly happy to do that.
11       THE COURT:  It is not a matter of preference.  The
12  idea is when the Court sends the matter to the magistrate
13  judge, pursuant to whatever authority he has, he should deal
14  with it.
15       But somebody has already filed an objection, an
16  objection to the motion.  Is that right?
17       MR. ALLAN:  There is a pending motion to adjust the
18  schedule in this case.
19       THE COURT:  All right. Let's get to it then.
20       MR. ALLAN:  Okay.  Very good.
21       THE COURT:  Okay.  What is the -- what has the
22  opponent of the change in scheduling -- proponent of the
23  scheduling order proposed a different scheduling order?
24       MR. ALLAN:  No, your Honor.
25       THE COURT:  So what is the issue?

```
1            MR. ALPER:  Yes, your Honor.  If I may, so --
2            THE COURT:  You certainly may.
3            MR. ALPER:  Thank you, your Honor.
4       And I'll make this as brief as possible.  So the
5  request on the part of the defendant is to move the schedule in
6  a way that would move the trial date.  So --
7            THE COURT:  Is it a motion to continue the trial date?
8            MR. ALPER:  Yes, it is a motion that would --
9            THE COURT:  Now we're getting serious.
10           MR. ALPER:  Yeah, exactly, your Honor.  So the trial
11 date has been set as --
12           THE COURT:  For what date?
13           MR. ALPER:  November 1st.
14       Over the last year we have agreed to -- they have
15 requested and we have agreed to three extensions of the fact
16 discovery deadline, for a total of four months already.
17       We're now at the very end of discovery.  Fact
18 discovery closed Wednesday of this week.  And now they want
19 another month of fact discovery, which would -- when then,
20 according to their motion, would cause all the other dates to
21 shift, including the trial date, by a month.  So what they are
22 really asking for is a shift of the trial date by a month.  And
23 we object to that because, A, we have given them four months of
24 extensions so far this -- just this year;
25           B -- and the last extension was just last month, by
```

1  agreement.  Your Honor, we're trying to stay out of your hair
2  on this, and we have been agreeing to these extensions.  Just
3  last month we gave them a four-week extension.  And now they're
4  coming back for more in a way that will extend the trial date.
5  And then I think very importantly, your Honor -- and there is a
6  lot more detail that I am going to avoid for right now because
7  I am going to keep it --
8              THE COURT:  I think you have made your point.  My
9  principal concern is the trial date.
10             MR. ALPER:  Yes.  And there is -- and my final point
11 -- I'm sorry, your Honor -- is there is great prejudice to our
12 client Motorola, and it is very simple.  In this case this is
13 essentially undisputed.  Hytera, the defendant, is selling
14 products that has Motorola's trade secrets, and -- including
15 actual copies of its source code in its products.  And they are
16 continuing to sell those products in the United States and
17 around the world today.  Literally taking customers away.
18 Using products with Motorola's -- and in China, which is where
19 they are based -- in -- around the world with Motorola's source
20 code in them.  And so we need to get to trial.  And we -- if
21 we're successful at trial, we plan to ask your Honor for an
22 injunction.
23             THE COURT:  What was the last order entered by the
24 Court, was that not denying a motion to dismiss?
25             MR. ALPER:  You denied a motion for summary judgment

```
 1   that was their --
 2             THE COURT:  Summary judgment.  The Court denied it.
 3             MR. ALPER:  Yeah, that was their main defense.  You
 4   denied that, your Honor.
 5             THE COURT:  All right.  So you may reply, counsel.
 6             MR. ALLAN:  Thank you.  Thank you, your Honor.
 7             Again, this is the motion we brought.  So there is two
 8   primary reasons for seeking a little bit of additional time to
 9   close out discovery in this case.  One is that -- this is,
10   again, this is a complicated --
11             THE COURT:  Well, the more important issue is the
12   trial date.
13             MR. ALLAN:  Well, let me -- if we can find a way to
14   avoid moving the trial date, we're happy to do that.  We just
15   need some additional time to wrap up some discovery.
16             This is a trade secret and copyright infringement
17   case.
18             THE COURT:  All right. Here's the ruling.  You know,
19   I have looked at your pleadings.  I understand what you are
20   talking about.  This is not the only case on the call.  So when
21   the Court sets a trial date, it is out of consideration for
22   every other litigant before the Court.
23             And this matter has been before the Court since 2017.
24   We have a 2019 November trial date.  And the motion to continue
25   the date for trial is denied.
```

1              In terms of scheduling, I'm going to send the matter
2     back to you to see if you can work this out by agreement.  But
3     whatever scheduling problems you have must be consistent with
4     the Court's determination that the matter will proceed to trial
5     as originally set.
6              MR. ALLAN:  Very good, your Honor.
7              THE COURT:  So it is back to you in terms of trying to
8     work out the schedule for discovery and other issues.
9              MR. ALPER:  Thank you, your Honor.
10             THE COURT:  And we'll put the matter on the call for
11    next week, Friday, once again, if that is necessary.
12             MR. ALLAN:  Okay.
13             THE COURT:  Now if you can submit an agreed order, so
14    much the better.
15             If not, come back, and we'll deal with it then.
16             MR. ALLAN:  We -- one thing, your Honor, we would like
17    to find some time to discuss with the Court as it is
18    essentially case management, so we -- I'm sure we can try to
19    find some way to work out --
20             THE COURT:  What is the problem?  How many cases have
21    you tried in the federal court?
22             MR. ALLAN:  A number of cases, your Honor.
23             THE COURT:  How many have you tried in the federal
24    court?
25             MR. ALPER:  Many, your Honor.

1     THE COURT:  All right.
2     MR. ALLAN:  We can work that out with --
3     THE COURT:  There is nothing, nothing unusual here.  I
4 have been here for a while as well.  If there are some special
5 issues, some special problems, you can start out by bringing
6 that to the attention of the magistrate judge and ultimately
7 then to the district court.
8     But I see all you as -- see all of you as experienced,
9 competent attorneys, and I don't expect that there would be any
10 special problems here, that we will move this case along
11 smoothly, and there will be a fair disposition on the merits.
12     MR. ALPER:  Thank you, your Honor.
13     MR. ALLAN:  All right.  Thank you, your Honor.
14     THE COURT:  On that positive note, we'll continue the
15 case to next week, once again, if necessary, at 9:30.
16     If you reach an agreement, send an agreed order, and
17 you need not return next Friday at 9:30.
18     MR. STRINGFIELD:  Thank you, your Honor.
19     MR. ALPER:  Thank you, your Honor.
20     THE COURT:  All right.  Thank you, counsel.
21     MR. ALPER:  We had -- and just as a procedural matter,
22 we had on the calendar a presentment for an objection to a
23 discovery order.  Would you like to put that off till next
24 week?
25     THE COURT:  Yes.  I'm putting it back into your

```
 1   capable hands to try to work this out.  So --
 2          MR. ALPER:  Thank you very much, your Honor.
 3          THE COURT:  All right.  Thank you, counsel.
 4          MR. STRINGFIELD:  Thank you, your Honor.
 5      (Which concluded the proceedings:)
 6                          CERTIFICATE
 7         I HEREBY CERTIFY that the foregoing is a true, correct
 8   and complete transcript of the proceedings had at the hearing
 9   of the aforementioned cause on the day and date hereof.
10
11   /s/Pamela S. Warren                    July 3, 2019
     Official Court Reporter                    Date
12   United States District Court
     Northern District of Illinois
13   Eastern Division
```