# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MOTOROLA SOLUTIONS, INC., and MOTOROLA SOLUTIONS MALAYSIA SDN. BHD.<br><br>　　　　Plaintiffs<br><br>　v.<br><br>HYTERA COMMUNICATIONS CORPORATION LTD., HYTERA AMERICA, INC., AND HYTERA COMMUNICATIONS AMERICA (WEST), INC.<br><br>　　　　Defendants | Civil Action No.: 1:17-cv-01973<br><br>Honorable Charles R. Norgle Sr.<br><br>Magistrate Judge Jeffrey Cole |

## PLAINTIFFS' MOTION TO STRIKE
## DEFENDANTS' OCTOBER 2019 SUMMARY JUDGMENT MOTION
## OR, ALTERNATIVELY, TO SET BRIEFING SCHEDULE

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...........................................................................................................1

II. THE COURT SHOULD STRIKE HYTERA'S UNTIMELY MOTION ...................2

    A. Hytera Filed Its Motion Without Leave, Well Past the Court's May 18, 2018 Dispositive Motion Deadline ................................................................................2

    B. The Court Should Strike Hytera's New Motion Because It Is Untimely. ............4

        1. Motorola would be prejudiced if Hytera were allowed to proceed with its motion—critically so if the trial date is delayed. ........................5

        2. Hytera's delay is designed to derail the November 1 trial. .......................6

        3. Hytera's delay was within its control. ......................................................7

        4. There is no reasonable justification for Hytera's delay. ..........................9

III. ALTERNATIVELY, THE COURT SHOULD SET THE FOLLOWING ACCELERATED BRIEFING SCHEDULE FOR HYTERA'S MOTION ...............10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*AlterG, Inc. v. Boost Treadmills LLC*,
 388 F. Supp. 3d 1133 (N.D. Cal. 2019) ...............................................................................2, 8

*Borrelli v. Unumprovident Corp.*,
 No. 01 C 6938, 2002 WL 31319476 (N.D. Ill. Oct. 11, 2002) (Darrah, J.) ..............................4

*Brown v. Kelly Servs., Inc.*,
 No. 16 C 11152, 2018 WL 351688 (N.D. Ill. Jan. 10, 2018) .......................................4, 6, 7, 8

*In Matter of Complaint of Ingram Barge Co.*,
 194 F. Supp. 3d 766 (N.D. Ill. 2016) .........................................................................................4

*Flint v. City of Belvidere*,
 791 F.3d 764 (7th Cir. 2015) .....................................................................................................5

*George R. Whitten, Jr., Inc. v. Paddock Pool Builders, Inc.*,
 424 F.2d 25 (1st Cir. 1970) .......................................................................................................6

*Panoramic Stock Images, Ltd. v. McGraw-Hill Glob. Educ. Holdings, LLC*, No.
 12 C 9881, 2015 WL 393381 (N.D. Ill. Jan. 27, 2015) .........................................................1, 8

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,
 507 U.S. 380, 113 S. Ct. 1489 (1993) .......................................................................................5

*Reales v. Consol. Rail Corp.*,
 84 F.3d 993 (7th Cir. 1996) .......................................................................................................4

*Stewart v. Wall*,
 688 Fed.Appx. 390 (7th Cir. 2017) ...........................................................................................5

*Whitford v. Boglino*,
 63 F.3d 527 (7th Cir. 1995) .......................................................................................................9

*Wienco, Inc. v. Katahn Assocs., Inc.*,
 965 F.2d 565 (7th Cir. 1992) .....................................................................................................4

*Wilson v. Sundstrand Corp.*,
 No. 99 C 6944, 2003 WL 259139 (N.D. Ill. Feb. 3, 2003) .......................................................4

**Rules**

Fed. R. Civ. P. 12(c) ...................................................................................................................2, 8

Fed. R. Civ. P. 56(b) ...........................................................................................................2, 3

Fed. R. Civ. P 6(b)(1)(B) ........................................................................................................5

I.     **INTRODUCTION**

This Court set a May 16, 2018 dispositive motion deadline in this case. Dkt. 45. Yet, on October 10, 2019—over a year after that deadline and a mere three weeks before trial—Hytera filed a new summary judgment motion (without seeking leave to do so) on five issues that either it has already raised and lost, or could and should have raised earlier. Hytera's new motion comes on the heels of its repeated, failed attempts to derail the November 1, 2019 trial in this case: an explicit request to delay the trial, an untimely summary judgment motion on the statute of limitations (another issue Hytera has repeatedly lost), and a motion for status conference. Dkts. 558, 607, 629. Hytera's two eleventh-hour summary judgment motions are designed to prejudice Motorola's trial preparations and prevent Motorola from getting its day in court.

Although the Court should strike Hytera's motion as untimely, in the interest of maintaining the integrity of the Court's calendar and dispensing with the issues Hytera raised, Motorola is prepared to promptly file an opposition that will demonstrate that Hytera's motion is substantively meritless in the event the Court does not strike it as procedurally improper:

- Motorola's Copyright Infringement Damages Claim Is Permissible: Hytera now contends that Motorola's copyright infringement damages—disclosed in its June 28, 2019 expert report—should be limited to only the last three years. Hytera should have raised its argument at the *Daubert* stage. In any event, it fails on the merits. *See, e.g.*, *Panoramic Stock Images, Ltd. v. McGraw-Hill Glob. Educ. Holdings, LLC*, No. 12 C 9881, 2015 WL 393381, at *2 (N.D. Ill. Jan. 27, 2015) ("[u]nder the discovery rule, a copyright owner is entitled to recover for infringements, regardless of when they occurred, so long as he or she did not have actual or constructed notice of the infringements more than three years before filing").

- Motorola Disclosed Its Copyright Infringement Claims: Hytera argues that Motorola's copyright infringement claim should be limited to the exemplary copyright registration numbers that Motorola referenced in its complaint. Hytera already made this argument in its motion to strike Dr. Wicker's report and lost. Dkt. 586 at 10-11; Dkt. 597. In any event, as explained in Motorola's opposition, Hytera has been aware of Motorola's copyright claims since March 25, 2019; that Motorola has multiple registrations for its DMR Program is not limiting. Dkt. 591 at 12. There is no reason for Hytera to raise this exact same argument again—other than to burden Motorola and the Court in their trial preparations.

1

- Motorola's DTSA Claim Is Proper: Based exclusively on the Motorola's complaint (filed March 14, 2017), Dkt. 1, and amended complaint (filed August 2, 2018), Hytera contends that Motorola's DTSA claim should be dismissed because Hytera's misappropriation occurred before the DTSA was enacted. Hytera's attempt to delay trial by making a judgment on the pleadings argument is improper, Fed. R. Civ. P. 12(c). This is particularly so because Hytera's argument is meritless as a matter of law. *See AlterG, Inc. v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133, 1146 (N.D. Cal. 2019) (DTSA claims can be based on continued use of information that was disclosed prior to the effective date of the statute).

- Motorola Disclosed Its Development Cost Theory in Its Interrogatory Responses and Expert Report: Hytera wrongly claims that Motorola first disclosed its development-cost theory in the parties' Pretrial Order. Not so. Motorola disclosed that it intended to seek development costs in its June 6, 2019 interrogatory response, which Hytera spent substantial time deposing Motorola's factual deponents about. And Motorola's expert James Malackowski disclosed Motorola's "development cost" damages theory in his expert report. Exs. 1-2. Hytera did not seek to *Daubert* Mr. Malackowski on that opinion, and should not be permitted a second bit via a late summary-judgment motion.

- There Is Ample Evidence That Hytera Possessed the Documents and Source Code Comprising Motorola's Asserted Trade Secrets: Motorola has identified thousands of confidential Motorola documents that former Motorola employees downloaded for Hytera. Ex. 3. That Hytera deleted incriminating materials before and during this litigation does not release Hytera from liability but instead confirms Hytera's culpability.

Motorola thus moves, in the alternative to its motion to strike, for an accelerated briefing schedule to ensure that Hytera's belated motion is decided—if not struck—before the November 1, 2019 trial date.

**II.     THE COURT SHOULD STRIKE HYTERA'S UNTIMELY MOTION**

    **A.     Hytera Filed Its Motion Without Leave, Well Past the Court's May 18, 2018 Dispositive Motion Deadline**

May 16, 2018 has been the dispositive motion deadline in this case since June 15, 2017. Dkt. 45. In the parties' Pretrial Order, Hytera argued that, because "expert discovery closed on September 16, 2019, the deadline for filing motions for summary judgment is October 16, 2019." Dkt. 690-10 at 4 (citing Fed. R. Civ. P. 56(b) (setting default deadline at "30 days after the close of all discovery")). But this ignores that Rule 56(b) specifically states that the default

2

deadline does not apply if "a different time is set by local rule or the court orders otherwise." Fed. R. Civ. P. 56(b). That is exactly what happened here.[1]

After Hytera filed its summary judgment motion on the trade secrets statute of limitations issue and the May 2018 dispositive motion deadline came and went, the Court did not allow and the parties did not seek leave to file additional dispositive motions. To the contrary, when the parties discussed the schedule for dispositive motions in advance of submitting their joint discovery plan on June 27, 2018, Hytera did not suggest that it intended to file additional dispositive motions. Instead, recognizing that no further summary judgment motions were permitted under the Court's schedule, under the Dispositive Motions heading in that joint discovery plan, the parties listed only *Daubert* motions:

> V. **OTHER AGREED DATES**
>
> The parties propose the following schedule, subject to endorsement by the Court:
>
> a. <u>Dispositive motions</u>:
>
> **Plaintiffs' Proposal:** *Daubert* motions shall be filed on or before **July 10, 2019**. Rebuttal briefs are due on or before **August 7, 2019**. Reply briefs are due on or before **August 21, 2019**.
>
> **Defendants' Proposal:** *Daubert* motions shall be filed 15 days following the Close of Expert Discovery. Rebuttal briefs are due 30 days following Opening *Daubert* motions. Reply briefs are due 15 days following Rebuttal briefs.
>
> b. <u>The final pretrial order</u> shall be filed by **October 1, 2019**.
>
> c. <u>Trial</u>. The case should be ready for jury trial by **November 1, 2019**. At this time, the parties expect trial to last **ten days**.

---

[1] It is true that the Court set (and repeatedly extended) separate deadlines for Hytera's summary judgment relating to the statute of limitations issue. *See* Dkt. 58 (converting Hytera's motion to dismiss on the statute of limitations issue into a summary judgment motion and setting an October 20, 2017 deadline for any new memorandum in support of the pending motion); Dkt. 73 (extending deadline for summary judgment briefing relating to the statute of limitations issue); Dkt. 91 (same); Dkt. 97 (Hytera's motion for summary judgment on the statute of limitations issue); Dkt. 136 (giving Hytera leave to file supplement its motion relating to the statute of limitations by March 9, 2018); Dkt. 184 (extending deadline to file supplement until April 6, 2018). But the Court never altered the general May 18, 2018 dispositive motion deadline, nor did Hytera ask the Court to do so.

3

Dkt. 243 at 13.

Apparently, at some point as the November 1, 2019 trial drew close, Hytera changed its mind. Hytera's counsel represented to the Court at a July 16, 2019 hearing that it would be filing summary judgment motions "in fairly short order." Dkt. 600 (7/16/2019 Hr.'g Tr.) at 11:10-12:2. But still it did not move for leave to file new summary judgment motions. Instead, it waited over 2.5 months to raise the issue again in the parties' October 1, 2019 proposed Pretrial Order, Dkt. 690-10, and then two more weeks to actually file its motion. Hytera's motion is thus untimely.

**B.     The Court Should Strike Hytera's New Motion Because It Is Untimely.**

The Seventh Circuit has said that enforcement of summary judgment deadlines is "justified in light of the district court's significant interest in maintaining the integrity of its calendar." *Wienco, Inc. v. Katahn Assocs., Inc.*, 965 F.2d 565, 568 (7th Cir. 1992); *see also Reales v. Consol. Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996) (explaining that in managing their caseloads, district courts "are entitled—indeed they must—enforce deadlines"). Thus, courts in this District routinely strike motions for summary judgment where such motions were filed after the dispositive motion deadline and the movant did not seek leave prior to filing the motion. *Wilson v. Sundstrand Corp.*, No. 99 C 6944, 2003 WL 259139, at *4 (N.D. Ill. Feb. 3, 2003) (Kennelly, J.) (striking summary judgment motions as untimely because they were filed six weeks after the dispositive motion deadline expired, without leave of court, and only eight weeks before trial was scheduled to begin); *Brown v. Kelly Servs., Inc.*, No. 16 C 11152, 2018 WL 351688, at *3 (N.D. Ill. Jan. 10, 2018) (Aspen, J.) (striking a summary judgment motion as untimely because it was filed 18 days late and there was no showing of excusable neglect); *In Matter of Complaint of Ingram Barge Co.*, 194 F. Supp. 3d 766, 804 (N.D. Ill. 2016) (St. Eve, J.) (denying request for leave to file a motion for summary judgment because the deadline for filing dispositive motions had passed and trial was scheduled to begin in approximately two months); *Borrelli v. Unumprovident Corp.*, No. 01 C

6938, 2002 WL 31319476, at *5 (N.D. Ill. Oct. 11, 2002) (Darrah, J.) (striking a motion for summary judgment as untimely because it was filed three weeks after the Court's deadline for filing summary judgment motions).

Federal Rule of Civil Procedure 6(b)(1)(B) allows for extension of time to file summary judgment motions after the dispositive motion deadline has passed only upon a showing that "the party failed to act because of excusable neglect." *See also Stewart v. Wall*, 688 Fed.Appx. 390, 394 (7th Cir. 2017) (courts have discretion to extend time to file summary judgment motions for excusable neglect). The existence of excusable neglect is "an equitable one, taking account of all relevant circumstances surrounding the party's omission," including (1) "the danger of prejudice to the [non-moving party]"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993) (interpreting a parallel provision of the Federal Rules of Bankruptcy Procedure); *see also Flint v. City of Belvidere*, 791 F.3d 764, 769 (7th Cir. 2015) (holding *Pioneer* governs interpretation of "excusable neglect"). Here, the Court should deny any such request as it would be futile; each factor weighs against extending the deadline.

### 1. Motorola would be prejudiced if Hytera were allowed to proceed with its motion—critically so if the trial date is delayed.

Hytera's summary judgment motion presents Motorola with a Hobson's choice: acquiesce to Hytera's request to delay trial or divert resources from trial preparation to responding to Hytera's untimely (and meritless) motion. After filing an untimely motion on the statute of limitations issue just seven weeks before trial, Dkt. 607, Hytera doubled down on its disregard for the Court's scheduling order by filing another motion on *five grounds* just three weeks before trial, Dkt. 706.

5

Thus, rather than focusing its efforts on trial preparation, Motorola has been forced to spend the weeks leading up to trial drafting two motions to strike. *See* Dkt. 656. If Motorola is forced to substantively respond to Hytera's latest untimely motion, that improperly diverts attention away from trial preparation, unfairly prejudicing Motorola; if the trial date is postponed, Motorola will be critically harmed. The procedural unfairness of Hytera's delay alone is more than sufficient reason to strike Hytera's untimely motion. *Cf. George R. Whitten, Jr., Inc. v. Paddock Pool Builders, Inc.*, 424 F.2d 25, 35 (1st Cir. 1970) ("[A] court has discretion to deny an otherwise justified motion for summary judgment if . . . the motion is tainted with procedural unfairness.").

### 2. Hytera's delay is designed to derail the November 1 trial.

This is just Hytera's latest gambit to derail the November 1, 2019 trial, which will address Hytera's unabated illegal use of Motorola's trade secrets and copyrights. On June 17, 2019, Hytera moved to extend deadlines, including the trial date; the Court refused to move the trial date. Dkts. 558, 572. On July 11, 2019, Hytera moved to strike the entirety of the report submitted by Motorola's technical expert, Dr. Wicker; the Court denied Hytera's request. Dkts. 586, 597. On September 12, 2019, Hytera then filed an untimely motion relating to the statute of limitations issue; Motorola was forced to file a motion to strike. Dkts. 610, 656. On September 17, 2019, Hytera moved for a status conference to discuss other alleged concerns about the upcoming trial. Dkts. 629, 659. And now, Hytera has filed yet another new summary judgment motion on five grounds just three weeks before trial on issues that, as detailed in Section II.B.3 below, it could and should have raised far earlier.

It is within the Court's discretion to deny Hytera's motion even if Motorola "suffers no specific harm" from the delay, as "Defendant's failure to comply with our deadlines has a 'cascading effect on the rest of the cases and motions pending in a busy court.'" *Brown v. Kelly Servs., Inc.*, No. 16 C 11152, 2018 WL 351688, at *3 (N.D. Ill. Jan. 10, 2018) (citations omitted)

(striking late-filed summary judgment motion). "This is particularly true when a case has been moving quickly toward trial." *Id.* Here, Hytera's motion not only has the potential to delay the impending trial, it appears ***designed*** to do so. That should not be countenanced.

### 3. Hytera's delay was within its control.

Hytera waited over a year after the May 18, 2018 dispositive motion deadline, four months after fact discovery closed on June 19, 2019, and a month after the September 17, 2019 *Daubert* deadline to file its new motion. Dkts. 45, 525, 599. Even assuming that Hytera genuinely believed that the dispositive motion deadline is on October 16, 2019 (30 days after the close of fact discovery), as it argued in the parties Pretrial Order, Dkt. 690-10, Hytera cannot justify waiting to file its motion until the eve of trial because Hytera could and should have raised each ground far earlier by another means.

*First*, Hytera filed a motion to strike Motorola's allegedly "expanded" copyright claims three months ago. Dkt. 704 § II.B. In particular, on July 11, 2019, Hytera moved to strike a portion of Dr. Stephen Wicker's report because "Motorola may not recover for copyright infringement not alleged in its complaint." Dkt. 586 at 10-11 (arguing that "Motorola improperly expanded its copyright case beyond the scope stated in its Amended Complaint"). The Court denied Hytera's motion to strike in its entirety. Dkt. 597. Hytera should not be permitted to re-raise precisely the same argument in a belated summary judgment motion. *Compare id. with* Dkt. 704 § II.B. Even if Hytera were permitted re-raise this argument, it should have done so at the *Daubert* stage.

*Second*, Hytera contends that Motorola's DTSA claim fails as a matter of law. Dkt. 704 § II.C. Hytera's argument is premised exclusively on Motorola's complaint (filed March 14, 2017), Dkt. 1, and amended complaint (filed August 2, 2018), Dkt. 265. *See* Dkt. 704 at 6. A judgment on the pleadings, however, must be filed "early enough not to delay trial," and Hytera waited over one year after receiving Motorola's amended complaint—and only three weeks before

7

trial—to move for judgment on that pleading. *See* Fed. R. Civ. P. 12(c). It is simply too late, and there is no reason for the Court to waste time on this meritless argument. *See AlterG, Inc.*, 388 F. Supp. 3d at 1146 (N.D. Cal. 2019) (DTSA claims can be based on continued use of information that was disclosed prior to the effective date of the statute).

*Third*, Hytera raises two arguments based on disclosures in Mr. Malackowski's June 28, 2019 report. Dkt. 704 §§ II.A, II.D. Specifically, Hytera cites to Mr. Malackowski's report and contends that his copyright damages opinion should be limited to three years before Motorola filed its amended complaint. *Id.* at 2. But "[u]nder the discovery rule, a copyright owner is entitled to recover for infringements, regardless of when they occurred, so long as he or she did not have actual or constructed notice of the infringements more than three years before filing." *Panoramic Stock Images, Ltd v. McGraw-Hill Glob. Educ. Holdings, LLC*, No. 12 C 9881, 2015 WL 393381, at *2 (N.D. Ill. Jan. 27, 2015). Hytera also claims that Motorola's development cost theory is untimely and fails as a matter of law. Dkt. 704 at 7–9. But Motorola disclosed that it intended to seek development costs in its June 6, 2019 Interrogatory Response. Ex. 1 (Response to Interrogatory No. 20) at 6 ("Motorola is entitled to damages for its causes of action, which comprise at least (1) Motorola's actual damages, ***including Motorola's lost profits and development costs***…"). And Mr. Malackowski included Motorola's development costs in his report as the upper bound of the reasonable royalty. Ex. 2 (Malackowski Report) at 9, 96-98. The *Daubert* deadline is undisputedly past, and Hytera chose not to raise these grounds in its motion on Mr. Malackowski's report. It should not be rewarded with another *Daubert* attempt by its filing of an untimely summary judgment motion, particularly when it has been aware of these supposed "issues" for months.

8

*Fifth*, Hytera's argument that "[t]here is no evidence that Hytera acquired, disclosed, or used any of Motorola's claimed trade secrets" is based on the premise that Hytera no longer has in its possession some of the information Motorola contends comprises its trade secrets. Dkt. 704 at § E. But Hytera has known at least since January 24, 2018 that certain documents downloaded by former Motorola employees working for Hytera were not found in Hytera's files during this litigation (consistent with evidence that Hytera destroyed them). Ex. 3 (Motorola's Response to Hytera's Interrogatory No. 1) (listing Motorola's trade secret documents, including thousands of confidential Motorola documents downloaded by former Motorola employees in the weeks leading up to their departure for Hytera). While the facts show otherwise, to the extent Hytera believed that there is no evidence that it ever possessed those documents, Hytera could and should have filed any related summary judgment by the May 2018 dispositive motion deadline.

Thus, Hytera could and should have raised each of these issues well before trial or, at the very least, filed a motion to extend time to file dispositive motions (to the extent summary judgment is even the appropriate vehicle for any of its grounds). This would have allowed the Court to consider whether "good reasons" exist for Hytera to file its motions *prior to* the motions being filed. *See Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995) ("[T]he district court may, in its discretion, allow a party to renew a previously denied summary judgment motion or file successive motions, particularly if good reasons exist."). Hytera's disregard for this Court's deadlines and procedural rules betrays its true intention: to derail the November 1, 2019 trial date that it has, thus far, been unsuccessful in delaying.

### 4. There is no reasonable justification for Hytera's delay.

Even assuming that Hytera misunderstood the dispositive motion deadline, its delay in bringing this motion until the eve of trial is still inexcusable. Hytera told the Court on July 16, 2019 that it would be filing summary judgment motions "in fairly short order." Dkt. 600

9

(7/16/2019 Hr.'g Tr.) at 11:10-12:2.  Yet, it waited another three months, until the eve of trial, to actually file a motion.  Hytera should not be rewarded for its delay.

For all these reasons, Motorola respectfully suggests that the Court strike Hytera's motion as untimely.

### III. ALTERNATIVELY, THE COURT SHOULD SET THE FOLLOWING ACCELERATED BRIEFING SCHEDULE FOR HYTERA'S MOTION

To the extent the Court does not strike Hytera's motion, it should set a briefing schedule that ensures the November 1, 2019 trial date is not disturbed.  Because Hytera's motion can easily be disposed on the merits, an extended briefing schedule is not required.  Thus, the following accelerated briefing schedule is adequate to address Hytera's motion:

- **Motorola's opposition** is due on or before **October 21, 2019.**
- **Hytera's reply** is due on or before **October 25, 2019**.

Thus, if the Court decides to consider Hytera's motion on the merits, rather than strike it, Motorola respectfully requests that the Court set the briefing schedule as described above.

DATED: October 14, 2019

Respectfully submitted,

*/s/ Barbara N. Barath*

Adam Alper (*admitted pro hac vice*)
adam.alper@kirkland.com
Brandon H. Brown (IL Bar No. 266347 CA)
brandon.brown@kirkland.com
Barbara N. Barath (*admitted pro hac vice*)
barbara.barath@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (*admitted pro hac vice*)
michael.devries@kirkland.com

10

Justin Singh (*admitted pro hac vice*)
justin.singh@kirkland.com
Benjamin A. Herbert (*admitted pro hac vice*)
benjamin.herbert@kirkland.com
Christopher Lawless (*admitted pro hac vice*)
christopher.lawless@kirkland.com
Ali-Reza Boloori (*admitted pro hac vice*)
ali-reza.boloori@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

David Rokach (IL SBN: 6279703)
david.rokach@kirkland.com
Megan M. New (IL SBN 6300422)
megan.new@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Attorneys for Plaintiffs
*Motorola Solutions, Inc. and Motorola Solutions Malaysia SDN. BHD.*

11