IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MOTOROLA SOLUTIONS, INC., and MOTOROLA ) No. 17 CV 1973
SOLUTIONS MALAYSIA SDN. BHD,                  )
                                              )
            Plaintiffs,                       )
                                              )
vs.                                           ) Chicago, Illinois
                                              )
HYTERA COMMUNICATIONS CORPORATION, LTD.,      ) November 1, 2019
HYTERA AMERICA, INC., and HYTERA              )
COMMUNICATIONS AMERICA (WEST), INC.,          )
                                              )
            Defendants.                       ) 10:03 o'clock a.m.

TRANSCRIPT OF PROCEEDINGS - status hearing
BEFORE THE HONORABLE  CHARLES R. NORGLE, SR.

For the Plaintiffs:     KIRKLAND & ELLIS LLP
                        BY:  Mr. Adam R. Alper
                        555 California Street
                        27th Floor
                        San Francisco, California 94104
                        (415) 439-1400

                        KIRKLAND & ELLIS LLP
                        BY:  Mr. Michael W. De Vries
                        333 South Hope Street
                        Los Angeles, California 90071
                        (213) 680-8400

For the Defendants:     STEPTOE & JOHNSON LLP
                        BY: Mr. Boyd T. Cloern
                            Mr. Michael J. Allan
                            1330 Connecticut Avenue., Nw
                        Washington, DC 20036
                        (202) 429-6230

Court reporter:              BLANCA I. LARA
                         Official Court Reporter
                         219 South Dearborn Street
                               Room 2342
                         Chicago, Illinois 60604
                             (312) 435-5895
                         blanca_lara@ilnd.uscourts.gov

1    (Proceedings heard in open court:)

2    THE CLERK:  17 CV 1973, Motorola solutions, Inc., et

3    al, versus Hytera Communications, Ltd., et al.

4    MR. ALPER:  Good morning, Your Honor.  Adam Alper and

10:03:02    5    Mike DeVries for plaintiff Motorola Solutions.

6    THE COURT:  Good morning, counsel.

7    MR. CLOERN:  Good morning, Your Honor.  Boyd Cloern

8    and Mike Allan for Hytera.

9    THE COURT:  Good morning, counsel.

10:03:11    10    From the plaintiff's perspective, what is the status

11    of the case?

12    MR. ALPER:  Your Honor, plaintiff is ready for trial.

13    Our date for trial was to start today and we're ready to

14    proceed.  There are a number of pending motions, but we're

10:03:25    15    ready to proceed with trial.

16    THE COURT:  Well, how can you be ready if there are

17    pending motions?

18    MR. ALPER:  We believe that the case is --

19    THE COURT:  You mean motions in limine?

10:03:33    20    MR. ALPER:  Yes.

21    THE COURT:  Have they not all been resolved by the

22    magistrate judge?

23    MR. ALPER:  No, Your Honor.  The magistrate judge

24    ended his work on the case by order and --

10:03:46    25    THE COURT:  Did his order not resolve all the issues

1    that were before him?

2         MR. ALPER:  He did not resolve any motions in limine.

3    I think he was just focusing on the discovery part of the case

4    and then he issued an order once that was concluded.

10:03:58    5         THE COURT:  Did you press that issue before the

6    magistrate judge to rule on the motions in limine?

7         MR. ALPER:  He had determined that he was only going

8    to be focusing on the discovery issues and was deferring, I

9    think, the other substantive issues, including the evidentiary

10:04:14    10    issues, to Your Honor.

11         THE COURT:  What is your view of the status of the

12    case, counsel?

13         MR. CLOERN:  Your Honor, we think there's a fair

14    amount still to be done.  There a number of pending motions in

10:04:23    15    limine, there are a number of --

16         THE COURT:  How many?

17         MR. CLOERN:  I would say 25 probably motions in

18    limine.  There are --

19         THE COURT:  Each side or in total?

10:04:31    20         MR. CLOERN:  Total, Your Honor.  There are --

21         THE COURT:  That sounds a little better.

22         (Laughter in the courtroom).

23         THE COURT:  25 motions in limine not decided.

24         MR. CLOERN:  Yes, Your Honor.  There are three Daubert

10:04:42    25    motions that are not decided.  There are two summary judgement

1    motions that are not decided.  And I would also --

2         THE COURT:  Well, with respect to the motion for

3    summary judgment, there was one recently filed and I think the

4    reply was due on the 28th, is that right?

10:04:57    5         MR. CLOERN:  So, Your Honor, Hytera filed a recent

6    motion for summary judgment and the plaintiff Motorola moved to

7    strike.

8         THE COURT:  The motion to strike was denied and the

9    Court set a briefing schedule of 10/22 and 10/28.

10:05:15    10         MR. CLOERN:  So, actually, my recollection is that a

11    minute entry came from the Court stating that an order would be

12    entered, but no order was entered.

13         MR. ALPER:  That's --

14         THE COURT:  I remember specifically, in longhand,

10:05:34    15    directing the clerk to prepare a minute order setting the

16    briefing schedule for 10/22 and 10/28.

17         But, in any event, there has not been a response and

18    there has not been a reply then.

19         MR. CLOERN:  That is correct, Your Honor.

10:05:48    20         MR. ALPER:  That is correct, the parties did not

21    receive a briefing schedule or denial to the motion to strike.

22         On the other motions, just if I may very briefly, Your

23    Honor?

24         THE COURT:  Yes.

10:05:58    25         MR. ALPER:  We believe that those can be handled over

1    the course of -- there are very specific evidentiary issues

2    that will come up over the course of the trial.  We believe

3    that those can be handed over the course of the trial and that

4    rulings on all of them are not necessary before we commence

10:06:11    5    with the evidence.

6                THE COURT:  So they could be decided at a sidebar as

7    the jury watches us engaged?

8                MR. ALPER:  Either they won't come up because they

9    just won't be issues, or, Your Honor, we could deal with them

10:06:25    10    -- we could potentially deal with them, of course, if it's

11    consistent with your process, you know, before the jury comes

12    out.

13                MR. CLOERN:  Your Honor, we have --

14                THE COURT:  How important are they if you would deal

10:06:36    15    with them more or less cavalierly?

16                MR. ALPER:  I think that they're very focused issues

17    that can be -- that, you know, are relatively discrete.

18                MR. CLOERN:  Your Honor, we have a very different

19    view.  Motorola filed --

10:06:52    20                THE COURT:  Well, that's surprising that you don't

21    agree on some of these matters.

22                MR. CLOERN:  Yes.  Yes.  Motorola filed over 3,000

23    pages of expert reports.  And I'll just provide one example, if

24    the Court would allow.

10:07:04    25                So one of the experts, a Dr. Rangan, goes

1    through about 100 or 150 pages where he just marches through

2    e-mails and doesn't -- it's a technology expert, a proffered

3    technical expert, but what he talks about is:  Well, this

4    person in Hytera had intent, this person in Hytera must have

5    known this was going on, and so forth.  And he runs through

6    about 20 the different witnesses and just fingers them all that

7    they were involved in this kind of bad act or that kind of bad

8    act having nothing to do with any technical issue.

9        So we think that's --it's not just improper, and then

10   it's not even technical expert testimony, and it invades the

11   province of the jury, but we think the real issue is is that it

12   causes -- it really jambs us up on witnesses.

13       We have to have a witness list that's got 20 may-calls

14   on it because Dr. Rangan points a finger at 20 different Hytera

15   employees, many of whom are even going to be called as

16   witnesses but we have to have them to answer for whatever

17   Dr. Rangan may decide to say about them and their state of

18   mind, which, again, we think is improper.

19       So resolution of these motions, along with the summary

20   judgment motions, Your Honor, which we think are very important

21   and will very much focus the case in what otherwise, you know,

22   looks like is going to be a very long trial, would make a lot

23   of sense.

24           THE COURT:  Do you have a reply?

25           MR. ALPER:  I do, Your Honor.  So just to take a big

1    step back.  Hytera filed multiple summary judgment motions, as

2    you know, dispositive motions you've denied, all the ones that

3    were filed at the proper time in the case, earlier in the case.

4         As we are finally heading to trial, Hytera filed a

10:08:41    5    spade of motions, including a renewed summary judgment motion

6    on statute of limitations, which you already denied, another

7    set of summary judgment motions and several Dauberts, and then

8    I think twelve motions in limine.

9         We at this point in the case, this case is, you know,

10:08:57    10   2 and a half, 3 years old, Hytera is selling products with

11   Motorola's source code in it to this very day and is refusing

12   to stop.  And so it's important to Motorola to proceed with the

13   trial.  We ultimately are asking for an injunction in this case

14   in order to put a stop to literally Motorola's trade secrets

10:09:17    15   being sold out in the market.

16        And so with recent filing of large dispositive

17   motions, we do not think should forestall us from proceeding

18   with trial on this case, which we've been working toward in the

19   schedule diligently and getting the case ready for trial.

10:09:35    20        And, in fact, we worked out all of the pretrial

21   disclosure of many -- most of the pretrial disclosure issues,

22   such that if Your Honor was to proceed with trial and picking a

23   jury, we would be ready to do it, we'd be exchanging witnesses

24   and exhibits and everything like that.

10:09:47    25        THE COURT:  There are a number of issues, obviously,

1    that would be better resolved before a trial.  So what I intend

2    to do is to say the matter will proceed to trial on Wednesday

3    at 10:00 o'clock with jury selection.  And so you can spend

4    Monday and Tuesday trying to resolve as many matters as you

5    can.  And if you cannot, then as you have suggested, they will

6    be taken under advisement as the trial proceeds.

7         So much the better, if you can work these matters up

8    by agreement, but this case has been before the Court for

9    several years, it is an important case, there is a substantial

10   amount of money involved here, and so it must go to trial.  It

11   may be a difficult trial, but it will go to trial, and I'm

12   saying on Wednesday, jury selection at 10:00.

13        Mr. Fulbright also advises the Court that there are

14   great demands for jurors, and jurors would not be readily

15   available on Monday, in any event; and this is because of the

16   press of criminal cases and the number of peremptory challenges

17   and challenges for cause exercised in those cases.  So there is

18   a substantial demand for jurors.  And we would hope that by

19   Wednesday, any problems with availability of jurors will be

20   resolved, and that, if necessary, fresh jurors would be brought

21   in to hear this case on Wednesday, and so much the better.

22        So once again, the Court encourages you to try to

23   settle this case if you can do so with fairness and justice;

24   otherwise, we will begin the jury selection at 10:00 o'clock on

25   Wednesday.

1   And I would tell you now that it will be difficult in

2   terms of selecting a jury because of the timing of this case,

3   and so it might take a while to select that jury.

4   In your stipulation as to the procedure at trial, I've

10:11:54   5   looked it over.  I would not limit the opening statements in

6   this case to one hour.  As a matter of fact, I would encourage

7   you to say more, which is rare for a federal judge to tell

8   lawyers to say even more, so that the jury understands

9   eventually what this case is all about.  And so there will be

10:12:13   10   no limitation on the length of opening statements.  Closing

11   arguments might be a different issue, but we'll deal with that

12   later.

13   So, once again, I encourage you to try to give me

14   agreed orders on those things that you can resolve by

10:12:31   15   agreement.  With respect to summary judgment motions, they are

16   voluminous, and the last one is not yet actually fully briefed,

17   so I can't certainly resolve that one.  So what I'm saying

18   ultimately then, motions for summary judgment that will be

19   unresolved before the trial will be taken under advisement

10:12:56   20   during the course of the trial.  The case law from time to time

21   permits this and the Seventh Circuit has over a period of time

22   said this is acceptable.  It's not something we ordinarily

23   encourage, but this is a unique case.  And so if unresolved,

24   summary judgment motions will be under advisement as we

10:13:15   25   progress.

1    If you have any further questions, I'll try to answer

2  them.

3    MR. CLOERN:  Your Honor, we have a couple of

4  housekeeping questions and we also -- Your Honor mentioned

5  potentially resolving the disputes between the parties before

6  next Wednesday.  The parties are actually actively in

7  discussions currently as we speak.  The principals, the CEOs,

8  CFO's, and general counsels are meeting right now.  They also

9  have a meeting scheduled for all day tomorrow, along with a

10  mediator, Francis McGovern.  And we think, Your Honor, that --

11    THE COURT:  Mr. McGovern of MDL fame?

12    MR. CLOERN:  Yes.  Of the opioids, just finished up

13  the opoid case.

14    THE COURT:  Well, not just opioids.  This Court has

15  had a number of MDL's and I'm familiar with the name McGovern.

16    MR. CLOERN:  He's been --

17    THE COURT:  He is a man of good reputation.  My

18  understanding is that he is a man of good reputation.

19    MR. CLOERN:  Yes, Your Honor.  And he has been very

20  helpful.  The CEOs began meeting, I think, a couple of weeks

21  ago.  They are to continue to meet.  You know, CEOs of very

22  large companies, and so we think that's very significant that

23  the matter is getting that kind of attention, along with

24  Mr. McGovern.

25    There has been steady progress, slow, but steady

1    progress and we think we're getting very close.  And at least

2    on the part of Hytera, we would be more than happy to, you

3    know, bring the parties down to have a discussion with Your

4    Honor to see if we can maybe help push it along.

10:14:59    5    THE COURT:  Well, certainly I would not want to step

6    on the toes of Mr. McGovern, and that might -- if the parties

7    feel that ultimately the judge would work it out, it works

8    against the concept of giving Mr. McGovern great weight in what

9    he is doing, but I won't reject your concept of ultimately the

10:15:26    10    district judge could make a final effort to try to resolve the

11    case, but I do not want to say anything that would detract from

12    the efforts of Mr. McGovern.  As I've said, he's a man of good

13    reputation and the parties should give substantial weight to

14    what he has to say.

10:15:44    15    So we will hold in abeyance the idea that at some

16    point the judge might get involved here.

17    MR. CLOERN:  Thank you, Your Honor.

18    THE COURT:  I'm not rejecting it.  We'll hold that for

19    another time.  But I certainly encourage you to try to settle

10:15:57    20    the case if you can do so with fairness and justice.  But in

21    mind, I'm ready to try the case and I would see to it that if

22    we select the jury, that we give them breaks from time to time,

23    and counsel will need breaks from time to time.  I assume you

24    have witnesses coming from out of state.  It would be

10:16:21    25    accommodations.  And this is not the only case on the call

1    here, and there are always pressing criminal matters.  But if

2    it does go to trial, we will get it done and do a good job of

3    it.  So I expect then to see you on Wednesday at 10:00 a.m.

4             MR. CLOERN:  Thank you, Your Honor.

5             MR. ALPER:  And we appreciate that and we'll be ready

6    to move forward.  And counsel is correct, the parties have been

7    working hard in settlement.  We don't agree that we're close,

8    but everyone is working with Mr. McGovern, Professor McGovern

9    in that regard, but we are ready for trial and we'll see you on

10   Wednesday morning.

11            THE COURT:  And so it is.  Thank you, counsel.

12            MR. CLOERN:  Thank you, Your Honor.

13            MR. ALPER:  Thank you very much, Your Honor.

14            MR. DE VRIES:  Thank you, Your Honor.

15

16            (Which concluded the proceedings had on this

17             date in the above entitled cause.)

18

19            *    *    *    *    *    *    *    *

20

21

22   I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE

23        RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER

24

25        /s/Blanca I. Lara          November 1, 2019