# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MOTOROLA SOLUTIONS, INC., and MOTOROLA SOLUTIONS MALAYSIA SDN. BHD., <br><br> Plaintiffs, <br><br> v. <br><br> HYTERA COMMUNICATIONS CORPORATION LTD., HYTERA AMERICA, INC., AND HYTERA COMMUNICATIONS AMERICA (WEST), INC., <br><br> Defendants. | Civil Action No.: 1:17-cv-01973 <br><br> Honorable Charles R. Norgle Sr. |

**MOTOROLA'S [PROPOSED] VERDICT FORM AND HYTERA'S OBJECTIONS
(APPENDIX 8B)**

**Motorola's Proposed Verdict Form**

**Instructions:** Please read and answer the questions below, beginning with Question No. 1. After you have answered each question, follow the instructions that correspond to your answer. The instructions will either direct you to answer another question or direct you to stop.

**Trade Secret Claims**

**(1) Do you find that Motorola has proven by a preponderance of the evidence that it possessed one or more trade secret(s) that was/were misappropriated by Hytera?**

       Yes _____ (for Motorola)

       No _____ (for Hytera)

*If you answered "YES" to Question No. 1, please proceed to Question No. 2.*

*If you answered "NO" to Question No. 1, please skip Question No. 2 and proceed to Question No. 3.*

**(2) If you answered "YES" to Question No. 1, do you find that Motorola's claim for trade secret misappropriation is barred by the statute of limitations?**

       Yes _____ (for Hytera)

       No _____ (for Motorola)

*Please proceed to Question No. 3.*

**Copyright Claim**

**(3) Do you find that Motorola has proven by a preponderance of the evidence that Hytera infringed Motorola's copyright(s)?**

        Yes _____ (finding for Motorola)

        No _____ (finding for Hytera)

*Please proceed to Question No. 4 if:*

- *You answered "Yes" to Question No. 1 and "No" to Question No. 2;*

OR

- *You answered "Yes" to Question No. 3*

*Please skip the remaining questions if:*

- *You answered "No" to Question No. 1 and "No" to Question No. 3;*

  OR

- *You answered "Yes" to Question No. 2 and "No" to Question No. 3*

2

**Damages**

**(4) What is the dollar amount of the compensatory damages, if any, Motorola is entitled to receive from Hytera for the misappropriation of trade secret(s) and/or copyright infringement through June 30, 2019?**

$_____

*If you answered "Yes" to Question No. 1 and "No" to Question No 2, please proceed to Question No. 5.*

*If you answered "No" to Question No. 1 or "Yes" to Question No. 2, please skip the remaining questions.*

**(5) Do you also find that Motorola is entitled to recover punitive damages against Hytera?**

Yes _____  (finding for Motorola)

No _____  (finding for Hytera)

*If you answered "YES," please proceed to Question No. 6.*

*If you answered "NO," please skip Question No. 6.*

**(6) What is the dollar amount of the punitive damages Motorola is entitled to receive from Hytera through June 30, 2019?**

$_____

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the Security Guard that you have reached a verdict.

Dated: _____, 2020    By:_____
                                                     Presiding Juror

3

**Hytera's Objections to Motorola's Proposed Verdict Form**

**General Statement:** Hytera's proposed verdict form is fair and reasonable, and presents the numerous complex issues to be decided by the jury in a sensible and digestible manner.

*First,* Hytera's proposed verdict form begins (as it should) with the statute of limitations. The jury should consider this threshold issue first because, if the jury concludes Motorola's trade secret claims are time-barred, that would obviate the need for the jury to address the merits of Motorola's trade secret claims. Hytera's proposed verdict form appropriately asks the jury to consider the exact two questions required by the Seventh Circuit in assessing the applicability of the statute of limitations, namely (1) whether Motorola had suspicions that it had been harmed prior to the relevant date, and (2) whether Motorola could have discovered the evidence to support its suspicions. *Law v. Medco Research, Inc.*, 113 F.3d 781, 786 (7th Cir. 1997) These two questions are taken from Hytera's proposed jury instruction 36 (on the statute of limitations), which is based on controlling Seventh Circuit law. Motorola's proposed verdict form merely quotes the language of the statute, but ignores that the Seventh Circuit has clarified the exact two questions that the jury must answer. *Id.* And those are the same two questions Hytera proposes both in its jury instruction 36 and its proposed verdict form.

*Second,* Motorola complains that Hytera's proposed verdict form requires the jury to answer 106 questions. But it is Motorola that has asserted 29 trade secrets. And the law is clear that the jury must answer three questions for each trade secret: (a) whether Motorola has articulated an enforceable trade secret; (b) whether Hytera improperly acquired it; and (c) whether Hytera used or disclosed it.[1] That alone amounts to 87 questions. In addition, Motorola

---

[1] Both Motorola and Hytera agree that these three general propositions must be proven. *See* Proposed Jury Instruction No. 20, and case law cited therein.

4

assert infringement of four distinct works, and the jury must determine ownership and infringement of each separately. Motorola asserts all of these claims against three distinct Hytera entities, and the jury must determine each of their liability separately. And finally, Motorola asserts multiple distinct damages theories that each warrant independent consideration by the jury, i.e., trade secret compensatory, trade secret exemplary, and copyright compensatory. Asserting so many claims and damages theories, against three separate parties, compels the verdict form proposed by Hytera, which Hytera has organized in a clear and simple fashion (notwithstanding the number of questions and complexity of the case). On the other hand, Motorola's proposed verdict form (while it has fewer questions) conflates so many of these issues and poses serious risk of confusing the jury. Indeed, when faced with similarly voluminous and complex trade secret claims, courts have adopted verdict forms similar to the one proposed by Hytera.[2]

Motorola's proposed verdict form should not be adopted for the following additional reasons.[3]

**Motorola's Proposed Question No. 1:** First, Motorola's proposed Question No. 1 regarding trade secret misappropriation conflates the three elements of misappropriation. Question No. 1 asks the jury whether Motorola "possessed trade secret(s) which was/were unlawfully misappropriated by Hytera under either the DTSA or ITSA." But this inconsistent with the relevant instruction on trade secret misappropriation. Proposed Jury Instruction 20, to which the parties have largely agreed, instructs the jury to consider the following three elements:

---

[2] *See* Penultimate Jury Instructions on Trade Secret Misappropriation, Waymo LLC v. Uber Tech. Inc., No. 17-00939 (N.D. Cal. Jan. 3, 2018) ECF No. 2449-1. The case was resolved before the jury deliberated.

[3] Hytera incorporates its arguments relating to the proposed jury instructions, and objects to Motorola's proposed verdict form to the extent it reflects objectionable jury instructions.

5

(a) whether Motorola has articulated an enforceable trade secret; (b) whether Hytera improperly acquired it; and (c) whether Hytera used or disclosed it. Motorola's proposed language for Question No. 1 mis-states element (a) and conflates elements (b) and (c). On the other hand, Hytera's proposed verdict form lists each of these three elements on a trade secret by trade secret basis, making it more helpful in guiding the jury in applying the Court's instructions, and less likely to confuse the jury.

Second, Motorola's proposed Question No. 1 also mischaracterizes the trade secrets. Motorola has asserted 29 complex combination trade secrets, the descriptions of which are each voluminous. Because of this, each alleged trade secret has been referred to by a particular number throughout the case, depositions, documents and evidence and should be referred to by number on the verdict form. Motorola should not be allowed to mischaracterize its alleged trade secrets by providing a basic one-or two-word description, such as "hardware." Motorola has consistently referred to its trade secrets as Motorola's specific "design and implementation" of the particular technology at issue, and not as a generic area of technology. Yet, Motorola's verdict form describes generic and well-known areas of technology that cannot be trade secrets, and which describe only basic aspects of the technology at issue. By offering such a simplistic description, Motorola will confuse the jury as to the nature of the asserted trade secret.

**Motorola's Proposed Question No. 2:** There are two key problems with Motorola's proposed Question No. 2 addressing the statute of limitations. First, as noted above, Motorola's verdict form fails to direct the jury to address the threshold issue of the statute of limitations first, because if the jury finds for Hytera on this issue it need not answer any further questions on Motorola's trade secret claims, and can move right to Motorola's copyright claims. There is

simply no basis to require the jury to deliberate on the 29 Motorola asserted trade secrets if the jury believes that Motorola's trade secret claims are time-barred.

Second, setting aside the order of the questions, the parties disagree on how the jury should be instructed on the issue of statute of limitations. See competing instructions at Instruction No. 36. While the parties are in agreement on some language,[4] the primary disagreement concerns Motorola's refusal to follow Seventh Circuit law clarifying how the statutory language should be interpreted.

Hytera's proposed question identifies for the jury the two elements the Seventh Circuit has clearly explained the two factors that must be considered with regard to the statute of limitations: (1) suspicion that an injury has occurred and (2) means to discover evidence to support a claim based on those suspicions.[5] *Law v. Medco Research, Inc.*, 113 F.3d 781, 786 (7th Cir. 1997) ("Suspicious circumstances, coupled with ease of discovering, without the use of legal process, whether the suspicion is well grounded, may cause the statute of limitations to start to run before the plaintiffs discover the actual [misconduct]."); *see also Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill. 2d 72, 86, 651 N.E.2d 1131, 1139 (1995) (citation omitted) ("[W]hen a party knows or reasonably should know both that an injury has occurred and that it was wrongfully caused, the statute begins to run and the party is under an obligation to inquire further to determine whether an actionable wrong was committed. … [O]nce it reasonably appears that an injury was wrongfully caused, the party may not slumber on his rights."). The

---

[4] The parties agree in Proposed Jury Instruction No. 36 that the jury should be instructed that: "Accordingly, if you find that Motorola knew or should have known of its alleged injury through the exercise of reasonable diligence on or before March 14, 2012, your verdict must be for Hytera on Motorola's trade secret claims." However, here, neither side proposes this language for use in their verdict form.

[5] Hytera's proposed question is entirely consistent with its Proposed Jury Instruction No. 36, which also lays out these two required factors.

7

law does not allow the discovery rule to benefit "a plaintiff in possession of the critical facts that he has been hurt and who has inflicted the injury," because "[t]here are others who can tell him if he has been wronged, and he need only ask." *United States v. Kubrick*, 444 U.S. 111, 122 (1979).

Motorola's proposed question, on the other hand, conflates these elements by merely asking the jurors if they found "Motorola failed to bring this lawsuit within the five years after Motorola discovered the misappropriation, or should have discovered the misappropriation with reasonable diligence." Thus, just as with Motorola's proposed Question No. 1, this question is also likely to confuse the jury by conflating all the elements of the statute of limitations inquiry into a single question.[6]

In sum, Motorola's proposed Question No. 2 is compound and confusing. Hytera's, by contrast, directs the jury to the two precise elements supported by binding case law.

**Motorola's Proposed Question No. 3:** Motorola's proposed Question No. 3 conflates each of the four works at issue into a single inquiry, referring to them all as "Motorola Copyrights". This conflation is a persistent theme throughout Motorola's submission, and it misrepresents the allegations of the case and the governing law. Motorola cannot prove infringement of four distinct works by reference to only a single work, but its proposed instruction permits precisely that. Motorola's proposed Question No. 3 also lumps all the elements of copyright infringement into a single inquiry, which is likely to confuse the jury, especially where there are so many issues to decide in this case.

**Motorola's Proposed Question No. 4:** Motorola's proposed Question No. 4 is improper because it collects numerous distinct damages theories into a single inquiry, simply including only a single line entry for both trade secret and copyright damages. Particularly given that

---

[6] The proposed question is also likely to cause confusion by failing to recite the relevant date.

8

Motorola's copyright damages are limited to the United States and (disputedly) limited to the last three years, it is important to separate out such trade secret and copyright damages. Moreover, the risk of double counting across the various measures of damages is high, so it is important to remind the jury of its obligations to avoid double counting and of the proper basis for any damages award. Motorola's proposal to ask the jury for a single damages calculation for both trade secret and copyright theories also runs considerable risk that any exemplary damages would improperly treble copyright damages.

Hytera also objects to Motorola's proposed jury instructions regarding unjust enrichment or disgorgement, which are equitable issues for the judge, not legal issues for the jury. Hytera's verdict form includes those inquiries only for the sake of convenience in case the Court determines those issues should be tried for the jury. (In fact, since Motorola does not claim lost sales under its copyright theory, the jury should not make a finding on copyright damages at all.)

**Motorola's Proposed Question Nos. 5 & 6:** Motorola's proposed Question Nos. 5 and 6 fail to recite the relevant elements to be applied (i.e., willfulness and malice), and fails to instruct the jury regarding the maximum amount of exemplary damages available (i.e., twice the amount awarded as trade secret compensatory damages).

**General Objections:** First, the parenthetical ("finding in favor of Motorola on trade secret misappropriation"), which Motorola includes in its proposed Question No. 5, is unnecessary and confusing.

Second, Hytera objects to Motorola's injection of "finding for Motorola" and "finding for Hytera" throughout its proposed verdict form. Such language is superfluous in view of the jury instructions and in view of the related question. Moreover, the fact that Motorola felt it necessary to add that detail demonstrates the inadequacy of Motorola's proposed questions—if

9

more detail is necessary, it should come in the form of a more descriptive question, rather than inviting the jury to shortcut its deliberations by picking one side or the other without considering the nuances of each question.

Third, Hytera objects to Motorola's verdict form to the extent it fails to distinguish among the various defendant entities.

Finally, Hytera also objects to Motorola's failure to provide a signature line for each juror, although it appears to have agreed to that requirement in its proposed jury instructions.