**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MOTOROLA SOLUTIONS, INC., and MOTOROLA SOLUTIONS MALAYSIA SDN. BHD., <br><br> Plaintiffs <br><br> v. <br><br> HYTERA COMMUNICATIONS CORPORATION LTD., HYTERA AMERICA, INC., AND HYTERA COMMUNICATIONS AMERICA (WEST), INC., <br><br> Defendants | Civil Action No.: 1:17-cv-01973 <br><br> Honorable Charles R. Norgle Sr. |

**MOTOROLA'S RESPONSE AND OBJECTIONS TO HYTERA'S PROPOSED JURY INSTRUCTIONS REGARDING THE COURT'S JANUARY 31, 2020 ORDER**

On January 31, 2020, the Court issued an order on Hytera's motion on extraterritorial damages. Dkt. 834 ("Order"). Days later, Hytera filed a motion that sought reconsideration of several aspects of that Order and, effectively, sought summary judgment on Motorola's ITSA claim (Count II of the complaint). Dkt. 836. Motorola filed its opposition to Hytera's motion on February 6, 2020, explaining why Hytera's motion was inconsistent with the Court's rulings and the law, and should be denied. Dkt. 856. That same day, Hytera filed proposed jury instructions premised on its hope that the Court abandons its Order and adopts Hytera's unsupported interpretation of the DTSA, Copyright Act, and ITSA. Dkt. 860.

Motorola objects to all of Hytera's proposed instructions in Dkt. 860 because they are contrary to the Court's Order and the law, as explained in Motorola's opposition brief, which is incorporated herein by reference. Dkt. 856. Moreover, Hytera's jury instructions are unduly

prejudicial, repeatedly referencing Motorola's damages expert and inaccurately suggesting that his testimony misled the jury. Dkt. 860 at 2 (Hytera proposed instruction repeatedly referencing Mr. Malackowski's testimony and then stating that Motorola cannot "recover all of the damages that Mr. Malackowski described in his testimony"). This type of instruction and suggestion is precisely the type of prejudice Motorola foresaw when it opposed Hytera's belated mid-trial motion on extraterritoriality. Dkt. 774 at 6–7. Hytera should not be further rewarded for its admittedly inexcusable delay in raising extraterritoriality with unduly prejudicial jury instructions that are contrary to law. For the foregoing reasons, and those stated in Motorola's opposition to Hytera's motion to enforce (Dkt. 856), Motorola objects to Hytera's proposed jury instructions, which should be rejected.

DATED: February 6, 2020

Respectfully submitted,

*/s/ Justin Singh*
Adam Alper (*admitted pro hac vice*)
adam.alper@kirkland.com
Akshay S. Deoras (*admitted pro hac vice*)
akshay.deoras@kirkland.com
Brandon H. Brown (IL Bar No. 266347 CA)
brandon.brown@kirkland.com
Reza Dokhanchy (*admitted pro hac vice*)
reza.dokhanchy@kirkland.com
Barbara Barath (*admitted pro hac vice)*
barbara.barath@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael De Vries (*admitted pro hac vice*)
michael.devries@kirkland.com
Christopher Lawless (*admitted pro hac vice*)
christopher.lawless@kirkland.com
Justin Singh (*admitted pro hac vice*)
justin.singh@kirkland.com
Ali-Reza Boloori (*admitted pro hac vice*)
ali-reza.boloori@kirkland.com

Benjamin A. Herbert (*admitted pro hac vice*)
benjamin.herbert@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680 8500

David Rokach (IL SBN: 6279703)
david.rokach@kirkland.com
Megan M. New (IL SBN 6300422)
megan.new@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Leslie M. Schmidt (*admitted pro hac vice*)
leslie.schmidt@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Attorneys for Plaintiffs
*Motorola Solutions, Inc. and Motorola Solutions Malaysia SDN. BHD.*

## **CERTIFICATE OF SERVICE**

      I, Justin Singh, an attorney, hereby certify that on February 6, 2020, I caused a true and correct copy of the foregoing document to be served via the Court's ECF system upon all counsel of record.

DATED:  February 6, 2020            */s/ Justin Singh*
                                                    Justin Singh