5959

1          IN THE UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF ILLINOIS
2                   EASTERN DIVISION

3   MOTOROLA SOLUTIONS, INC., and MOTOROLA   ) No. 17 CV 1973
    SOLUTIONS MALAYSIA SDN. BHD,             )
4                                            )
              Plaintiffs,                    )
5   vs.                                      ) Chicago, Illinois
                                             )
6   HYTERA COMMUNICATIONS CORPORATION, LTD., ) February 14, 2020
    HYTERA AMERICA, INC., and HYTERA         )
7   COMMUNICATIONS AMERICA (WEST), INC.,     )
                                             )
8             Defendants.                    ) 10:04 a.m.

9                  TRIAL - VOLUME 39
              TRANSCRIPT OF PROCEEDINGS
10
         BEFORE THE HONORABLE CHARLES R. NORGLE, SR.
11                    and a jury

12  APPEARANCES:

13  For the Plaintiffs:    KIRKLAND & ELLIS, LLP
                           BY:  MR. ADAM R. ALPER
14                              MR. AKSHAY DEORAS
                                MR. BRANDON HUGH BROWN
15                              MR. REZA DOKHANCHY
                           555 California Street
16                         Suite 2700
                           San Francisco, California 94104
17                         (415) 439-1400

18                         KIRKLAND & ELLIS, LLP
                           BY:  MR. MICHAEL W. DE VRIES
19                              MR. CHRISTOPHER M. LAWLESS
                           333 South Hope Street
20                         Suite 2900
                           Los Angeles, California 90071
21                         (213) 680-8400

22

23  Court Reporter:        JENNIFER COSTALES, CRR, RMR
                           Official Court Reporter
24                         219 South Dearborn Street, Room 2342
                           Chicago, Illinois 60604
25                         (312) 435-5895
                           jenny.uscra@yahoo.com

5960

1   APPEARANCES:  (Continued)

2   For the Plaintiffs:     KIRKLAND & ELLIS, LLP
                            BY:  MS. MEGAN MARGARET NEW
3                           300 North LaSalle Street
                            Chicago, Illinois 60654
4                           (312) 862-7439

5                           KIRKLAND & ELLIS, LLP
                            BY:  MS. LESLIE M. SCHMIDT
6                           601 Lexington Avenue
                            New York, New York 10022
7                           (212) 446-4763

8   For the Defendants:     STEPTOE & JOHNSON, LLP
                            BY:   MR. BOYD T. CLOERN
9                                 MR. SCOTT M. RICHEY
                                  MR. MICHAEL J. ALLAN
10                                MS. JESSICA ILANA ROTHSCHILD
                                  MS. KASSANDRA MICHELE OFFICER
11                                MR. DAVID SHEA BETTWY
                            1330 Connecticut Avenue NW
12                          Washington, DC 20036
                            (202) 429-6230
13
                            STEPTOE & JOHNSON, LLP
14                          BY:   MR. DANIEL S. STRINGFIELD
                            227 West Monroe Street
15                          Suite 4700
                            Chicago, Illinois 60606
16                          (312) 577-1300

17

18  ALSO PRESENT:           MR. RUSS LUND and
                            MS. MICHELE NING
19

20

21

22

23

24

25

5961

1        (Proceedings in open court at 10:04 a.m.  Jury out.)

2            THE COURT:  We'll just note for the record that there

3    are eight jurors present in the Motorola v Hytera case.  Eight

4    jurors are present.

10:04:38    5            Are you the CSO?

6            COURT SECURITY OFFICER:  Yes.

7            THE COURT:  Please swear the CSO.

8        (CSO duly sworn)

9            THE CLERK:  Do you solemnly swear as officer in

10:04:49    10   charge of this jury that you will provide a safe place for

11   their deliberations and suffer no one to speak to them, so

12   help you God?

13           COURT SECURITY OFFICER:  Yes, I do.

14           THE COURT:  When you talk to the jurors, you may tell

10:05:00    15   them when and if they are ready for lunch, that you will

16   escort them to the cafeteria on the second floor of this

17   building.

18           COURT SECURITY OFFICER:  Yes, sir.

19           THE COURT:  Thank you.

10:05:10    20       (Recess at 10:05 a.m.)

21       (Whereupon the Court heard other matters on his call)

22       (Proceedings in open court at 10:33 a.m.  Jury out)

23           THE CLERK:  Motorola versus Hytera.

24           THE COURT:  It is approximately 10:30.  The Court has

10:33:03    25   received two notes from the jury in Motorola versus Hytera.

|   |   |
|---|---|
| | 1 |
| | 2 |
| | 3 |
| | 4 |
| 10:33:17 | 5 |

THE CLERK:  None of the attorneys are here.

THE COURT:  Are you an attorney for Hytera?

MR. BETTWY:  I am an attorney for Hytera, Your Honor.

THE COURT:  All right.  See if you can find an attorney from Motorola.  But this is just to advise you that we have received two written notes from the jury.  We'll pass the case.  Find an attorney from Motorola.

We have found an attorney for Motorola.  What is your name?

MR. DOKHANCHY:  Yes, Your Honor.  Reza Dokhanchy for Motorola.

THE COURT:  And your name?

MR. BETTWY:  David Bettwy.

THE COURT:  All right.  Two written notes.  The first says, "We require the closing argument documents from Motorola.  If it is not permitted, please provide court transcript from 2/13/20."

The second note, "If Motorola's demonstratives in closing arguments are not able to be provided, please provide court transcript from 2/12/20 and 2/13/20."

Confer regarding this matter and you will be heard in about 10 or 15 minutes.

MR. DOKHANCHY:  Thank you, Your Honor.

THE COURT:  Okay.

MR. BETTWY:  Thank you, Your Honor.

5963

1      THE COURT:  All right.

2      (Whereupon the Court heard other matters on his call)

3      (Recess taken at 10:35 a.m.)

4      (Whereupon the Court heard other matters on his call)

12:06:50    5      (Proceedings in open court at 10:45 a.m.  Jury out)

6          MR. DE VRIES:  Mike De Vries on behalf of Motorola

7      along with Adam Alper, Megan New and Brendan Brown.

8          THE COURT:  Hytera.

9          MR. CLOERN:  Boyd Cloern, Your Honor, on behalf of

10:45:09   10     Hytera along with Michael Allan and David Shea Bettwy.

11         THE COURT:  The Court earlier advised counsel the

12     Court received two notes.  Let me again read them into the

13     record.  The first note is:

14         "We require the closing argument demonstratives from

10:45:22   15     Motorola.  If it is not permitted, please provide court

16     transcript from 2/13/20.  Thank you."

17         And then a few minutes later:

18         "If Motorola's demonstratives for closing argument

19     are not able to be provided, please provide court transcript

10:45:46   20     from 2/12/20 and 2/13/20."

21         So I wanted to give you an opportunity to consider

22     all of this and then take a position with respect to how the

23     Court should respond.  Do you need a few minutes?

24         MR. DE VRIES:  We do not, Your Honor.  We had

10:46:05   25     received word of the note and we've conferred.  And Motorola

1   agrees that its demonstrative closing slides should be

2   provided to the jury.

3         They've seen them already.  There is no prejudice.

4   Other demonstrative slides are also being provided to the jury

10:46:20   5   that were entered into evidence.  And so we have no objection

6   to the request, and we believe it will enable the jury and

7   assist the jury in deliberating.

8         We also have no objection to providing the

9   transcript.

10:46:34   10         THE COURT:  Well, just a minute.

11         MR. DE VRIES:  I'm sorry.

12         THE COURT:  The second note says "if."

13         MR. DE VRIES:  Yes.

14         THE COURT:  "...if Motorola's demonstratives for

10:46:45   15   closing argument are not able to be provided."

16         MR. DE VRIES:  Yes, Your Honor.  And we understand

17   that the final version of the transcript is not ready at this

18   time.  And so the other downside to not providing the

19   demonstrative closing slides that the jury has already seen

10:46:57   20   and so therefore there will be no prejudice to providing them

21   is that it will introduce a delay into the deliberations.

22         THE COURT:  But the point is if you were to respond

23   to the first request to give them what they're asking for, the

24   second note would be moot.

10:47:14   25         MR. DE VRIES:  Yes, Your Honor.  We agree.  We

1   believe that -- and so our position is that Motorola's

2   demonstrative closing slides should be provided to the jury.

3        THE COURT:  What is Hytera's response to both notes?

4        MR. CLOERN:  Your Honor, we do not believe that

10:47:28  5   Motorola's demonstrative closing slides should be provided to

6   the jury.  They are not evidence.  They are not admitted as

7   evidence.

8        Many of those slides contain what we believe are

9   mischaracterizations of what is the actual evidence.  So we do

10:47:49  10   not believe it would be proper at all.

11        There are certain demonstrative slides that were

12   admitted into evidence under the Rules of Evidence.  Most of

13   these aren't.

14        And in the closing arguments, I did not go through

10:48:03  15   and point out all the mischaracterizations in the slides.  We

16   would have been up there another two hours.

17        So we do not think that it is proper at all.

18        THE COURT:  All right.  So Motorola should put

19   together what it determines or deems are the demonstrative

10:48:27  20   exhibits it used in its closing argument to put together what

21   it is that you say this is it, and give Hytera an example to

22   see what it is that you would propose to give to the jury to

23   respond to their request.

24        MR. DE VRIES:  Yes, Your Honor.  That is almost

10:48:43  25   completed.  It is being printed as we speak.  And so as soon

1   as Your Honor would like, we'll be able to take that, provide

2   it to opposing counsel.

3        And one other thing I'll note is the jury understands

4   that these are demonstratives and not evidence.  They've been

10:48:58   5   instructed on demonstratives.

6        THE COURT:  Well, I'm not going to try to interpret

7   --

8        MR. DE VRIES:  Yes, Your Honor.

9        THE COURT:  --  what the jury has in mind.  I'm

10:49:04   10   looking at the clear written verbatim request.

11        MR. DE VRIES:  Yes, Your Honor.

12        THE COURT:  And so you let me know when you have put

13   together your proposed package of materials.  We'll make a

14   record on what it is by number --

10:49:15   15        MR. DE VRIES:  Yes, Your Honor.

16        THE COURT:  -- and give Hytera an opportunity to deal

17   with it.  So let me know when you are ready.

18        MR. DE VRIES:  Yes, Your Honor.  It will be very

19   shortly.

10:49:22   20        THE COURT:  Just let me know.

21       (Recess taken at 10:49 a.m.)

22       (Proceedings in open court at 11:21 a.m.  Jury out)

23        THE COURT:  When we left I asked Motorola to assemble

24   what it would present as its package of demonstrative

11:22:15   25   evidence, the words used by the jury.  Have you put together a

5967

1    proposed package?

2         MR. DE VRIES:  Your Honor, we have run into some

3    unanticipated complexity around that we understood -- that I

4    didn't understand when talking to Your Honor earlier around

5    understanding exactly what it is that the jury is referring

6    to.

7         THE COURT:  And you have hit the key point.

8         MR. DE VRIES:  And so, Your Honor, so what we did to

9    try to alleviate that issue is we made two proposals to

10   Hytera.  The one was we proposed by agreement that both

11   parties put in all of their closing slides.  They haven't had

12   an opportunity to respond to that proposal yet.

13        But if they are not agreeable to that, we withdraw

14   our request to put all of our closing slides back to the jury

15   and instead would suggest, in order to alleviate the

16   complexity that I just referred to, to ask the jury what

17   information they are looking for and that that could assist us

18   in providing it in a less complex way.

19        THE COURT:  See, the difficulty in asking the jury to

20   give its definition of terms in terms of what they think

21   demonstrative evidence is versus any other forms of evidence

22   would present a problem given the nature of this case, because

23   some demonstrative exhibits have morphed into actual exhibits,

24   et cetera.  There would be problems in that regard.

25        There is also a Seventh Circuit case, Baugh versus

5968

1    Cuprum, in which Judge Pallmeyer was reversed for giving

2    so-called demonstrative exhibits to a jury.  This is a 2013

3    case.

4              The difficulty is once again in saying what is

11:24:08    5    demonstrative, what is not or the jury's understanding of it,

6    and there was a reference in the instruction about

7    demonstrative evidence.

8              So, Hytera, do you want to be heard on this issue?

9              MR. CLOERN:  Yes, Your Honor.  Again, Hytera believes

11:24:24    10   it would be deeply prejudicial for the jury to be provided the

11   demonstrative slides from Motorola's closing.

12             THE COURT:  So you would agree with Baugh versus

13   Cuprum?

14             MR. CLOERN:  We would, Your Honor.  We do.  We would,

11:24:36    15   in fact do.  In particular in this circumstance, the jury only

16   has all the evidence is electronic.  This would be the only

17   thing that they have in paper.  And whatever they may be

18   thinking of for it now, it would be the thing that they all

19   start referring to.

11:24:51    20             THE COURT:  And during the course of the trial,

21   sometimes exhibits, all of which were identified by number,

22   originally might have been referred to as a demonstrative

23   exhibit.  Another similar exhibit along the way might have

24   been a slide and wasn't identified as demonstrative or

11:25:09    25   otherwise.  And then with respect to many of the exhibits, the

witnesses were on the stand on direct and cross and redirect
and recross and they sort of absorbed what might have been a
demonstrative exhibit, and it therefore morphed, if that's an
appropriate word, into hard evidence in the case.  It was
11:25:31   clearly evidential.

So what it gets down to, and I agree that if we were
somehow to try to read the mind of the jury on what they're
asking for, we would be unable to do so.  And to ask them to
define the term would create additional problems.

11:25:56   And so I would, therefore, say that their request for
what they call demonstrative exhibits is denied, which is in
agreement with what Hytera has just said and in light of Judge
Pallmeyer's reversal on the issue.

So that then takes us to the second note.  And so
11:26:22   here is what would happen.  If we say to the jury "You will
have a transcript as you have requested of those two dates,"
we would have to say to the jury "It will be available to you
when you return on Tuesday at 10:00 o'clock."

MR. DE VRIES:  Yes, Your Honor.  So two things.  One,
11:26:43   just to be clear, we agree with Your Honor's ruling about
denying the request for demonstratives.  I just want to make
very clear that we have no objection to that ruling.

On the transcripts, I understand that Hytera would
agree to provide the transcripts to the jury, if that's
11:27:00   correct, in other words, if Hytera is agreeable to that, we

5970

1    are also agreeable to proceeding as Your Honor just proposed.

2         If Hytera, however, has an objection to providing the

3    transcripts, then, you know, that's something that --

4         THE COURT:  Do you have an objection to giving the

5    transcripts that they have requested?

6         MR. CLOERN:  We do, Your Honor.

7         THE COURT:  What's the basis?

8         MR. CLOERN:  A couple.  First, the closing arguments

9    are arguments, the jury has heard them.  Second -- and so

10   they're not evidence, they're attorneys' arguments.

11        Second, then where does that go?  The jury may -- are

12   we going to give the rest of the transcripts?  And that's

13   something that we had been talking about, whether additional

14   parts of the trial transcript would need to be provided for

15   fairness and accuracy.  And then there is, I think, sidebars

16   included.  It just opened up a big can of worms.

17        But at the end of day, in particular with the closing

18   arguments, they're not admitted evidence in the case.  They

19   are arguments and spin on the evidence.

20        THE COURT:  And, indeed, they have been instructed on

21   that.

22        MR. DE VRIES:  Your Honor, I'm sorry to interrupt.

23   If Hytera will not agree to provide the transcripts, then we

24   do not want to propose to provide the transcripts to the jury.

25   We don't want to propose to do that over their objection.

11:27:16

11:27:28

11:27:48

11:28:03

11:28:16

5971

1          THE COURT:  So what that then would suggest is that

2     the notes from the jurors would basically say deliberate with

3     what you have.

4          MR. DE VRIES:  Yes, Your Honor.  We are fine, we are

11:28:38    5     fine -- we recognize the concern Your Honor has.

6          And just to be very clear, Your Honor, the concern we

7     have is that if they object to providing the transcript, it

8     becomes another circumstance like the Baugh case, where

9     afterwards they'll argue potentially to the Seventh Circuit

11:28:57   10    that they were somehow prejudiced.  We want to avoid that at

11    all costs.

12          And so for that reason what we had proposed to do,

13    and I don't know if Hytera had a chance to consider this, was

14    to respond by saying, you know, deliberate with what you have.

11:29:10   15    If there is specific information you are looking for, let us

16    know, and then we might be able to consider that.

17          THE COURT:  So you would open your own can of worms?

18          MR. DE VRIES:  Perhaps it's easiest to say deliberate

19    with what you have.

11:29:23   20          THE COURT:  Well, it's not a matter of easiest.  This

21    is clearly a case of judicial discretion.  And the Court must

22    be concerned about what might be argued at some point an abuse

23    of discretion.  I am keenly aware of that issue.  And I am

24    exercising my discretion and giving counsel an opportunity to

11:29:41   25    be heard on these issues.

5972

1          And so let's make it clear.  Does Hytera object to

2    providing the transcripts that they have requested of those

3    two particular days?

4          MR. CLOERN:  Yes, Your Honor.

11:29:54    5          THE COURT:  All right.  And now what is your reply to

6    their objection?

7          MR. DE VRIES:  In view of their objection, we do not

8    propose to provide those transcripts to the jury.  And so we

9    would propose the answer to the request should be "No.

11:30:09   10    Deliberate with what you have" or words to that effect.

11          THE COURT:  Is that the way you see it?

12          MR. CLOERN:  Yes, Your Honor.

13          THE COURT:  All right.  Then I will put this back to

14    you.  And you can confer and give me in written form the

11:30:23   15    answer that you agree that I should give to the jury.  I will

16    look at it and once again exercise my discretion in

17    determining whether to give that message back to the jury or

18    to reject it or require modification.

19          And so take the time you need to put together in

11:30:43   20    written form what you want me to say to the jury in reference

21    to their two notes.

22          MR. DE VRIES:  Yes, Your Honor.

23          MR. CLOERN:  Yes, Your Honor.

24          THE COURT:  We'll pass the case.

11:30:52   25     (Recess taken at 11:30 a.m.)

1      (Proceedings in open court at 11:34 a.m.  Jury out)

2           THE CLERK:  Motorola versus Hytera.

3           THE COURT:  I have just received a note from the

4      security officer, which he received from the jury, it looks

11:34:37    5   like at 11:25 hours.  And I will try to read it into the

6      record.

7           It says, "To clarify, we are unable to find the

8      amount of punitive damages presented by Motorola as of 2/12/20

9      on the computer in the jury room.  If that one

11:35:09   10  slide/demonstrative has been admitted into evidence, please

11     provide it as that is what we are needing.

12          "Thank you."

13          And this note is signed by a juror.  I won't mention

14     her name, but it is signed.

11:35:31   15       And so that is yet another development.  We'll pass

16     the case for you to take into account what is contained in

17     this note.

18          And, Mr. Fulbright, please make copies of the note so

19     counsel can confer regarding it.

11:35:47   20       All these notes, the originals will be made a part of

21     the record in the case.  We'll adjourn for a few minutes.

22          (Recess at 11:35 a.m.)

23          (Proceedings in open court at 11:55 a.m.  Jury out)

24          THE COURT:  Has Motorola had enough time to consider

11:56:07   25  the last note from the jury?

5974

1          MR. DE VRIES:  Yes, Your Honor.

2          THE COURT:  Has Hytera had enough time to consider

3  the last note from the jury?

4          MR. CLOERN:  Yes, yes, Your Honor.

11:56:17    5          THE COURT:  What is Motorola's position regarding the

6  last note?

7          MR. DE VRIES:  We propose to respond as follows, and

8  we have provided this language to Hytera.  And I am prepared

9  to hand it up to Your Honor.

11:56:30   10          THE COURT:  Yes.

11          MR. DE VRIES:  "It is Motorola's position that

12  exemplary damages should be awarded in the amount of $418.8

13  million.  It is Hytera's position that exemplary damages

14  should not be awarded."

11:56:42   15          We understand from a discussion before we came in to

16  Your Honor with Hytera that they would like to state that

17  punitive damages may be up to two times the amount of the

18  trade secret damages.  And as long as that language is

19  verbatim what is in the jury instruction, we don't have an

11:57:01   20  objection to including that as well.

21          But I'm prepared to hand this up if you would like.

22          THE COURT:  Yes.

23          What is Hytera's position regarding the last note?

24          MR. CLOERN:  So, Your Honor, we got Motorola's

11:57:14   25  language about 5 minutes ago, so we have not had an

1   opportunity to put something together ourselves.

2         THE COURT:  All right.  Let's leave it there then.

3   You certainly should have some time.

4         And it is also 3 minutes 'til noon.  The jury should

11:57:33   5   be permitted to have lunch.  So I will ask the CSO to take the

6   jury to lunch in the cafeteria on the second floor of this

7   building.  This will also give Hytera an opportunity to once

8   again go over the last note.

9         MR. CLOERN:  Thank you, Your Honor.

11:57:53   10        THE COURT:  Is there any objection?

11        MR. DE VRIES:  No, Your Honor.

12        THE COURT:  No objection.  All right.  So thank you.

13        MR. DE VRIES:  Yes, Your Honor.

14     (Recess taken at 11:58 a.m.)

12:06:50   15     (Proceedings in open court at 12:06 p.m.  Jury out)

16        THE COURT:  Counsel, I just wanted you to be aware

17   that the CSO has told me that the jury has declined lunch.

18   Thank you.

19     (Recess taken at 12:07 p.m.)

12:06:50   20     (Proceedings in open court at 12:21 p.m.  Jury out)

21        THE COURT:  Good afternoon, counsel.

22        A note from the jury.  The timing is 12:18 hours.

23   And the note reads:

24        "Your Honor, we are confused about the delay of the

12:21:33   25   information we requested.  Please let us know if we are unable

5976

1    to have the information requested and we would request

2    something else.  Thank you."

3          No name on this one.

4          MR. DE VRIES:  Your Honor, Motorola remains in the

12:21:53   5    same position.  We believe that the jury should be told what

6    we provided to Your Honor.  And we believe it's important to

7    provide the information so the jury is not left in the dark.

8    That information is obviously already in the record.  They've

9    heard it.  They simply want to be reminded of it.

12:22:10   10         What we have proposed includes both Motorola's

11   position and Hytera's position, so it is fair and balanced.

12         THE COURT:  What does Hytera say in response?

13         MR. CLOERN:  Your Honor, we have language that we're

14   proposing.  My colleague Dan Stringfield is going to bring up

12:22:26   15   a copy.

16         The language is for the record, "The Court has" --

17   I'm sorry, there you are.

18         "The Court has provided you with an instruction on

19   the scope of exemplary damages in the event you find Hytera

12:22:39   20   liable for trade secret misappropriation.  See Jury

21   Instruction Number 33.  Exemplary damages are not available

22   for copyright infringement."

23         Our concern is simply providing the 418 number in the

24   note from Motorola's counsel is that exemplary damages are not

12:22:59   25   a hard number.  They're a function of whatever the trade

5977

1    secret damages are.  So they're up to two times what trade

2    secret damages are.  And you can't consider copyright damages.

3         We don't know what the compensatory trade secret

4    number is.  And we shouldn't depart from the instruction,

12:23:20    5    which says two times your -- whatever you find for trade

6    secret misappropriation is your max.

7         MR. DE VRIES:  Your Honor, this might make things

8    easy.  We have no objection to including the language that

9    Hytera has proposed.  But we think it's also important to

12:23:34   10    provide a statement of the parties' positions.

11         It seems very clear that the jury is asking to be

12    reminded of what they've already heard.  It couldn't possibly

13    be prejudicial for them to be re-reminded of that.

14         And I believe that this provides the information that

12:23:50   15    they want in a fair and balanced way.  It provides both

16    parties' positions.  And it also with our agreement to the

17    language that Hytera just proposed makes very clear that they

18    need to look at the law as Your Honor has instructed them on.

19         THE COURT:  All right.  So you are asking then that

12:24:05   20    the Court would send in to the jury in written form, which I

21    have in my hand right here, this language:

22         "It is Motorola's position that exemplary damages

23    should be awarded in the amount of $418.8 million.

24         "It is Hytera's position that exemplary damages

12:24:26   25    should not be awarded.

5978

1    "The Court has provided you with an instruction on

2  the scope of exemplary damages in the event you find Hytera

3  liable for trade secret misappropriation.  See Jury

4  Instruction Number 33.  Exemplary damages are not available

12:24:45    5  for copyright infringement."

6    So Motorola says send that in?

7    MR. DE VRIES:  Yes, Your Honor.

8    THE COURT:  And Hytera wants only the second part to

9  go in?

12:24:53    10    MR. CLOERN:  Correct, Your Honor.

11    THE COURT:  All right.  This is a matter of

12  discretion.  And in exercising that discretion, I will give to

13  the jury the written responses, the two responses as I have

14  just read into the record.

12:25:11    15    I think it's important that we move expeditiously to

16  deal with the jury's requests here.

17    They are apparently impatient.  And the tone of their

18  note that says "we are confused about the delay of the

19  information we requested," that we must deal with that.

12:25:33    20    And so I see no prejudice to either side in giving

21  these two written responses to the jury.

22    So once again, it is the one that starts with "It is

23  Motorola's position," submitted by Motorola, and the second is

24  "The court has provided the instruction submitted by Hytera."

12:25:59    25  So both will be given.  I think the comprehensive answer will

1   satisfy the jury's inquiry.

2          And so, Mr. Fulbright, make copies of this.  Keep the

3   copies and then give the written originals that I have just

4   handed you to the CSO to give to the jury.

12:26:25   5          So we will have the copies.  The originals will be

6   handed by the CSO to the jury.

7          MR. DE VRIES:  Yes, Your Honor.

8          THE COURT:  I would suggest that you remain in the

9   area.

12:26:37   10          MR. DE VRIES:  Yes, Your Honor.

11      (Recess at 12:26 p.m.)

12      (Proceedings in open court at 12:32 p.m.  Jury out)

13          THE COURT:  Good afternoon, counsel.

14          The Court just received a note from the CSO at 12:30.

12:32:38   15   The note reads:

16          "Your Honor, thank you.  We have reached a verdict.

17   Thank you."  Unsigned.

18          So I think we should not waste any time, but ask the

19   jury to enter into the courtroom.

12:32:58   20          Ask the CSO to guide the jury into the courtroom,

21   please.  And the Court will file a copy of this note.

22      (Jury in)

23          THE COURT:  Good afternoon, members of the jury.

24          We have received your last note indicating that you

12:34:22   25   have reached the verdict.  Who has the verdict form?  May I

5980

1    see it, please.

2        (Tendering verdict)

3            THE COURT:  Thank you.

4            The verdict form appears to be facially proper.

12:34:57    5            CSO, please return this verdict.

6            Who will speak for the jury?  Who is the foreperson

7    of the jury?

8            THE FOREPERSON:  I will speak.

9            THE COURT:  And what is your name, please?

12:35:07   10            THE FOREPERSON:  My name is Carol Dohrn.

11            THE COURT:  The CSO is handing you the verdict form.

12    Would you rise please and read the verdict into the record.

13            First, what is your name?

14            THE FOREPERSON:  My name is Carol, last name Dohrn,

12:35:21   15    D-O-H-R-N.

16            THE COURT:  Please read the verdict into the record.

17            THE FOREPERSON:  Okay.  "On the matter of trade

18    secret claims, do you find that Motorola proved that it

19    possessed one or more trade secrets that was or were

12:35:35   20    misappropriated by Hytera?"

21            The jury said "Yes" for Motorola.

22            "On the matter of which of Hytera's defendants do you

23    find misappropriated one or more of Motorola's trade secrets,"

24    the jury said "Yes" on Hytera Communications Corporation

12:35:56   25    Limited, "Yes" on Hytera America Inc., and "Yes" on Hytera

5981

1    Communications America (West), Inc.

2         Number 3.  "If you answered 'Yes' to question 1, 'Do

3    you find that Motorola's claim for trade secrets

4    misappropriation is barred by the statute of limitations?'"

12:36:17    5         "No" for Motorola.

6         Number 4.  "Do you find that Motorola proved that

7    Hytera infringed Motorola's copyright?"

8         "Yes," we find, finding for Motorola.

9         Number 5.  "Which of Hytera's defendants do you find

12:36:37    10    infringed one or more of Motorola's copyrighted works?"

11         Hytera Communications Corporation Limited, we said

12    "Yes."

13         Hytera America Incorporated, we said "Yes."

14         Hytera Communications America (West) Inc., we said

12:36:55    15    "Yes."

16         Number 6.  For damages.  "What is the dollar amount

17    of the compensatory damages, if any, Motorola is entitled to

18    receive from Hytera for misappropriation of trade secrets

19    and/or copyright infringement through June 30, 2019?"

12:37:26    20         $345,761,156.

21         Number 7.  "Do you also find that Motorola is

22    entitled to recover exemplary damages against Hytera?"

23         "Yes."  The finding is for Motorola.

24         What is the dollar amount of the exemplary damages

12:37:50    25    Motorola is entitled to receive from Hytera through June 30,

5982

1   2019?"

2           We find that 418,800,000 is the proper amount.

3           This is signed by all the jurors.

4           THE COURT:  All right.  Would you give that to the

12:38:10   5   CSO.

6           THE FOREPERSON:  Yes.

7           THE COURT:  And, counsel, may I see you at sidebar to

8   show you the verdict form.

9       (Discussion at sidebar on the record)

12:39:12   10          THE COURT:  Do you have any objection to the form of

11  the verdict?

12          MR. ALPER:  We do not.

13          THE COURT:  Do you have any objection to the form of

14  the verdict?

12:39:19   15          MR. CLOERN:  No.

16          THE COURT:  All right.  The verdict appears to be in

17  good form.  There is no objection to the form of the verdict.

18          MR. ALLAN:  Just to clarify, Your Honor, just in

19  terms of we did object to the verdict form previously.

12:39:29   20          MR. CLOERN:  We did object to the verdict form

21  earlier.

22          MR. ALLAN:  We have no additional objections.

23          THE COURT:  I'm saying to the verdict form as given

24  to the Court.

12:39:37   25          MR. ALLAN:  As filled out, no objection.

5983

1          MR. CLOERN:  As filled out, no.

2          THE COURT:  Okay.  Of course there will be post-trial

3    motions regarding the verdict here.

4          What I do want to do at this point is to excuse the

12:39:49   5    jury with the thanks of all concerned.  And then we'll

6    continue the matter to entertain whatever fragments are left

7    to deal with and entertain any new motions in due course.  And

8    we'll agree on a future date for filing.

9          MR. DE VRIES:  Yes, Your Honor.

12:40:11  10          MR. ALPER:  Yes, Your Honor.

11          THE COURT:  Okay.

12      (End of discussion at sidebar)

13          THE COURT:  Members of the jury, your work here is

14    complete.  On behalf of all concerned, we want to thank you

12:40:27  15    for your attention to duty.  We know how closely you paid

16    attention to everything that was presented during the course

17    of the trial, and you have our respect and thanks.

18          The rest is up to the Court and counsel to deal with

19    as matters of law.

12:40:49  20          But your function and service as jurors is complete,

21    and you are excused.  Thank you.

22      (Jury excused and left the courtroom))

23          THE COURT:  Please be seated, counsel.

24          The clerk will make some additional copies of the

12:41:24  25    verdict to give to counsel of record.  And what I want to do

5984

is just to set a status date, not a hearing date or a deadline

date, just a status to see where we go from here to deal with

any matters that the Court must deal with in terms of, for

example, Rule 50 and anything else.

12:41:47

And so just for a status and nothing further, can you

agree upon a date?

MR. DE VRIES:  Your Honor, I believe it is important

to inform the Court that now with a jury of United States

citizens having found that Hytera willfully and maliciously

12:42:03

infringed on the trade secret and copyright of Motorola, we

intend to apply for, Your Honor, for an immediate temporary

restraining order enjoining Hytera from selling, importing,

exporting, manufacturing, offering for sale and all other

manner of disposition any of its accused DMR products anywhere

12:42:26

in the world.

We are prepared to file that motion in writing

immediately.  And what we would like to ask Your Honor to do

upon consideration of our written motion is to enjoin Hytera

in the manner I just described for 14 days pending --

12:42:47

THE COURT:  Well, you don't have to tell me what you

intend to do, except to say that you intend to file a TRO.  Do

so if you feel that's appropriate.

MR. DE VRIES:  Yes, Your Honor.

THE COURT:  And when do you intend to present it?

12:42:58

MR. DE VRIES:  My understanding is that Your Honor

5985

1    actually upon no notice, but certainly Hytera will be provided

2    with notice, can enter a TRO for 14 days.  And we in that time

3    will file a motion for preliminary -- I'm sorry, a permanent

4    injunction permanently enjoining Hytera from maliciously and

12:43:19    5    willfully infringing the intellectual property rights of

6    Motorola.  And we would like to set that 14 days out after

7    Your Honor has considered the application for an immediate

8    temporary restraining order.

9        THE COURT:  So with respect to the immediate

12:43:37    10    temporary restraining order, when do you intend to present it?

11        MR. DE VRIES:  At Your Honor's earliest convenience.

12        THE COURT:  All right.  Today is the 14th.  Can you

13    present it on the 21st?

14        MR. DE VRIES:  Yes, Your Honor.

12:43:59    15        THE COURT:  All right.  We'll set the matter for

16    presentation of the TRO on the 21st.

17        MR. CLOERN:  Your Honor, will we be provided any kind

18    of written brief?  Will we have any notice or do we just show

19    up on the 21st?

12:44:11    20        MR. DE VRIES:  Yes, Your Honor.  We are going to

21    provide a written brief.

22        THE COURT:  Well, you've got to follow the rules

23    obviously.

24        MR. DE VRIES:  Yes, Your Honor.

12:44:18    25        THE COURT:  I'm setting a presentment date, assuming

5986

1  you do follow all the rules, that you may present the motion

2  on the 21st of February, and we'll set the matter for 11:30

3  because I'm not quite sure what will be here on the docket on

4  that date.

12:44:34   5          So for presentment of the TRO, February 21st, Friday,

6  at 11:30.

7          MR. DE VRIES:  Yes, Your Honor.

8          THE COURT:  And that date will also serve as a status

9  with respect to any and all others that the Court must deal

12:44:53  10  with that the Court has not already dealt with to include the

11  Rule 50 motions, for example, and anything else.

12          So presentment of the TRO and status 2/21, 11:30.

13          MR. DE VRIES:  Yes, Your Honor.

14          THE COURT:  All right.  Thank you, counsel.

12:45:09  15          MR. DE VRIES:  Thank you, Your Honor.

16          THE COURT:  I should say this.  With respect to

17  everything that is now in the jury room, you should agree on

18  the procedure to remove from the jury room everything that is

19  there, including that special equipment I think that by

12:45:41  20  agreement you installed.

21          MR. DE VRIES:  Yes, Your Honor.

22          THE COURT:  So if you can do so, we would hope that

23  by the end of the day the jury room is in pristine condition.

24          MR. DE VRIES:  Yes, Your Honor.  We will make it

12:45:52  25  happen, with agreement from Hytera.

5987

1       THE COURT:  Okay.  If there is some impediment, I

2  will understand.

3       MR. DE VRIES:  Yes, Your Honor.

4       THE CLERK:  I need a copy of the jury instructions to

5  file for the record.

6       THE COURT:  Yes, it is so ordered.

7       (Proceedings concluded at 12:46 p.m.)

8

9                 C E R T I F I C A T E

10      I, Jennifer S. Costales, do hereby certify that the

11  foregoing is a complete, true, and accurate transcript of the

12  proceedings had in the above-entitled case before the

13  Honorable CHARLES R. NORGLE, one of the judges of said Court,

14  at Chicago, Illinois, on February 14, 2020.

15

16                         */s/ Jennifer Costales, CRR, RMR*

17                         Official Court Reporter

18                         United States District Court

19                         Northern District of Illinois

20                         Eastern Division

21

22

23

24

25