IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MOTOROLA SOLUTIONS, INC., and MOTOROLA SOLUTIONS MALAYSIA SDN. BHD, | ) | No. 17 CV 1973 |
| Plaintiffs, | ) | |
| vs. | ) | Chicago, Illinois |
| HYTERA COMMUNICATIONS CORPORATION, LTD., HYTERA AMERICA, INC., and HYTERA COMMUNICATIONS AMERICA (WEST), INC., | ) | February 21, 2020 |
| Defendants. | ) | 11:30 a.m. |

TRANSCRIPT OF PROCEEDINGS - MOTIONS/STATUS

BEFORE THE HONORABLE CHARLES R. NORGLE, SR.

APPEARANCES:

For the Plaintiffs: KIRKLAND & ELLIS, LLP
BY: MR. ADAM R. ALPER
MR. AKSHAY DEORAS
555 California Street
Suite 2700
San Francisco, California 94104
(415) 439-1400

KIRKLAND & ELLIS, LLP
BY: MR. MICHAEL W. DE VRIES
333 South Hope Street
Suite 2900
Los Angeles, California 90071
(213) 680-8400

Court Reporter: JENNIFER COSTALES, CRR, RMR
Official Court Reporter
219 South Dearborn Street, Room 2342
Chicago, Illinois 60604
(312) 435-5895
jenny.uscra@yahoo.com

APPEARANCES: (Continued)

For the Defendants: STEPTOE & JOHNSON, LLP
BY: MR. BOYD T. CLOERN
MR. MICHAEL J. ALLAN
MS. ALICE E. LOUGHRAN
MS. JESSICA ILANA ROTHSCHILD
MS. KASSANDRA MICHELE OFFICER
1330 Connecticut Avenue NW
Washington, DC 20036
(202) 429-6230

(Proceedings heard in open court)

THE CLERK: 17 C 1973, Motorola versus Hytera, motion to file under seal, motion for temporary retraining order, motion to appear *pro hac vice*, motion to file *amicus* brief, status.

11:33:54 THE COURT: All right. The motion to proceed *pro hac vice* is granted.

The motion to file under seal is granted.

Who represents Motorola this morning?

11:34:06 MR. DE VRIES: Good morning, Your Honor.

Mike De Vries on behalf of Motorola. With me here today are my colleagues Adam Alper and Akshay Deoras.

THE COURT: And Hytera.

MR. ALLAN: Yes. Good morning, Your Honor. Michael 11:34:18 Allan with Steptoe & Johnson for Hytera. With me are Boyd Cloern, Jessica Rothschild and Kassandra Officer and Alice Loughran.

THE COURT: Hytera has submitted a proposed preliminary injunction order.

11:34:30 Has Motorola had an opportunity to review it?

MR. DE VRIES: We have, Your Honor, yes.

THE COURT: Are you in agreement?

MR. DE VRIES: We are not. Their form of preliminary injunction or temporary retraining order pending the permanent 11:34:44 injunction has problems for multiple reasons. The first is

that it defines the accused products by product number as opposed to by the source code contained within the product. And as they admit in their brief filed last night, it is the source code that in large part contains the trade secrets and copyrighted code.

11:35:11

And so if Your Honor were to enter that part of their injunction, it would allow them to simply slap a new product number on the products and continue to sell them. We think that is incorrect.

11:35:19

Second, it is limited in scope to the United States. That is inappropriate. Their arguments that the injunction should not apply worldwide are flatly inconsistent with Your Honor's ruling about the extraterritorial scope of the DTSA, which Your Honor ordered and that --

11:35:38

THE COURT: Well, perhaps we can save some time to say that the Court denies Hytera's motion to sign the proposed preliminary injunction order, which then leaves the issue of preliminary injunction before the Court. But I'm rejecting this proposed order --

11:35:59

MR. DE VRIES: Yes, Your Honor.

THE COURT: -- for the reasons you've indicated, without deciding the issue of a preliminary injunction. It is now fully briefed, is it not?

MR. DE VRIES: As of last night, Your Honor, Hytera submitted an opposition brief. We have fully reviewed it. In

11:36:10

short, what Hytera has made clear now is that, despite the jury verdict finding that they are malicious and willful misappropriators of Motorola's trade secrets and infringers of copyright, Hytera intends to continue to sell the products with stolen trade secrets and source code.

11:36:29

THE COURT: However --

MR. DE VRIES: Yes.

THE COURT: The motion is now fully briefed as of yesterday?

MR. DE VRIES: Yes, Your Honor.

11:36:37

THE COURT: So Motorola should submit its proposed order if the Court were to grant the motion for a preliminary injunction. I want to see your proposed order. And, of course, make a copy available to Hytera as soon as possible. But the matter remains under advisement now that it is fully briefed.

11:36:53

MR. DE VRIES: And, Your Honor, we have submitted that proposed application and it's also referred to --

THE COURT: Not application. I'm saying order.

MR. DE VRIES: I'm sorry.

11:37:05

THE COURT: An order.

MR. DE VRIES: Yes, we have submitted that order. And I can hand up a copy to Your Honor if you would like, but we've done so.

THE COURT: Well, you've already done that by

11:37:12

delivering it to chambers, I assume?

MR. DE VRIES: Yes, Your Honor.

THE COURT: All right. We will find it.

And Hytera has a copy of it?

11:37:21 MR. ALLAN: We do, Your Honor.

THE COURT: All right.

MR. ALLAN: May I --

THE COURT: So the motion for preliminary injunction is now fully briefed and there is a proposed order before the Court submitted by Motorola.

11:37:29

MR. DE VRIES: Yes, Your Honor.

THE COURT: Now, where would that leave the TRO?

MR. DE VRIES: Well, I guess this may be a matter of definition, but what we have both submitted is a proposed order that would be, from our perspective, granting the application for the TRO.

11:37:41

And so what I think both parties agree based on the briefing that I read last night is that the injunctive relief that Your Honor enters on our application for a TRO should extend only until the motion for a permanent injunction is briefed and ruled on.

11:37:58

THE COURT: All right. So have you submitted by agreement a proposed TRO order?

MR. DE VRIES: So it was certainly not by agreement. Motorola has proposed an order to resolve its application for

11:38:11

TRO.

THE COURT: Has Hytera given the Court a proposed TRO order?

MR. ALLAN: We have not, Your Honor. We do not think a TRO is appropriate in this case for a number of different reasons.

THE COURT: And all of you have put in your submissions?

MR. ALLAN: We have, we have put in the submissions. We had obviously very little time to respond to their papers that we received on Tuesday evening. We did what we could to put in our papers.

THE COURT: All right. So if you are asking for leave to supplement your response to the TRO, the motion is granted. When will you supplement your response to the TRO?

MR. DE VRIES: Your Honor, may I be heard on this? They submitted their response last night. We have --

THE COURT: So we're moving on an hourly basis in this case.

MR. DE VRIES: Your Honor, they submitted this last night. They have been fully heard on our application for a TRO. We have not responded to that brief, but we don't believe that is necessary. We certainly are prepared to address any issues that Your Honor would like, including right now.

THE COURT: So since you say a reply is not necessary, you're asking the Court simply to rule on what you call your application and the response such as it is submitted by Hytera?

11:39:24 MR. DE VRIES: Yes, Your Honor.

THE COURT: And you object to Hytera having a couple of extra days to supplement its response?

MR. DE VRIES: It's not that we object to that. I guess I just -- I don't understand them to be requesting that.

11:39:35 THE COURT: Are you asking for a couple days to supplement your response?

MR. ALLAN: Your Honor, to the extent the Court is going to consider the extraordinary remedy of a temporary retraining order, particularly the order that they have

11:39:47 proposed in this case, which is unworkable for a number --

THE COURT: Does that sound like a "yes" to my question?

MR. ALLAN: It does, Your Honor. It is a "yes."

THE COURT: All right. How many days do you need?

11:39:55 MR. ALLAN: A week.

THE COURT: Since time seems to be so important here, we'll make the supplemental submission of Hytera due by the close of business on Tuesday. Gives you the weekend and a couple of days to work on it.

11:40:14 MR. ALLAN: Thank you, Your Honor.

THE COURT: And then if at that point Motorola feels a reply is necessary, then they can submit that reply as expeditiously as possible.

MR. DE VRIES: Yes, Your Honor.

11:40:27 THE COURT: All right. So we expect then to rule, if possible, on the TRO next week and also at the same time to be dealing with the motion for a preliminary injunction.

MR. ALLAN: So just to be clear, Your Honor, there is no pending motion for a preliminary injunction as I understand it. The plaintiffs --

11:40:46

THE COURT: There is not?

MR. ALLAN: -- have moved for a temporary retraining order.

THE COURT: Well, isn't that a preliminary injunction?

11:40:53

MR. ALLAN: Well, I think it's a separate requirement under Rule 65(d). Now, maybe they're mixing nomenclature. But they've called it for a temporary retraining order in advance of a permanent injunction.

11:41:05 Our position is that given the complexities of the issues in this case, the breadth of what they are asking for that they want done on a seven-day window that frankly is almost -- it is impossible for us to comply with because of scope, vagueness issues and issues that the Court has addressed that we have to deal with in China, namely, that

11:41:22

half of our company is not working, and the lawyers in order to comply with what they are asking for would have to go to China to address, help address these issues, namely, pulling documents and things out of their files, we need to guide and help them to do that. There is no conceivable way we could do that in a seven-day period.

11:41:38

What they want is a permanent injunction. What we would propose is that the parties --

THE COURT: We're going well beyond the scope of what is before the Court today. I think I've said enough in terms of the briefing here. And when whatever motions are before the Court are fully briefed, the Court will deal with them expeditiously.

11:41:52

MR. DE VRIES: Yes, Your Honor. So if they submit an additional supplement next Tuesday, we will reply, if necessary, immediately.

11:42:08

THE COURT: That's right. You have that option.

MR. DE VRIES: Yes, Your Honor.

THE COURT: All right. Now, there is also a motion to submit an *amicus curiae* brief.

11:42:19

What is the position of Motorola with respect to that request?

MR. DE VRIES: Well, we are confused by aspects of that. We cannot find any indication of what that organization is, nor do I believe that they've identified who are the

11:42:35

members of that organization, nor have they submitted any evidence in support of it. There is no declaration to support anything that's said. We think it's incorrect for reasons I could explain substantively, but --

11:42:53 THE COURT: Well, first let me find out what Hytera's position is with respect to that submission.

MR. DE VRIES: Yes, Your Honor.

MR. ALLAN: Your Honor, we think the Court should absolutely consider the submission. There is a massive public 11:43:01 interest issue with the scope and the timing of the interests of the injunction that they're asking for.

THE COURT: Let me express my immediate reaction or concern is that the proposed *amicus* seems to indicate an interest in the litigation on the basis that the movant are 11:43:29 entities that have dealings with Hytera. And it would suggest that they are not an independent entity or a true traditional *amicus*, but there was a relationship, a commercial relationship with Hytera, that they claim to be somehow representatives or dealers or whatever it may be in 11:43:56 relationship to Hytera.

So that may in and of itself be enough to deny their request. And I think they say that in the motion. Does somebody have a copy at the moment?

How they identify themselves and their relationship 11:44:17 with Hytera.

MR. DE VRIES: I agree, Your Honor, that they state that they're distributors of Hytera and they have an interest in this litigation and that that is a basis to deny the motion for an *amicus* brief.

11:44:28 They have not specifically identified who they are in this organization. We can find no record of who they are. But we agree that by the statements made in that motion, they have an interest. They say that they are going to continue selling the stolen technology that is from Hytera that they 11:44:45 have a commercial relationship with.

MR. ALLAN: Your Honor, there are a number of mischaracterizations Mr. De Vries just made. First of all, they don't say they have a stake in this litigation anywhere in the papers. They are distributors of Hytera products and 11:44:59 other radio products as well.

THE COURT: That's not a stake?

MR. ALLAN: Well, not in the litigation itself. They're trying to point out, Your Honor, that there are significant public interest issues in the event an injunction 11:45:12 is issued in this case. They're trying to explain that products are planned to be sold to different customers who have infrastructure in place who are waiting for these public safety units to arrive to protect the public. That's what they're trying to point out.

11:45:26 We have a number of other letters from customers and

things like that that are going to come in that will show the impact on innocent third parties by a broad worldwide injunction like the plaintiff is asking for here.

11:45:45

We think the Court should consider that information because it implicates and describes and shows the impact, the substantial impact that an injunction in this case will have on innocent third parties.

THE COURT: Well, that is something that you will be arguing if you have not already argued in your submissions.

11:46:02

Judge Posner a number of years ago when he was a distinguished member of the Seventh Circuit looked with scepticism as I recall reading one of his slip opinions about the presence of an *amicus* in the matters before the District Courts where they somehow just mirror a position taken by a party, and so their function has its limitations.

11:46:25

And I think this is an example of that, where what the request for appearance as *amicus* mentions or argues could be well stated by Hytera itself. And, indeed, Hytera continues to argue and will be continuing to argue the devastating effect from their standpoint of issuing a TRO, the preliminary injunction or eventually a permanent injunction. So at best this would simply be repetitious of what Hytera has and continues to argue.

11:46:51

But I think there is enough to sustain the objection to having that entity appear as *amicus* because they do state

11:47:10

they have a relationship with one of the parties and Hytera. If someone came in on an *amicus* and said that they had a relationship with Motorola Solutions, I would probably rule accordingly.

11:47:36 But what we have in this case fortunately are very competent lawyers who are experienced in these matters, who have considerable staffs and are zealous in making their submissions in written form and research. And so the issues suggested in the petition to appear as *amicus* will be before 11:48:02 the Court in any event. And so the objection to having that entity appear as *amicus* is sustained and I will disregard what is contained in their submission.

In short, Hytera has already argued these issues and will continue to argue them. And so the interest of the 11:48:24 parties more or less identified in the motion certainly will be well argued and represented by competent counsel.

I think that wraps it up --

MR. ALPER: Yes, Your Honor.

MR. CLOERN: Thank you, Your Honor.

11:48:40 THE COURT: -- so to speak. All right. So there are a number of matters before the Court. And I think we've said enough for today. Are there any other issues before the Court at the moment?

MR. ALPER: Your Honor, you had also set a status to 11:48:55 address the remaining wrap-up of the case.

THE COURT: And when is that set for?

MR. ALPER: That was for today.

THE COURT: Oh, for today. All right.

MR. ALPER: Yeah, you had set that. So I can address that very briefly.

THE COURT: Beyond what I have already said, what else is there?

MR. ALPER: So the next step, we believe, the next step would be to enter judgment in the case, which would then put us into --

THE COURT: A judgment upon the verdict?

MR. ALPER: Upon the verdict. And I would just like to speak to that for one moment. We went through the record and noticed that there were two affirmative defenses pled by the defendants but never pursued in the case. And so we would recommend that Your Honor, in order to ensure you are entering judgment on all claims and defenses, enter judgment on the verdict but perhaps in your minute order say "and any remaining defenses by defendant."

THE COURT: Well, that would take us to the Rule 50 motions as well. And the Court in its order said that, pursuant to Rule 50, the Court would wait to see what the jury did.

And so what is your position now that the jury has reached a verdict with respect to the Rule 50 motions that are

before the Court?

MR. ALPER: Yeah, so our position is that Your Honor should enter judgment as I suggested, so we make sure that it's a, you know, fully comprehensive judgment, and then we would set a briefing schedule for the remaining Rule 50 motions.

THE COURT: What would remain in light of the verdict?

MR. ALPER: So there is the post trial, I would assume that defendants will file post-trial JMOL motions maybe.

THE COURT: Well, that is to come. But I'm saying in terms of what is now before the Court.

MR. ALPER: What is pending? Well, I believe that we would say that you could deny the pre-verdict motions and then that will dispose of those and then enter judgment and then get us to the post-trial briefing.

THE COURT: Rule 50 motions were brought by Motorola as well as Hytera.

MR. ALPER: Yes.

THE COURT: And so the Court reserved ruling with a view to see what the verdict of the jury would be. And so let me put it to you, does this now get to the point where the Court could say, in light of the verdicts of the jury, all Rule 50 motions brought by both Motorola and Hytera are denied

as moot or denied.

MR. ALPER: Yes, you can certainly do that. The parties' positions for appeal are preserved in that case, and then we can move on, once you enter judgment, on to the post --

THE COURT: What does Hytera say about that way to deal with the Rule 50 motions before the Court?

MR. CLOERN: That would be an option that Your Honor could do.

THE COURT: All right. That's the way I think it should proceed. So that we would say, in short, the Rule 50 motions brought by Hytera and Motorola in which the Court reserved ruling on them waiting for the jury verdict are now denied as moot in light of the verdict reached by the jury.

But there is yet to be entered a judgment upon the verdict, and that's what you are moving for today?

MR. ALPER: Yes. We move for you to enter judgment on the verdict, but also just make a statement that this covers these, what we found, two affirmative defenses that were equitable defenses that were never pursued by defendants.

THE COURT: All right. So in that regard give me a proposed judgment that would compel the Court to deal on the arguments that you have just made.

MR. ALPER: Yes, Your Honor, we can do that right away.

THE COURT: All right. Show that proposed judgment to Hytera. And if Hytera has any objections to its entry, then Hytera can file an appropriate pleading expeditiously. So we'll leave it there.

11:52:54 MR. ALPER: Yes, Your Honor. And then we can take -- I assume by your comments that we should take up the briefing schedule for the remaining motions at another time or we can propose one right now.

THE COURT: I'm saying what remaining motions? There

11:53:08 are motions still to come.

MR. ALPER: Still to come, yes.

THE COURT: What I'm saying, I think we're wrapping up the existent motions.

MR. ALPER: Understood, Your Honor.

11:53:15 THE COURT: All right. That's where we are.

MR. ALPER: Yes.

THE COURT: All right. Thank you.

MR. CLOERN: Thank you, Your Honor.

(Proceedings concluded)

C E R T I F I C A T E

I, Jennifer S. Costales, do hereby certify that the foregoing is a complete, true, and accurate transcript of the proceedings had in the above-entitled case before the Honorable CHARLES R. NORGLE, one of the judges of said Court, at Chicago, Illinois, on February 21, 2020.

*/s/ Jennifer Costales, CRR, RMR*
*Official Court Reporter*
*United States District Court*
*Northern District of Illinois*
*Eastern Division*