# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MOTOROLA SOLUTIONS, INC., and MOTOROLA SOLUTIONS MALAYSIA SDN. BHD.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>HYTERA COMMUNICATIONS CORPORATION LTD., HYTERA AMERICA, INC., AND HYTERA COMMUNICATIONS AMERICA (WEST), INC.<br><br>　　　　Defendantss. | Civil Action No.: 1:17-cv-01973<br><br>Honorable Charles R. Norgle Sr. |

## MEMORANDUM IN SUPPORT OF ITS
## BILL OF COSTS

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. LEGAL STANDARD .......................................................................................................... 1

III. BILL OF COSTS ................................................................................................................. 1

    A. Fees for service of summons and subpoena ........................................................... 2

    B. Fees for printed or electronically recorded transcripts .......................................... 3

        1. Costs for necessary depositions ................................................................. 3

        2. Court reporter fees for court hearings and trial .......................................... 7

    C. Fees for witnesses .................................................................................................. 8

    D. Fees for exemplification and the costs of making copies ...................................... 9

        1. Exemplification costs .................................................................................. 9

        2. Duplications of materials .......................................................................... 10

        3. Certified copies of copyright registrations ............................................... 10

        4. Costs associated with converting/processing files for production ............ 11

    E. Compensation of interpreters and costs of special interpretation services ........... 12

IV. CONCLUSION .................................................................................................................. 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ariel Investments, LLC v. Ariel Capital Advisors LLC*,
   No. 15 C 3717 MFK, 2017 WL 3023746 (N.D. Ill. July 17, 2017) .........................................11

*Cascades Computer Innovation, LLC v. Samsung Elecs. Co.*,
   No. 11 C 4574 MFK, 2016 WL 612792 (N.D. Ill. Feb. 16, 2016) ..........................................12

*Cefalu v. Vill. of Elk Grove*,
   211 F.3d 416 (7th Cir. 2000) ....................................................................................................9

*Cengr v. Fusibond Piping Sys., Inc.*,
   135 F.3d 445 (7th Cir. 1998) ....................................................................................................3

*Chicago Bd. Options Exch., Inc. v. Int'l Sec. Exch., LLC*,
   No. 07 CV 623 JHL, 2014 WL 125937 (N.D. Ill. Jan. 14, 2014).......................................5, 11

*Comrie v. IPSCO Inc.*,
   No. 08 C 3060 JWD, 2010 WL 5014380 (N.D. Ill. Dec. 1, 2010) .........................................11

*Engate, Inc. v. Esquire Deposition Svcs. LLC*,
   No. 01 C 6204 MFK, 2006 WL 695650 (N.D. Ill. Mar. 13, 2006) ..........................................5

*GC2 Inc. v. Int'l Game Tech.*,
   No. 16 C 8794 MFK, 2019 WL 3410223 (N.D. Ill. July 29, 2019) ...................................6, 10

*Glenayre Elecs., Inc. v. Jackson*,
   No. 02 C 0256 HDL, 2003 WL 21947112 (N.D. Ill. Aug. 11, 2003), *aff'd*, 95
   F. App'x 344 (Fed. Cir. 2004) ................................................................................................10

*Herrera v. Grand Sports Arena, LLC*,
   No. 17-CV-0452 RMD, 2018 WL 6511155 (N.D. Ill. Dec. 11, 2018).....................................6

*Herrera-Nevarez v. Ethicon, Inc.*,
   No. 18-1851 MFK, 2018 WL 5098825 (7th Cir. Sept. 7, 2018) ..............................................9

*Intercontinental Great Brands LLC v. Kellogg N. Am. Co.*,
   No. 13 C 321, 2016 WL 316865 (N.D. Ill. Jan. 26, 2016) .....................................................11

*Kinzenbaw v. Case LLC*,
   No. 05-1483 AAS, 2006 WL 1096683 (Fed. Cir. Apr. 26, 2006) ............................................6

*LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*,
   No. 08 C 0242 ASE, 2011 WL 5008425 (N.D. Ill. Oct. 20, 2011) ..........................................9

*Little v. Mitsubishi Motors N. Am., Inc.*,
  514 F.3d 699 (7th Cir. 2008) ..................................................................................5

*Majeske v. City of Chicago*,
  218 F.3d 816 (7th Cir. 2000) ................................................................................7, 8

*McIlveen v. Stone Container Corp.*,
  910 F.2d 1581 (7th Cir. 1990) ...............................................................................10

*Merix Pharm. Corp. v. Clinical Supplies Mgmt., Inc.*,
  No. 11 C 3318 MFK, 2015 WL 3407459 (N.D. Ill. May 27, 2015)..............................2, 10, 11

*Montanez v. Simon*,
  755 F.3d 547 (7th Cir. 2014) ..................................................................................2

*Narkiewicz-Laine v. Doyle*,
  930 F.3d 897 (7th Cir. 2019), *reh'g denied* (Aug. 14, 2019), *cert. denied,* No.
  19-620, 2020 WL 129634 (U.S. Jan. 13, 2020)........................................................1

*Nilssen v. Osram Sylvania, Inc.*,
  No. 01 C 3585 JWD, 2007 WL 257711 (N.D. Ill. Jan. 23, 2007) *aff'd*, 528
  F.3d 1352 (Fed. Cir. 2008) ......................................................................................9

*Schultz v. iGPS Co. LLC*,
  No. 10 C 0071, Dkt. No. 403 (N.D. Ill. May 8, 2013).............................................2, 7

*Se-Kure Controls, Inc. v. Vanguard Prods. Grp., Inc.*,
  873 F. Supp. 2d 939 (N.D. Ill. 2012) .......................................................................7

*Shanklin Corp v. Am. Packaging Mach., Inc.*,
  No. 95 C 1617 SIS, 2006 WL 2054382 (N.D. Ill. July 18, 2006) ........................7, 8

*Springer v. Ethicon, Inc.*,
  No. 17 C 3930 MFK, 2018 WL 1453553 (N.D. Ill. Mar. 23, 2018), appeal
  dismissed sub nom ...................................................................................................9

*Trading Techs. Int'l, Inc. v. eSpeed, Inc.*,
  750 F. Supp. 2d 962 (N.D. Ill. 2010) .......................................................................6

*United States v. Emergency Med. Assocs. of Illinois, Inc.*,
  436 F.3d 726 (7th Cir. 2006) ...................................................................................2

*Vardon Golf Co. v. Karsten Mfg. Corp.*,
  No. 99 C 2785 DHC, 2003 WL 1720066 (N.D. Ill. Mar. 31, 2003).........................9

*Williams v. Schwarz*,
  No. 15 C 1691 SF, 2018 WL 4705558 (N.D. Ill. Oct. 1, 2018).............................10

**Statutes**

17 U.S.C. § 411(a) ...............................................................................................................11

28 U.S.C. § 1821..............................................................................................................8, 9

28 U.S.C. § 1828............................................................................................................1, 12

28 U.S.C. § 1920.........................................................................................................*passim*

28 U.S.C. § 1923..................................................................................................................1

**Rules**

Federal Rule of Civil Procedure 54(d)..............................................................................1, 2

Local Rule 54.1 .................................................................................................................1, 6

**Other Authorities**

28 C.F.R. § 0.114(a)(3)........................................................................................................2

**I.      INTRODUCTION**

Plaintiffs Motorola Solutions, Inc. and Motorola Solutions Malaysia SDN. BHD ("Motorola") respectfully submit their memorandum in support of their bill of costs from Defendant Hytera Communications Corporation Ltd. ("Hytera").[1] After nearly a four-month trial, the jury found for Motorola on every issue and awarded the full amount of damages Motorola requested. This Court entered judgment on the jury's verdict in favor of Motorola. Dkt. 947. As the undisputedly prevailing party, Motorola may recover costs from Hytera pursuant to Local Rule 54.1 and Federal Rule of Civil Procedure 54(d).

**II.     LEGAL STANDARD**

Under Federal Rule of Civil Procedure 54(d)(1), "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); L.R. 54.1. Pursuant to 28 U.S.C. § 1920, the Court may tax (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts and interpreters under 28 U.S.C. § 1828.

**III.    BILL OF COSTS**

The judgment in Motorola's favor undisputedly renders it the prevailing party. *See Narkiewicz-Laine v. Doyle*, 930 F.3d 897, 906 (7th Cir. 2019), *reh'g denied* (Aug. 14, 2019), *cert.*

---

[1] Because defendants Hytera America, Inc. and Hytera America (West), Inc. have filed for Chapter 11 bankruptcy, Motorola only seeks costs from the non-debtor defendant Hytera Communications Corp., Ltd., the publicly-traded parent entity, at this time. *See* Dkt. 976 at 3. Motorola's motion is without prejudice to seeking costs or any other relief from Hytera America, Inc. and Hytera America (West), Inc. at a later date.

1

*denied,* No. 19-620, 2020 WL 129634 (U.S. Jan. 13, 2020). As the prevailing party, Motorola should be awarded its reasonable costs pursuant to 28 U.S.C. § 1920, L.R. 54.1, and Fed. R. Civ. P. 54(d). *Montanez v. Simon*, 755 F.3d 547, 557 (7th Cir. 2014).[2]

### A. Fees for service of summons and subpoena

Pursuant to 28 U.S.C. § 1920(1), Motorola requests $1,600.00 in *pro hac vice* admission fees. Motorola filed *pro hac vice* admission applications for its attorneys. *See* Dkts. 9, 13, 14, 15, 16, 63, 72, 75, 138, 168, 327, 441, 663, 660, 716 and 727. The related fees are taxable. *United States v. Emergency Med. Assocs. of Illinois, Inc.*, 436 F.3d 726, 730 (7th Cir. 2006). Motorola has documented these costs in **Appendix A**.

Motorola further requests $1,235.00 for process server fees pursuant to 28 U.S.C. § 1920(1). Motorola served the summons and complaint on Hytera, as well as document and deposition subpoenas to seventeen of Hytera's dealers and one accounting firm Hytera used. "A prevailing party may recover costs paid to private process servers that do not exceed the marshal's fees" of $65 per hour for each item served, plus travel and any other out-of-pocket expenses. *Merix Pharm. Corp. v. Clinical Supplies Mgmt., Inc.*, No. 11 C 3318 MFK, 2015 WL 3407459, at *12 (N.D. Ill. May 27, 2015); 28 C.F.R. § 0.114(a)(3) (effective Oct. 30, 2013). Motorola's private process servers did not separately indicate time spent or mileage. Accordingly, Motorola conservatively assumes that each subpoena took an hour to serve and requests the $65 U.S. Marshals' fee for each subpoena. *See* Order at 4, *Schultz v. iGPS Co. LLC*, No. 10 C 0071, Dkt. No. 403 (N.D. Ill. May 8, 2013) (where invoices did not reflect mileage or the hours spent court "assumes that one hour was spent serving each subpoena and awards costs for service at the U.S.

---

[2] As with its motion for attorneys' fees, Motorola is willing to continue to meet and confer with Hytera regarding an agreed amount of costs.

2

Marshals' rate"). Motorola has documented these costs in **Appendix B** at 1, with invoices on the subsequent pages of the same appendix.

### B. Fees for printed or electronically recorded transcripts

Under 28 U.S.C. § 1920(2), Motorola should be awarded "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Motorola requests a total of $290,185.90 in deposition as well as hearing and trial transcript-related costs.

#### 1. Costs for necessary depositions

Deposition costs are recoverable if the deposition was reasonably necessarily "to the case at the time it was taken," regardless of its subsequent use in a motion or in court. *See Cengr v. Fusibond Piping Sys., Inc.,* 135 F.3d 445, 455 (7th Cir. 1998). Thus, Motorola seeks $215,703.70 in costs related to the depositions of the witnesses listed in Appendix C: (1) $43,800.20 in transcript costs; (2) $76,013.75 in videotaping costs; (3) $67,757.40 in real-time transcription costs; (4) $20,452.35 in exhibit scanning costs; and (5) $7,680.00 in cancellation fees.

All of the Hytera depositions for which Motorola seeks its costs were reasonably necessary, and it was reasonably necessary for Motorola to incur costs for the Motorola employees Hytera deposed:

- Depositions of Motorola employees who left Motorola to go to Hytera, including G.S. Kok, Y.T. Kok, and Sam Chia, were necessary to many issues, including the theft of materials from Motorola by Hytera;

- Depositions of Hytera's CEO, Qingzhou Chen; Hytera's Vice President of R&D, Pengfei Sun; Hytera's CFO, Nuo Xu; the president of Hytera North and South America Andrew Yuan; and the sales director of Hytera America, Steve Cragg, were necessary to many issues, including the history of Hytera, sales of the infringing products, the extent to which Hytera benefited from the theft, Hytera's knowledge of the theft, and Hytera's failure to independently develop a DMR product;

- Deposition of Junping Luo was necessary to many issues, including to understand Hytera's document storage procedures and alleged investigation into the theft;

- Depositions of Shen Baolan, Ni Huang, Qin Jun, Jue Liang, Yang Liwei, Xu Yan, Yang Yu, Minjie Zhang, Yingzhe Zhang, Xiaohua Zheng, and Deyou Zhu were

3

     necessary to many issues, including the extent of Hytera's theft and to refute Hytera's defense that no one other than the "ex-Motorolans" knew of the stolen trade secrets;

- Deposition of Hytera engineer Jianwu Yang was necessary because Hytera included him on its initial disclosures;

- Deposition of Bruce Marcus, a third-party employee of one of Hytera's dealers, was necessary to many issues, including Hytera's sales of the infringing products;

- Depositions of Hytera's experts (Mr. Grimmett, Hytera's technical expert; Ms. Frederikson-Cross, Hytera's technical source code expert; Mr. Peck, Hytera's technical expert regarding independent development, and Dr. Aron Hytera's damages expert) were necessary to understand Hytera's defenses;

- Depositions of Motorola engineers who worked on the trade secrets at issue and testified at trial (including Russ Lund, Mark Boerger, Jesus Corretjer, Dan Zetzl, Sanjay Karpoor, David, Wiatrowski, and Dale Rublaitus) were necessary to many issues, including Motorola's trade secrets;

- Deposition of Motorola's head of IT and infrastructure, Scott Shepard, was necessary for Hytera to understand Motorola's policies and procedures for protecting confidential information;

- Deposition of Motorola employee Jason Winkler was necessary for Hytera to understand Motorola's financial information;

- Deposition of Motorola's experts Stephen Wicker, Sundeep Rangan, and Jim Malacowski as well as Motorola engineers and employees (including Tom Bohn, Kimberly Corso, Randall Helm, Hun Weng Khoo, Ted Kozlowski, Kwai Sin Lokang, Solomon Lorthu, Patricia Martensen, Nickie Petratos, Bryan Potratz, Jeffrey Spaeth, Darrell Stogner, and Jack Wong) was necessary because Hytera noticed those depositions; and

- Deposition of employees of third-party TAEUS, Sebastian Nutter and Craig Cox, was necessary because Hytera subpoenaed them.

Accordingly, Motorola should be awarded these deposition costs, as reasonably necessary to demonstrate Hytera's theft and the value it obtained from using Motorola's highly confidential trade secret and copyrighted information.

4

In particular, Motorola seeks to recover $43,800.20 in transcript costs. Motorola only seeks the ordinary transcript rate of $3.65 per page for original transcripts and $0.90 per page for copies[3] established by the Judicial Conference of the United States.[4]

Motorola also requests $76,013.75 for videotaping depositions. The cost of video recording depositions may be taxed in addition to stenographic transcription, provided that both are reasonable and necessary. *See Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) (holding that both video-recording and stenographic transcription costs may be taxed and noting that "most transcripts of video-recorded depositions" are necessary). Here, videotaped depositions were necessary and reasonable. As an initial matter, Hytera videotaped all of the depositions it took of Motorola witnesses. Moreover, all of the witnesses for which Motorola requests costs reside outside of this Court's subpoena power for trial.[5] *Engate, Inc. v. Esquire Deposition Svcs. LLC*, No. 01 C 6204 MFK, 2006 WL 695650, at *2 (N.D. Ill. Mar. 13, 2006) (taxing videotaped depositions of parties outside the court's subpoena power); *see also Chicago Bd. Options Exch., Inc. v. Int'l Sec. Exch., LLC*, No. 07 CV 623 JHL, 2014 WL 125937, at *4 (N.D. Ill. Jan. 14, 2014) (same). For example, Steven Cragg resides in Texas, while Andrew Yuan resides in California. G.S. Kok, Y.T. Kok, Sam Chia, Qingzhou Chen, Pengfei Sun, Nuo Xu, Yu Kok Hoong, Jianwu Yang, Junping Luo, Shen Baolan, Ni Huang, Qin Jun, Jue Liang, Yang Liwei, Xu Yan, Yang Yu, Minjie Zhang, Yingzhe Zhang, Xiaohua Zheng, and Deyou Zhu reside in China. In fact, key witnesses including Y.T. Kok, Sam Chia, and G.S. Kok were unavailable for trial and Motorola was forced to play their videotaped depositions for the jury. *See* Dkt. 766.

---

[3] Motorola requests original transcript rates for depositions it noticed and copy transcript rates for depositions Hytera noticed.

[4] "Maximum Transcript Rates," United States District Court - Northern District of Illinois, *available at* https://www.ilnd.uscourts.gov/Pages.aspx?rsp2kxYIAI6Z3skP0PESA+q3bXKkfRyo.

[5] Motorola is not seeking videotaping costs for depositions of its own witnesses or Hytera's experts.

5

Motorola also requests $67,757.40 in real-time transcription costs. Costs relating to real-time transcription, which allows an examining attorney to review the deponent's testimony as it unfolds and to analyze testimony during breaks in order to identify issues, are recoverable. *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 975 (N.D. Ill. 2010) (real-time transcription is recoverable but limited by Local Rule 54.1(b) to the "copy rate established by the Judicial Conference of the United States at the time the deposition was taken"); *see also Kinzenbaw v. Case LLC*, No. 05-1483 AAS, 2006 WL 1096683 *6 (Fed. Cir. Apr. 26, 2006) (upholding taxation of realtime transcripts deemed "necessary"). Here, the testimony of witnesses on complex technology required having real-time transcription available. In particular, real-time transcription was especially necessary for the Hytera witnesses that testified in Mandarin Chinese with an interpreter. Indeed, as a result of the translation, there would often be a long gap between questions and answers, necessitating review of a witness's prior testimony.

Motorola also requests $20,452.35 in exhibit scanning costs, which are recoverable because "litigants need to use the exhibit-stamped version of a document in order to benefit from a witness's deposition testimony about the document." *GC2 Inc. v. Int'l Game Tech.*, No. 16 C 8794 MFK, 2019 WL 3410223, at *5 (N.D. Ill. July 29, 2019) (citations omitted).

Finally, Motorola also requests $7,680.00 in cancellation fees relating to depositions that Hytera unilaterally cancelled. *Herrera v. Grand Sports Arena, LLC*, No. 17-CV-0452 RMD, 2018 WL 6511155, at *6 (N.D. Ill. Dec. 11, 2018). Hytera cancelled the December 2018 deposition of Huang Ni, with less than 24-hours' notice. *See* Ex. 1 (12/13/2018 Brown Email).[6] Similarly, Hytera unilaterally cancelled the depositions of Xiaohua Zheng, Jianwu Yang, and Junping Luo days before they were scheduled to begin in Hong Kong. *See* Ex. 2 (3/16/2019 Alper Email).

---

[6] Invoice No. CA3614997, which reflects this cancellation fee, lists as the witness Junping Luo, whom Hytera proposed to substitute in place of Huang Ni as Hytera's Rule 30(b)(6) designee.

6

Motorola has documented these costs in **Appendix C** at 1-2, with invoices on the subsequent pages of the same appendix.

### 2. Court reporter fees for court hearings and trial

A prevailing party can recover court transcripts under section 28 U.S.C. § 1920(2), including "trial transcripts and transcripts from other court proceedings necessarily obtained for use in the case." *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000). Thus, Motorola seeks $74,482.20 in court reporter fees for court hearings and the trial.

The hearing transcripts were reasonably necessary given the complexity of this trade secret and copyright infringement litigation and given that the case was in litigation for three years. *See* Order at 7, *Schultz v. iGPS Co. LLC*, No. 10 C 0071, Dkt No. 403 (N.D. Ill. May 8, 2013) (allowing costs associated with obtaining transcripts), *appeal dismissed* (June 12, 2013).

Moreover, Motorola should be awarded both daily and final trial transcript costs. A court may award costs for daily trial transcripts if "it was reasonable and necessary to order transcripts on an expedited basis." *Se-Kure Controls, Inc. v. Vanguard Prods. Grp., Inc.*, 873 F. Supp. 2d 939, 945 (N.D. Ill. 2012) (citation omitted). Courts consider several factors in determining whether to award costs for daily trial transcripts: (1) the length of the trial and the complexity of the issues, (2) whether a daily transcript was necessary to minimize disagreement over the testimony of witnesses, (3) whether proposed findings of fact were required, (4) whether the case involved expert witnesses whose cross-examination required knowledge of the exact wording of their previous testimony or that of any other witness, (5) the size of the claim, (6) and the importance of witness credibility. *Shanklin Corp v. Am. Packaging Mach., Inc.*, No. 95 C 1617 SIS, 2006 WL 2054382, at *2 (N.D. Ill. July 18, 2006). Here, each factor weighs in favor of awarding Motorola daily transcript fees. The trial took nearly four months, involved 5,200 trial exhibits and 30 witnesses who testified live or by deposition that was read into the record. Hytera

further submitted proposed findings of fact (Dkt. 965) to which Motorola responded (Dkt. 969). The case involved four Hytera expert witnesses whose cross examination was central to demonstrating the scope and extent of Hytera's theft (*see, e.g.*, Dkt. 978 § II.C), and three Motorola expert witnesses that Hytera cross examined at length. The size of the claim—$765 million through June 30, 2019—also supports the need for daily transcripts. Witness credibility was also of the utmost importance at the trial, as Hytera repeatedly asserted numerous baseless defenses that were refuted upon cross examination. *See, e.g.*, *id.* Finally, daily trial transcripts were necessary for Motorola's motion for judgment as a matter of law and closing arguments.

Motorola has documented these costs in **Appendix D** at 1, with invoices on the subsequent pages.

### C. Fees for witnesses

Motorola requests $10,367.00 in witness fees and reasonable expenses for its witnesses who attended depositions and/or trial. "Collectively, 28 U.S.C. §§ 1821 and 1920(3) authorize the award of costs to reimburse witnesses for their reasonable travel and lodging expenses." *Majeske,* 218 F.3d at 825-26. Motorola requests $40 per day per witness for the days that its witnesses were deposed or attended trial—but not the days those witnesses were preparing and/or waiting to testify. *See* 28 U.S.C. § 1821(a)(1) ("witness in attendance at any court of the United States . . . or before any person authorized to take his deposition . . . shall be paid the fees and allowances provided by this section"); 28 U.S.C. § 1821(b) ($40 per day attendance fee). Motorola also requests subsistence (*i.e.*, meals and lodging) for the days its witnesses attended trial. *See* 28 U.S.C. § 1821(d)(1) (subsistence allowed when an overnight stay is required); *see also Shanklin,* 2006 WL 2054382, at *5 ("Lodging fees are generally recoverable."). Motorola seeks only the

8

amounts "prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5," as permitted by Section 1821(d)(1).[7] Motorola has documented these costs in **Appendix E**.

### D. Fees for exemplification and the costs of making copies

Pursuant to 28 U.S.C. § 1920(4), Motorola requests the following costs for exemplification and duplications that were necessarily obtained for use in the case.

#### 1. Exemplification costs

Motorola seeks $442,992.79 for the creation of demonstratives used in trial. The Seventh Circuit construes "exemplification" broadly, which includes "the expense of graphics services." *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427–29 (7th Cir. 2000). "Exemplification costs—such as expenses incurred in preparing maps, charts, graphs and photostats—are recoverable costs so 'long as the means of presentation furthers the illustrative purpose' of the exhibit." *Nilssen v. Osram Sylvania, Inc.*, No. 01 C 3585 JWD, 2007 WL 257711, at *5 (N.D. Ill. Jan. 23, 2007) *aff'd*, 528 F.3d 1352 (Fed. Cir. 2008); *Springer v. Ethicon, Inc.*, No. 17 C 3930 MFK, 2018 WL 1453553, at *17 (N.D. Ill. Mar. 23, 2018), appeal dismissed sub nom. *Herrera-Nevarez v. Ethicon, Inc.*, No. 18-1851 MFK, 2018 WL 5098825 (7th Cir. Sept. 7, 2018) (awarding costs for computerized exhibit production and a multimedia presentation); *Vardon Golf Co. v. Karsten Mfg. Corp.*, No. 99 C 2785 DHC, 2003 WL 1720066, at *11 (N.D. Ill. Mar. 31, 2003) (awarding costs for demonstrative exhibits that "made the issues more clear to the jury," "certainly were of assistance to the Court," and "were necessary to the litigation."); *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, No. 08 C 0242 ASE, 2011 WL 5008425 at *7 (N.D. Ill. Oct. 20, 2011) (awarding $109,833.75 for costs related to the creation of exhibits and computer graphics that were necessary to illustrate the

---

[7] As per the General Services Administration, Motorola seeks $79 for meals and expenses, as well as $299/night for lodging in November 2019 and $125/night for lodging in December 2019 to February 2020 for days witnesses attended trial. https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-lookup/?action=perdiems_report&state=IL&fiscal_year=2020&zip=&city=chicago.

complex concepts involved and to explain how the products worked); *Williams v. Schwarz*, No. 15 C 1691 SF, 2018 WL 4705558, at *7 (N.D. Ill. Oct. 1, 2018) (awarding costs for preparing demonstratives). Given the complex nature of the technology in and facts of this case, Motorola's graphics assisted the jury in understanding the nature Motorola's trade secrets, the evidence of Hytera's copying and distribution of Motorola's confidential documents, the damages that Motorola was seeking, as well as the admissions made by Hytera's fact and expert witnesses.

Motorola provides **Appendix F**, which details $6,845.99 in charges from its graphics vendor Precision Core Graphics for printing demonstratives for use at trial and includes supporting invoices. Motorola further provides the **Declaration of Wesley Wozniak**, which details the $436,146.80 in exemplification costs of its graphics vendor Fulcrum Legal Graphics for the creation of demonstratives that were presented during opening and closing statements, and the examination of the parties' witnesses.

### 2. Duplications of materials

Motorola seeks $12,672.45 in photocopying costs. "A prevailing party may recover photocopying costs for documents provided to the court or the other parties, but not for those made for its own convenience." *Merix,* 2015 WL 3407459, at *11 (citing *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990)). Motorola seeks only the costs associated with printing a single set of the parties' trial exhibits for use at trial. Motorola has documented these costs in **Appendix G** at 1, with the relevant invoice on the subsequent page.

### 3. Certified copies of copyright registrations

Motorola seeks $2,493.00 in costs for obtaining certified copies of its copyright registrations. A party may recover costs for obtaining a certified copies. *See GC2,* 2019 WL 3410223, at *7 (awarding costs for certified copies of copyright files); *see also Glenayre Elecs., Inc. v. Jackson*, No. 02 C 0256 HDL, 2003 WL 21947112, at *6 (N.D. Ill. Aug. 11, 2003) (copies

10

of patents reasonably necessary for use in case are recoverable), *aff'd*, 95 F. App'x 344 (Fed. Cir. 2004). Here, Motorola obtained certified copies of its copyright registrations,[8] which were necessary in supporting Motorola's copyright infringement claim. 17 U.S.C. § 411(a). Motorola has documented these costs in **Appendix H** at 1, with invoices on the subsequent pages.

### 4. Costs associated with converting/processing files for production

Motorola seeks $1,786,214.24 in costs relating to converting documents into TIFF image format, making them readable through optical character recognition ("OCR"), and branding them for production. "[T]he cost of converting files into electronic format for discovery is taxable." *Merix,* 2015 WL 3407459, at *11 (citing cases); *see also Intercontinental Great Brands LLC v. Kellogg N. Am. Co.*, No. 13 C 321, 2016 WL 316865, at *6 (N.D. Ill. Jan. 26, 2016) (awarding fees for TIFF conversion); *Ariel Investments, LLC v. Ariel Capital Advisors LLC*, No. 15 C 3717 MFK, 2017 WL 3023746, at *3 (N.D. Ill. July 17, 2017) (awarding costs for "file format conversion"). Similarly, costs for OCRing and branding documents for production (*i.e.*, adding Bates and confidentiality stamps) are also recoverable. *See Chicago Bd.,* 2014 WL 125937, at *9 (costs for "making files readable through optical character recognition" as well as "its 'branding' costs," and "[c]osts for bates stamping" recoverable); *Comrie v. IPSCO Inc.*, No. 08 C 3060 JWD, 2010 WL 5014380, at *3–4 (N.D. Ill. Dec. 1, 2010) (OCR costs recoverable).

Motorola has documented these costs in the **Declaration of Andrew Bayer**. As detailed in that declaration, Motorola's e-discovery vendor Inventus charged Motorola on a per-gigabyte basis for various services for several matters, without specifically providing a line item for TIFFing, OCRing, or branding documents for production. As described in Mr. Bayer's declaration, Inventus thus estimated the relevant costs for TIFFing, OCRing, and branding

---

[8] While Motorola obtained certified copies of all four registrations asserted in this case, Motorola seeks only the costs associated with obtaining the two registrations for which it has a supporting invoice.

11

documents for production in this case by using the standard industry per page rate for those services. Because Inventus processed documents for several actions between the parties, Motorola conservatively seeks only the costs associated with the documents produced in this litigation, even though many other documents were relevant to, and used in, this case.

### E. Compensation of interpreters and costs of special interpretation services

Motorola requests $136,213.30 in costs associated with its interpreters. Section 1920(6) authorizes "compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828." 28 U.S.C. § 1920(6). The depositions and trial testimony for Hytera's witnesses Baolan, Chen, Chia, Huang, Jun, G.S. Kok, Y.T. Kok, Liang, Liwei, Luo, Sun, Xu, Yan, Yu, Yuan, YunHua, Minjie Zhang, Yingzhe Zhang, Zheng, and Zhu required oral interpretation for Mandarin Chinese.

Cancellation fees are also taxable. *See Cascades Computer Innovation, LLC v. Samsung Elecs. Co.*, No. 11 C 4574 MFK, 2016 WL 612792, at *8 (N.D. Ill. Feb. 16, 2016) (awarding costs for interpreter's cancellation fee associated with cancelled deposition). Motorola seeks the cancellation fees associated with the cancelled depositions discussed in Section III.B.2 above. Further, Motorola seeks cancellation fees for the check interpreter it had scheduled for use during Hytera Chairman Chen's testimony, which Motorola initially anticipated in November 2019 and for which Hytera disclosed exhibits and demonstratives in early December 2019. Hytera left open the possibility that it would call Mr. Chen when the parties resumed trial the week of January 13, 2020 until the evening of January 12, when Hytera finally notified Motorola that it would not be calling any Chinese-speaking witnesses that week. Motorola has documented its interpretation costs in **Appendix I** at 1, with invoices on the subsequent pages.[9]

---

9     These cancellation costs related to Mr. Chen are reflected in Invoice Nos. CA4067862, CA4067865, and CA4149460. While the latter two do not use the term "cancellation," they reflect interpretation

## IV. CONCLUSION

For the foregoing reasons, the Court should award Motorola its bill of costs.

DATED: June 23, 2020                                                                Respectfully submitted,

*/s/ Michael W. De Vries*
Adam Alper (*admitted pro hac vice*)
adam.alper@kirkland.com
Akshay S. Deoras (*admitted pro hac vice*)
akshay.deoras@kirkland.com
Brandon H. Brown (IL Bar No. 266347 CA)
brandon.brown@kirkland.com
Barbara Barath (*admitted pro hac vice*)
barbara.barath@kirkland.com
Reza Dokhanchy (*admitted pro hac vice*)
reza.dokhanchy@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (*admitted pro hac vice*)
michael.devries@kirkland.com
Christopher Lawless (*admitted pro hac vice*)
christopher.lawless@kirkland.com
Justin Singh (*admitted pro hac vice*)
justin.singh@kirkland.com
Ali-Reza Boloori (*admitted pro hac vice*)
ali-reza.boloori@kirkland.com
Benjamin A. Herbert *(admitted pro hac vice)*
benjamin.herbert@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

David Rokach (IL SBN: 6279703)
david.rokach@kirkland.com
Megan M. New (IL SBN 6300422)
megan.new@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654

---

costs incurred—despite no interpreter being used—because the cancellation period had passed by the time it became apparent that Hytera would not call Mr. Chen.

13

Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Leslie M. Schmidt (*admitted pro hac vice*)
leslie.schmidt@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Attorneys for Plaintiffs
*Motorola Solutions, Inc. and Motorola Solutions Malaysia SDN. BHD.*

**CERTIFICATE OF SERVICE**

I, Michael W. De Vries, an attorney, hereby certify that on June 23, 2020, I caused a true and correct copy of the foregoing document to be served via the Court's ECF system upon all counsel of record.

DATED:  June 23, 2020              */s/ Michael W. De Vries*
                                            Michael W. De Vries