IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| MOTOROLA SOLUTIONS, INC., and MOTOROLA SOLUTIONS MALAYSIA SDN. BHD.<br><br>      Plaintiffs,<br><br>v.<br><br>HYTERA COMMUNICATIONS CORPORATION LTD., HYTERA AMERICA, INC., and HYTERA COMMUNICATIONS AMERICA (WEST), INC.,<br><br>      Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 1:17-cv-01973<br><br>Honorable Charles R. Norgle Sr. |

**DEFENDANT HYTERA COMMUNICATIONS CORPORATION LTD.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO QUASH PLAINTIFFS' CITATION TO DISCOVER ASSETS AND
<u>TO QUASH PLAINTIFFS' THIRD-PARTY CITATION TO BANK OF CHINA</u>**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................1

FACTUAL BACKGROUND....................................................................................3

ARGUMENT ..........................................................................................................5

I.     THE HYTERA CITATION SHOULD BE QUASHED FOR IMPROPER
      SERVICE AND LACK OF PERSONAL JURISDICTION ................................5

II.    BOTH CITATIONS SHOULD BE QUASHED INSOFAR AS THE
      RESTRAINTS PURPORT TO APPLY TO ASSETS OUTSIDE ILLINOIS....................7

III.   IF THIS COURT REQUIRES HYTERA OR THE BANK OF CHINA TO
      COMPLY, THE SCOPE OF BOTH CITATIONS SHOULD BE
      CONSIDERABLY NARROWED.................................................................10

          A.     The Citations Should Be Quashed on Grounds of Undue Burden and Lack
                  of Relevance.................................................................................11

          B.     Principles of International Comity Favor Quashing the Hytera Citation .............13

CONCLUSION.....................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                 **Page(s)**

*Advanced Tactical Ordnance Sys. LLC v. Real Action Paintball, Inc.*,
    751 F.3d 796 (7th Cir. 2014) ................................................................7

*Avery v. State Farm Mut. Auto. Ins. Co.*,
    835 N.E.2d 801 (Ill. 2005) ...................................................................8

*In re Big Springs Realty LLC*,
    426 B.R. 860 (Bankr. D. Mont. 2010) .................................................9

*BMO Harris Bank N.A. v. Joe Contarino, Inc.*,
    74 N.E.3d 1091 (Ill. App. Ct. 2017) ...................................................12

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ..............................................................................7

*Dexia Crédit Local v. Rogan*,
    629 F.3d 612 (7th Cir. 2010) ...............................................................7

*In re Emerald Casino, Inc.*,
    223 F. Supp. 3d 740 (N.D. Ill. 2016) .................................................11

*GM Gold & Diamonds, LP v. Fabrege Co.*,
    489 F. Supp. 2d 725 (S.D. Tex. 2007) ................................................9

*Herbert v. Lando*,
    441 U.S. 153 (1979) ............................................................................13

*Hernandez v. Mesa*,
    140 S. Ct. 735 (2020) ...........................................................................8

*In re Hytera Commc'ns America (West), Inc.*,
    Case No. 8:20-bk-11507-ES (Bankr. C.D. Cal.) .................................3

*Jackson v. Miller-Davis Co.*,
    358 N.E.2d 328 (Ill. App. Ct. 1976) ....................................................8

*JPMorgan Chase Bank v. PT Indah Kiat Pulp and Paper*,
    No. 02 C 6240, 2012 WL 2254193 (N.D. Ill. June 14, 2012) .............8

*Kauffman v. Wrenn*,
    46 N.E.3d 805 (Ill. App. Ct. 2015) .....................................................11

*Laborers' Pension Fund v. KMC Masonry, LLC*,
    710 F. Supp. 2d 741 (N.D. Ill. 2010) ..................................................5

*Leibovitch v. Islamic Republic of Iran*,
 188 F. Supp. 3d 734 (N.D. Ill. 2016), *aff'd*, 852 F.3d 687 (7th Cir. 2017) ........................6, 15

*Manley Motor Sales Co. v. Kennedy*,
 419 N.E.2d 947 (Ill. App. Ct. 1981) ...........................................................................5

*In re Marcus-Rehtmeyer*,
 784 F.3d 430 (7th Cir. 2015) ..................................................................................12

*Morrison v. Nat'l Austl. Bank Ltd.*,
 561 U.S. 247 (2010)...............................................................................................9

*Motorola Sols., Inc. v. Hytera Commc'ns Corp.*,
 365 F. Supp. 3d 916 (N.D. Ill. 2019) .......................................................................15

*Newcourt Capital, USA, Inc. v. Rubloff Aviation Maintenance Services, LLC*,
 No. 05 C 50002, 2009 WL 635486 (N.D. Ill. Mar. 11, 2009) ..................................8

*Our Lady of Bellefonte Hosp. v. Ashland GI Servcs., LLC*,
 No. 11 C 6833, 2012 WL 787199 (N.D. Ill. Mar. 9, 2012) ..................................6, 7

*Ransom v. A.B. Dick Co.*,
 682 N.E.2d 314 (Ill. App. Ct. 1997) .........................................................................14

*Reinsurance Co. of Am. v. Administratia Asigurarilor de Stat*,
 902 F.2d 1275 (7th Cir. 1990) ...............................................................................15

*Republic of Argentina v. NML Capital, Ltd.*,
 573 U.S. 134 (2014)...............................................................................................11

*RJR Nabisco, Inc. v. European Cmty.*,
 136 S. Ct. 2090 (2016)............................................................................................8

*Rubin v. Islamic Republic of Iran*,
 No. 03 C 9370, 2016 WL 3940034 (N.D. Ill. Jul. 21, 2016) ...........................5, 6, 7

*Sapia v. Bd. of Educ. of the City of Chi.*,
 No. 14 C 7946, 2017 WL 2060344 (N.D. Ill. May 15, 2017) ................................12

*Shaver v. Yacht Outward Bound*,
 71 F.R.D. 561 (N.D. Ill. 1976)................................................................................12

*Signature Fin. LLC v. Shtayner*,
 No. 18 C 4676, 2020 WL 2041347 (N.D. Ill. Apr. 28, 2020)...................................5

*Stansell v. Revolutionary Armed Forces of Colombia (FARC)*,
 149 F. Supp. 3d 1337 (M.D. Fla. 2015)....................................................................9

*Textile Banking Co. v. Rentschler*,
    657 F.2d 844 (7th Cir. 1981) ...................................................................7

*United States v. First Nat'l Bank of Chi.*,
    699 F.2d 341 (7th Cir. 1983) ...................................................2, 8, 11, 14

*United States v. Ligas*,
    549 F.3d 497 (7th Cir. 2008) ....................................................................6

**Federal Rules**

Fed. R. Civ. P. 26(b)(1)..................................................................................13

**Illinois Statutes**

Ill. Comp. Stat. Ann. § 5/2-1402(b) ...............................................................9

Ill. Comp. Stat. Ann. § 5/2-1402(m) .............................................................12

**Other Authorities**

Ill. S. Ct. Rule 277(b) .....................................................................................5

Ill. S. Ct. Rule 105(b) .....................................................................................5

Ill. S. Ct. Rule 277(c) ......................................................................................5

**Other Authorities**

Restatement (Second) of Conflicts of Laws, § 6(1) .......................................8

Restatement (Third) of Foreign Relations Law § 442(1)(c) ........................15

Travel.State.Gov, U.S. Dep't of State – Bureau of Consular Affairs, China
    Judicial Assistance Information,
    https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-
    Information/China..................................................................................6

Defendant Hytera Communications Corporation Ltd. ("Hytera") respectfully submits this Memorandum of Law in Support of its Motion to Quash the Citation to Discover Assets that Plaintiffs Motorola Solutions, Inc. and Motorola Solutions Malaysia SDN. BHD. ("Motorola" or "Plaintiffs") initiated on July 1, 2020 and directed to Hytera (the "Hytera Citation") and its Motion to Quash Plaintiffs' Third-Party Citation to Discover Assets initiated on July 1, 2020 and directed to Bank of China (the "Bank of China Citation") (together, the "Citations"), and further submits the accompanying Declaration of Boyd Cloern ("Cloern Decl.") and related exhibits thereto.

## PRELIMINARY STATEMENT

Plaintiffs' Citations are a hyper-aggressive overreach that ask this Court to exceed all jurisdictional limits and act outside the bounds of applicable law. Hytera is a publicly traded company—its assets are no secret to Motorola. Motorola is improperly attempting to use this Court as a home base for extraterritorial judgment enforcement and discovery as against Hytera's worldwide assets. The actual purpose of the Citations is to interfere improperly with and harass Hytera's business operations, and to obtain free discovery for use in other unrelated proceedings.

Hytera recognizes that it has an obligation to comply with post-judgment discovery, but not such overbroad and impermissible discovery. The proper course would be to continue what Motorola has already commenced—to seek enforcement of its judgment as against foreign assets in the courts which actually have jurisdiction over those assets, while at the same time using this Court's jurisdiction as against any assets that are here. Indeed, Motorola obtained a Freezing (and disclosure) Order in England against Hytera's English assets pursuant to which Hytera disclosed its English assets to Motorola, Hytera's English assets cannot be liquidated, and Hytera can continue to conduct its business in the ordinary course. In contrast, here, Motorola is seeking (as against principles of comity and jurisdiction) worldwide discovery and a worldwide restraint on

all of Hytera's assets and business transactions in an effort to cease Hytera's operations. This is plainly impermissible and this Court should quash the Citations.

*First*, Motorola has failed to effect proper service on Hytera. The Hytera Citation seeks to initiate a separate, supplementary proceeding, which requires an independent basis for personal jurisdiction. Here, there is none. To date, Motorola has only informally delivered the Hytera Citation to Hytera's litigation counsel and made no attempt (of which Hytera is aware) to effect personal service on Hytera (a corporation based in Shenzhen, China), as required by Illinois law and the Hague Service Convention.

*Second*, to the extent this Court enforces the Citations, the restraining provisions should be narrowed. As written, they wrongly purport to restrain Hytera's foreign assets, outside the jurisdiction of this Court, and jeopardize Hytera's contractual duties and obligations worldwide.

*Third*, the discovery requests are defective. The extreme overbreadth of the requests is disproportional to these proceedings, and Hytera would risk civil and criminal liability in China if it strictly complied. *See* Cloern Decl., Ex. D (Affidavit of Zou Wen). A more detailed recitation of Hytera's objections and responses are filed herewith. *See* Cloern Decl., Ex. C.

*Finally*, as to the noticed in-person hearing, this Court issued a Minute Entry instructing the parties that "no in person or telephonic appearance is required on Friday, July 24, 2020." *See* Dkt. No. 1016. Nor could a Hytera corporate representative travel from China. Coronavirus-related travel restrictions bar foreign nationals who have been in China during the past 14 days from entering the United States. However, upon resolution of this Motion and Hytera's objections, and subject to all applicable laws – including Chinese law, Hytera will endeavor to produce a representative to testify (remotely and with a translator) at a mutually agreeable date and will produce responsive, non-privileged documents.

## FACTUAL BACKGROUND

On July 1, 2020, Motorola emailed the Hytera Citation, dated June 30, 2020, to Hytera's outside litigation counsel in Case No.: 1:17-cv-01973, attaching a copy of this Court's March 5, 2020 final judgment against Hytera in the amount of $764,561,156. Cloern Decl. ¶¶ 3-4 & Exs. A & B. Motorola also sent a hard copy of the materials via First Class mail to the same person. *Id.* That appears to be Motorola's only effort at transmitting the Hytera Citation to anyone. *Id.* Motorola did not personally serve it on anyone at Hytera, nor deliver it via registered mail. *Id.* ¶ 4.

While the Hytera Citation names "Hytera Communications Corporation LTD." and provides the address for the company's headquarters in Shenzhen, China, it does not provide the name of any individual who works at Hytera. Instead, it indicates that the name of the person receiving the Hytera Citation is Daniel Stringfield of Steptoe & Johnson LLP in Chicago, Illinois—Defendants' counsel in the underlying litigation against Motorola. It commands Hytera to appear in Court on July 24, 2020 at 10:00 a.m. for an examination under oath regarding assets or income that may be used to satisfy the judgment. Cloern Decl., Ex. A. And it further seeks the production of numerous documents purportedly related to the same. *Id.*

Hytera has no employees, conducts no business, and has no assets in Illinois. Three of its U.S. assets (Hytera America, Inc., Hytera Communications America (West), Inc., and HYT North America, Inc.) are now the subject of bankruptcy proceedings pending in the Central District of California. *See In re Hytera Commc'ns America (West), Inc.*, Case No. 8:20-bk-11507-ES (Bankr. C.D. Cal.).

Outside of Illinois, Hytera is a large, international corporation, with 92 offices and approximately 7,450 employees worldwide, serving over 120 countries. Cloern Decl. ¶ 8. As a publicly traded Chinese company, pursuant to Chinese Securities Law and relevant regulations,

Hytera has disclosed (and has a continuing obligation on a periodic basis to disclose) most of its key asset and financial information on Shenzhen Stock Exchange's website (http://www.szse.cn/disclosure/index.html), which is accessible from the United States. *See* Cloern Decl. Ex. D at ¶ 7.

Motorola's document requests cover a **12-year period** and seek, by way of example, all manner of communications related to any of Hytera's or its affiliates' tangible and intangible assets all over the world, as well as information about all of Hytera's business partners of any kind, all documents related to the bankruptcy proceedings involving certain of the Hytera U.S. entities, and all documents related to the transfer of any assets long preceding even the filing of the underlying litigation against Hytera or judgment. Cloern Decl., Ex. A.

The Hytera Citation also includes a restraining provision that purportedly seeks to prohibit Hytera from conducting any of its worldwide operations without leave of this Court:

> YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which the judgment debtor may be entitled or which may be acquired or become due to the judgment debtor and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the judgment debtor, until further order of court or termination of the proceedings.

Cloern Decl., Ex. A.

Motorola also initiated the Bank of China Citation on July 1, 2020, which includes nearly identical discovery requests and an equally broad restraining provision. Cloern Decl., Ex. E.

On July 24, 2020, counsel for all parties met and conferred to discuss Hytera's defenses and objections to the Citations, including its threshold jurisdictional and service defenses that Hytera does not waive. The parties did not reach agreement, thereby necessitating the filing of this motion, but agreed to continue their dialogue. Cloern Decl. ¶ 13.

4

## ARGUMENT

I.    **THE HYTERA CITATION SHOULD BE QUASHED FOR IMPROPER SERVICE AND LACK OF PERSONAL JURISDICTION**

The Hytera Citation should be quashed because Motorola has failed properly to serve Hytera and thus lacks a basis for personal jurisdiction. "In Illinois, civil judgments are enforced through supplementary proceedings pursuant to 735 ILCS 5/2-1402 and Illinois Supreme Court Rule 277." *Laborers' Pension Fund v. KMC Masonry, LLC*, 710 F. Supp. 2d 741, 743 (N.D. Ill. 2010). A supplementary proceeding is commenced "by the service of a citation on the party against whom it is brought." Ill. S. Ct. Rule 277(b). Supreme Court Rule 277(c) provides that the citation "shall be served and returned in the manner provided for by rule for service, otherwise than by publication, of a notice of additional relief upon a party in default." Ill. S. Ct. Rule 277(c).

Illinois courts interpreting this rule have held that personal service is generally required, but that, in some instances, service by certified or registered mail will suffice. *See Signature Fin. LLC v. Shtayner*, No. 18 C 4676, 2020 WL 2041347, at *2 (N.D. Ill. Apr. 28, 2020) ("In general, and consistent with Section 2-1402(b-1), personal service is required for service of a citation to discover assets.") (internal quotation marks and citation omitted); *Rubin v. Islamic Republic of Iran*, No. 03 C 9370, 2016 WL 3940034, at *4 (N.D. Ill. Jul. 21, 2016) (personal service required); *Manley Motor Sales Co. v. Kennedy*, 419 N.E.2d 947, 949 (Ill. App. Ct. 1981) (defendant not properly served where he was neither personally served nor served via certified or registered mail pursuant to Supreme Court Rule 105(b)).

Motorola completed neither option here—instead choosing to send the Hytera Citation via email and First Class mail to Hytera's outside litigation counsel. Cloern Decl. ¶¶ 3-4 & Ex. B. That does not suffice. In *Rubin v. Islamic Republic of Iran*, this Court rejected plaintiffs' argument that informal service on the judgment debtor's counsel was adequate where actual notice of the

citation had been provided. 2016 WL 3940034, at *4 (citing *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008) ("[T]he service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit.") (alteration in original); *Audio Enter., Inc. v. B&W Loudspeakers of Am., a Div. of Equity Int'l Inc.*, 957 F.2d 406, 408 n.2 (7th Cir. 1992) ("[A]ctual knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over defendant in the absence of valid service of process.")). This Court noted that even if it accepted plaintiffs' argument for an equitable exception to personal service, the citation would still need to be quashed because plaintiffs had failed to move for approval of an alternative method of service as required. *Id.*

Motorola's failure to effect personal service is all the more inadequate where, as here, the country of domicile, China, has not agreed to service by mail. *See* Travel.State.Gov, U.S. Dep't of State – Bureau of Consular Affairs, China Judicial Assistance Information, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China. Html (last visited July 23, 2020) (China does not permit service via postal channels.).

Absent proper service, this Court lacks personal jurisdiction over Hytera, which is required in a supplementary proceeding. *See Ligas*, 549 F.3d at 500 ("A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process[.]") (citation omitted); *Leibovitch v. Islamic Republic of Iran*, 188 F. Supp. 3d 734, 745 (N.D. Ill. 2016) ("[A] court must have personal jurisdiction over the respondent in a citation proceeding."), *aff'd*, 852 F.3d 687 (7th Cir. 2017); *Our Lady of Bellefonte Hosp. v. Ashland GI Servcs., LLC*, No. 11 C 6833, 2012 WL 787199, at *3 (N.D. Ill. Mar. 9, 2012) ("[citation recipient] is subject to a citation from this court only if the court has personal jurisdiction over it").

Indeed, "the Seventh Circuit and Illinois courts have held that they must possess an **independent basis** for personal jurisdiction over an individual to whom the court issues a citation." *Our Lady of Bellefonte Hosp.*, 2012 WL 787199, at *2 (citing *Woolard v. Woolard*, No. 05 C 7280, 2009 WL 3150435, at *3 (N.D. Ill. Sept. 23, 2009) (emphasis added) (finding personal jurisdiction over judgment debtor where judgment debtor initiated underlying arbitration in Chicago and appeared generally without contesting service)); *see also Textile Banking Co. v. Rentschler*, 657 F.2d 844, 852 (7th Cir. 1981) (discussing personal jurisdiction separately from the requirements of 735 Ill. Comp. Stat. Ann. § 5/2-1402 and Rule 277, and referring to the prior Illinois long-arm statute to determine jurisdiction). This makes sense where, for appeal purposes, supplementary proceedings "are treated as separate, free-standing lawsuits." *Dexia Crédit Local v. Rogan*, 629 F.3d 612, 632 (7th Cir. 2010).

Because Motorola is "not allowed to devise [its] own method of service without leave of the court," *Rubin*, 2016 WL 3940034, at *4, the Court lacks personal jurisdiction over Hytera and the Citation must be quashed.[1]

## II. BOTH CITATIONS SHOULD BE QUASHED INSOFAR AS THE RESTRAINTS PURPORT TO APPLY TO ASSETS OUTSIDE ILLINOIS

Even if this Court determines that Motorola properly effected service and that this Court has personal jurisdiction over Hytera, both Citations' restraining provisions are unenforceable as written. The restraining provisions include no territorial limitation but instead seek to restrain

---

[1] Nor can Motorola establish a basis for either general or specific jurisdiction over Hytera, a company headquartered in China with no business operations or specific ties to Illinois. *See Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (general jurisdiction over a foreign corporation will only lie when that corporation is "essentially at home" in the forum State); *Advanced Tactical Ordnance Sys. LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014) (for specific jurisdiction, "the defendant's *suit-related* conduct must create a substantial connection with the forum State") (citation omitted).

Hytera's assets located anywhere in the world. The law does not support such an expansive extraterritorial reach, and the Court should not permit it here.[2]

*First*, Motorola issued both Citations pursuant to Rule 1402 of the Illinois Code of Civil Procedure, a provision that lacks any "clear, affirmative indication that it applies extraterritorially." *RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090, 2101 (2016). It is the "long-standing rule of construction in Illinois . . . that a statute is without extraterritorial effect unless a clear interest in this respect appears from the express provisions of the statute." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 852-53 (Ill. 2005) (citations and quotation marks omitted); *see also Jackson v. Miller-Davis Co.*, 358 N.E.2d 328, 333 (Ill. App. Ct. 1976) (holding that an Illinois workers comp statute "cannot sensibly be construed to have extraterritorial application to injuries or work occurring outside Illinois") (citing Restatement (Second) of Conflicts of Laws, § 6(1), cmt. e)). Indeed, this Court applied this longstanding rule when holding that the Illinois Trade Secrets Act had no extraterritorial application in the underlying litigation. *See* Order (Jan. 31, 2020) (Dkt. No. 834), at 30.

Illinois's rule of construction comports with well-established precedent from the United States Supreme Court cautioning against extraterritorial effect, lest there be "[u]nwarranted judicial interference in the conduct of foreign policy . . . ." *Hernandez v. Mesa*, 140 S. Ct. 735, 747-48 (2020) ("We presume that statutes do not apply extraterritorially to 'ensure that the Judiciary does not erroneously adopt an interpretation of U.S. law that carries foreign policy consequences not clearly intended by the political branches.'") (citation omitted); *RJR Nabisco,*

---

[2] Judgment debtors have standing to challenge citations issued to third-parties that may possess assets of the judgment debtor. *See, e.g.*, *JPMorgan Chase Bank v. PT Indah Kiat Pulp and Paper*, No. 02 C 6240, 2012 WL 2254193, at *1 (N.D. Ill. June 14, 2012); *Newcourt Capital, USA, Inc. v. Rubloff Aviation Maintenance Services, LLC*, No. 05 C 50002, 2009 WL 635486, at *1 (N.D. Ill. Mar. 11, 2009).

*Inc.* 136 S. Ct. at 2100 ("Absent clearly expressed congressional intent to the contrary, federal laws will be construed to have only domestic application"); *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 255 (2010) ("When a statute gives no clear indication of an extraterritorial application, it has none.").

Here, to the extent that there are any indications about the legislature's intent with respect to extraterritorial reach of Rule 1402, they suggest that the rule was *not* intended to have such expansive reach. *See, e.g.*, 735 Ill. Comp. Stat. Ann. § 5/2-1402(b) (identifying only "federal and Illinois law" as sources of exemptions to the judgment enforcement process); *id.* § 1402(e) (providing that seized property must be "delivered to the sheriff," a local official in Illinois). As courts construing similar attachment statutes have recognized, state legislatures are unlikely to have silently authorized creditors to restrain or seize assets held outside their borders. *See, e.g.*, *Stansell v. Revolutionary Armed Forces of Colombia (FARC)*, 149 F. Supp. 3d 1337, 1340 (M.D. Fla. 2015) (holding that "[i]nterpreting a garnishment statute to apply to bank accounts located outside the state despite the absence of any explicit statutory language to that effect" would violate principles of statutory construction); *In re Big Springs Realty LLC*, 426 B.R. 860, 870 (Bankr. D. Mont. 2010) ("Absent an express intent by the Montana legislature, this Court declines to grant Plaintiff's request to attach personal property that is located in . . . a state other than Montana."); *GM Gold & Diamonds, LP v. Fabrege Co.*, 489 F. Supp. 2d 725, 728-29 (S.D. Tex. 2007) ("Texas attachment statutes . . . are silent on the issue of extraterritoriality, and the court should not infer any such unexpressed intent on behalf of the legislature. . . . [T]he remedy of attachment has a well-defined territorial limit, and the court sees no reason to depart from this approach.").

*Second*, the restraining provisions at issue here are particularly overbroad and would cause substantial harm to Hytera's business. Taken literally, the Citations would purport to grind

Hytera's international business operations to an immediate halt and require Hytera to seek this Court's intervention to perform even a single monetary transfer. The Hytera Citation would prohibit Hytera from paying even ordinary business expenses, such as employee salaries, until these proceedings conclude, throwing into jeopardy Hytera's business relationships, contractual commitments, and loan obligations all over the world. And if those relationships were jeopardized, so, too, would be Hytera's ultimate ability to pay the outstanding judgment. That cannot be the kind of outcome the Illinois legislature ever intended, nor is it what this Court should order here.

*Finally*, Motorola has already shown that the proper way to effect enforcement against Hytera's non-U.S. assets is to seek relief before those courts which actually have jurisdiction. Motorola sought and obtained a freezing and disclosure order in England covering certain English assets valued at approximately $490 million. Cloern Decl. ¶ 12 & Ex. F. Hytera has complied with this order (while also appealing it)—issuing disclosure to Motorola and abiding by the Freezing Order, which allows for Hytera to continue to transact its business in the ordinary course. Thus, to the extent Motorola has concerns about the need for immediate relief in other jurisdictions, it has shown the ability to seek such relief abroad—because it knew the jurisdictional limits here. Any extraterritorial reach by this Court now would disrupt and potentially contradict the English proceedings, as well as the other substantial foreign proceedings currently ongoing between the parties. Cloern Decl. ¶ 11. No further restraint on foreign assets is either available or needed here.

## III. IF THIS COURT REQUIRES HYTERA OR THE BANK OF CHINA TO COMPLY, THE SCOPE OF BOTH CITATIONS SHOULD BE CONSIDERABLY NARROWED

Motorola seeks discovery that is not proportional or relevant to the limited focus of these supplementary proceedings and would subject Hytera to criminal and civil liability in China. The improper motive is clear—the exhaustive requests are a concerted effort to compel evidence from Hytera for use elsewhere. Hytera's detailed objections and responses to each of the requests are

provided in Exhibit 5 to the accompanying Cloern Declaration.  If this Court requires Hytera or the Bank of China to comply with the Citations at all, it should considerably narrow the scope of required discovery.

> **A.    The Citations Should Be Quashed on Grounds of Undue Burden and Lack of Relevance**

The post-judgment discovery Motorola seeks is akin to an audit of every business transaction Hytera or any of its international affiliates have conducted anywhere in the world for the last 12 years.  This gross overreach is woven throughout the Citations' overbroad definitions and instructions, as well as the expansive requests themselves.  "The only relevant inquiries in supplementary proceedings are (1) whether the judgment debtor possesses assets that should be applied to satisfy a judgment and (2) whether a third party is holding assets of the debtor that should be applied to satisfy the judgment." *Kauffman v. Wrenn*, 46 N.E.3d 805, 813 (Ill. App. Ct. 2015).  For numerous reasons, the Citations should be quashed outright or substantially narrowed in their scope, as set forth in Hytera's specific and general objections.

*First*, there is no legitimate ground for the requests to cover a 12-year period (2008 to the present).  As the United States Supreme Court has observed, post-judgment discovery requests seeking "information that could not lead to executable assets in the United States or abroad" are "unenforceable" because "information that could not possibly lead to executable assets is simply not 'relevant' to execution in the first place." *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 144 (2014); *see also In re Emerald Casino, Inc.,* 223 F. Supp. 3d 740, 753 (N.D. Ill. 2016) (debtor may "make relevance objections if the examining party exceeds the bounds of questioning that might facilitate the location and collection of the debtor's assets.")  Motorola's requests for information relating to Hytera's historical assets are thus plainly unenforceable. Indeed, the statutory language itself provides that the Citations cannot impact Hytera's assets

before the date of service—which has not happened yet. *See* 735 Ill. Comp. Stat. Ann. § 5/2-1402(m) ("The lien established under this Section *does not affect the rights of citation respondents in property prior to the service of the citation upon them* . . . ." (emphasis added)).[3]

*Second*, even if the time period were narrowed to cover only presently held assets, the definitions and requests are still facially overbroad. They uniformly seek "all documents" related to various types of tangible and intangible assets anywhere in the world. In no scenario is Motorola justified in seeking such sweeping discovery, where "documents sufficient to show" any particular asset would suffice. Discovery rules are not "a ticket to an unlimited . . . exploration of every conceivable matter that captures an attorney's interest." *Sapia v. Bd. of Educ. of the City of Chi.*, No. 14 C 7946, 2017 WL 2060344, at *2 (N.D. Ill. May 15, 2017) (citation omitted).

*Third*, the Citations improperly seek to compel the production of "[a]ll U.S. federal and state income tax returns, and all tax returns or similar documents filed in any other country or jurisdiction . . . for the years 2008-2020" for Hytera. Cloern Decl., Exs. A & E, at Request No. 9. "In most instances, it has been held that production of a tax return should not be ordered unless there appears to be a compelling need for the information it contains[.]." *Shaver v. Yacht Outward Bound*, 71 F.R.D. 561, 564 (N.D. Ill. 1976). Here, Motorola has not demonstrated any compelling need for Hytera's tax returns, nor could it, as the income and asset information it seeks is readily obtainable without resort to such sensitive material.

---

[3] *See also In re Marcus-Rehtmeyer*, 784 F.3d 430, 438-39 (7th Cir. 2015) ("Once the citation is served on the judgment debtor, a lien is created in favor of the judgment creditor for all personal property that the debtor has or acquires by the time the court issues a disposition[.]"); *BMO Harris Bank N.A. v. Joe Contarino, Inc.*, 74 N.E.3d 1091, 1106 (Ill. App. Ct. 2017) ("[T]he supplementary-proceedings statute provides that citations can reach only those assets in the possession or control of the judgment debtor.").

*Fourth*, the Citations should be quashed to the extent they seek documents and information relating to "the filing of and/or decision to seek bankruptcy protection" for certain of the Hytera U.S. 3ntities. Cloern Decl., Ex. A at Request No. 30; *id.*, Ex. E at Request No. 25. Motorola has already challenged the bankruptcy proceeding—by filing a motion to dismiss in the California court where it is pending. Motorola's wrongful effort to use this supplementary proceeding in Illinois to fish for evidence in support of its baseless attack in California should be rejected.

All discovery must be relevant and proportional to the needs of the case, Fed. R. Civ. P. 26(b)(1), and "judges should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Here, where comprehensive information about Hytera's assets is publicly accessible now on the Shenzhen Stock Exchange's website (Cloern Decl. Ex. D ¶ 7), there is no need for such excessive and burdensome discovery. In the event that the Court is not inclined to quash the Citations as a whole, it should limit Hytera's and the Bank of China's required responses to documents sufficient to show assets that are within this Court's jurisdiction to attach.

**B.     Principles of International Comity Favor Quashing the Hytera Citation**

In addition to excessive and undue burden, Hytera would face serious criminal and civil liability in China if it were to comply with the requests as written. As outlined in the attached Affidavit of Zou Wen (Cloern Decl., Ex. D), numerous Chinese laws prevent the disclosure of securities information, financial data, state secrets, and personal private information outside of China without prior review and/or governmental approval. In the underlying litigation, this Court recognized similar limits and ordered a protocol under which Hytera's outside counsel in China reviewed responsive documents for potential state secrets prior to their production outside of

China.[4]   Cloern Decl. ¶ 9; Dkt. 352 ¶¶ 5-6.   The Citations raise similar concerns here, with additional issues arising that are specific to financial documents.  Hytera will need to conduct a detailed review of any responsive documents—which is itself an enormous undertaking because of the breadth of the present requests—prior to their production outside of China, and prior to any related witness testimony.

Principles of international comity and Illinois law require that this Court conduct a review of the applicable foreign law.[5]  Indeed, it is an abuse of discretion under Illinois law for a court to fail to conduct a comity analysis when the court's decision will have an impact on a party's ability to comply with a foreign jurisdiction's law.  *Ransom*, 682 N.E.2d at 320; *see also United States v. First Nat'l Bank of Chi.*, 699 F.2d 341, 345-47 (7th Cir. 1983) (reversing enforcement of IRS summons where Greek bank would face criminal liability for disclosure of client information located in Greece).

In balancing the competing interests at stake when discovery has the potential to subject an entity to legal exposure in a foreign country, courts consider:

> [1] [T]he importance to the investigation or litigation of the documents or other information requested; [2] the degree of specificity of the request; [3] whether the information originated in the United States; [4] the availability of alternative means of securing the information; and [5] the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.

---

[4] *See also Motorola Sols., Inc. and Hytera Commc'ns Corp. Ltd.,* No. NSD 1283 of 2017, ¶¶ 36 (Fed. Ct. Austral. 2018) (accepting the likelihood that some of Hytera's materials would contain material constituting state secrets under applicable Chinese law and granting opportunity for Hytera to conduct required review of materials prior to producing them outside China).

[5] Illinois courts readily recognize principles of comity, pursuant to which they "may take notice of, and defer to, the laws and judicial decisions of a foreign jurisdiction out of respect, goodwill and cooperation."  *Ransom v. A.B. Dick Co.*, 682 N.E.2d 314, 319 (Ill. App. Ct. 1997).

Restatement (Third) of Foreign Relations Law § 442(1)(c); *see Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 928-29 (N.D. Ill. 2019) (applying § 442 factors).

Here, these factors weigh heavily against enforcing the Citations. First, this Court has previously distinguished between the importance of discovery related to the merits of a particular claim versus the "peripheral issue of post-judgment discovery"—which is all that Motorola seeks here. *See Leibovitch*, 188 F. Supp. 3d at 757; *see also Reinsurance Co. of Am. v. Administratia Asigurarilor de Stat*, 902 F.2d 1275, 1280 (7th Cir. 1990). Second, Motorola's requests could never be described as "specific" where they are virtually boundless in overall scope, seeking, in effect, all documents of any kind evidencing property Hytera now has, has had, or may ever have anywhere in the world and covering a 12-year period of time. Cloern Decl., Ex. A. Third, as to whether the sought-after discovery originated in the United States, records pertaining to bank accounts held or opened outside the United States, to the extent they exist, would almost certainly not have "originated" in the United States. Fourth, regarding the availability of alternative means of obtaining the sought-after discovery, Motorola has available to it the Hague Evidence Convention, and, accordingly, "declining to permit discovery in this District would not leave Plaintiffs without options for executing their judgment." *Leibovitch*, 188 F. Supp. 3d at 759. Finally, and crucially, compliance with the Citation as written would require Hytera to violate Chinese law, as outlined in the Affidavit of Zou Wen (Cloern Decl., Ex. D).

Thus, to the extent this Court holds that Hytera must respond at all to the Citation, it should issue a protocol, as before, whereby Hytera may review materials for potential content that must be withheld or pre-approved prior to production or related testimony outside of China.

## **CONCLUSION**

For all of the foregoing reasons, Hytera's Motion to Quash should be granted.

Date: July 24, 2020

Respectfully submitted,

/s/ *Boyd Cloern*

Boyd Cloern (*pro hac vice*)
bcloern@steptoe.com
Michael Allan (*pro hac vice*)
mallan@steptoe.com
Jessica Rothschild (*pro hac vice*)
jrothschild@steptoe.com
Bill Toth (*pro hac vice*)
btoth@steptoe.com
Kassandra Officer (*pro hac vice*)
kofficer@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

Daniel S. Stringfield
dstringfield@steptoe.com
Tron Fu
tfu@steptoe.com
STEPTOE & JOHNSON LLP
115 South LaSalle Street, Suite 3100
Chicago, IL 60603
Telephone: (312) 577-1300
Facsimile: (312) 577-1370

Mark McDougall (*pro hac vice*)
mmcdougall@calfee.com
Joshua Ryland (*pro hac vice*)
jryland@calfee.com
Todd Tucker (*pro hac vice*)
ttucker@calfee.com
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, OH 44114
Telephone: (216) 622-8200
Facsimile: (216) 241-0816

*Attorney for Defendants Hytera Communications*
*Corp., Hytera America, Inc., and Hytera*
*Communications (West), Inc.*

### CERTIFICATE OF SERVICE

I, Boyd Cloern, an attorney, hereby certify that on July 24, 2020, I caused a true and correct copy of the foregoing to be served via U.S. Mail, and the Court's ECF system upon all counsel of record.

*/s/Boyd Cloern*
Boyd Cloern