IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOTOROLA SOLUTIONS, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 1:17-cv-1973 |
| v. | ) |
| | ) |
| HYTERA COMMUNICATIONS CORP. | ) |
| LTD., et al., | ) Hon. Charles R. Norgle |
| | ) |
| Defendants. | ) |

## ORDER

With a cool head and a keen eye, the Court has reviewed the hundreds of pages of submissions by the parties with respect to the findings of fact and conclusions of law relating to the disgorgement awards in this case. It is clear, as the parties agree, that the Court took an incorrect view as to the nature of the $135.8 million award under the DTSA.

The Court's legal reasoning relating to the framework by which it determines whether an award is equitable in nature, and whether the $135.8 million and the $73.6 million in avoided research and development costs would constitute double recovery, remains unchanged. However, when taking account of the correct nature of the $135.8 million as Hytera's profits (not Motorola's actual losses), a different outcome is demanded than that which was submitted in the Court's October 19, 2020 Order at Docket 1088.

Specifically, because the $135.8 million figure was Hytera's profits to be disgorged, not a market share analysis of Motorola's lost profits, this disgorgement figure should be treated as equitable in nature. Moreover, with respect to the Court's reasoning as to Hytera's argument about double recovery, the Court now agrees that allowing Motorola to recover Hytera's profits and Hytera's avoided costs on research and development would constitute a double recovery. See Salisbury Laboratories, Inc. v. Merieux Laboratories, Inc., 908 F.2d 706 (11th Cir. 1990); see also In re Mud King Prods., Inc., 514 B.R. 496, 523–24 (Bankr. S.D. Tex. 2014) (rejecting trade secret owner's request to recover both disgorgement of debtor's profits and "hypothetical development costs" because "no case allows development costs where defendant's profits are shown"); Hallmark Cards, Inc. v. Monitor Clipper Partners, LLC, No. 08-0840-CV-W-ODS, 2012 WL 3047308, at *3 n.4 (W.D. Mo. July 25, 2012) ("Most of the authorities cited indicate that the defendant's cost savings may be used to value gain instead of, and not as well as, profits earned from the misappropriation. This is undoubtedly based on the need to avoid double counting of gains.").

The Court thus finds it improper for Motorola to recover both the $135.8 million in disgorged profits and the $73.6 million in avoided research and development costs. For the reasons

1

stated in McRoberts Software, Inc. v. Media 100, Inc., 329 F.3d 557, 568 (7th Cir. 2003), the proper award among these two alternatives is the $135.8 million disgorgement of Hytera's profits.

Because the punitive damages award under the DTSA was based on a calculation of the compensatory award, the Court will follow the jury in awarding the maximum available exemplary damages under the statute, which in this case is now $271.6 million.

The reduced award, then, is comprised of disgorgement of $135.8 million under the DTSA, disgorgement of $136.3 million under the Copyright Act, and exemplary damages of $271.6 million. This totals $543.7 million.

The Court has prepared and will file findings of fact and conclusions of law consistent with this Order, and to the extent the Court's October 19, 2020 Order conflicts with the findings, this Order and the findings shall control.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: January 8, 2021