IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOTOROLA SOLUTIONS, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 1:17-cv-1973 |
| v. ) | |
| ) | |
| HYTERA COMMUNICATIONS CORP. ) | |
| LTD., et al., ) | Hon. Charles R. Norgle |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiffs' motion for supplemental damages and interest on the monetary award [957] is granted in part and denied in part. The pending motion to withdraw [1098] is granted.

## STATEMENT

Following trial, Motorola filed a motion "for supplemental damages and interest on the monetary award." Dkt. 958. The Court denies the request for supplemental damages but grants the request for interest on the monetary award, consistent with the below.

First, Motorola argues that it is entitled to supplemental damages covering the time period from July 1, 2019—the first day after the timeframe within which Motorola sought damages during trial—until the Court's entry of a permanent injunction. The Court recently denied Motorola's request for a permanent injunction, granting instead a reasonable royalty to be determined.

Hytera argues that Motorola's request for supplemental damages has no basis in the statutes at issue in this case. The Court agrees. The Court will not take a step that in practical terms increases the jury's award, as the statutes at issue do not expressly allow for supplemental damages, unlike the statutes at issues in the cases relied on by Motorola. E.g., ActiveVideo Networks, Inc. v. Verizon Commcations, Inc., No. 2:10-CV-248, 2011 WL 4899922 (E.D. Va. Oct. 14, 2011) (patent case).

In light of the lack express provisions in the DTSA and the Copyright Act allowing for supplemental damages, the lack of case law discussing such damages in the context of those statutes, and the lack of a citation to a Rule of Civil Procedure in seeking this action, which would enlarge damages over and above those which were determined by the jury following trial in this case, the Court declines to award supplemental damages.

With respect to prejudgment interest, the Seventh Circuit has announced "a rule that prejudgment interest should be presumptively available to victims of federal law violations. Without it, compensation of the plaintiff is incomplete and the defendant has an incentive to delay." Gorenstein Enterprises, Inc. v. Quality Care-USA, Inc., 874 F.2d 431, 436 (7th Cir. 1989). In the present case, the Court agrees with Motorola that Hytera should be required to pay prejudgment interest on the full award, as reduced by the Court's finding of facts and conclusions of law. See Trustmark Life Ins. Co. v. Univ. of Chicago Hosps., 207 F.3d 876, 885 (7th Cir. 2000); Matter of Oil Spill by Amoco Cadiz off the Coast of France on Mar. 16, 1978, 4 F.3d 997 (7th Cir. 1993).

The Court also agrees with Motorola that the prejudgment interest should be compounded, as the Court sees no reason to deviate from the "norm" in this case. U.S. ex rel. Howard v. Urban Inv. Tr., Inc., 2013 WL 4501422, at *4 (N.D. Ill. Aug. 22, 2013).

Finally, the prejudgment interest should be calculated beginning March 2010 for Hytera's profits. The parties have agreed that the date of judgment for purpose of this award is March 5, 2020.

With respect to post-judgment interest, the Court agrees with the parties that post-judgment interest is provided by statute. 28 U.S.C. § 1961. The Court agrees with Motorola that the post-judgment interest should be calculated on the entire award.

At this point, given the Court's denial of the supplemental damages, Motorola has not provided a calculation of the prejudgment interest without the supplemental damages included. Motorola shall file short submission calculating what it views the interest should be, consistent with the Court's holdings above. Hytera may then respond to that calculation, and the Court recognizes that Hytera has not waived its rights with respect to the findings in this Order.

IT IS SO ORDERED.

ENTER:

*/s/ Charles Norgle*

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: January 8, 2021