**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MOTOROLA SOLUTIONS, INC., and MOTOROLA SOLUTIONS MALAYSIA SDN. BHD., <br><br> Plaintiffs, <br><br> v. <br><br> HYTERA COMMUNICATIONS CORPORATION LTD., HYTERA AMERICA, INC., AND HYTERA COMMUNICATIONS AMERICA (WEST), INC., <br><br> Defendants. | Civil Action No.: 1:17-cv-01973 <br><br> Honorable Charles R. Norgle Sr. |

### MOTOROLA'S MOTION FOR TURNOVER AND THAT HYTERA BE HELD IN CONTEMPT

Plaintiffs Motorola Solutions, Inc., and Motorola Solutions Malaysia SDN. BHD. ("Motorola") respectfully request that the Court compel Defendant Hytera Communications Corporation Ltd. ("Hytera") to turnover cash and cash equivalent assets of $168 million in partial satisfaction of its $597.5M judgment debt. Hytera has repeatedly demonstrated its intent to evade satisfying its judgment debt, while Motorola's interest in the award remains unprotected. To date, Hytera has failed to post a supersedeas bond, two of its U.S. subsidiaries have declared bankruptcy, Hytera moved to quash citations to discover its assets, and Hytera failed to provide the discovery that Motorola's citation and the Court's March 25, 2021 Order requires. As the Court cautioned in its March 25, 2021 Order, in circumstances such as these—*i.e.,* where a judgment debtor refuses to provide greater specificity of its assets—turnover is appropriate and fully justified to protect Motorola's strong interest in the judgment, and prevent Hytera from evading these proceedings by its own refusal to comply with them.

1

In addition to turnover, Motorola also respectfully requests that the Court find Hytera in contempt for failing to comply with the Court's March 25, 2021 Order to produce the information Motorola seeks regarding the amount and location of its assets and to observe the citation's assets transfer restrictions, and order Hytera to pay the amount per day requested in Motorola's supporting memorandum until Hytera complies.

**<u>Certification Under Local Rule 37.2</u>**

Motorola's counsel hereby certifies that it has satisfied its requirements pursuant to Local Rule 37.2 to meet and confer with counsel for Hytera in good faith regarding the discovery issues pertaining to Motorola's citation prior to filing this motion and has determined that the matter upon which a ruling is sought is actually in dispute. Specifically, Pat Carson representing Motorola and Leah Quadrino representing Hytera, among other attorneys for both sides, have met and conferred on numerous occasions regarding the discovery sought by Motorola.

For example, the parties began meeting and conferring on April 5, 2021 to discuss whether Hytera would agree to produce any category of documents without a state secret review. Following that meeting, the parties continued to confer in May and June 2021 via correspondence, when Motorola asked Hytera to produce bank account and other information by a date certain on several occasions, including by providing a list of priority documents. Hytera claimed it was collecting responsive documents but did not provide any assurance of when it would provide any non-public documents.

More recently, on June 23, 2021, the parties continued to meet and confer regarding Hytera's document production and Hytera's refusal to provide discovery into its subsidiaries, but reached an impasse. During that same meeting, the parties also discussed several other issues such

as the timing of Hytera's production of bank statements, but Motorola was not given assurances of when that would occur. During the June 23, 2021 meeting, the parties also met and conferred regarding Hytera's refusal to provide discovery on what steps it has taken to comply with the citation statute's transfer restrictions, but reached an impasse. The parties also met on July 1, 2021 to discuss Hytera's state secret review, but Motorola was not provided any assurances on the timing of Hytera's production. And after much back and forth to submit a "Chinese review protocol" in late July (the excuse that Hytera repeatedly asserted was impeding its production of any non-public documents including tax returns), as of the end of September, Hytera has seemingly produced only a handful of tax returns and no other arguably non-public documents.

Through these meet and confers and significant email correspondence, the parties have been unable to resolve their dispute.

DATED: September 29, 2021

Respectfully submitted,

/s/ Adam Alper

Adam Alper (*admitted pro hac vice*)
adam.alper@kirkland.com
Akshay S. Deoras (*admitted pro hac vice)*
akshay.deoras@kirkland.com
Brandon H. Brown (IL Bar No. 266347 CA)
brandon.brown@kirkland.com
Barbara Barath (*admitted pro hac vice*)
barbara.barath@kirkland.com
Reza Dokhanchy (*admitted pro hac vice*)
reza.dokhanchy@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (*admitted pro hac vice*)
michael.devries@kirkland.com
Christopher Lawless (*admitted pro hac vice*)
christopher.lawless@kirkland.com

3

Justin Singh (*admitted pro hac vice*)
justin.singh@kirkland.com
Ali-Reza Boloori (*admitted pro hac vice*)
ali-reza.boloori@kirkland.com
Benjamin A. Herbert *(admitted pro hac vice)*
benjamin.herbert@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

David Rokach (IL SBN: 6279703)
david.rokach@kirkland.com
Megan M. New (IL SBN 6300422)
megan.new@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Leslie M. Schmidt (*admitted pro hac vice*)
leslie.schmidt@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Attorneys for Plaintiffs
*Motorola Solutions, Inc. and Motorola
Solutions Malaysia SDN. BHD.*

4

## CERTIFICATE OF SERVICE

I, Adam Alper, an attorney, hereby certify that on September 29, 2021, I caused a true and correct copy of the foregoing document to be served via the Court's ECF system upon all counsel of record.

DATED:  September 29, 2021

*/s/ Adam Alper*
Adam Alper