**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| MOTOROLA SOLUTIONS, INC., and<br>MOTOROLA SOLUTIONS MALAYSIA<br>SDN. BHD., | ) <br> ) <br> ) | |
| | ) | Civil Action No.: 1:17-cv-01973 |
| Plaintiffs, | ) | |
| | ) | Honorable Martha M. Pacold |
| v. | ) | |
| | ) | |
| HYTERA COMMUNICATIONS<br>CORPORATION LTD.,<br>HYTERA AMERICA, INC., AND<br>HYTERA COMMUNICATIONS<br>AMERICA (WEST), INC., | ) <br> ) <br> ) <br> ) <br> ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MOTOROLA'S STATEMENT REGARDING ITS POSITIONS CONCERNING
WHETHER HYTERA HAS COMPLIED WITH THE ROYALTY ORDER AND
APPROPRIATE NEXT STEPS IN VIEW OF HYTERA'S RECENT ESCROW
PAYMENT**

## <u>TABLE OF CONTENTS</u>

**Page**

I.     EXECUTIVE SUMMARY ................................................................................................1

II.    HYTERA STILL HAS NOT FULLY COMPLIED WITH THE ROYALTY
ORDER ........................................................................................................................5

III.   THE LAW SUPPORTS ENTRY OF ADDITIONAL RELIEF WITH RESPECT
TO HYTERA'S BELATED ESCROW PAYMENT ..........................................................8

IV.   HYTERA SHOULD BE ORDERED TO DISCLOSE HOW IT PAID $56
MILLION INTO ESCROW LAST WEEK..........................................................................9

V.    CONCLUSION..........................................................................................................10

In accordance with the Court's September 2, 2023 Order (Dkt. 1465), Motorola submits the following statement regarding its positions concerning the escrow payment made by Hytera last Friday, September 1, 2023, including (i) whether Hytera has now fully complied with the Royalty Order's (Dkt. 1349) required escrow payment due July 31, 2022, and (ii) the appropriate next steps in light of this development.

## I.    EXECUTIVE SUMMARY

Hytera still has not fully satisfied its obligations under the Royalty Order with respect to the July 31, 2022 escrow payment, as the escrow payment made by Hytera last Friday did not include the compounded interest that the Royalty Order requires (resulting in a short pay of more than $400,000). Accordingly, because Hytera still has not fully complied with the Royalty Order even after having been held in contempt, Motorola respectfully requests that the Court enter the injunction that the Court previously found was warranted (Dkt. 1461) until Hytera makes full payment of the past-due amounts into escrow.

Additionally, given that last Friday's escrow payment left no doubt whatsoever that Hytera's repeated claims that it was unable to pay the escrow amount were entirely inaccurate, Motorola believes that additional relief is warranted—and necessary under the law—and respectfully requests that the Court set a briefing schedule to address that issue. For more than a year, Hytera repeatedly insisted to this Court and Motorola that it was unable to pay any aspect of the escrow payment owed in July 2022, and that a parade of horribles allegedly would ensue if it attempted even partial compliance. Days before the royalty payment was due, Hytera's counsel sent Motorola an email representing that Hytera "faces a ***liquidity crisis***," "***has very limited cash*** and has managed to stay afloat only through short term, revolving loans," and "is ***unable to obtain***

1

*financing* to cover the escrow amount." Dkt. 1386-6 (July 28, 2022 Hytera Counsel Email).[1] Then, in response to Motorola's subsequent contempt motion to address Hytera's failure to pay, Hytera represented to the Court that "***it does not have sufficient cash to cover the court-ordered payment*** of $49 million into escrow" and that "bank financing [is] not a viable option" (Dkt. 1395 at 5-6), claims that were also included in sworn testimony submitted by Hytera to the Court (*see* Dkt. 1382, Ex. A (Declaration of J. Kang) ¶ 5 ("Given this liquidity crisis, however, ***Hytera does not have sufficient cash to pay the escrow amount*** of about US $49 million dollars due on July 31, 2022. And ***after many attempts, at present, no bank is willing to provide financing*** for the company to pay such royalties in cash.")).

Even after the Court provided Hytera with another chance to comply when denying its motion to modify or stay the royalty order on July 11, 2023, explaining "the court will cancel the [contempt] hearing" if Hytera "complie[s] with the royalty order" (Dkt. 1429 at 1), Hytera decided to see just how far it could get with its strategy of noncompliance by doubling-down on its claimed inability to pay. Hytera's decision required the Court and Motorola to participate in a full-day contempt hearing, during which Hytera continued to insist it "has a complete inability to pay":

> ***Hytera has a complete inability to pay*** because of the bank rights, and if Hytera violates its contracts with its banks, the banks will yank all the loans. The banks have all Hytera's cash and the rights to seize it, and so they'll take all Hytera's cash. ***No money would come here anyway because the banks have it all and will seize it all, as is their rights under Chinese law, and Hytera will go into liquidation***.

Dkt. 1454-1 (Contempt Hearing Tr.) at 58:7-14 (Hytera's argument); *see also id.* at 51:7-11 (Hytera arguing: "the banks aren't willing to allow Hytera to borrow money for it, to sell assets to pay for it, or to use what little operating capital they have for additional partial payments beyond

---

[1]    All emphasis added unless otherwise noted.

what they view as ordinary course of business expenses going forward."); *id.* at 228:17-19 (Hytera arguing: "[a]nd the question is ***did they do everything they could to raise it***, and the answer I think from the evidence today is ***absolutely***.").  Hytera even went so far as to suggest it would face criminal prosecution or bankruptcy in China if it were to comply with the Court's Royalty Order. Dkt. 1454-1 (Contempt Hearing Tr.) at 47:19-23 (Hytera arguing: "what the evidence will show, and a preview of the banks' rights, and also the ***substantial criminal penalties, 3 to 7 years in prison in China for violating the banks' rights*** and their collateral, and ***if that's not an inability to pay, I don't know what is.***"); *id.* at 230:23-25 (Hytera arguing: "So ***you don't have to put yourself into bankruptcy***, ***and that's what Mr. Kang testified would happen***, and there's no contrary testimony to that.").

A mere fifteen days after the August 17, 2023 contempt hearing—after having been held in contempt, and with the Court on the verge of entering the injunction against Hytera that it found appropriate (Dkt. 1461)—Hytera's counsel sent an email to Motorola explaining that Hytera "has paid $56,342,998.96 into the escrow" and that "[t]his constitutes full compliance with HCC's outstanding obligation."  Ex. 1 (September 1, 2023 Hytera Counsel Email).  Hytera provided no explanation for how it was able to make this payment, nor did Hytera produce any communications with its purported lenders or anyone else concerning where the more than $56 million in cash that Hytera paid into escrow came from or how Hytera was able to navigate all the purported issues it had previously raised to the Court.

At bottom, Hytera's belated escrow payment last Friday provided irrefutable evidence that its many prior representations to the Court that it could not pay even part of the money owed in July 2022 were entirely, and inexcusably, inaccurate.  Hytera's thoroughly improper approach to this issue unnecessarily wasted huge amounts of the Court's and Motorola's time and resources.

If permitted to stand without further relief being granted, Hytera will also have been able to successfully avoid complying with the Court's Royalty Order for more than a year based on its inaccurate claims, while facing no relief other than a relatively minor late-payment interest requirement that was already included in the Royalty Order. The law does not countenance such a result and fully supports imposition of additional relief in this circumstance, including payment of additional attorneys' fees and other remedies. Motorola respectfully requests that the Court enter a briefing schedule on what additional remedies should be imposed, with Motorola being permitted to provide a brief in support of the additional remedies it requests and Hytera being permitted to provide a brief in response.

Hytera's escrow payment last week also raises significant cause for concern that Hytera continues to disregard the obligations imposed by the Court's citation order (Dkt. 1021-2 at 7-8). As noted above, Hytera did not provide any explanation for how it was able to pay more than $56 million into escrow last week despite its prior representations to the Court that it could not make any payment, nor did Hytera produce any communications with its purported lenders or anyone else concerning where the more than $56 million in cash that Hytera paid into escrow came from. This is particularly troubling given that, less than two weeks ago, the Court's contempt ruling again reminded Hytera of its obligations under the citation order to promptly provide information related to Motorola's ongoing efforts to collect on the Court's over $600 million judgment against Hytera. *See* Dkt. 1461 at 15 ("If Hytera can direct the disposition of the assets of Hytera Project Corp., or any of its other subsidiaries, ***that is information Hytera must disclose immediately under the citation order*** entered by Judge Norgle . . . .").

Hytera's $56 million payment last week also raises significant concerns that Hytera continues not to comply with the asset transfer restrictions included in the Court's citation order.

Hytera is clearly—and admittedly—able to make highly significant asset transfers when it desires. As noted above, it is not clear how Hytera made that payment, including whether it sold more assets (as it did with the Sepura stock) to do so, and Hytera repeatedly—troublingly—stated at the contempt hearing that it repaid hundreds of millions of dollars' worth of loans it allegedly owes to banks in China in what Hytera's counsel said at that hearing was "crazy" fashion. Dkt. 1454-1 (Contempt Hearing Tr.) at 226:11-227:25 (Hytera's counsel stating that "HCC has paid down its debt $600 million in three years. That is substantial. ***That is crazy***. What company could do that?"). At the same time, Hytera's over $600 million judgment debt resulting from the trial verdict and Court judgment against it remains unsecured—Hytera still has not obtained a supersedeas bond or any other type of security for the amount of the judgment it presently owes. In order to ensure that Hytera complies with the citation order, and does not continue to dissipate assets to pay off other creditors instead of paying the Court judgment it currently owes, Motorola respectfully requests that the Court (i) order Hytera to produce all information and documentation concerning last week's escrow payment, including all communications with any lenders or other third parties concerning that payment or any transactions that facilitated or resulted in that payment, and (ii) permit Motorola to submit an additional brief once that information and documentation has been produced concerning how Hytera's compliance with the Court's citation order can be ensured going forward.

## II.     HYTERA STILL HAS NOT FULLY COMPLIED WITH THE ROYALTY ORDER

Because Hytera's escrow payment last week did not include payment of the compound interest required by the Royalty Order, that payment was over $400,000 ***less*** than the amount owed under the Royalty Order in connection with the July 2022 payment and Hytera therefore is not

correct that it is "now in full compliance with its obligations under the royalty order, as modified by the August 26 order." Dkt. 1463 at 1.[2]

The Royalty Order states that "[a]ny payment hereunder which shall be delayed beyond the date required hereunder shall be subject to an ***interest charge of one percent (1%) per month on the <u>unpaid balance</u>***, payable in United States currency, until paid." Dkt. 1349, Section 5.8. Numerous courts addressing similar provisions requiring interest to be paid on an "unpaid balance" (or equivalent language) have found that those provisions require interest to be compounded. *See, e.g., Peerless Network, Inc. v. MCI Commc'ns Serv., Inc.*, 2018 WL 3608559, at *4-*5 (N.D. Ill. July 27, 2018) ("Compound prejudgment interest is the norm in federal litigation because it more readily ensures complete compensation to a harmed party.") *rev'd in part, vacated in part on other grounds*, 917 F.3d 538 (7th Cir. 2019); *Exxon Corp. v. Crosby-Mississippi Res., Ltd.*, 40 F. 3d 1474, 1488-89 (5th Cir. 1995) (Contract language stating that payment of interest on "the ***unpaid balance*** . . . unambiguously and as a matter of law calls for compound interest."); *Commc'ns Network Int'l Ltd. V. MCI WorldCom Commc'ns, Inc.*, 2010 WL 3959601, at *9 (S.D.N.Y. Sept. 14, 2010) (where a contract "states that '[i]nterest at . . . the rate of one and one-half percent per month . . . shall accrue on any ***unpaid balance*** . . . ,'" the contract language "necessitates compounding interest"); *Phibro Animal Health U.S., Inc. v. Cornerstone AG Prods.*, 2006 WL 3733022, at *3 (D.N.J. Dec. 18, 2006) (holding that "[t]he term 'past due balance' implies an amount that could include charges other than simply the original invoice amount" and that "[i]n

---

[2]  Contrary to Hytera's suggestion, the Court's August 26, 2023 Memorandum Opinion and Order on contempt (Dkt. 1461) did not modify the Royalty Order.  Instead, the Court noted that the Royalty Order already contains a "late-payment penalty . . . on the unpaid balance" (citing to Section 5.8) and the fact the Court was "declining to issue *separate* fines should not be read to override or otherwise excuse Hytera" from fulfilling that pre-existing obligation.  Dkt. 1461 at 14 (emphasis in original).

this case, with each delinquent month the past due balance increased by 2%").[3]  Therefore, the Royalty Order required that Hytera pay compound interest on the late-payment interest amount.

Hytera's email last Friday states that Hytera has wired "$56,342,968.96, which comprises the principal royalty of $49,861,034.48 plus $6,481,934.48 (1% of the principal x 13 for 13 months)."  Ex. 1.  Though Motorola does not dispute that Hytera has wired the stated amount into escrow, its $6,481,934.48 interest calculation is based on using simple interest, instead of the correct compound interest calculation mandated by the Royalty Order.  Under the correct compound interest calculation, Hytera should have paid $6,885,474 in interest instead of just $6,481,934.48, meaning that Hytera's belated escrow payment is still short by $403,539.33.  Ex. 2 (9/6/2023 Westerman Declaration).

Motorola believes that the Court should enter the temporary injunction it previously found to be warranted here until Hytera pays the additional $403,539.33 into escrow.  Based on a meet and confer and an email received from Hytera's counsel today, Hytera states that it intends to contest that compound interest is required by the Royalty Order, but nevertheless plans to submit the additional interest amount into escrow sometime early tomorrow (morning of September 7 in China) while continuing to argue that that additional amount should be returned to Hytera.  As noted above, Motorola believes that the Royalty Order clearly requires payment of compound interest under the law and that Hytera should have included that amount in its escrow payment last week, and that the injunction should be entered until Hytera fully complies with the Royalty Order.

---

3   After the parties submitted their September 1, 2023 joint statement (Dkt. 1463), Hytera suggested that *Vill. of Rosemont, Ill. v. Priceline.com Inc.*, 2012 WL 3133519 (N.D. Ill. July 31, 2012) supports the application of a simple interest calculation to the Royalty Order.  But that decision does not address the language at issue here, which imposes interest on the "unpaid balance" (language that multiple court decisions have held requires payment of compound interest), and therefore does not relieve Hytera from paying compound interest under the Royalty Order.

## III. THE LAW SUPPORTS ENTRY OF ADDITIONAL RELIEF WITH RESPECT TO HYTERA'S BELATED ESCROW PAYMENT

As described in detail above, Hytera's escrow payment last week provided irrefutable evidence that its repeated claims to this Court and Motorola that it was unable to pay were not accurate. Those claims wasted a significant amount of the time and resources of this Court and Motorola, and demonstrated a complete disregard for the rules governing these proceedings. In circumstances like these, the law clearly supports imposition of additional relief, such as an award of the attorneys' fees Motorola was forced to incur in connection with these contempt proceedings. *See, e.g.*, *United States v. Greyhound Corp.,* 370 F.Supp. 881, 886 (N.D. Ill. 1974), *aff'd*, 508 F.2d 529 (7th Cir. 1974) (noting that it is "well settled law that upon a finding of civil and/or criminal contempt, a court may award to the complainant, as part of the civil relief, a sum of money to defray the litigation expenses which the complainant had to incur in order to prosecute the contempt"); *see also Nat'l Lab. Rels. Bd. v. Neises Constr. Corp.*, 62 F.4th 1040, 1057 (7th Cir. 2023) (explaining that attorneys' fees are "regularly awarded in contempt cases" and ordering that complainant submit its costs and fees within 30 days of the final contempt opinion).

Reimbursement of costs and fees are particularly appropriate here because, as the Court is aware, just getting to this point has required "expend[ing] considerable resources due to [Hytera's] non-compliance." *Am. Fam. Mut. Ins. Co. v. Roth*, 2008 WL 168693, at *6 (N.D. Ill. Jan. 15, 2008) (finding it appropriate to compensate complainant for fees incurred and directing it to file supporting documentation). For example, over the course of the last year, dating back to July 2022, Hytera forced Motorola to submit ***eight*** briefs to the Court explaining why Hytera should be held in contempt, why Hytera's inability to pay defense was not correct, why Hytera's request to continue the contempt hearing should be denied, and what the appropriate remedies should be to coerce Hytera's compliance. *See* Dkts. 1361, 1369, 1386, 1398, 1402, 1420, 1439, and 1455.

Hytera also forced the Court and Motorola to address all new factual contentions during the day-long August 17 contempt hearing, requiring substantial attorney and expert time to unpack and respond to Hytera's new contentions in near real-time. In such circumstances, an award of attorneys' fees (and related costs) is particularly appropriate, and the law may likewise permit additional remedies to address Hytera's improper conduct (*e.g.*, to vindicate the Court's authority) in connection with these proceedings in view of last week's escrow payment.

Motorola therefore respectfully requests that the Court enter a briefing schedule on what additional remedies should be imposed, with Motorola being permitted to provide a brief in support of the attorneys' fees and any additional remedies it requests within 14 days of the Court's order, and Hytera being permitted to provide a brief in response within 14 days thereafter.

## IV. HYTERA SHOULD BE ORDERED TO DISCLOSE HOW IT PAID $56 MILLION INTO ESCROW LAST WEEK

Finally, Hytera's deposit of over $56 million into escrow last week despite claiming for so long that it could not do so, without producing any explanation for how the payment was made or any communications concerning that payment, raises significant questions concerning Hytera's compliance with the Court's citation order. That order imposes restrictions on asset transfers by Hytera and requires Hytera to produce information concerning asset transfers. *See* Dkt. 1172 at 18, 22 (Judge Norgle confirming that the "citation also includes transfer restrictions on Hytera's assets" and that Motorola may take discovery "to determine whether Hytera has engaged in any efforts to transfer or conceal its assets"). Indeed, less than two weeks ago, this Court reminded Hytera of its obligations under the citation order to immediately disclose information subject to that order. Dkt. 1461 at 15 ("If Hytera can direct the disposition of the assets of Hytera Project Corp., or any of its other subsidiaries, ***that is information Hytera must disclose immediately*** under the citation order entered by Judge Norgle, who was then presiding, and the court may ultimately

9

have to confront the veil-piercing issue Hytera has repeatedly sought to avoid.").  Despite those obligations, Hytera has not produced any documentation or explanation concerning the source of or circumstances concerning its $56 million escrow payment last week.

In accordance with Hytera's ongoing citation obligations, Motorola respectfully requests that the Court require Hytera to immediately disclose, within 5 business days, how it gathered the over $56 million that it deposited into the escrow account, and to simultaneously produce any and all related correspondence (whether it be internal, with its subsidiaries, banks, or otherwise) concerning the source or fact of that payment.  Motorola also respectfully requests the opportunity to submit an additional brief concerning how Hytera's compliance with the Court's citation order can be ensured going forward within 30 days of Hytera's complete production of these materials, with Hytera being permitted to provide a brief in response thereto within 14 days thereafter.

## V.    CONCLUSION

For the reasons stated above, Motorola respectfully requests that the Court (a) enter the temporary injunction until Hytera establishes that it has fully complied with the Royalty Order by paying the full amount owed in connection with the July 2022 payment into escrow, including compound interest; (b) enter a briefing schedule permitting Motorola to file a brief in support of the attorneys' fees and any additional remedies it requests within 14 days of the Court's order, and permitting Hytera to file a brief in response within 14 days thereafter, and (c) order Hytera to produce a complete explanation and documentation concerning last week's escrow payment within 5 business days, and enter a briefing schedule allowing Motorola to file a brief concerning how Hytera's compliance with the Court's citation order can be ensured going forward within 30 days of Hytera's complete production of these materials, and permitting Hytera to file a brief in response thereto within 14 days thereafter.

DATED: September 6, 2023

Respectfully submitted,

/s/ Adam Alper
Adam Alper (*admitted pro hac vice*)
adam.alper@kirkland.com
Akshay S. Deoras (*admitted pro hac vice*)
akshay.deoras@kirkland.com
Brandon H. Brown (IL Bar No. 266347 CA)
brandon.brown@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (*admitted pro hac vice*)
michael.devries@kirkland.com
Christopher Lawless (*admitted pro hac vice*)
christopher.lawless@kirkland.com
Justin Singh (*admitted pro hac vice*)
justin.singh@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Ali-Reza Boloori (*admitted pro hac vice*)
ali-reza.boloori@kirkland.com
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Telephone: (310) 552-4200
Facsimile: (310) 552-5900

David Rokach (IL SBN: 6279703)
david.rokach@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Leslie M. Schmidt (*admitted pro hac vice*)
leslie.schmidt@kirkland.com
Joshua L. Simmons (*admitted pro hac vice*)
Joshua.simmons@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Attorneys for Plaintiffs
*Motorola Solutions, Inc. and Motorola*
*Solutions Malaysia SDN. BHD.*

## CERTIFICATE OF SERVICE

I, Adam Alper, an attorney, hereby certify that on September 6, 2023, I caused a true and correct copy of the foregoing document to be served via the Court's ECF system upon all counsel of record.

DATED:  September 6, 2023

*/s/ Adam Alper*
Adam Alper