# EXHIBIT A

Hytera hereby respectfully renews its request to withdraw this case and evidence. Hytera's request is truly voluntary, as explained for the reasons set forth below. Hytera has conferred with Motorola and reports that Motorola also agrees that this action should be withdrawn. Because both parties have a true desire and intention to withdraw this case, consistent with core principles of Chinese jurisprudence governing civil disputes such as this one, the proper course of action in these circumstances is for the Court to grant Hytera's request, and deem the action withdrawn. Hytera also submits the declaration of Professor Mingtao Chen, who confirms that in the circumstances presented here, withdrawal or dismissal should be granted. For the following reasons, Hytera's request represents its autonomy of will, and Hytera begs this Court to grant its request.

First, to withdraw from a lawsuit is the disposition of the plaintiff's right to sue, which is granted to the plaintiff by law and should be respected. Para. 5, Prof. Chen Expert Opinion (citing Art. 13, PRC Civ. Pro. Law, "the parties have the right to dispose of their civil rights and litigation rights within the scope prescribed by law").

Second, Hytera's request for withdrawal will not harm the legitimate rights of the other party, Motorola. In fact, the parties have had extensive communication in the past week and it is also the desire of Motorola that this lawsuit shall be dismissed or paused. When trial has not yet concluded, and both parties agree to withdraw the case, dismissing the case will not run afoul with any PRC law. See Para. 7, Prof. Chen Expert Opinion (citing Art. 238, Interpretation of PRC Civ. Pro. Law).

Third, it is truly the Plaintiff's desire to withdraw this case and all evidence submitted by Plaintiff, and this is a true expression of the intention of Hytera. We apologize if our statement or action in the past in front of this Court may have given this Court mixed signals about whether withdrawing the case and evidence is our true expression. However, we would like to make it clear in this application that Hytera would like to withdraw the case (and evidence). Although Hytera has been ordered to withdraw this case by the United States District Court, and although Hytera disagrees with that U.S. order (and indeed has appealed that order to the US court of appeals), Hytera respects the US District Court's authority and emphatically desires to comply with the US District Court's orders. Under these circumstances, it is Hytera's most sincere wish that its application to withdraw this lawsuit be granted. It is within the autonomy of will for Hytera and in Hytera's best interest that it complies with the US District Court's anti-suit injunction and subsequent order to withdraw this case and evidence. In the alternative, Hytera respectfully requests that this court at least pause, stay, or suspend these proceedings until further notice that the US District Court's anti-suit injunction is lifted.

Hytera's intent to withdraw the case can be demonstrated by the number of applications Hytera has made in a short period. Hytera applied for Suspension on March 26 and an Application for Withdrawal on March 30, requesting the withdrawal of the evidence submitted in the case and the action against Motorola. During the court proceeding on April 1, Hytera again orally stated to the panel in Shenzhen Court about its intention to withdraw the lawsuit. On April 2, Hytera submitted a "Re-application for Suspension or Withdrawal of the Case". On April 3, Hytera again submitted an application for Withdrawal of Action. On April 5, Hytera submitted an application to the court for the sixth time to withdraw the lawsuit. It is truly our strong and genuine desire to withdraw this case, which should not be ignored by the court. See Para. 9, Prof. Chen Expert Opinion.

Hytera has the ability and the state of mind to make such a decision to withdraw the lawsuit. It is a serious and prudent decision to file a case, and it is even more so with the decision to withdraw. As a

mature multinational company, Hytera understands the laws of the jurisdictions where it operates as well as the consequences for not complying with the laws. Over the last few days, Hytera top management had numerous meetings, evaluating its global legal strategies, and balancing its interests in different jurisdictions. A final decision was made by Hytera's management to withdraw from this case, with the interests of the long-term development of the company. Although Hytera was put in a difficult position when there is a conflict between different legal systems, Hytera does not lose its basic judgment. Hytera has the ability and the right to make its own choices on legal actions. Such decision to withdraw the lawsuit is based on good grounds and should be respected. See Para. 10, Prof. Chen Expert Opinion.

Both parties agree that the dispute should be withdrawn. There is therefore no dispute among the parties that Hytera's application to withdraw from this Action shall be granted. To the extent the Court is inclined to deny this request, Hytera requests a formal written ruling.