# EXHIBIT B

Hytera hereby respectfully ~~renews its~~ requests to withdraw this case and its evidence. Upon review of its prior applications, Hytera realizes that it omitted a number of critical facts which confirm that Hytera's claims should not have been filed before the Shenzhen Intermediate People's Court, and which strongly support an order from this Court dismissing this action.  Hytera's request is voluntary—i.e., Hytera desires that this action be dismissed, and that these claims be heard by the United States courts, where the parties' disputes over Hytera's products have been pending since 2017, before Hytera filed this action.  And, critically, Motorola agrees that this action should be withdrawn, and that the Court should deem it withdrawn and dismissed.  In view of these new facts, and as set forth in more detail below, it is clear that, consistent with core principles of Chinese jurisprudence governing civil disputes such as this one, the proper course of action in these circumstances—when both parties agree that this action is resolved, and should be withdrawn or dismissed—is for the Court to grant Hytera's request, and deem the action withdrawn or dismiss it outright.  Hytera also submits the declaration of [insert name and description of experience], who confirms that in the circumstances presented here, withdrawal or dismissal is the only course of action consistent with Chinese jurisprudence for civil disputes.  For the following reasons, Hytera's request represents its autonomy of will, and Hytera begs this Court to grant its request.

First, it is truly the Plaintiff's desire to withdraw this case and all evidence submitted by Plaintiff, and this is a true expression of the intention of Hytera. We apologize if our statement or action in the past in front of this Court may have given this Court mixed signals about whether withdrawing the case and evidence is our true expression. However, we would like to make it clear in this application that Hytera would like to withdraw the case (and evidence). ~~Although Hytera has been ordered to withdraw this case by the United States District Court, and although Hytera disagrees with that U.S. order (and indeed has appealed that order to the US court of appeals), Hytera respects the US District Court's authority and emphatically desires to comply with the US District Court's orders.~~ Under these circumstances, it is Hytera's most sincere wish that its application to withdraw this lawsuit be granted. ~~It is within the autonomy of will for Hytera and in Hytera's best interest that it comply with the US District Court's anti-suit injunction and subsequent order to withdraw this case and evidence.~~ In the alternative, Hytera respectfully requests that this court at least pause, stay, or suspend these proceedings until further notice ~~that the US District Court's anti-suit injunction is lifted~~.

Second, in reviewing its prior filings, Hytera now realizes it omitted certain important facts concerning the relationship of this matter to the proceedings in the United States between Hytera and Motorola.  These facts confirm that this matter should be withdrawn or dismissed.  Specifically, Hytera and Motorola are currently parties to proceedings in the United States concerning Hytera's H-series products.  Those proceedings have been pending in the United States District Court for the Northern District of Illinois (the "United States court") since 2017, long before Hytera submitted its Statement of Claim to this Court on June 2, 2022.  Specifically with respect to Hytera's H-series products, the United States court is presently overseeing proceedings to determine whether Hytera's H-series products are subject to that court's Royalty Order, which itself was the subject of proceedings in the United States court beginning in 2021—also well before Hytera filed this action here.  Additionally, the current proceedings over the H-Series in the United States court was specifically envisioned by the United States court's orders in December 2021 and early 2022—before this action was filed in June 2022.  The substantive issues involved in this declaratory judgment action fall within the scope of those United States court orders, which were issued before this declaratory judgment action was filed.

Moreover, many of the substantive issues involved in this declaratory judgment action have already been decided by the United States court.  Prior to Hytera's submission of its Statement of Claim to this

Court, the United States court issued many orders and rulings concerning the parties' disputes over Motorola's trade secrets and copyrights, and Hytera's use of them. This includes orders and rulings concerning the nature and scope of Motorola's trade secrets and copyrights, Hytera's use of them in its products, and the extent to which Hytera is permitted to sell its products on an ongoing basis. As evidence of the substantial experience the United States court already has with substantive issues, the United States court's docket on this matter includes over 1500 docket entries, comprising more than 92,750 pages, and those filings are increasing as proceedings in the United States continue. As confirmed by [insert name], in circumstances such as these, Hytera's Statement of Claim concerning its H-series products should not have been filed in this Court until after the United States court had an opportunity to decide such issues. [cite] This is particularly the case given the extensive, prior experience the United States court has with the issues underlying Hytera's claims here, and the tremendous resources the United States court, Motorola, and Hytera have devoted over many years to the proceedings in the United States. As such, the proceedings before the United States court serve judicial economy and will save the resources of both countries. As [insert name] confirms, Chinese jurisprudence for civil disputes such as this requires deference to such pre-existing, extensive proceedings in another court. [cites/further explanation from legal scholar]. As such, this matter should be deemed withdrawn or dismissed.

Third, at the time Hytera filed its Statement of Claim for this action in June 2022, Hytera's declaratory relief claims lacked a proper jurisdictional basis. At that time, Hytera had not urged Motorola orally or in writing to assert claims against the H-Series, or withdraw any such claims. [cite] For this additional reason, this action should be deemed withdrawn or the action should be dismissed by the Court. [cite].

Fourth, Motorola agrees that this action should be deemed withdrawn or dismissed. Under Chinese law, that is highly significant, as it confirms that there is no longer an active dispute before this Court. [cite to declaration] Moreover, the withdrawal of this case present no harmful effects to the national interest, any social interest, public interest, or any third party's interest. As a result, consistent with well-established Chinese jurisprudence governing civil disputes such as this one, the only proper course of action is for the Court to grant Hytera's request, and deem this action withdrawn or dismissed. [cite/further explanation from legal scholar/legal citations]

~~Second, Hytera's request for withdrawal will not harm the legitimate rights of the other party, Motorola. In fact, the parties have had extensive communication in the past week and it is also the desire of Motorola that this lawsuit shall be dismissed or paused.~~

In sum, Hytera respectfully requests that this application to withdraw be granted. Both parties agree that the dispute should be withdrawn. There is therefore no dispute among the parties that Hytera's application to withdraw from this Action shall be granted. To the extent the Court is inclined to deny this request, Hytera requests a formal written ruling.