# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MOTOROLA SOLUTIONS, INC., and MOTOROLA SOLUTIONS MALAYSIA SDN. BHD., <br><br> Plaintiffs, <br><br> v. <br><br> HYTERA COMMUNICATIONS CORPORATION LTD., HYTERA AMERICA, INC., and HYTERA COMMUNICATIONS AMERICA (WEST), INC., <br><br> Defendants. | Case No. 1:17-CV-01973 <br><br> Honorable Martha M. Pacold |

# DECLARATION OF HUANG YUQIANG

I, Huang Yuqiang, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I have personal knowledge of the facts set forth herein.

2. I am over 18 years of age, of sound mind, and otherwise competent to make this declaration. The evidence set below is based on my personal knowledge.

3. I am counsel to Hytera Communications Corporation Limited in litigation in the Shenzhen Intermediate People's Court (the "Shenzhen Court") concerning Motorola (the "China Action").

**I.    The China Action is Withdrawn**

4. The Shenzhen International People's Court held a hearing in the China Action in the morning, China time, on April 7, 2024. Hytera did not attend that hearing.

5. On the evening of April 7, 2024, I received the notice from the Shenzhen Court commanding me to come to court. I went to the court with Du Jin, Hytera's in-house counsel.

6. That evening, the Shenzhen Court issued a verbal ruling from the bench that Hytera's application to withdraw is approved and the China Action is withdrawn.

7. The Shenzhen Court provided official minutes setting forth its verbal ruling and signed by all three judges in the panel for this case. The official minutes are attached here as Exhibit A.

8. Because the Shenzhen Court issued a verbal ruling from the bench, which it recorded in writing, that has the effect of an enforceable order under Chinese law under Civil Procedure Law Article 157.

9. Civil Procedure Law Article 157 provides Rulings shall apply to the following scope: (1) Non-acceptance of lawsuit; (2) Objection to jurisdiction; (3) Rejection of lawsuit; (4) Preservation and prior enforcement; (5) Approval or non-approval of withdrawal of lawsuit; (6) Suspension or termination of litigation; (7) Correction of clerical error in a written judgment; (8)

Suspension or termination of enforcement; (9) Revocation or non-enforcement of an arbitral award; (10) Non-enforcement of a debt instrument for which a notary public has vested mandatory enforceability; or (11) Any other matters which require ruling and resolution.

10. An appeal may be filed for a ruling stipulated in item (1) to item (3) of the preceding paragraph, and if a ruling is issued verbally, it shall be recorded in transcript. The ruling on approval or non-approval of withdrawal of lawsuit, which is item (5) listed under Civil Procedure Law Article 157, is not an appealable issue. Therefore, the panel's ruling granting the withdrawal of the case is the final ruling on this issue and being recorded in the transcript, it becomes effective immediately.

11. As stated in the minute order, the Shenzhen Court has granted the Plaintiff's application for withdrawing this case, however it need more time to prepare the written copy.

## II. Return of Evidence

12. The Shenzhen Court returned all of Hytera's confidential information that it had submitted as evidence, (e.g., H-Series code and technical specifications) on Tuesday, April 2. except some of the copies necessary for saving as the court docket

13. The Shenzhen Court still has possession of physical evidence, namely, radios and repeaters, as I did not have the ability to carry back the physical evidence myself, some of which is quite large. The physical evidence will be returned tomorrow, as soon as courier can be arranged.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_萧禹强_

Dated: April 7, 2024
Shenzhen, China