# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MOTOROLA SOLUTIONS, INC., and MOTOROLA SOLUTIONS MALAYSIA SDN. BHD., <br><br> Plaintiffs, <br><br> v. <br><br> HYTERA COMMUNICATIONS CORPORATION LTD., HYTERA AMERICA, INC., and HYTERA COMMUNICATIONS AMERICA (WEST), INC., <br><br> Defendants. | Case No. 1:17-CV-01973 <br><br> Honorable Martha M. Pacold |

## DECLARATION OF SONG KE REGARDING CHINA LAW ON ORAL RULING

I, SONG KE hereby declare as follows

    1.    I have personal knowledge of the facts set forth herein and, if called to testify, could and would competently testify thereto.

    2.    I am over 18 years of age, of sound mind, and otherwise competent to make this declaration. The evidence set below is based on my personal knowledge. If called to testify as a witness thereto, I could do so competently under oath.

    3.    I am a licensed attorney in the People's Republic of China ("PRC"). I have practiced China law for 39 years. I have 25 years of experience litigating civil cases in PRC courts, including in front of the Shenzhen Intermediate People's Court ("Shenzhen Court"). I also have been worked as a Judge in Zhenzhou Intermediate People's Court for 11 years, and serving as a concurrent arbitrator at the Shenzhen Court of International Arbitration for 13 years.



4. I have been engaged by Hytera Communication Corp., Ltd. ("Hytera") to provide this declaration explaining the implication of an oral ruling conducted by the Shenzhen Court on April 7, 2024

5. Upon reviewing the minutes for granting the withdrawal (attached herein as "Exhibit 1"), it is understood that Hytera submitted a request for withdrawal. The court has reviewed this application and has decided to approve Hytera's request for withdrawal. A written order to this effect will be provided to the involved parties at a later date.

6. According to Article 157 of the Civil Procedure Law of the People's Republic of China, a written ruling must specify the result and the reasons for the decision. It is to be signed by the presiding judge and clerk and sealed with the official stamp of the People's Court. In cases of oral rulings, they are to be documented in the record.

7. Based on my practice experiences, I never seen that a written ruling is inconsistent with the oral ruling (recorded in the transcript) for withdrawal. The written ruling only serves to formalize and document the oral ruling.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: April 15, 2024  
Shenzhen, China

_____  
SONG KE

法律圈的翻译匠
Practice Translation As Legal Professionals

# CERTIFICATION

This is to certify that the attached translation is, to the best of my knowledge and belief, a true and accurate translation from Chinese into English of the attached document.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

WuQianqian (毋芊芊)

WuQianqian(毋芊芊),
Translator of Beijing Qidu Translation Co., Ltd.
April 7, 2024

Room 2010, Building 1, Guanyin 'an South Street No. 1, Tongzhou District, Beijing
www.qidufanyi.com

# Shenzhen Intermediate People's Court of Guangdong Province

# Transcript

Case No.: (2023) Yue 03 Min Chu No. 1402

Cause of Action: Dispute over Declaration on Non-infringement upon Intellectual Property Rights

Time: 18:00 on 7 April 2024

Place: IP Courtroom No. 4

Members of the Panel: ZHU Jianjun (Presiding Judge), PAN Liang (Judge), YE Yan (Judge)

Clerk: LENG Chen (also Assistant Judge)

Recorder: LENG Chen

It is recorded as follows:

Plaintiff: Hytera Communications Corporation Limited

Address: Hytera Tower, Hi-Tech Industrial Park North, 9108# Beihuan Road, Nanshan District, Shenzhen, Guangdong Province

Unified Social Credit Code: 91440300279422189D.

Legal Representative: CHEN Qingzhou, Chairman (not present)

Litigation Representative: HUANG Yuqiang, Lawyer from Scihead (Shenzhen) Law Firm (present)

Scope of Authority: Special Authorization

Litigation Representative: HAO Xinhui, Apprentice Lawyer from Scihead (Shenzhen) Law Firm (not present)

Scope of Authority: General Authorization

Defendant 1: Motorola Solutions, Inc.

Address: 500 W Monroe Street, Ste 4400, Chicago, IL 60661-3781, USA

Authorized Representative: Paul J. Bartusiak, Chief Intellectual Property Counsel (not present)

Litigation Representative: ZHANG Peng, Lawyer from Beijing Zhong Lun Law Firm (not present)

Scope of Authority: Special Authorization

Signed by the Party: HUANG Yuqiang 
April 7, 2024

Litigation Representative: FANG Jianwei, Lawyer from Beijing Zhong Lun (Shanghai) Law Firm (not present)
Scope of Authority: Special Authorization

Defendant 2: Motorola Solutions Malaysia Sdn. Bhd.
Address: 14th Floor, Persoft Tower, 6B Off Persiaran Tropicana, 47410 Petaling Jaya, Selangor Darul Ehsan, Malaysia
Authorized Representative: SOLOMON ARULANANDAM LORTHU, Director (not present)
Litigation Representative: TAO Tao, Lawyer from Beijing Zhong Lun (Shanghai) Law Firm (not present)
Scope of Authority: Special Authorization
Litigation Representative: GAO Jie, Lawyer from Beijing Zhong Lun (Shanghai) Law Firm (not present)
Scope of Authority: Special Authorization

Presiding Judge: Hytera as the Plaintiff was required to appear in court today for the purpose of being informed that the Panel, upon deliberation, has granted the Plaintiff's application for withdrawing this case. Given it will take time to produce the order on withdrawal in written form, this Court will serve such order on both the Plaintiff and the Defendants separately later.

Plaintiff's Litigation Representative (HUANG): OK, we got it and will sign for confirmation.

(The above transcript has been checked for accuracy)
Signed by the Members of the Panel: ZHU Jianjun, PAN Liang, YE Yan

Signed by the Party: HUANG Yuqiang
April 7, 2024

# 广东省深圳市中级人民法院

# 笔 录

案　　号：（2023）粤03民初1402号
案　　由：确认不侵害知识产权纠纷
时　　间：二〇二四年四月七日下午十八时
地　　点：知产第四法庭
合议庭成员：审判长祝建军（主审）　　审判员潘亮
　　　　　　审判员叶艳
书记员：冷　晨（兼法官助理）
记录人：冷晨
记录如下：
原告：海能达通信股份有限公司，住所地：广东省深圳市南山区高新区北区北环路9108号海能达大厦，统一社会信用代码：91440300279422189D。
法定代表人：陈清州，该公司董事长。（未到庭）
委托诉讼代理人：黄禹强，广东三环汇华（深圳）律师事务所律师。（已到庭）
代理权限：特别授权。
委托诉讼代理人：郝新慧，广东三环汇华（深圳）律师事务所实习律师。（未到庭）
代理权限：一般授权。
被告一：摩托罗拉系统公司（Motorola Solutions, Inc.），住所地：美国伊利诺伊州芝加哥市门罗西街500号4400办公室（500 W Monroe Street, Ste 4400, Chicago, IL 60661-3781, USA）。
授权代表：Paul J.Bartusiak，首席知识产权律师。（未到庭）

当事人签名：黄禹强
2024.4.7
第1页 共2页

委托诉讼代理人：张鹏，北京市中伦律师事务所律师。（未到庭）

代理权限：特别授权。

委托诉讼代理人：方建伟，北京市中伦（上海）律师事务所律师。（未到庭）

代理权限：特别授权。

被告二：摩托罗拉系统马来西亚公司（Motorola Solutions Malaysia Sdn. Bhd.），住所地：马来西亚雪兰莪州八打灵再也热带海滨长廊6B尾端柏软塔十四层（14th Floor, Persoft Tower, 6B Off Persiaran Tropicana, 47410 Petaling Jaya, Selangor Darul Ehsan, Malaysia）。

授权代表：SOLOMON ARULANANDAM LORTHU，董事。（未到庭）

委托诉讼代理人：陶韬，北京市中伦（上海）律师事务所律师。（未到庭）

代理权限：特别授权。

委托诉讼代理人：高洁，北京市中伦（上海）律师事务所律师。（未到庭）

代理权限：特别授权。

审：今天约原告海能达公司到法庭来，是要告知原告海能达公司，经合议庭评议，准许原告海能达公司撤诉，因为书面的撤诉裁定书的制作需要时间，本院将在晚些时候向原、被告双方送达撤诉裁定书。

原代（黄）：好的，我方清楚，我方签字确认。

（以上笔录经核对无误）

合议庭成员签名：

当事人签名：
第2页 共2页