**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MOTOROLA SOLUTIONS, INC., and MOTOROLA SOLUTIONS MALAYSIA SDN. BHD.<br><br>Plaintiffs,<br><br>v.<br><br>HYTERA COMMUNICATIONS CORPORATION LTD.<br><br>Defendant. | Case No. 1:17-CV-01973<br><br>Honorable Martha M. Pacold |

**HYTERA'S MEMORANDUM IN OPPOSITION TO**
**<u>MOTOROLA'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT</u>**

# TABLE OF CONTENTS


I. INTRODUCTION ........................................................................................................ 1

II. LEGAL STANDARD ................................................................................................. 2

III. ARGUMENT ............................................................................................................. 3

A. The Court Does Not Have Authority to Permit a Supplemental Complaint ....................... 3

B. Even If the Court Finds It Has Discretion to Allow Supplementation, It Should Not Exercise It Here ................................................................................................. 9

1. Allegations About a New Misappropriation Require a New Lawsuit ........................ 10

2. A Supplemental Complaint Would Substantially Prejudice Hytera ........................... 12

C. Motorola's Proposed Supplement Does Not Relate Back to the Original Complaint under Rule 15(c), but That Issue Is Not Before the Court ......................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aktiebolag v. Andrz Pharmaceuticals*,
695 F. Supp. 2d 21 (S.D.N.Y. 2010)....................10

*Arbek Mfg., Inc. v. Moazzam*,
55 F.3d 1567 (Fed. Cir. 1995)....................10, 12

*ASPCA v. Ringling Bros. & Barnum & Bailey Circus*,
246 F.R.D. 39 (D.D.C. 2007)....................9, 14

*Barrow v. Falck*,
11 F.3d 729 (7th Cir. 1993)....................5

*BLOM Bank SAL v. Honickman*,
605 U.S. 204 (2025)....................2, 3

*Brinkerhoff-Faris Co. v. Hill*,
281 U.S. 673 (1930)....................15

*Cal. Artificial Stone Paving Co. v. Molitor*,
113 U.S. 609 (1885)....................10, 12

*Camp v. Gregory*,
67 F.3d 1286 (7th Cir. 1995)....................4

*Chic. Reg'l Council of Carpenters v. Village of Schaumburg*,
644 F.3d 353 (7th Cir. 2011)....................10

*Christianson v. Colt Indus. Operating Corp.*,
486 U.S. 800 (1988)....................9

*Conroy Datsun Ltd. v. Nissan Motor Corp.*,
506 F. Supp. 1051 (N.D. Ill. 1980)....................11

*Experience Based Learning, Inc. v. Hanover Ins. Co.*,
No. 17 CV 05133, 2019 U.S. Dist. LEXIS 105284 (N.D. Ill. June 24, 2019)....................10

*Fail-Safe, LLC v. A.O. Smith Corp.*,
674 F.3d 889 (7th Cir. 2012)....................11

*Figgie Intern. Inc. v. Miller*,
966 F.2d 1178 (7th Cir. 1992)....................3, 10

*Gavin v. AT&T Corp.*,
543 F. Supp. 2d 885 (N.D. Ill. 2008) ....................15

*Glatt v. Chi. Park Dist.*,
87 F.3d 190 (7th Cir. 1996) ....................2, 6

*Gold Medal Prods. Co. v. Bell Flavors & Fragrances Inc.*, No. 17 C 4084, 2018
WL 1135629 (N.D. Ill. Mar. 2, 2018) ....................12

*Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*,
377 U.S. 218 (1964)....................7, 8

*Habitat Education Center, Inc. v. Kimbell*,
250 F.R.D. 397 (E.D. Wisc. 2008)....................7, 8

*Joint Anti-Fascist Refugee Comm. v. McGrath*,
341 U.S. 123 (1951)....................15

*Keith v. Volpe*,
858 F.2d 467 (9th Cir. 1988) ....................8

*Kovacs v. United States*,
739 F.3d 1020 (7th Cir. 2014) ....................9

*Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*,
800 F.3d 343 (7th Cir. 2015) ....................6

*Lincoln Nat'l Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*,
No. 1:04-CV-396 TS, 2006 WL 3833358 (N.D. Ind. Dec. 18, 2006) ....................14

*Master Tech Prods. v. Prism Enters.*,
No. 00 C 4599, 2002 U.S. Dist. LEXIS 5481 (N.D. Ill. Mar. 26, 2002) ....................11, 12

*Mitchell v. RKO Rhode Island Corp.*,
148 F. Supp. 245 (D. Mass. 1956) ....................14

*Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*,
108 F.4th 458 (7th Cir. 2024) ....................5, 7, 13

*Nu-Matic Nailer Int'l Corp. v. Weems*,
334 F.2d 761 (9th Cir. 1964) ....................8

*Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*,
754 F.2d 738 (7th Cir. 1985) ....................10, 13

*Paganis v. Blonstein*,
3 F.3d 1067 (7th Cir. 1993) ....................3

*Phelan v. City of Chi.*,
125 F. Supp. 2d 870 (N.D.Ill. 2000), *aff'd*, 347 F.3d 679 (7th Cir. Ill.)....................................15

*Poindexter v. La. Fin. Assistance Comm'n*,
275 F. Supp. 833 (E.D. La. 1967), *aff'd*, 389 U.S. 571 (1968)....................................................8

*Poindexter v. La. Fin. Assistance Comm'n*,
296 F. Supp. 686 (E.D. La. 1968), *aff'd*, 393 U.S. 17 (1968)......................................................8

*Quarantino v. Tiffany & Co.*,
71 F.3d 58 (2d Cir. 1995)...............................................................................................................6

*Rowe v. U.S. Fid. & Guar. Co.*,
421 F.2d 937 (4th Cir. 1970) .......................................................................................................14

*Ruckelshaus v. Monsanto Co.*,
467 U.S. 986 (1984).....................................................................................................................13

*Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*,
782 F.3d 922 (7th Cir. 2015) .......................................................................................................15

*StorageCraft Tech. Corp. v. Persistent Telecom Sols., Inc.*,
No. 2:14CV76 DAK, 2015 U.S. Dist. LEXIS 173753 (D. Utah Sep. 30, 2015).....................13

*Sullivan v. Flora*,
63 F.4th 1130 (7th Cir. 2023) ..................................................................................................3, 4, 5

*Summers v. Earth Island Inst.*,
555 U.S. 488 (2009)...................................................................................................................1, 3, 6

*Twohy v. First Nat'l Bank of Chi.*,
758 F.2d 1185 (7th Cir. 1985) .........................................................................................................4

*United States v. Barnes*,
660 F.3d 1000 (7th Cir. 2011) .........................................................................................................5

*Vesely v. Armslist LLC*,
762 F.3d 661 (7th Cir. 2014) .......................................................................................................2, 3

*Vicom, Inc. v. Harbridge Merchant Servs., Inc.*,
20 F.3d 771 (7th Cir. 1994) .............................................................................................................4

*Walker v. UPS*,
240 F.3d 1268 (10th Cir. 2001) .....................................................................................................13

**Statutes**

18 U.S.C. 1836(d) .............................................................................................................................15

18 U.S.C. 1839(5)(B)(ii) .......... 11

**Other Authorities**

6A *Wright & Miller's Fed. Prac. & Proc. Civ.* § 1504 (3d ed. Apr. 2026 update) .......... 11

Fed. R. Civ. P. 15(a) .......... 2, 3, 4

Fed. R. Civ. P. 15(b)(2) .......... 4

Fed. R. Civ. P. 15(c) .......... 15

Fed. R. Civ. P. 15(d) .......... 1, 2, 3, 4, 5, 6

Fed. R. Civ. P. 16 .......... 10

Fed. R. Civ. P. 59 .......... 2, 3, 4

Fed. R. Civ. P. 60 .......... 1, 2, 3, 4, 5

# INTRODUCTION

Motorola urges the Court to take a path it cannot follow. The Court does not have the authority to grant Motorola's motion.

Post-judgment, Rule 60(b), and not Rule 15(d), governs whether a supplemental complaint can "resurrect" claims that have been fully litigated. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 500 (2009) (rejecting the dissent's invocation of Rule 15(d) because it "cites no instance in which 'supplementation' has been permitted to resurrect and alter the outcome in a case that has gone to judgment" and doing so would be "the threshold of a brave new world of trial practice in which Rule 60 has been swallowed whole"). Rule 60(b) permits relief from final judgment only on narrow grounds Motorola does not invoke. And under the mandate rule, the Seventh Circuit's limited remand directing the Court to address discrete, post-judgment issues does not permit relitigation of anything else.

Instead, there are two permissible paths for litigating whether attempts to remediate trade-secret issues via a redesign were successful: (i) contempt, where selling a redesigned product violates an existing order; or (ii) a new lawsuit. Motorola's motion is premised on it losing the contempt ruling on appeal. But instead of choosing the path that was appropriate all along (a new suit), it suggests another shortcut—supplementing a nearly ten-year-old complaint.

Even if this Court had discretion to permit a supplemental pleading under Rule 15(d), and it does not, it should not exercise it here. The original complaint centered on a theft that took place in 2008 and 2009 and addressed products launched in 2010. The supplemental complaint attempts to add allegations about the new H-Series products to the old, adjudicated claims. But the H-Series was not developed until a full decade later, post-trial, over a period of 18 months and through the work of over 100 engineers—all with the purpose of *eliminating* any benefit Hytera had obtained from Motorola's intellectual property that affected the prior generation of

products. Dkt. 1717 at 25–26. That development story, and Motorola's related allegations about misappropriation in the context of the H-Series products, is a full case by itself, where Motorola must meet all elements of its claims—including establishing the existence and value of specific trade secrets in 2020 through today (not relying on trade secret status from 2008).

Motorola's motion sounds in gamesmanship. It previously chose to pursue aggressive contempt proceedings, demanding extraordinary discovery from Hytera and refusing to produce any of its own. And now that it anticipates the Seventh Circuit may disagree with its prior approach, it seeks to ambush Hytera with a "near-term trial" based on the one-sided record it developed in contempt proceedings. Dkt. 2044-1 at 1. The prejudice to Hytera would be manifest, and the motion should be denied.[1]

## I. LEGAL STANDARD

Once final judgment is rendered, a party must satisfy Rule 59 or 60 *before* any application of Rule 15. *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025). Under Seventh Circuit law, "it is well settled that after a final judgment, a plaintiff may amend a complaint under Rule 15(a) only with leave of court after a motion under Rule 59(e) or Rule 60(b) has been made and *the judgment has been set aside or vacated*." *Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) (quotation marks omitted). Although some of these cases speak in terms of "Rule 15(a)," that distinction is immaterial here. *See Glatt v. Chi. Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) (explaining, in the context of Rule 15(d), that "the standard is the same" as for amendments under Rule 15(a)).

Although the language of Rule 15(d) provides that a court may "permit a party to serve a

[1] This Court should reserve judgment on Motorola's motion until the Seventh Circuit rules on Hytera's appeal of the contempt finding related to the H-Series products, so that the parties and this Court may have the benefit of the Appellate Court's guidance and file supplemental briefs if needed. Deferring ruling will not prejudice Motorola, given its request to not move forward with its supplemental complaint until after the Seventh Circuit renders that opinion. Dkt. 2044-1 at 1.

supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented," that does "not permit[] the supplementation of the record, in the circumstances here: *after the trial is over, judgment has been entered, and a notice of appeal has been filed.*" *Summers*, 555 U.S. at 500 (2009). Supplementation cannot be used "to resurrect and alter the outcome in a case that has gone to judgment, and indeed after notice of appeal ha[s] been filed." *Id.*

Here, the appeal is complete and the Seventh Circuit issued its mandate. Under the mandate rule, "when a court of appeals has reversed a final judgment and remanded the case, the district court is required to comply with the express or implied rulings of the appellate court." *Sullivan v. Flora*, 63 F.4th 1130, 1137 (7th Cir. 2023) (citation omitted). Moreover, "any issue conclusively decided by [the appellate court] on the first appeal is not remanded." *Id.* at 1138.

## II. ARGUMENT

### A. The Court Does Not Have Authority to Permit a Supplemental Complaint

Motorola suggests this Court has authority where it does not. Rule 15(d) does not empower a court to reopen claims that have been fully tried and appealed.

**1.** For starters, Supreme Court and Seventh Circuit precedent expressly bar Motorola's proposed path. Post-judgment, a plaintiff must seek and obtain relief under Rule 59 or 60 before it may seek to amend a complaint. *See BLOM Bank SAL*, 605 U.S. at 210 ("[A] party seeking to reopen his case and replead must first satisfy Rule 60(b) on its own terms and obtain Rule 60(b) relief before Rule 15(a)'s liberal amendment standard can apply."); *Summers*, 555 U.S. at 500; *Vesley*, 762 F.3d at 666; *Paganis v. Blonstein*, 3 F.3d 1067 (7th Cir. 1993) (finding that circuit precedent makes clear that "the district court lacked jurisdiction to review the plaintiffs' [post-judgment motion to amend a complaint] absent a Rule 59(e) or 60(b) motion"); *Figgie Intern. Inc. v. Miller*, 966 F.2d 1178, 1179 (7th Cir. 1992) ("It is well-settled that after a final judgment,

a plaintiff may amend a complaint under 15(a) only with leave of court after a motion under Rule 59(e) or 60(b) has been made and the judgment has been set aside or vacated.").[2] The Federal Rules reinforce this structure by providing only one narrow exception within Rule 15 itself for post judgment adjustments: Rule 15(b)(2) (allowing a party to move to amend pleadings "at any time, even after judgment" to conform them to the evidence where an issue has been tried by consent). Unlike Rule 15(b)(2), Rule 15(d) does not allow for a pleading to be supplemented "at any time, even after judgment." Thus, in order to seek "relief from a judgment," Motorola must first satisfy the rigorous demands of Rule 60.

Here, Motorola affirmatively argues that it "does not seek to alter, set aside, or vacate the prior judgment." Dkt. 2044-1 at 8. And that makes sense: it relied on the finality of that judgment to launch immediate enforcement proceedings once the mandate issued. *E.g.*, Dkt. 1803-1. It has received hundreds of millions of dollars in damages and ongoing royalties based on the finality of those fully adjudicated claims. That forecloses supplementing the complaint.

**2.** So, too, does the mandate rule. Motorola's proposed supplemental complaint seeks monetary damages and injunctive relief for the exact same claims that were already the subject of trial and appeal (it just adds new paragraphs of allegations to the old claims). Dkt. 2046-2, Ex. 2 ¶¶ 107–142. Post-appeal, where Motorola's claims were "conclusively decided" by the Seventh Circuit, the Court lacks authority to reopen those same claims, revise them, and conduct a new jury trial on them. *Sullivan*, 63 F.4th at 1137–38.

[2] *See also Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 784 (7th Cir. 1994) (affirming the district court's refusal to rule on the merits of a Rule 15(a) motion absent a Rule 59(e) or 60(b) motion to re-open the judgment); *Twohy v. First Nat'l Bank of Chi.*, 758 F.2d 1185, 1196 (7th Cir. 1985) (in post-judgment context, noting that requirements of Rule 59(e) or 60(b) must be fulfilled before amendment of complaint); *but see Camp v. Gregory*, 67 F.3d 1286, 1290 (7th Cir. 1995) (absent prejudice, allowing a district court to treat a motion under 15(a) as a motion made under Rule 59 or 60).

Judge Norgle limited the Royalty Order to the "products Motorola identified as having been adjudicated in this case to incorporate Motorola's trade secrets and copyrights." Dkt. 1338 at 8. That included the 41 adjudicated products from trial and *excluded* the H-Series—because the H-Series was not adjudicated at trial. *Id.* The clear import was that un-adjudicated products fell outside the case. *Id.* Motorola could have but did not appeal that finding. *See* Dkt. 1364 at 1–2. The Seventh Circuit reversed the judgment in part as to the availability of copyright damages for extraterritorial sales and the need to apportion those damages, and the denial of Motorola's motion for reconsideration of the denial of injunctive relief. "In all other respects, the judgment of the district court [was] affirmed." 108 F.4th at 505–06. In doing so, the court necessarily left undisturbed Judge Norgle's other rulings.

Under the mandate rule, any "issue that could have been but was not raised is waived and thus not remanded." *Sullivan v. Flora*, 63 F.4th 1130, 1137–39 (7th Cir. 2023); *United States v. Barnes*, 660 F.3d 1000, 1006 (7th Cir. 2011) (party that "could have raised an issue in a prior appeal and failed to do so is barred from raising it" later). "Unless the parties bring to the district judge's attention the sort of circumstance that justifies modification under Fed. R. Civ. P. 60(b), the district judge must take the appellate decision as conclusive." *Barrow v. Falck*, 11 F.3d 729, 730–31 (7th Cir. 1993). Having failed to challenge Judge Norgle's rulings excluding unadjudicated products on appeal, Motorola is barred by the mandate rule from obtaining through Rule 15(d) what it declined to seek from the Seventh Circuit.

**3.** Ignoring this precedent, Motorola misdirects the Court to cases interpreting the discretion afforded under Rule 15(d) for supplementing a complaint, arguing that "the Court should allow supplementation 'unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend.'" Dkt. 2044-1 at 11–12 (citation omitted).

Motorola even argues that "[l]eave is normally granted, especially when the opposing party is not prejudiced." *Id.* (citation omitted). Not so. Hytera will suffer prejudice (*see* II.B, *infra*), and none of those cases involved post-trial motions for leave to amend—so they provide no avenue for allowing supplementation here or guidance to the Court in addressing Motorola's peculiar procedural posture. *See* Dkt. 2044-1 at 11–12 (citing cases: *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–358 (7th Cir. 2015) (pre-trial, allowing supplementation before the close of fact discovery); *Glatt*, 87 F.3d at 194 (after original complaint was dismissed on the pleadings); *Quarantino v. Tiffany & Co.*, 71 F.3d 58 (2d Cir. 1995) (considered supplementation at same time as summary judgment)).

That was Justice Scalia's point in the majority opinion in *Summers*. He squarely rejected reliance on Rule 15(d) as permitting post-judgment supplementation by noting: "So also does Rule 21 permit joinder of parties 'at any time.' But the latter no more permits joinder of parties, than the former permits supplementation of the record, in the circumstances here: *after the trial is over, judgment has been entered, and a notice of appeal has been filed*." 555 U.S. at 500.

**4.** Motorola's only authority for its proposed path is a line of older, outlier cases involving a very different procedural context: where the court had retained jurisdiction to manage an existing injunction or consent decree, and the supplemental claims were directly tied to that authority. *See* Dkt. 2044-1 at 7–8 (citing cases). None of those cases apply.

First, as a threshold distinction, no existing injunction or order covers the H-Series and provides this Court with ongoing jurisdiction to enforce its terms. *Contra*, Dkt. 2044-1 at 7. To be sure, this Court has jurisdiction to enforce the Royalty Order. But at the time the existing Royalty Order was decided, Judge Norgle declined to require Hytera to provide advance notice and seek pre-approval before launching new products, noting that to do so was "unnecessary and

inappropriate," because it would "transform the reasonable royalty into an injunction." Dkt. 1289 at 40. In other words, he did *not* retain jurisdiction to evaluate new products. He also expressly declined to require royalties on the H-Series because they were not adjudicated at trial. Dkt. 1338 at 8. The scope and substance of the Royalty Order was affirmed on appeal. *Motorola Sols.*, 108 F.4th at 505–06 (affirming in "all other respects"). None of Motorola's authority for allowing post-judgment supplementation of a complaint, therefore, applies.

For example, Motorola cites *Habitat Education Center, Inc. v. Kimbell*, a case arising under the federal Administrative Procedure Act, to claim that supplemental complaints are allowed when a party seeks relief "consistent with" the earlier judgment. Dkt. 2044-1 at 8, n.3. But that is not the test *Habitat* applied. Rather, the court explained that its underlying injunction remained in effect until the court itself determined whether defendants had complied with it. 250 F.R.D. 397, 400 (E.D. Wisc. 2008). The court distinguished the above line of Seventh Circuit authority in the post-judgment context on the grounds that it had "expressly retained jurisdiction to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and/or enforce the provisions of this injunction." *Id.* at 402 (citations omitted). The court found that "the *cases controlling the present issue* are those in which courts allowed plaintiffs to file supplemental complaints to enforce ongoing injunctions or consent decrees." *Id.* (emphasis added).

And those are the very same cases Motorola cites—all of which are in the context of ongoing enforcement of an existing injunction or consent decree (and predate the Supreme Court precedent cited above). *See* Dkt. 2044-1 at 7–8. In *Griffin v. County School Board of Prince Edward County*, the Supreme Court upheld a supplemental complaint where the county was continuing to use its funds to assist private schools to avoid the required desegregation under

*Brown v. Board of Education*. *Griffin*, 377 U.S. 218, 226 (1964). The new conduct plainly violated the existing injunction ordering it to end discriminatory practices in its schools and take immediate steps to admit students without regard to race. *Id.* at 222–24. Similarly, in *Poindexter v. Louisiana Financial Assistance Commission*, the court addressed a supplemental complaint in the context of ongoing state-sponsored discrimination in the school system. 296 F. Supp. 686 (E.D. La. 1968), *aff'd*, 393 U.S. 17 (1968). The court first concluded that Louisiana was "so significantly involved in the discrimination practiced by the private schools . . . that *any financial aid from the State* to these schools or newly organized schools in the form of tuition grants or similar benefits violates the [Constitution]." *Poindexter v. La. Fin. Assistance Comm'n*, 275 F. Supp. 833, 857 (E.D. La. 1967) (emphasis added), *aff'd*, 389 U.S. 571 (1968). It enjoined the then-current tuition grant statute (Act 147), finding it unconstitutional, and found that Act 99 was "[w]aiting in the wings to play the role Act 147 is forbidden to play . . . ." 275 F. Supp. at 844–45. One week later, once Act 99 came into effect, the plaintiff filed a supplemental complaint, which the court permitted upon finding it was "[u]nquestionably" "within the purview" of the prior opinion. 296 F. Supp. at 689. Motorola's other cases are similarly inapt because there is no injunction here. *Keith v. Volpe*, 858 F.2d 467, 470 (9th Cir. 1988) (court retained jurisdiction to monitor compliance with consent decree); *Nu-Matic Nailer Int'l Corp. v. Weems*, 334 F.2d 761, 761 (9th Cir. 1964) (criticizing supplementation and remanding where plaintiff alleged an existing injunction covered redesigned products).

Motorola suggests this Court has authority to hear a supplemental complaint "any time during which the action is before it," citing *Habitat* and the motions now pending. Dkt. 2044-1 at 6. But *Habitat* does not undo the mandate rule, nor make any such broad pronouncement. Nor can Motorola's judgment-enforcement motions and the narrow issues allowed by the mandate

retroactively change what the Court has the present ability to address.

The original suit was about the theft of Motorola's technology and how Hytera was alleged to have used that technology in specific products. Motorola now seeks to morph that suit into an endless misappropriation, where every new product Hytera launches could be folded into the same (already adjudicated) claims—*for all time*. But Judge Norgle foreclosed this exact scenario. He declined to include the H-Series in the Royalty Order precisely because they were not adjudicated. Dkt. 1338 at 8. That is law of the case. *Kovacs v. United States*, 739 F.3d 1020, 1024 (7th Cir. 2014) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) ("when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"). And it means disputes about the H-Series must be heard in a new suit.

The question currently before the Seventh Circuit is whether the H-Series nonetheless falls within the scope of the existing Royalty Order, despite not being named therein. Motorola has only filed the present motion "out of an abundance of caution," in the event the Seventh Circuit rules against it and concludes that the H-Series falls outside that Order. And if the Seventh Circuit so rules, no existing order covers the H-Series.

### B. Even If the Court Finds It Has Discretion to Allow Supplementation, It Should Not Exercise It Here

Motorola urges a quick, new trial on a half-developed record.[3] Where courts do have discretion to consider a supplemental complaint, the most important consideration is "the possibility of prejudice to the opposing party." *ASPCA v. Ringling Bros. & Barnum & Bailey*

[3] Motorola's motion also mischaracterizes the record and law in ways too numerous to rebut herein. Hytera has focused on what is actually relevant to the present motion. Any silence about a particular assertion in Motorola's motion does not indicate that Hytera agrees with that assertion. For example, Motorola makes numerous claims about the H-Series contempt proceeding, what the evidence in that proceeding demonstrated and what this Court ultimately found. Those proceedings and their outcome were greatly contested and are now on appeal—so there is no need to revisit those disputes here.

*Circus*, 246 F.R.D. 39, 44 (D.D.C. 2007) (citation omitted). The prejudice to Hytera (and this Court) would be enormous and requires supplementation be denied. *See Figgie International, Inc. v. Miller*, 966 F.2d 1178, 1180–81 (7th Cir. 1992) (supplementation should be denied "where there has been undue delay, bad faith, prejudice to the opponent, dilatory motive on part of movant, or . . . futil[ity]"); *Chic. Reg'l Council of Carpenters v. Village of Schaumburg*, 644 F.3d 353, 356–57 (7th Cir. 2011); *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985). Underscoring that prejudice, Motorola fails to justify disturbing long-expired case deadlines under Rule 16(b).[4]

### 1. Allegations About a New Misappropriation Require a New Lawsuit

If the Seventh Circuit reverses contempt, Motorola's remaining option is to file a new suit. *See Cal. Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609, 618 (1885) (in context of a evaluating a new product for infringement, if no contempt, the plaintiff may appeal that decision "or bring a new suit against the defendant for the alleged infringement"); *Arbek Mfg., Inc. v. Moazzam*, 55 F.3d 1567, 1570 (Fed. Cir. 1995) (affirming denial of contempt but vacating district court's subsequent infringement analysis, because "once the trial court found the modified pier substantially different on its face from the patented design, *KSM* required denial of the motion and *dismissal of the case* . . . . On a summary record [from a contempt proceeding], the *district court could proceed no further*.") (emphasis added).[5]

[4] Assuming it were even possible to re-open the case schedule now, Motorola must show diligence and good cause under Rule 16(b) to extend long-expired deadlines. *See* Dkts. 252, 599; *Experience Based Learning, Inc. v. Hanover Ins. Co.*, No. 17 CV 05133, 2019 U.S. Dist. LEXIS 105284, at *12–13 (N.D. Ill. June 24, 2019) (quoting Fed. R. Civ. P. 16(b)(4)). Yet Motorola never explains how waiting nearly five years after these products entered the market is "diligent." Dkt. 2044-1 at 13, n.5. Its position would erroneously read Rule 16 out of the case, permitting supplementation at any time.

[5] Motorola relies on *Aktiebolag v. Andrz Pharmaceuticals* to support supplementation, but the products in *Aktiebolog* were not new—they were the subject of the underlying trial and already adjudged to have infringed. *Aktiebolag*, 695 F. Supp. 2d 21, 25 (S.D.N.Y. 2010). The supplemental complaint sought to add a claim for damages based on validation batches of those previously adjudged products, where "[d]amages relief was not an issue at trial or one ready for resolution [as of trial]," and therefore "not

Motorola tries to tie the H-Series dispute to the 2008 theft underlying the original case. But the H-Series products were developed after trial, not released until 2021, and resulted from an extensive 18-month redesign effort involving over 100 engineers and outside experts. Dkt. 1717 at 25–26. That forecloses any claim that the proposed allegations merely update existing ones. They concern different products, times, people, engineering work, evidence, states of mind, liability, and damages—i.e., they involve wholly separate transactions and occurrences.

Courts deny supplementation when it would not just "bring the case up to date"—but would instead introduce a new dispute, expand the litigation's scope, or effectively replace the existing controversy with a different one. 6A *Wright & Miller's Fed. Prac. & Proc. Civ.* § 1504 (3d ed. Apr. 2026 update); *Conroy Datsun Ltd. v. Nissan Motor Corp.,* 506 F. Supp. 1051, 1054 (N.D. Ill. 1980) ("where the amendment would require expensive and time-consuming new discovery . . . a motion for leave to amend should be denied because the prejudice to the defendant outweighs the right to have the case tried on the merits."). That would happen here.

A new suit is needed because the allegations present a new case, both in terms of liability and damages.[6] To prevail on any new trade-secret claim, Motorola must establish the existence, scope, and value of its asserted trade secrets at the time of the alleged use in the new products (2020 through today). *See* 18 U.S.C. 1839(5)(B)(ii) ("use" prong requires analyzing misappropriation "at the time of disclosure or use"); *see, e.g.*, *Fail-Safe, LLC v. A.O. Smith Corp.*, 674 F.3d 889, 893 (7th Cir. 2012) ("[O]ne who claims a trade secret must exercise eternal vigilance in protecting its confidentiality.") (citation omitted); *Master Tech Prods. v. Prism Enters.*, No. 00 C 4599, 2002 U.S. Dist. LEXIS 5481, at *15 (N.D. Ill. Mar. 26, 2002) ("[A]

precluded by" the judgment. *Id.* at 26. But the court left no doubt that the existing judgment would "preclude[] relitigation of infringement liability." *Id.*

[6] Contrary to Motorola's refrain (Dkt. 2044-1 at 1, 13–15), Hytera has consistently argued that, in the context of disputes over new products, Motorola had *two avenues* for potential relief, depending on the facts: contempt or a future suit. Dkt. 1131 (Hytera's brief) at 15.

plaintiff needs to show not only the existence of trade secrets, but also that the information was, in fact, misappropriated and used by the defendant."). Trade secrets are not frozen in time. Technical information about DMR radios that qualified as trade secret in 2008 may not so qualify now. Industry knowledge has substantially evolved; there are currently over 80 manufacturers of DMR radios. *See* Dkt. 1760 at 861:16–862:9. That demonstrates a strong likelihood that Motorola's asserted trade secrets based on 2008 technology (18 years ago) have greatly diminished in value, if they even still qualify as trade secrets. Even Motorola's expert previously testified that each trade secret could be developed independently within 13.5 years at most, and, for some, within a few months. Dkt. 792, Trial Tr. 1930–1943. Motorola will bear the burden of proof on these issues, and a new suit is required. *Cal. Artificial Stone Paving Co.*, 113 U.S. at 618; *Master Tech*, 2002 U.S. Dist. LEXIS 5481, at *15 (N.D. Ill. Mar. 26, 2002).

**2. A Supplemental Complaint Would Substantially Prejudice Hytera**

Motorola cannot simply invoke the one-sided contempt record and declare the matter ready for trial. *See* Dkt. 2044-1 at 1 (suggesting a "near-term trial" as "the parties have already conducted significant fact and expert discovery"). Trying this case on the existing record would invite legal error. *See, e.g.*, *Arbek Manufacturing*, 55 F.3d at 1570; *Gold Medal Prods. Co. v. Bell Flavors & Fragrances Inc.*, No. 17 C 4084, 2018 WL 1135629, at *2 (N.D. Ill. Mar. 2, 2018) (trade secret fact finding requires "full presentation of evidence from each side") (citation omitted). And moving forward to a "near-term trial" on a supplemental complaint containing allegations drafted in 2018 is destined to sow confusion and prejudice both the Court and Hytera.

**a. Discovery Is Not Complete**

The contempt proceeding afforded Motorola expansive discovery while providing Hytera almost none. During the expedited proceeding, Hytera produced millions of documents and code files and fifteen witnesses for deposition totaling over eighty-five hours of testimony. Dkt. 1641

at 3–4. By contrast, Motorola did not produce a single document or fact witness. Aug. 26, 2024 Hr'g Tr. at 86:23–25. Moreover, traditional rules did not apply. *See* Dkt. 1757 143:20–24 ("[I]n a proceeding like this, the Rules of Evidence do not apply."), 148:13–149:16 (request for voir dire declined); Dkt. 1600 at 33:3–11 (holding that contempt proceedings do not include claims and defenses); Dkt. 1632 at 46:16–21 (arguing contempt proceeding is "governed by contempt law" and is not "a full-blown misappropriation trial"). As such, Hytera will need fact and expert discovery into Motorola's merits claims—for example, about the alleged trade secrets at the time of the H-Series redesign, and whether and how Motorola contends those alleged trade secrets remain valuable and secret. *See, e.g.*, 7th Cir. July 1, 2026 Oral Argument at 1:02:00–1:04:02; *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984) ("If an individual discloses his trade secret to others who are under no obligation to protect the confidentiality of the information, or otherwise publicly discloses the secret, his property right is extinguished."); *StorageCraft Tech. Corp. v. Persistent Telecom Sols., Inc.*, No. 2:14CV76 DAK, 2015 U.S. Dist. LEXIS 173753, at *22 (D. Utah Sep. 30, 2015) (finding that "functions and features that have been widely implemented in the software industry . . . cannot qualify as protectable trade secrets").

The contempt proceeding also included no damages discovery. Motorola previously acknowledged that any compensatory relief could require analysis of customer diversion, price effects, market-share erosion, and "a number of different things." Apr. 17, 2024 Hr'g Tr. at 58:1–11. The Seventh Circuit has also now held that apportionment is required in both copyright and trade secret damages. *Motorola Sols.*, 108 F.4th at 476–78, 488–89. Hytera is entitled to test Motorola's damages theories—which will require both fact and expert discovery. None of that work has been done. Because so much discovery remains, supplementation should be denied. *See Otis Clapp & Son*, 754 F.2d at 741, 743 (denying supplementation where it raised new issues,

additional discovery, delayed trial); *Walker v. UPS*, 240 F.3d 1268, 1278 (10th Cir. 2001) (denying supplementation where it required additional discovery after discovery had closed and summary judgment motion filed); *ASPCA v. Ringling Bros.*, 246 F.R.D. 39, 44 (D.D.C. 2007) (denying supplementation that would expand litigation scope and require substantial discovery).

#### b. Motorola's Proposal Would Cause Confusion and Force Hytera to Litigate Basic Procedural Rights

Motorola contends that "forcing" it to file a new lawsuit would "waste judicial resources." Dkt. 2044-1 at 9 (citation omitted). But Motorola acknowledges that Hytera has affirmatively argued that a lot of the existing record may be reused in a new lawsuit. *Id.* at 5. Motorola can also request that the same judge preside over the new suit as a related case. Thus, the only way in which a new lawsuit is *less efficient* than a supplemental complaint is if Motorola intends for a supplemental complaint to truncate Hytera's due process rights.

Motorola's proposed "near-term trial" invites such an erroneous shortcut, asking to bypass discovery and dispositive motions in favor of a second chance at a summary proceeding. Dkt. 2044-1 at 1. But the parties will inevitably confront heavily contested questions regarding the extent to which findings from the original case may have any preclusive effect in subsequent H-Series litigation. Those questions are not self-executing. They require careful analysis concerning, *inter alia*, claim and issue preclusion, and are likely best addressed through summary judgment briefing in a new suit. Supplementation would substantially complicate the matter for the Court and jury, and thereby prejudice Hytera. *Lincoln Nat'l Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, No. 1:04-CV-396 TS, 2006 WL 3833358, at *2–3 (N.D. Ind. Dec. 18, 2006) (supplement would further complicate an already complicated case, and the jury would be left to sort it out); *Mitchell v. RKO Rhode Island Corp.*, 148 F. Supp. 245, 247 (D. Mass. 1956) (supplement would complicate trial and jury instructions); *Rowe v. U.S. Fid. &*

*Guar. Co.*, 421 F.2d 937, 944 (4th Cir. 1970) (courts properly consider "what complications reasonably could be anticipated" and whether the opposing party's rights will be adequately protected through supplementation rather than a new suit). Hytera will further suffer substantial prejudice—as will the Court—if it is forced to litigate access to the basic procedural rights under the Federal Rules of Civil Procedure. *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 161 (1951) ("Fairness of procedure is 'due process in the primary sense.'") (concurring op.) (quoting *Brinkerhoff-Faris Co. v. Hill*, 281 U.S. 673 (1930)).

### C. Motorola's Proposed Supplement Does Not Relate Back to the Original Complaint under Rule 15(c), but That Issue Is Not Before the Court

Motorola spends a third of its brief arguing timeliness, when that issue is not even before the Court. Dkt. 2044-1 at 10–15. Even so, the new allegations do not relate back to the original complaint under Rule 15(c)(1)(B), because they do not arise out of the same "conduct, transaction or occurrence." *See* II.B.1, *infra*; *contra* Dkt. 2044-1 at 11; *see, e.g.*, *Phelan v. City of Chi.*, 125 F. Supp. 2d 870, 877 (N.D. Ill. 2000) (no relation back where incidents occurred at different times, involved different city departments and different jobs), *aff'd*, 347 F.3d 679 (7th Cir. Ill.); *Gavin v. AT&T Corp.*, 543 F. Supp. 2d 885, 901 (N.D. Ill. 2008) (rejecting argument that post-merger transactions "arise out of the same 'conduct, transaction or occurrence'"). Motorola effectively suggests there is no applicable statute of limitations for new products because they all relate back to the original complaint. Dkt. 2044-1 at 11. That is plainly wrong. 18 U.S.C. 1836(d). In any event, it is unclear why Motorola seeks to preview arguments about undeveloped issues, on an incomplete record, that are not before the Court for decision. *See Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015).

## CONCLUSION

For the foregoing reasons, Motorola's motion should be denied.

Dated: September 10, 2026

Respectfully submitted,

/s/ *Leah Quadrino*
Boyd Cloern (*pro hac vice*)
bcloern@steptoe.com
Leah Quadrino (*pro hac vice*)
lquadrino@steptoe.com
Scott Richey (*pro hac vice)*
srichey@steptoe.com
Bill Toth (*pro hac vice*)
btoth@steptoe.com
STEPTOE LLP
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

*Attorneys for Defendant Hytera Communications Corp., Ltd.*

## CERTIFICATE OF SERVICE

I, Leah Quadrino, an attorney, hereby certify that on September 10, 2026, I caused a true and correct copy of the foregoing motion to be served via the Court's ECF system upon all counsel of record.

/s/*Leah Quadrino*
Leah Quadrino